UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

| | |
|---|---|
| In re:<br><br>Town Center at Doral, LLC,<br><br>    Debtor.<br>_____/ | Case No. 11-35884-RAM<br><br>Chapter 11 |
| In re:<br><br>Landmark at Doral East, LLC,<br><br>    Debtor.<br>_____/ | Case No. 11-35885-RAM<br><br>Chapter 11 |
| In re:<br><br>Landmark at Doral South, LLC,<br><br>    Debtor.<br>_____/ | Case No. 11-35886-LMI<br><br>Chapter 11 |
| In re:<br><br>Landmark Club at Doral, LLC,<br><br>    Debtor.<br>_____/ | Case No. 11-35887-RAM<br><br>Chapter 11 |
| In re:<br><br>Landmark at Doral Developers, LLC,<br><br>    Debtor.<br>_____/ | Case No. 11-35888-LMI<br><br>Chapter 11 |

*EX PARTE* **MOTION BY DEBTORS AND DEBTORS IN POSSESSION
FOR AN ORDER DIRECTING THE JOINT ADMINISTRATION OF THEIR CASES
AND TRANSFERRING CASES OF LANDMARK AT DORAL SOUTH, LLC
AND LANDMARK AT DORAL DEVELOPERS, LLC**

Town Center at Doral, LLC; Landmark at Doral East, LLC; Landmark at Doral South, LLC; Landmark Club at Doral, LLC; and Landmark at Doral Developers, LLC[1], as debtors and debtors-in-possession (collectively, the "Debtors"), pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rules of the Southern District of Florida (the "Local Rules") 1015-1(B), 5005-1(G)(1)(a), and 9013-1(C)(14), hereby move for entry of an *Ex Parte Order*, substantially in the form attached hereto as **Exhibit A**, (i) directing the joint administration of the above-captioned chapter 11 cases (the "Chapter 11 Cases")  and the consolidation thereof for procedural purposes only, and (ii) granting certain related relief, including the transfer of the bankruptcy cases of Landmark at Doral South, LLC and Landmark at Doral Developers, LLC from the Honorable Judge Laurel M. Isicoff to the Honorable Judge Robert A. Mark, and the use of a consolidated caption for the Chapter 11 Cases.  In support of this Motion, the Debtors respectfully state as follows:

## JURISDICTION

1.      The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2.       On September 19, 2011 (the "Petition Date"), the Debtors filed voluntary petitions with this Court for relief under chapter 11 of the Bankruptcy Code.

3.      Since the Petition Date, the Debtors have maintained their assets as debtors in possession pursuant to sections 1107(a) of the Bankruptcy Code.

---

[1]  The last four digits of each Debtor's tax identification number are: (i) Town Center at Doral, LLC [1866]; (ii) Landmark at Doral East, LLC [6616]; (iii) Landmark at Doral South, LLC [6676]; (iv) Landmark Club at Doral, LLC [6797]; and (v) Landmark at Doral Developers, LLC [6762].

4.      As of the date hereof, no creditors committee has been appointed or designated in the Chapter 11 Cases.  In addition, no request for the appointment of a trustee or examiner has been made.

5.      The Debtors are the fee simple owners of land (approximately 120 contiguous acres) located on the east side of NW 107th Avenue and the north side of NW 58th Street in Doral, Florida, a majority of which is zoned TND (Traditional Neighborhood Development), with the remainder zoned IU-1 (for flex office development allowing for light industrial development) (the "Property").  The Property consists of 16 individual tracts of land that remain undeveloped with the exception of an unfinished 4-level parking garage.  Prior to the Petition Date, the Debtors had sought and obtained approvals for the development of residential units (townhomes and condominiums), retail/office/mixed use, and flex office at the Property.

6.      Until recently, the Debtors were actively engaged in preparing the Property for a development to be called Landmark at Doral, consisting of 11 acres of industrial/flex office, 17 acres of mixed use, and 89 acres of multifamily residential dwellings.  After development, the Property was to consist of 188,000 square feet of retail and office, 230,000 square feet of flex office, and 1,109 residential units, featuring an assortment of elevations and architecture thereby creating a community reminiscent of former small towns in suburbs throughout the U.S. and abroad.

**RELIEF REQUESTED**

7.      The Debtors respectfully request that this Court enter an order directing the joint administration of the Debtors' Chapter 11 Cases for procedural purposes only, including the joint filing of any disclosure statements and plans of reorganization and other contested matters, pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.

8.       The Debtors specifically request that the Chapter 11 Cases be jointly administered in the Town Center at Doral, LLC case and that one file and one docket be maintained for all the Chapter 11 Cases.

9.       The Debtors also request that since the Chapter 11 Cases were initially assigned to different judges, that all cases be transferred to the Honorable Judge Robert A. Mark to whom Town Center at Doral, LLC, the first chapter 11 case filed by these affiliated Debtors, was assigned.

10.     The Debtors also request that the above-captioned cases be administered under a consolidated caption in substantially the same form as follows:

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Case No.  11-35884 -RAM |
| Town Center at Doral, LLC, et al., | Chapter 11 |
| Debtors. | (Jointly Administered) |

_____/

Administration of the cases under a single docket in the name of Town Center at Doral, LLC, et al., will comply with the requirements of Local Rule 1015-1(D)(1) that the first case assigned to a judge be designated in the joint administration order as the "lead case."

4

## BASIS FOR RELIEF

11.     The statutory predicates for the relief requested in this Motion are Bankruptcy Rule 1015(b) and Local Rules 1015-1 and 9013-1(C)(14).

12.     Pursuant to Bankruptcy Rule 1015(b), courts are authorized to jointly administer bankruptcy cases if the debtor entities are affiliated entities with cases pending in the same court. Specifically, Rule 1015(b) provides that "[i]f a joint petition or two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b).

13.     The Debtors consist of five entities. The entities are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code.

14.     Bankruptcy Rule 1015 promotes the fair and efficient administration of multiple cases of affiliated debtors, like here, while protecting the rights of individual creditors. *See In re GlycoGenesys, Inc.*, 352 B.R. 568, 570 (Bankr. D. Mass. 2006); *In re PL Liquidation Corp.,* 305 B.R. 629, 633 (Bankr. D. Del. 2004); *In re N.S. Garrott & Sons,* 63 B.R. 189, 191 (Bankr. E.D. Ark. 1986); *In re H&S Trans. Co.,* 55 B.R. 786, 791 (Bankr. M.D. Tenn. 1982). While the Debtors constitute separate and distinct entities, the issues that will be addressed in these bankruptcy cases will be related and overlapping.

15.     The Debtors submit that joint administration of their Chapter 11 Cases will obviate the need for duplicative notices, motions, applications, hearings, and orders. This will save considerable time and expense for the Debtors and their estates, and will free the Court from the burden of scheduling duplicative hearings, entering duplicative orders, and maintaining redundant files.

16.    As required by Local Rule 1015-1(B)(1), the Debtors state that joint administration will not give rise to any conflict of interest among the estates of the Debtors.  The rights of the respective creditors of the Debtors will not be adversely affected by the proposed joint administration because the Debtors will continue as separate and distinct legal entities and will continue to maintain separate books and records.  Moreover, each creditor may still file its proof of claim against a particular Debtor's estate.  In fact, the rights of all creditors will be enhanced by the reduction in costs resulting from joint administration.

17.    Further, the entry of orders directing joint administration is common and such orders are generally not controversial in this district.  *See, e.g*, *In re TOUSA, Inc.,* No. 08-10928 (Bankr. S.D. Fla. Jan. 29, 2008) [D.E. #6]; *In re Mercedes Homes, Inc.,* No. 09-11191 (Bankr. S.D. Fla. Jan. 26, 2009) [D.E. #4]; *In re Gemini Cargo Logistics, Inc., et al.*, Case No. 08-18173 (Bankr. S.D. Fla. June 18, 2008) [D.E. #7]; *In re Levitt and Sons, LLC,* No. 07-19845 (Bankr. S.D. Fla. Nov. 9, 2007) [D.E. #6]; and *In re All Am. Semiconductor. Inc.*, No. 07-12963 (Bankr. S.D. Fla. Apr. 25, 2007) [D.E. #4].

18.    Accordingly, this Court is authorized to grant the relief requested in this Motion.

## NOTICE

19.    The Debtors will provide notice of this motion to all parties on the Master Service List as defined in Local Rule 2002-1(H) and all parties known to be directly affected by the relief requested herein.  In light of the nature of the relief requested, the Debtors respectfully submit that no further notice is necessary.

WHEREFORE, the Debtors respectfully request that the Court enter an Order in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other relief as is just and proper.

Dated: September 20, 2011

Respectfully submitted,
BILZIN SUMBERG BAENA PRICE & AXELROD LLP
*Proposed Counsel for the Debtors*
1450 Brickell Avenue, Suite 2300
Miami, FL 33131
Telephone: (305) 374-7580
Facsimile: (305) 375-7593

By:    /s/ Mindy A. Mora
Mindy A. Mora
Fla. Bar No. 678910
mmora@bilzin.com
Aaron P. Honaker
Fla. Bar No. 48749
ahonaker@bilzin.com

# Exhibit "A"

# Proposed Order

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| In re:<br><br>Town Center at Doral, LLC,<br><br>               Debtor.<br>_____/ | Case No. 11-35884-RAM<br><br>Chapter 11 |
| In re:<br><br>Landmark at Doral East, LLC,<br><br>               Debtor.<br>_____/ | Case No. 11-35885-RAM<br><br>Chapter 11 |
| In re:<br><br>Landmark at Doral South, LLC,<br><br>               Debtor.<br>_____/ | Case No. 11-35886-LMI<br><br>Chapter 11 |
| In re:<br><br>Landmark Club at Doral, LLC,<br><br>               Debtor.<br>_____/ | Case No. 11-35887-RAM<br><br>Chapter 11 |

1

| In re:<br><br>Landmark at Doral Developers, LLC,<br><br>      Debtor.<br>_____/ | Case No. 11-35888-LMI<br><br>Chapter 11 |
| --- | --- |

**[PROPOSED] ORDER JOINTLY ADMINISTERING CHAPTER 11 CASES AND
TRANSFERRING CASES OF LANDMARK AT DORAL SOUTH, LLC AND
<u>LANDMARK AT DORAL DEVELOPERS, LLC</u>**

THIS MATTER came before the Court upon the *Ex Parte Motion by Debtors and Debtors in Possession for an Order Directing the Joint Administration of Their Cases and Transferring Cases of Landmark at Doral South, LLC and Landmark at Doral Developers, LLC* (the "<u>Motion</u>") filed by Town Center at Doral, LLC; Landmark at Doral East, LLC; Landmark at Doral South, LLC; Landmark Club at Doral, LLC; and Landmark at Doral Developers, LLC, as debtors and debtors-in-possession (collectively, the "<u>Debtors</u>"). The Motion requests entry of an Order authorizing the joint administration of the Debtors' chapter 11 cases (the "<u>Chapter 11 Cases</u>") and the use of a consolidated caption. The Court finds that (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and all other parties in interest; (iv) the cases identified in the caption of this Order are pending in this Court by a debtor and its affiliates; and (v) pursuant to Bankruptcy Rule 1015 and Local Rules 1015-1(B)(2), 5005-1(G)(1)(a) and 9013-1(C)(14), the Court is authorized to grant the Motion without a hearing; and (vi) upon the record herein, and good and sufficient cause existing for the granting of the relief as set forth herein, it is

  **ORDERED** that:

  1.  The Motion is GRANTED.

2

2.      The captioned bankruptcy cases shall be jointly administered.  Case No. 11-35884-RAM is designated as the "lead case".  Case numbers 11-35886-LMI and 11-35888-LMI are transferred to the Honorable Judge Robert A. Mark to whom the lead case has been assigned, and such cases shall hereafter be referred to as case numbers 11-35886-RAM and 11-35888-RAM, respectively.

3.      One consolidated docket, one court file, and one consolidated service list (including a consolidated Master Service List, as provided for in Local Rule 2002-1(H)) shall be maintained for all of the Debtors and kept by the Clerk of the United States Bankruptcy Court for the Southern District of Florida under the "lead case" number.

4.      Claims filed shall indicate only the case name and number of the case in which the claim is asserted.  Separate claims registers shall be maintained for each case.

5.      The caption of the jointly-administered cases will read as follows:

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov


In re:                                                          Case No.  11-35884 -RAM

Town Center at Doral, LLC, et al.,                              Chapter 11


          Debtors.                                              (Jointly Administered)
_____/

6.      A docket entry shall be made on the docket in each of the captioned cases substantially as follows:

> An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of Town Center at Doral, LLC; Landmark at Doral East, LLC; Landmark at Doral South, LLC; Landmark Club at Doral, LLC; and Landmark at Doral

3

Developers, LLC.  All further pleadings and other papers shall be filed, and all further docket entries shall be made, in Case No. 11-35884-RAM.

7.      Parties may request joint hearings on matters pending in any of the jointly administered cases.

# # #

Submitted by:
Mindy A. Mora, Esq.
Bilzin Sumberg Baena Price & Axelrod LLP
1450 Brickell Avenue, Suite 2300
Miami, FL 33131
Tel: (305) 374-7580
Fax: (305) 375-7593
E-mail: mmora@bilzin.com

*(Attorney Mora shall serve a copy of the signed order on all parties on the Master Service List in each Debtor's case and file with the court a certificate of service conforming with Local Rule 2002-1(F).)*