# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                              Case No.  11-35884-RAM

Town Center at Doral, LLC, et al.,                  Chapter 11

                    Debtors.                        (Jointly Administered)

_____/

## APPLICATION BY DEBTORS FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF MINDY A. MORA AND THE LAW FIRM OF BILZIN SUMBERG BAENA PRICE & AXELROD LLP AS BANKRUPTCY COUNSEL FOR THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE

Town Center at Doral, LLC, Landmark at Doral East, LLC, Landmark at Doral South, LLC, Landmark Club at Doral, LLC, and Landmark at Doral Developers, LLC,[1] as debtors and debtors-in-possession, pursuant to sections 327(a) and 330 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code") and Rules 2014, 2016, and 6003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), respectfully request entry of an order, substantially in the form annexed hereto as "Exhibit A", authorizing the Debtors to employ and retain Mindy A. Mora and the law firm of Bilzin Sumberg Baena Price & Axelrod LLP ("Bilzin Sumberg") *nunc pro tunc* to September 19, 2011 (the "Petition Date"), as their bankruptcy counsel.  In support of this application, the Debtors submit the Declaration of Mindy A. Mora (the "Mora Declaration"), which is annexed hereto as "Exhibit B".  In further support of this application (the "Application"), the Debtors respectfully represent as follows:

---

[1]     The last four digits of each Debtors' tax identification number are: (i) Town Center at Doral, LLC [1866]; (ii) Landmark at Doral East, LLC [6616]; (iii) Landmark at Doral South, LLC [6676]; (iv) Landmark Club at Doral, LLC [6797]; and (v) Landmark at Doral Developers, LLC [6762].  The Debtors' mailing address is 701 W. Cypress Creek Road, Suite 303, Fort Lauderdale, Florida 33309.

## JURISDICTION

1.    This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.    Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.    The statutory predicates for the relief requested herein are sections 327(a) and 330 of the Bankruptcy Code and Bankruptcy Rules 2014, 2016, and 6003.

## BACKGROUND

**A.    General Background**

4.    On the Petition Date, each of the Debtors filed a voluntary petition with this Court for relief under chapter 11 of the Bankruptcy Code.

5.    Since the Petition Date, the Debtors have been operating their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.    As of the date hereof, no creditors' committee has been appointed or designated in these cases.  In addition, no request for the appointment of a trustee or examiner has been made.

7.    On September 20, 2011, the Debtors filed a motion for joint administration of the Debtors' bankruptcy cases.

**B.    The Property**

8.    The Debtors are the fee simple owners of land (approximately 120 contiguous acres) located on the east side of NW 107th Avenue and the north side of NW 58th Street in Doral, Florida, a majority of which is zoned TND (Traditional Neighborhood Development), with the remainder zoned IU-1 (for flex office development allowing for light industrial development) (the "Property").  The Property consists of 16 individual tracts of land that remain undeveloped with the exception of an unfinished 4-level parking garage.  Prior to the Petition

Date, the Debtors had sought and obtained approvals for the development of residential units (townhomes and condominiums), retail/office/mixed use, and flex office at the Property.

9.    Prior to the Petition Date, the Debtors were engaged in preparing the Property for a development to be called Landmark at Doral, consisting of 11 acres of industrial/flex office, 17 acres of mixed use, and 89 acres of multifamily residential dwellings.  After development, the Property was to consist of 188,000 square feet of retail and office, 230,000 square feet of flex office, and 1,109 residential units, featuring an assortment of elevations and architecture thereby creating a community reminiscent of former small towns in suburbs throughout the U.S. and abroad.

## RELIEF REQUESTED

10.    By this Application, the Debtors seek entry of an order, pursuant to sections 327(a) and 330 of the Bankruptcy Code, Bankruptcy Rules 2014(a), 2016 and 6003, and Local Rules 2014-1 and 2016-1, authorizing the Debtors to employ and retain Mindy A. Mora, Esq. and the law firm of Bilzin Sumberg as their bankruptcy counsel in these chapter 11 cases.

## BASIS FOR RELIEF

11.    Representation of the Debtors by Bilzin Sumberg as bankruptcy counsel is both critical to the success of the Debtors' reorganization and in the best interests of the Debtors' estates.  The Debtors desire to employ Bilzin Sumberg under a general retainer because of the extensive legal services that will be required in connection with these chapter 11 cases and the firm's familiarity with the Debtors' businesses.

**Bilzin Sumberg's Qualifications**

12.    Bilzin Sumberg has been actively involved in many major chapter 11 cases and has represented debtors in numerous cases, including, among others, *In re Cabi SMA Tower I, LLLP*, Case No. 10-49009-BKC-AJC (Bankr. S.D. Fla. December 28, 2010), *In re Cabi New*

3

*River, LLC*, Case No. 10-49013-BKC-AJC (Bankr. S.D. Fla. December 28, 2010); *In re Cabi Downtown LLC*, Case No. 09-27168-BKC-LMI (Bankr. S.D. Fla. August 18, 2009), *In re Fontainebleau Las Vegas Holdings, LLC*, Case No. 09-21481-BKC-AJC (Bankr. S.D. Fla. June 9, 2009), *In re Presidential Club, LLLP*, Case No. 09-21399-BKC-RAM (Bankr. S.D. Fla. June 9, 2009), *In re Tradewinds Airlines, Inc.*, Case No. 08-20394-BKC-AJC (Bankr. S.D. Fla. July 25, 2008), *In re America Capital Corporation*, Case No. 06-12645-BKC-AJC (Bankr. S.D. Fla. June 19, 2006), *In re Dedicated Resources, Inc.,* Case No. 01-36036-BKC-PGH (Bankr. S.D. Fla. Nov. 13, 2001), *In re Green Isle Partners Ltd., S.E.,* Case No. 01-24693-BKC-RBR (Bankr. S.D. Fla. June 25, 2001), and *In re Richland Mills, Inc.*, Case No. 99-14900-BKC-AJC (Bankr. S.D. Fla. Apr. 20, 1999).

13.    Prior to commencement of these chapter 11 cases, the Debtors sought the services of Bilzin Sumberg with respect to, among other things, advice regarding restructuring matters in general, and preparation for the potential commencement and prosecution of chapter 11 cases for the Debtors. The Debtors believe that continued representation by their pre-petition restructuring counsel, Bilzin Sumberg, is critical to the Debtors' efforts to restructure their businesses because Bilzin Sumberg has extensive experience and expertise in complex commercial reorganization cases and in Florida real estate issues, and has become familiar with the Debtors' businesses, legal, and financial affairs. Accordingly, Bilzin Sumberg is well-suited and uniquely able to assist in guiding the Debtors through the chapter 11 process in an efficient and timely manner.

**Services to be Provided**

14.    Subject to further order of the Court, Bilzin Sumberg will provide the Debtors with various legal services relating to the prosecution of these chapter 11 cases. Specifically, Bilzin Sumberg will, without limitation:

(i)     advise the Debtors with respect to their powers and duties as debtors and debtors-in-possession in the continued management and operation of their businesses and property;

(ii)     attend meetings and negotiate with representatives of creditors and other parties-in-interest;

(iii)     advise and consult on the conduct of these chapter 11 cases, including all of the legal and administrative requirements of operating in chapter 11;

(iv)     advise the Debtors in connection with any contemplated sales of assets or business combinations, including the negotiation of sales promotion, liquidation, stock purchase, merger or joint venture agreements, formulate and implement bidding procedures, evaluate competing offers, draft appropriate corporate documents with respect to the proposed sales, and counsel the Debtors in connection with the closing of such sales;

(v)     advise and represent the Debtors in connection with obtaining post-petition financing and making cash collateral arrangements, provide advice and counsel with respect to pre-petition financing arrangements, and provide advice to the Debtors in connection with the emergence financing and capital structure, and negotiate and draft documents relating thereto;

(vi)     analyze (a) the Debtors' leases and contracts and the assumptions, rejections, or assignments thereof and (b) the validity of liens against the Debtors' assets, and advise the Debtors on matters relating thereto;

(vii)     advise the Debtors with respect to legal issues arising in or relating to the Debtors' ordinary course of business including attendance at senior management meetings, meetings with the Debtors' financial and turnaround advisors and meetings of the board of directors;

(viii)     consult with the Debtors on Florida real estate and land use issues and perform various tasks related thereto;

(ix)     take all necessary actions to protect and preserve the Debtors' estates, including prosecuting actions on the Debtors' behalf, defending any actions commenced against the Debtors or their estates, and representing the Debtors' interests in negotiations concerning all litigation in which the Debtors are or may be involved, including objections to claims filed against the Debtors' estates;

(x)     prepare pleadings in connection with these chapter 11 cases on the Debtors' behalf, including all motions, applications, answers, orders, reports and papers necessary to the administration of the Debtors' estates;

(xi)     negotiate and prepare on the Debtors' behalf one or more chapter 11 plans of reorganization or liquidation, disclosure statements, and all related agreements and/or documents, and take any necessary actions on behalf of the Debtors to obtain confirmation of such plan;

(xii)    attend meetings with third parties and participate in negotiations with respect to the above matters;

(xiii)    appear before the Court, any appellate courts, and the U.S. Trustee to protect and represent the interests of the Debtors' estates before such courts and the U.S. Trustee; and

(xiv)    perform all other necessary legal services and provide all other necessary legal advice to the Debtors in connection with these chapter 11 cases.

15.    The Debtors request the employment and retention of Bilzin Sumberg because Bilzin Sumberg's services are necessary to enable the Debtors to faithfully execute their duties as debtors-in-possession and Bilzin Sumberg is willing to act on the Debtors' behalf as set forth above.

**Professional Compensation**

16.    Bilzin Sumberg intends to apply to the Court for allowance of compensation for professional services rendered and reimbursement of charges and disbursements incurred in connection with the Debtors' chapter 11 cases in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the guidelines established by the Office of the United States Trustee for the Southern District of Florida, and any other applicable procedures and orders of the Court, including sections 327, 330, and 331 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 2016.  Bilzin Sumberg will seek compensation for the services of each attorney and paraprofessional acting on behalf of the Debtors in these cases at the then-current hourly rate charged for such services, with Bilzin Sumberg's compensation to be finally fixed by the Court pursuant to 11 U.S.C. § 330.

17.    Bilzin Sumberg's hourly rates are set at a level designed to fairly compensate Bilzin Sumberg for the work of its attorneys and paraprofessionals and to cover fixed and routine overhead expenses.   Hourly rates vary with the experience and seniority of the individuals assigned.  These hourly rates are subject to periodic adjustments to reflect economic and other

conditions and are consistent with the rates charged elsewhere.  In particular, Bilzin Sumberg's current hourly rates for matters similar to these chapter 11 cases range as follows:

| Billing Category | Range |
|---|---|
| Partners | $445 - $700 |
| Of Counsel | $425 - $550 |
| Associates | $225 - $435 |
| Paraprofessionals | $205 - $225 |
| Project Assistants | $200 |

18.     Mindy A. Mora is presently expected to have primary responsibility for providing services to the Debtors.  In addition, as necessary, other Bilzin Sumberg professionals and paraprofessionals will provide services to the Debtors.

19.     Consistent with its duties as bankruptcy counsel for the Debtors and the firm's policy with respect to its other clients, Bilzin Sumberg will continue to charge the Debtors for all other services provided and for other charges and disbursements incurred in the rendition of services.  These charges and disbursements include, among other things, costs for telephone charges, photocopying, travel, computerized research, messengers, couriers, postage, witness fees and other fees related to trials and hearings.

20.     In the time leading up to the filing of the bankruptcy case, Bilzin Sumberg has provided legal services to the Debtors, including insolvency and pre-petition services.

21.     Pursuant to the terms of Bilzin Sumberg's engagement, Terra World Investments, LLC ("Terra") has agreed to guarantee the Debtors' payment of Bilzin Sumberg's fees in this matter.

22.     On September 6, 2011, Bilzin Sumberg received a retainer in the amount of $50,000 from Terra on behalf of the Debtors to handle such matters.

23.     On September 19, 2011, prior to the filing of the bankruptcy cases, Bilzin Sumberg deducted from the retainer a payment in the amount of $42,558.46 for services rendered and costs incurred prepetition to the Debtors.  On September19, 2011, Terra sent an additional payment in the amount of $42,558.46.  After deducting filing fees, Bilzin Sumberg currently holds a retainer of $44,805 paid by Terra for the benefit of the Debtors.

24.     The Debtors do not owe Bilzin Sumberg any amounts for legal services rendered or costs incurred before the Petition Date.

25.     Other than as set forth herein and in the Mora Declaration, no arrangement is proposed between the Debtors and Bilzin Sumberg for compensation to be paid in these cases, and no agreement or understanding exists between Bilzin Sumberg and any other entity for the sharing of compensation received or to be received for services rendered in or in connection with the cases.

26.     No previous request for the relief sought in this Application has been made to this Court or any other court.

**Bilzin Sumberg's Disinterestedness**

27.     To the best of the Debtors' knowledge and except as disclosed in the Mora Affidavit, Bilzin Sumberg does not hold or represent any interest adverse to the Debtors.  Bilzin Sumberg has disclosed its past and present connections with the Debtors, creditors, parties in interest, and their respective attorneys and accountants, as more fully set forth in the attached Mora Declaration.  Bilzin Sumberg has advised the Debtors that it does not and has not represented such parties in any matter whatsoever relating to these cases or the Debtors except as set forth in the Mora Declaration.  The Debtors do not believe that Bilzin Sumberg's past and present connections with the parties set forth in the Mora Declaration will in any way impair

Bilzin Sumberg's representation of the Debtors, nor do the Debtors believe that such connections constitute representation of entities having an adverse interest in connection with these cases.

28.    To the best of the Debtors' knowledge and as disclosed herein and in the Mora Declaration: (a) Bilzin Sumberg is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code; (b) Bilzin Sumberg does not hold or represent any interest adverse to the Debtors' estates; and (c) Bilzin Sumberg has no connection to the Debtors, its affiliates, its creditors, the U.S. Trustee, any person employed in the office of the U.S. Trustee, or any other party in interest, or their respective attorneys and accountants, other than as disclosed in the Mora Affidavit.

29.    Bilzin Sumberg will periodically review its files during the pendency of these chapter 11 cases to ensure that no conflicts or other disqualifying circumstances exist or arise.  If any new relevant facts or relationships are discovered or arise, Bilzin Sumberg will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

## AUTHORITY IN SUPPORT OF RELIEF REQUESTED

30.    Section 327(a) of the Bankruptcy Code provides that a debtor-in-possession, subject to Court approval "may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estates, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title."  11 U.S.C. § 327(a); *see also* 11 U.S.C. §§ 1107, 1108.

31.    Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other

> party in interest, their respective attorneys and accountants, the
> United States trustee, or any person employed in the office of the
> United States trustee.

FED. R. BANKR. P. 2014.

32.     A business entity, such as a limited liability corporation, must be represented by counsel to appear in court because it is merely an artificial entity that can only act through its agents and thus may not appear *pro se.  See First NLC*, 382 B.R. at 549-50; *see also Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985), *cert. denied*  474 U.S. 1058 ("Corporations and partnerships, both of which are fictional legal persons, obviously cannot appear for themselves personally . . . they must be represented by licensed counsel."); *K.M.A., Inc. v. General Motors Acceptance Corp. (In re K.M.A., Inc.)*, 652 F.2d 398, 399 (5th Cir. 1981) ("The law is clear that a corporation as a fictional legal person can only be represented by licensed counsel.") (citations omitted); *Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983) ("[I]t is established that a corporation, which is an artificial entity that can only act through agents, cannot proceed *pro se.*") (citations omitted); Local Rule 9010-1(B)(1) ("A corporation, partnership, trust, or other business entity cannot appear or act on its own behalf without an attorney in a case or proceeding . . . .").

33.     Without counsel, the Debtors cannot proceed with these chapter 11 cases and their efforts in seeking bankruptcy protection will be materially harmed.  Failure to timely secure the relief requested will thus severely impede the Debtors' reorganization efforts to the detriment of all parties in interest.

## NOTICE

34.     The Debtors will provide notice of this motion to all parties on the Master Service List as defined in Local Rule 2002-1(H), the creditors on the List of Creditors Holding 20

Largest Unsecured Claims, and all parties known to be directly affected by the relief requested herein.  In light of the nature of the relief requested, the Debtors respectfully submit that no further notice is necessary.

WHEREFORE, the Debtors respectfully request that the Court grant the Application and (i) enter an order authorizing the Debtors' retention of Mindy A. Mora, Esq. and the law firm of Bilzin Sumberg Baena Price & Axelrod LLP upon the terms outlined in this Application *nunc pro tunc* to the Petition Date, and (ii) granting such other and further relief as is just and proper.

Dated:   September 22, 2011

Respectfully submitted,

TOWN CENTER AT DORAL, LLC,

By: _____
       Isaac Kodsi, Vice President

and

BILZIN SUMBERG BAENA PRICE &
AXELROD LLP
*Proposed Counsel for the Debtor*
1450 Brickell Avenue
Suite 2300
Miami, Florida 33131
Telephone: (305) 350-2414
Facsimile:  (305) 351-2242

By: ___ /s Mindy A. Mora
      Mindy A. Mora
      Florida Bar No. 678910
      Tara V. Trevorrow
      Fla. Bar No. 03959
      ttrevorrow@bilzin.com

**EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:                                                    Case No.  11-35884-RAM

Town Center at Doral, LLC, et al.,                        Chapter 11


                    Debtors.                              (Jointly Administered)
_____/

**[PROPOSED] ORDER AUTHORIZING THE DEBTORS TO RETAIN AND EMPLOY**
**BILZIN SUMBERG BAENA PRICE & AXELROD LLP AS BANKRUPTCY**
**COUNSEL *NUNC PRO TUNC* TO THE PETITION DATE**

Upon consideration of the application (the "Application") [ECF No. ___] of the above

captioned debtors and debtors-in-possession (the "Debtors")[1] for entry of an order authorizing

---

[1]     The last four digits of each Debtors' tax identification number are: (i) Town Center at Doral, LLC [1866]; (ii) Landmark at Doral East, LLC [6616]; (iii) Landmark at Doral South, LLC [6676]; (iv) Landmark Club

the Debtors to retain and employ Bilzin Sumberg Baena Price & Axelrod LLP ("Bilzin Sumberg") as bankruptcy counsel for the Debtors, pursuant to §§ 327(a), 329, and 330 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code"), Rules 2014(a), 2016, and 6003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of Florida (the "Local Rules"); and upon consideration of the *Declaration of Mindy A. Mora* in support of the Application, and having found that Bilzin Sumberg does not represent an interest adverse to the Debtors or their estates on the matters, and that Bilzin Sumberg disclosed any connections with parties as required by Bankruptcy Rule 2014; and it appearing that the relief requested is necessary and in the best interests of the Debtors' estates, their creditors and all other parties-in-interest; and due and sufficient notice of the Application having been given; and it appearing that no other or further notice need be provided; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and after due deliberation and sufficient cause appearing therefore,

IT IS ORDERED that:

1.      The Application IS GRANTED *nunc pro tunc* to the Petition Date.

2.      The Debtors are authorized to retain and employ Bilzin Sumberg as their bankruptcy counsel in accordance with the terms and conditions set forth in the Application.

3.      Bilzin Sumberg is authorized to render the professional services to the Debtors as set forth in the Application.

---

at Doral, LLC [6797]; and (v) Landmark at Doral Developers, LLC [6762].  The Debtors' mailing address is 701 W. Cypress Creek Road, Suite 303, Fort Lauderdale, Florida 33309.

4.      Bilzin Sumberg shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases subject to the allowance of professional fees and compensation as set forth in § 330 of the Bankruptcy Code, and in compliance with the remaining provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, guidelines established by the Office of the United States Trustee for the Southern District of Florida, and any Order of this Court.

5.      The Debtors are authorized to take all actions necessary to effectuate the relief granted by this Order in accordance with the Application.

6.      Notwithstanding the possible applicability of Bankruptcy Rules 6004, 7062, or 9014, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7.      This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

###

Submitted by:
Mindy A. Mora, Esq.
Fla. Bar No. 678910
Bilzin Sumberg Baena Price & Axelrod LLP
1450 Brickell Avenue
Suite 2300
Miami, Florida 33131
Telephone: (305) 350-2414
Facsimile:  (305) 351-2242
E-mail: mmora@bilzin.com

Copies to: Mindy A. Mora, Esq.
*(Attorney Mora shall upon receipt serve a copy of this Order upon all interested parties and file a certificate of service.)*

**EXHIBIT B**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:                                                      Case No.  11-35884-RAM

Town Center at Doral, LLC, et al.,[1]          Chapter 11

                    Debtors.                          (Jointly Administered)
_____/

**DECLARATION OF MINDY A. MORA, ESQ. ON BEHALF OF BILZIN SUMBERG
BAENA PRICE & AXELROD LLP IN SUPPORT OF APPLICATION
BY DEBTORS FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT
AND RETENTION OF MINDY A. MORA AND THE LAW FIRM OF BILZIN
SUMBERG BAENA PRICE & AXELROD LLP AS BANKRUPTCY COUNSEL FOR
THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE**

I, Mindy A. Mora, declare and state as follows pursuant to 28 U. S. C. § 1746:

1.        I am an attorney and partner of the law firm of Bilzin Sumberg Baena Price &

Axelrod, LLP ("Bilzin Sumberg").  Bilzin Sumberg maintains offices for the practice of law at

1450 Brickell Avenue, Suite 2300, Miami, Florida 33131.  I am familiar with the matters set

forth herein and make this Declaration in support of the *Application by Debtors for Entry of an*

*Order Authorizing the Employment and Retention of Mindy A. Mora and the Law Firm of Bilzin*

*Sumberg Baena Price & Axelrod LLP as Bankruptcy Counsel for the Debtors Nunc Pro Tunc to*

*the Petition Date* (the "Application"), filed by the above-captioned debtors and debtors-in-

possession (the "Debtors").

2.        In support of the Application, I disclose the following:

---

[1]        The last four digits of each Debtors' tax identification number are: (i) Town Center at Doral, LLC
[1866]; (ii) Landmark at Doral East, LLC [6616]; (iii) Landmark at Doral South, LLC [6676]; (iv) Landmark Club
at Doral, LLC [6797]; and (v) Landmark at Doral Developers, LLC [6762].  The Debtors' mailing address is 701 W.
Cypress Creek Road, Suite 303, Fort Lauderdale, Florida 33309.

A.      Unless otherwise stated, this Declaration is based upon facts of which I have personal knowledge.

B.      In preparing this Declaration, I have reviewed the list of creditors provided to us by the Debtors.  Bilzin Sumberg maintains a computerized conflicts check system.  Bilzin Sumberg has compared the information obtained thereby with the information contained in its client and adverse party conflict check system.  The facts stated in this Declaration as to the relationship between Bilzin Sumberg and the Debtors, the Debtors' creditors, the United States Trustee, other persons employed by the Office of the United States Trustee, and those persons and entities who are defined as disinterested persons in Section 101(14) of the Bankruptcy Code, are based on the results of my review of Bilzin Sumberg's conflict check system.  Based upon such search,[2] Bilzin Sumberg does not represent any entity in any matter involving or adverse to the Debtors or which would constitute a conflict of interest or impair the disinterestedness of Bilzin Sumberg in respect of its representation of the Debtors herein.

3.      Bilzin Sumberg's client and adverse party conflicts check system is comprised of records regularly maintained in the course of business by Bilzin Sumberg, and it is the regular practice of Bilzin Sumberg to make and maintain these records.  The system reflects entries that are noted at the time the information becomes known by persons whose regular duties include recording and maintaining this information.  I regularly use and rely upon the information contained in the system in the performance of my duties with Bilzin Sumberg and in my practice of law.

---

[2]      In addition to checking the firm's computerized conflict checking system, I caused to be sent an electronic mail message to every attorney and paraprofessional who is employed by Bilzin Sumberg, which message identified each of the parties in interest in this case and asked such attorneys to inform me if they recognized any connections between themselves and/or Bilzin Sumberg.  All responses are reflected herein.

4.      Neither I nor Bilzin Sumberg represent any interest adverse to the Debtors, or the estates, and we are disinterested persons within the scope and meaning of Section 101(14) of the Bankruptcy Code as required by 11 U.S.C. § 327(a).  Other than as set forth in the Application, and as set forth herein and in Exhibit "1" attached hereto, Bilzin Sumberg does not have any connections with the Debtors, their creditors, any other party in interest, their respective attorneys and accountants, the U.S. Trustee, or any person employed in the Office of the U.S. Trustee.

5.      Pursuant to the terms of Bilzin Sumberg's engagement, Terra World Investments, LLC ("Terra") has agreed to guarantee the Debtors' payment of Bilzin Sumberg's fees in this matter.

6.      The current hourly rates for the attorneys at Bilzin Sumberg range from $230 to $700.  My current hourly rate is $565, and I am the partner who will be principally responsible for the representation of the Debtors.   The current hourly rates for Bilzin Sumberg's legal assistants and paralegals range from $200 to $225 per hour.   Bilzin Sumberg typically adjusts its hourly rates annually on January 1st.  The foregoing rates reflect the adjusted rates for the 2011 year.

7.      Neither I nor Bilzin Sumberg has or will represent any other entity in connection with these cases, and neither I nor Bilzin Sumberg will accept any fee from any other party or parties in these cases, except the Debtors, unless otherwise authorized by the Court.

8.      Pursuant to 11 U.S.C. § 329(a), Bilzin Sumberg discloses that all services rendered by Bilzin Sumberg and compensation received from the Debtors have been in contemplation of and in connection with the filing of these voluntary chapter 11 cases and administration of these chapter 11 cases.  In the time leading up to the filing of the bankruptcy

3

cases, Bilzin Sumberg has provided legal services to the Debtors, including insolvency and pre-petition services.

9.      On September 6, 2011, Bilzin Sumberg received a retainer in the amount of $50,000 from Terra World Investments, LLC on behalf of the Debtors to handle such matters. On September 19, 2011, prior to the filing of the bankruptcy cases, Bilzin Sumberg deducted from the retainer a payment in the amount of $42,558.46 for services rendered and costs incurred prepetition to the Debtors.  On September 19, 2011, Terra sent an additional payment in the amount of $42,558.46.  After deducting filing fees, Bilzin Sumberg currently holds a retainer of $44,805 paid by Terra for the benefit of the Debtors.

10.     There are no additional amounts due Bilzin Sumberg in respect of its prepetition fees and costs.

11.     The professionals' fees and costs to be incurred by Bilzin Sumberg in the course of its representation of the Debtors in these cases shall be subject in all respects to the application and notice requirements of 11 U.S.C. §§ 330 and 331 and FED. R. BANK. P. 2014 and 2016.

12.     There is no agreement of any nature as to the sharing of any compensation to be paid to Bilzin Sumberg, except between the attorneys of Bilzin Sumberg.  No promises have been received by Bilzin Sumberg, nor any member or associate thereof, as to compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code.

13.     No attorney at Bilzin Sumberg holds a direct or indirect equity interest in the Debtors, including stock or stock warrants, or has a right to acquire such an interest.

14.     No attorney at Bilzin Sumberg is or has served as an officer, director or employee of the Debtors within two years before the Petition Date.

15.     No attorney at Bilzin Sumberg is in control of the Debtors or is a relative of a director, officer or person in control of the Debtors.

16.     No attorney at Bilzin Sumberg is a general or limited partner of a partnership in which the Debtors is also a general or limited partner.

17.     No attorney at Bilzin Sumberg is or has served as an officer, director or employee of a financial advisor that has been engaged by the Debtors in connection with the offer, sale or issuance of a security of the Debtors, within two years before the Petition Date.

18.     No attorney at Bilzin Sumberg has represented a financial advisor of the Debtors in connection with the offer, sale or issuance of a security of the Debtors within three years before the Petition Date.

19.     Other than as set forth herein no attorney at Bilzin Sumberg has any other interest, direct or indirect, that may be affected by the proposed representation.

20.    I have read the Application and affirm all factual statements made therein as true, accurate and correct.

FURTHER AFFIANT SAYETH NAUGHT.

<u>28 U.S.C. § 1746 Declaration</u>

I declare under penalty of perjury that the foregoing is true and correct.  Executed on September 22, 2011.


                                                         /s/ Mindy A. Mora

                                                          Mindy A. Mora

**<u>Exhibit 1</u>**

**EXHIBIT "1"**

| Party-in-Interest | Client (or Client Affiliate)/ Unrelated Matters | Adverse (or Adverse Affiliate)/ Unrelated Matters | Creditor/Class member Unrelated Matters |
|---|---|---|---|
| Yogev Berdugo | Client Affiliate in former unrelated matter | | |
| David Plummer & Associates | | Adverse creditor in current unrelated matters | |
| David Plummer* | Client in current unrelated matter | | |
| National Millwork | | Adverse in former unrelated matters | |
| Mod Space | | Adverse in former unrelated matter | |
| Advanced Insurance Underwriters | | Adverse in former unrelated matter | |
| Landmark at Doral Community Development District | | Adverse in current unrelated matter | |
| Landmark at Doral East, LLC | Client affiliate in former unrelated matter | | |
| Town Center of Doral, LLC | Client affiliate in former unrelated matter | | |
| Elie Berdugo and Estate of Elie Berdugo | Client affiliate in former unrelated matter | Adverse and adverse affiliate in former unrelated matters | |
| Amtrust | Client in former unrelated matters | Adverse and adverse affiliate in current and former unrelated matters | |
| Craig C. Eller, Esq. | | Opposing counsel in current unrelated matters | |
| May Meacham & Davell PA | | Adverse in current unrelated matter | Class member is former unrelated matter |
| Brett M. Amron, Esq. | | Opposing counsel in | |

\* Name searched and results from Conflict Check System are not identical; however, out of an abundance of caution, the results are disclosed herein.

\*\* Name searched is a very common name.  Results disclosed out of an abundance of caution but may not be the same person.

| Party-in-Interest | Client (or Client Affiliate)/ Unrelated Matters | Adverse (or Adverse Affiliate)/ Unrelated Matters | Creditor/Class member Unrelated Matters |
|---|---|---|---|
| | | current unrelated matter | |
| Robert P. Frankel, Esq. | | Opposing counsel in former unrelated matters | |
| Isaac Kodsi | Client affiliate in former unrelated matter | Employee was adverse in former unrelated matter at prior firm | |
| Terra World Investments, LLC and affiliated companies* | Client and client affiliate in former unrelated matters | Adverse in former unrelated matters | |
| David Martin* | Client affiliate in former unrelated matters | Adverse and adverse affiliate in current and former unrelated matters | Class member in former unrelated matter |
| Miami Dade County Tax Collector | | Adverse in current and former unrelated matters | |

\* Name searched and results from Conflict Check System are not identical; however, out of an abundance of caution, the results are disclosed herein.

\*\* Name searched is a very common name.  Results disclosed out of an abundance of caution but may not be the same person.