UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                                      Chapter 11

TOWN CENTER AT DORAL, LLC, *et al.,*[1]                     Case No. 11-35884-RAM
                                                           (Jointly Administered)

    Debtors.

_____/

### APPLICATION FOR APPROVAL OF EMPLOYMENT OF GLENN D. MOSES, ESQ. AND THE LAW FIRM OF GENOVESE, JOBLOVE & BATTISTA, P.A., AS COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

Pursuant to 11 U.S.C §§ 327 and 1103, Fed. R. Bankr. P. 2014 and Local Rule 2014-1, the

Official Committee of Unsecured Creditors (the "Committee") of Town Center at Doral, LLC,

Landmark at Doral East, LLC, Landmark at Doral South, LLC, Landmark Club at Doral, LLC and

Landmark at Doral Developers, LLC, the jointly administered debtors-in-possession (collectively, the

"Debtors"), applies to this Court for approval of the employment of Glenn D. Moses, Esq. and the

law firm of Genovese, Joblove & Battista, P.A. (collectively, the "Applicant") as counsel to the

Committee, *nunc pro tunc* to October 20, 2011, the date services were first rendered, and states as

follows:

1.       On September 19, 2011 (the "Petition Date"), each of the Debtors filed a voluntary

petition for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in

the Southern District of Florida. Since that time, the Debtors have operated as debtors-in-possession

pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

2.       The Debtors' chapter 11 cases have been administratively, but not substantively,

---

1 The last four digits of each Debtor's tax identification number are: (i) Town Center at Doral, LLC [1866]; (ii) Landmark at Doral East, LLC [6616]; (iii) Landmark at Doral South, LLC [6676]; (iv) Landmark Club at Doral, LLC [6797]; and (v) Landmark at Doral Developers, LLC [6762].

10775-001/#4                                      1

consolidated.

3.      On October 20, 2011, the Office of the United States Trustee constituted and formed the Committee.

4.      The Committee desires to retain the Applicant as its counsel to advise and represent the Committee in these bankruptcy cases, as more fully set forth herein.

5.      The Applicant has substantial experience and expertise in chapter 11 cases in Florida, and throughout the United States, and is qualified to act as counsel for the Committee in these Chapter 11 cases.  The Committee submits that the Applicant is uniquely qualified to serve as counsel to the Committee, due to its experience and expertise in complex chapter 11 bankruptcy cases and their familiarity with the facts and circumstances of these Chapter 11 cases.

6.      As set forth in the Affidavit of Glenn D. Moses, Esq. submitted herewith (the "Moses Affidavit"), Applicant does not hold or represent any interest adverse to the Debtors or their estates.

7.      As further set forth in the Moses Affidavit, the Applicant is "disinterested" as such term is defined in 11 U.S.C. § 101(14) and has no connection with the Debtors, their creditors or any other party in interest.

8.      The services of Applicant are necessary to enable the Committee to execute faithfully its duties.  Subject to order of this Court, Applicant will be required to render, among others, the following services to the Committee:

(a)      advise the Committee with respect to its rights, powers, and duties in these Chapter 11 cases;

(b)      assist and advise the Committee in its consultations with the Debtors relative to the administration of these Chapter 11 cases;

(c)      assist the Committee in analyzing the claims of the Debtors' creditors and in negotiating with such creditors;

(d)     assist with the Committee's investigation of the acts, conduct, assets, liabilities, and financial condition of the Debtor and of the operation of the Debtors' business;

(e)     assist the Committee in its analysis of, and negotiations with, the Debtors and/or any third party concerning matters related to, among other things, the use of cash collateral, debtor in possession financing, the liquidation of assets and the terms of a plan or plans of reorganization;

(f)     assist and advise the Committee with respect to its communications with the general creditor body regarding significant matters in these Chapter 11 cases;

(g)     represent the Committee at all hearings and other proceedings in these Chapter 11 cases;

(h)     review and analyze all applications, motions, orders, statements of operations, and schedules filed with the Court and advise the Committee as to their propriety;

(i)     assist the Committee in preparing pleadings and applications as may be necessary in furtherance of the Committee's interests and objectives; and

(j)     perform such other legal services as may be required and are deemed to be in the interests of the Committee in accordance with the Committee's powers and duties as set forth in the Bankruptcy Code.

9.     It is respectfully submitted that the retention of the Applicant is necessary and in the best interests of the Committee and the Debtors' estates. The Committee believes that the Applicant is qualified to represent its interests.

10.     The Committee proposes that compensation be awarded to the Applicant after the filing of interim and/or final application(s) and a hearing consistent with the requirements of 11U.S.C. §§ 327, 330 and 331, Bankruptcy Rules 2002, 2016 and Local Rules 2016-1 and any order of this Court.

WHEREFORE, the Committee respectfully requests that the Court enter an order approving the employment of the Applicant as counsel for the Committee in this case *nunc pro tunc* to October 20, 2011.

Dated: October 27, 2011

The Official Committee of Unsecured Creditors

By: 

Eric E. Pfeffer, on behalf of the
Carla Pfeffer Revocable Trust, and
Chairman of the Committee

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served to all parties on the attached Service List, via First-Class U.S. Mail, facsimile and/or CM./ECF, this 28th day October, 2011.

/s/  Glenn D. Moses
Glenn D. Moses, Esq.

## Service List

*Counsel for the Debtors*
Mindy A. Mora, Esq.
Bilzin Sumberg Baena Price &
Axelrod LLP
1450 Brickell Ave., Suite 2300
Miami, FL 33131
Telephone: (305) 374-7580
Facsimile: (305) 375-7593

*U.S. Trustee*
Office of the US Trustee
51 S.W. 1st Ave., Suite 1204
Miami, FL 33130

10427-001/#2

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                                      Chapter 11

TOWN CENTER AT DORAL, L.L.C., *et al.,*[1]                  Case No. 11-35884-RAM
                                                            (Jointly Administered)

    Debtors.

_____/

**AFFIDAVIT OF GLENN D. MOSES, ESQ., ON BEHALF OF GENOVESE
JOBLOVE & BATTISTA, P.A., AS PROPOSED COUNSEL FOR THE OFFICIAL
<u>COMMITTEE OF UNSECURED CREDITORS</u>**

STATE OF FLORIDA           )
                                ) ss:
COUNTY OF MIAMI-DADE     )

GLENN D. MOSES, being duly sworn, deposes and say:

1.       I am an attorney and shareholder in the law firm of Genovese Joblove & Battista, P.A. ("GJB"). GJB maintains offices for the practice of law at 100 Southeast Second Street, Suite 4400, Miami, Florida 33131 and at 200 East Broward Boulevard, Suite 1110, Fort Lauderdale, Florida 33301.

2.       I am familiar with the matters set forth herein and submit this Affidavit in support of the Application of the Official Committee of Unsecured Creditors (the "Committee") of Town Center at Doral, LLC, Landmark at Doral East, LLC, Landmark at Doral South, LLC, Landmark Club at Doral, LLC and Landmark at Doral Developers, LLC, as debtors and debtors-in-possession (collectively, the "Debtors") for Employment of GJB as Counsel for the Committee (the "Application").

---

[1] The last four digits of each Debtor's tax identification number are: (i) Town Center at Doral, LLC [1866]; (ii) Landmark at Doral East, LLC [6616]; (iii) Landmark at Doral South, LLC [6676]; (iv) Landmark Club at Doral, LLC [6797]; and (v) Landmark at Doral Developers, LLC [6762].

3.      In support of the Application, I disclose the following:

a.      Unless otherwise stated, this Affidavit is based upon facts of which I have personal knowledge.

b.      In preparing this Affidavit, I have reviewed the list of all creditors and equity security holders of the Debtors that have been made available to date.  GJB maintains a computerized conflicts check system.  GJB has compared the information obtained thereby with the information contained in its client and adverse party conflict check system.  The facts stated in this Affidavit as to the relationship between GJB and the Debtors, the Debtors' creditors, the United States Trustee, other persons employed by the Office of the United States Trustee, and those persons and entities who are defined as disinterested persons in Section 101(14) of the Bankruptcy Code, are based on the results of my review of GJB's conflict check system.  Based upon such search, GJB does not represent any entity in any matter involving or adverse to the Debtors or which would constitute a conflict of interest or impair the disinterestedness of GJB in respect of its representation of the Committee herein.

4.      GJB's client and adverse party conflicts check system is comprised of records regularly maintained in the course of business by GJB, and it is the regular practice of GJB to make and maintain these records.  The system reflects entries that are noted at the time the information becomes known by persons whose regular duties include recording and maintaining this information.  I am one of the persons responsible for the supervision of the department of GJB which keeps this system up to date, and I regularly use and rely upon the information contained in the system in the performance of my duties with GJB and in my practice of law.

5.      A search of GJB's conflicts check system and the responses from attorneys at GJB revealed that GJB neither holds nor represents any interest adverse to the Debtors and is a "disinterested person" within the scope and meaning of Section 101(14) of the Bankruptcy Code.

6.      Neither I nor GJB has or will represent any other entity in connection with these cases, and neither I nor GJB will accept any fee from any other party or parties in these cases, unless otherwise authorized by the Court.

7.      The professional fees and costs to be incurred by GJB in the course of its representation of the Committee in this case shall be subject in all respects to the application and notice requirement of 11 U.S.C. §§ 330 and 331 and Fed. R. Bank. P. 2014 and 2016.

8.      The hourly rates for the attorneys at GJB range from $200 to $600 per hour. The hourly rates for the legal assistants at GJB range from $125 to $180. GJB reserves the right to increase its hourly rates in accordance with its normal and customary business practices.

9.      There is no agreement of any nature as to the sharing of any compensation to be paid to GJB, except between the attorneys of GJB. No promises have been received by GJB, nor any member or associate thereof, as to compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code.

10.      No attorney at GJB holds a direct or indirect equity interest in the Debtors, including stock or stock warrants, or has a right to acquire such an interest.

11.      No attorney at GJB is or has served as an officer, director or employee of the Debtors within two years before the Petition Date.

12.      No attorney at GJB is in control of the Debtors or is a relative of a director, officer or person in control of the Debtors.

10775-001/#5                                          3

13.    No attorney at GJB is a general or limited partner of a partnership in which the Debtors is also a general or limited partner.

14.    No attorney at GJB is or has served as an officer, director or employee of a financial advisor that has been engaged by the Debtors in connection with the offer, sale or issuance of a security of the Debtors, within two years before the Petition Date.

15.    No attorney at GJB has represented a financial advisor of the Debtors in connection with the offer, sale or issuance of a security of the Debtors within three years before the Petition Date.

16.    No attorney at GJB has any other interest, direct or indirect, that may be affected by the proposed representation.

17.    Pre-petition, GJB represented certain unsecured creditors including Harvey and Deborah Friedman and Eric and Carla Pfeffer in an attempt to work out their claims with the Debtors, the estate of Elie Berdugo and related entities controlled by Mr. Berdugo. Such representation concluded over three years ago, and GJB has not and will not represent any of their interests in this chapter 11 proceeding.

18.    Except as set forth herein, no attorney at GJB has had or presently has any connection with the above-captioned Debtors or the estates on any matters in which GJB is to be engaged, except that I, GJB and our attorneys: (i) may have appeared in the past and may appear in the future in other cases in which one or more of said parties may be involved; and (ii) may represent or may have represented certain of the Debtors' creditors in matters unrelated to these cases.

FURTHER, AFFIANT SAYETH NAUGHT.

_____
Glenn D. Moses, Esq.

SWORN TO AND SUBSCRIBED before me this 28th day of October, 2011.

_____
NOTARY PUBLIC,
STATE OF FLORIDA AT LARGE

Notary Public State of Florida
Elizabeth Kelly
My Commission DD888203
Expires 07/13/2013

Print Name: Elizabeth Kelly
Commission No. DD 888203
Commission Expires: 7/13/13

10775-001/#5                    5