# EXHIBIT B

RESOLUTION NO. 2005-12

A RESOLUTION OF THE BOARD OF SUPERVISORS OF THE LANDMARK AT DORAL COMMUNITY DEVELOPMENT DISTRICT AUTHORIZING DISTRICT SYSTEMS, FACILITIES, SERVICES AND RELATED INFRASTRUCTURE IMPROVEMENT PROJECTS; EQUALIZING, APPROVING, CONFIRMING, IMPOSING AND LEVYING CERTAIN NON-AD VALOREM SPECIAL ASSESSMENTS ON PROPERTY SPECIALLY BENEFITTED BY SUCH PROJECTS TO PAY THE COST THEREOF; PROVIDING FOR THE PAYMENT AND THE COLLECTION OF SUCH SPECIAL ASSESSMENTS BY THE METHOD PROVIDED FOR BY CHAPTERS 170, 190, AND 197, FLORIDA STATUTES; CONFIRMING THE DISTRICT'S INTENTION TO ISSUE SPECIAL ASSESSMENT BONDS; PROVIDING FOR SEVERABILITY, CONFLICTS AND AN EFFECTIVE DATE.

BE IT RESOLVED BY THE BOARD OF SUPERVISORS OF THE LANDMARK AT DORAL COMMUNITY DEVELOPMENT DISTRICT AS FOLLOWS:

**SECTION 1. AUTHORITY FOR THIS RESOLUTION.** This Resolution is adopted pursuant to Chapters 170, 190 and 197, Florida Statutes.

**SECTION 2. FINDINGS.** The Board of Supervisors (the "Board") of the Landmark at Doral Community Development District hereby finds and determines as follows:

(1) The District is a local unit of special-purpose government organized and existing under and pursuant to Chapter 190, Florida Statutes, as amended, of the State of Florida (the "State"), whose state-created charter is section 190.006-190.041, Florida Statutes, and which was established by ordinance of Miami-Dade County.

(2) The District is authorized under Chapter 190, Florida Statutes, to construct roads, water management and control facilities, water and wastewater systems and other systems, facilities, and related infrastructure and improvement projects to benefit lands within the District ("Improvements").

(3) The District is authorized by Chapters 170, 190 and 197, Florida Statutes, to levy special assessments to pay all, or any part of the cost of such projects and to issue special assessment bonds payable from such non-ad valorem special assessments as provided in Chapters 170 and 190, Florida Statutes.

(4) It is necessary to the public safety and welfare that (i) the District provide the Improvements, the nature and location of which are described in Resolution No. 2005-10, as adopted by the Board of the District, and which are more

1

specifically described in the plans and specifications on file at the office of the District Offices (as defined below); (ii) the cost of such improvements be assessed against the lands specially benefited by such improvements, and (iii) the District issue bonds to provide funds for such purposes pending the receipt of such special assessments.

(5) The provision of said improvements, the levying of such special assessments and the sale and issuance of such bonds serves a proper, essential and valid public purpose.

(6) In order to provide funds with which to pay the costs of the improvements which are to be assessed against the benefited properties pending the collection of such special assessments, it is necessary for the District to sell and issue its Bonds, Series 2005 A (the "Bonds"); and

(7) By Resolution No. 2005-09 adopted by the Board of the District, the Board determined to provide the Improvements and to defray the cost thereof by making special assessments on benefited property and expressed an intention to issue the Bonds to provide the funds needed for the Improvements prior to the collection of such special assessments. Resolution No. 2005-10 was adopted in compliance with the requirements of Section 170.03, Florida Statutes, and prior to the time the same was adopted, the requirements of Section 170.04, Florida Statutes, had been complied with; and

(8) As directed by Resolution No. 2005-09, said resolution was published as required by Section 170.05, Florida Statutes, and a copy of the publisher's affidavit of publication is on file with the Secretary of the Board of Supervisors of the District; and

(9) As directed by the Resolution No. 2005-09, a preliminary assessment roll was prepared and filed with the Board of Supervisors as required by Section 170.06, Florida Statutes; and

(10) As required by Section 170.07, Florida Statutes, upon completion of the preliminary assessment roll, the Board adopted Resolution No. 2005-10 fixing the time and place of a public hearing at which owners of the property to be assessed and other persons interested therein may appear before the Board and be heard as to (i) the propriety and advisability of making the improvements, (ii) the cost thereof, (iii) the manner of payment therefore, and (iv) the amount thereof to be assessed against each parcel specially benefited property and providing for the mailing publication of notice of such public hearing; and

(11) Notice of such public hearing has been given by publication and by mail as required by Section 170.07, Florida Statutes, and affidavits as to such publication and mailing are on file in the office of the Secretary of the Board; and

(12) At the time and place specified in the resolution and notice referred to in paragraphs (10) and (11) above, the Board conducted a public hearing for the purpose of hearing testimony from affected property owners as to the matters described in paragraph (10) above, and thereafter met as an Equalizing Board and heard and considered all complaints as to the special assessments, and based thereon, has made such modifications to the preliminary roll on the basis of justice and right, all in accordance with the provisions of Section 170.08, Florida Statutes; and

(13) Having considered the costs of the Improvements, revised estimates of financing costs and all complaints and evidence presented at such public hearing, the Board of Supervisors of the District finds and determines:

   (1) that the estimated costs of the Improvements is as specified in Section 4 below, and the amount of such costs is reasonable and proper;

   (2) it is reasonable, proper, just and right to assess the cost of such improvements against the properties specially benefited thereby using the methods determined by the Board of Supervisors, which will result in non-ad valorem special assessments to be set forth on a final assessment roll to be adopted by the Board of Supervisors at the time when the final improvement costs, structure and interest rate on the bonds to be issued by the District are known; it is hereby declared that the projects will constitute a special benefit to all parcels of real property to be listed on said final assessment roll and that the benefit, in the case of each such parcel, will be in excess of the special assessment thereon; and

   (3) it is desirable that the special assessments be paid and collected as herein provided.

**SECTION 3. AUTHORIZATION OF DISTRICT PROJECTS.** The Improvements as more specifically described by the plans and specifications on file at the offices of the District located at 1200 N.W. 17th Avenue, Suite 13, Delray Beach, Florida 33445 (the "District Offices"), are hereby authorized and approved and the proper officers, employees and agents of the District are hereby authorized and directed to take such further action as

3

may be necessary or desirable to cause the same to be made or acquired following the issuance of the bonds referred to herein.

**SECTION 4. ESTIMATED COST OF IMPROVEMENTS.** The total estimated costs of the Improvements and the costs to be paid by non-ad valorem special assessments on all specially benefited property are set forth in Exhibit "A" attached hereto.

**SECTION 5. APPROVAL AND CONFIRMATION OF ASSESSMENT METHODOLOGY.** The special assessment methodology set forth in the preliminary assessment roll previously adopted by this Board as such methodology has been modified as reflected in the "Preliminary Master Assessment Methodology Report", prepared by Fishkind & Associates, Inc., as it may be amended and supplemented from time to time ("Methodology Report"), which is incorporated by reference as if fully set forth herein, and the findings, ascertainments, and determination of section 2 hereinabove are hereby approved and confirmed. The non-ad valorem special assessment or assessments against each respective parcel to be shown on such final assessment roll and interest and penalties thereon, as hereafter provided, shall be and shall remain a legal, valid and binding first lien on such parcel until paid; such lien shall be coequal with the lien of all state, county, district, municipal or other governmental taxes and superior in dignity to all other liens, titles, and claims.

**SECTION 6. FINALIZATION OF SPECIAL ASSESSMENTS.** When all of the Improvements have both been constructed or otherwise provided to the satisfaction of the Board, the Board shall adopt a resolution accepting the same and determining the actual costs (including financing costs) thereof, as required by Section 170.08 and 170.09, Florida Statutes. The District shall credit to each special assessment for Improvements the difference between the special assessment as hereby made, approved and confirmed and the proportionate part of the actual costs of the projects, as fully determined upon completion thereof, but in no event shall the final amount of any such special assessment exceed the amount of benefits originally assessed hereunder. In making such credits no discount shall be granted or credit given for any part of the payee's proportionate share of any actual bond financing costs, such as capitalized interest, funded reserves or bond discount included in the estimated cost of any such improvements. Such credits shall be entered in the Improvement Lien Book. Once the final amount of special assessments for all of the Improvements have been determined, the term "special assessment" shall, with respect to each parcel, mean the sum of the costs of the projects.

4

**SECTION 7. PAYMENT AND PREPAYMENT OF NON-AD VALOREM SPECIAL ASSESSMENTS AND METHOD OF COLLECTION.**

A. All non-ad valorem special assessments shall be payable in no more than thirty (30) annual installments which shall include interest, calculated in accordance with the Methodology Report previously incorporated herein. All special assessments collected utilizing the uniform method of collection shall be the amount determined in the first sentence of this paragraph divided by 1 minus the sum of the percentage costs of collection, necessary administrative costs and the maximum allowable discount for the early payment of taxes (currently four percent (4%)).

B. The District elects, under its charter and Section 197.3631, Florida Statutes, to use the method of collecting special assessments authorized by Sections 197.3632 and 197.3635, Florida Statutes. The District has heretofore timely taken, or will timely take, all necessary actions to comply with the provisions of said Section 197.3632 and 197.3635, Florida Statutes, and applicable rules adopted pursuant thereto; and, on or prior to the date on which the Bonds are issued, sold and delivered, the District shall enter into a written agreement with the Property Appraiser and Tax Collector of Miami-Dade County in compliance therewith. Such non-ad valorem special assessments shall be subject to all of the collection provisions of Chapter 197, Florida Statutes.

C. Notwithstanding the foregoing, the District reserves the right under Section 197.3631, Florida Statutes, to collect its non-ad valorem special assessments pursuant to Chapter 170, Florida Statutes, and to foreclose its non-ad valorem special assessment liens as provided for by law.

D. All special assessments may be prepaid, in whole at any time, or in part one time by payment of special assessments plus accrued interest to the next interest payment date of the Bonds, provided that such prepayment is made more than forty-five days prior to the next interest payment date for the Bonds. All special assessments are also subject to prepayment in the amounts and at the times set forth in Chapter 170, Florida Statutes; provided, however, that the owner of land subject to the Special Assessments may elect to waive such statutory right of prepayment.

**SECTION 8. SEVERABILITY.** If any section or part of a section of this resolution be declared invalid or unconstitutional, the validity, force and effect of any other section or part of a section of this resolution shall not thereby be affected or impaired unless it clearly appears that such other section or part of a section of this resolution is wholly or necessarily dependent upon the section or part of a section so held to be invalid or unconstitutional.

5

SECTION 9. CONFLICTS. All resolutions or parts thereof in conflict herewith are, to the extent of such conflict, superseded and repealed.

SECTION 10. EFFECTIVE DATE. This Resolution shall become effective upon its adoption.

APPROVED AND ADOPTED THIS 19th DAY OF October, 2005.

ATTEST:

*[signature]*
Secretary/Assistant Secretary

BOARD OF SUPERVISORS OF LANDMARK AT DORAL COMMUNITY DEVELOPMENT DISTRICT

*[signature]*
Chairman/Vice-Chairman

6

Exhibit "A" is estimated cost of the project

7