UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

TOWN CENTER AT DORAL, LLC, et. al[1]         Case No. 11-35884-BKC-RAM
                                              Chapter 11 Case
           Debtor.                            (Jointly Administered)
_____/

## NOTICE OF SUBPOENA

PLEASE TAKE NOTICE, pursuant to Federal Rule of Civil Procedure 45(b)(1), that TOWN CENTER AT DORAL, LLC, LANDMARK AT DORAL EAST, LLC, LANDMARK AT DORAL SOUTH, LLC, LANDMARK AT DORAL DEVELOPERS, LLC, AND LANDMARK CLUB AT DORAL, LLC (collectively the "Debtors"), intend to serve a Subpoena *Duces Tecum* in the form attached hereto, upon Landmark at Doral Community Development District, by and through its corporate representative with the most knowledge of the categories of

---

[1] The last four digits of each Debtors' tax identification number are: (i) Town Center at Doral, LLC [1866]; Landmark at Doral East, LLC [6616]; Landmark at Doral South, LLC [6676]; (iv) Landmark Club at Doral, LLC [6797]; and Landmark at Doral Developers, LLC [6762]. The Debtors' mailing address is 701 W. Cypress Creek Road, Suite 303, Fort Lauderdale, FL 33309.

documents listed on the attached Exhibit "A" on November 7, 2011 or as soon thereafter as service may be effectuated.

Dated: November 7, 2011

Respectfully submitted,

BILZIN SUMBERG BAENA PRICE & AXELROD LLP
*Attorneys for Debtors*
1450 Brickell Ave, Suite 2300
Miami, FL 33131
Telephone:  (305) 374-7580
Facsimile:  (305) 375-7593

By:   */s/ Mindy A. Mora*
         Mindy A. Mora
         Florida Bar No. 678910
         mmora@bilzin.com

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION
www.flsb.uscourts.gov

In re:

TOWN CENTER AT DORAL, LLC, et. al[1]          **SUBPOENA DUCES TECUM IN A CASE UNDER THE BANKRUPTCY CODE**

                                                    Case No. 11-35884-BKC-RAM
                                                    Chapter 11 Case
             Debtor.                          (Jointly Administered)
_____/

**TO:** Landmark at Doral Community Development District, by and through its corporate representative with the most knowledge of the categories of documents listed on the attached Exhibit "A"

  c/o Patricia Ann Redmond, Esq.
  Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A.
  Museum Tower, Suite 2200
  150 West Flagler Street
  Miami, Fl 33130

__  **YOU ARE COMMANDED** to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above cases.

| PLACE: | DATE AND TIME |
|---|---|
|  |  |

**X  YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a deposition in the above cases.

| PLACE:<br>**Bilzin Sumberg Baena Price & Axelrod**<br>**1450 Brickell Avenue, Miami, Florida  33131-3456** | DATE AND TIME:<br><br>**December 1, 2011, at 10:00 a.m.** |
|---|---|

**X YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
                                              <u>**SEE EXHIBIT A**</u>

---

[1] The last four digits of each Debtors' tax identification number are: (i) Town Center at Doral, LLC [1866]; Landmark at Doral East, LLC [6616]; Landmark at Doral South, LLC [6676]; (iv) Landmark Club at Doral, LLC [6797]; and Landmark at Doral Developers, LLC [6762].  The Debtors' mailing address is 701 W. Cypress Creek Road, Suite 303, Fort Lauderdale, FL  33309.

| PLACE: | DATE AND TIME: |
|---|---|
| **Bilzin Sumberg Baena Price & Axelrod** | **November 28, 2011, at 10:00 a.m.** |
| **Attn: Daniel Y. Gielchinsky, Esq.** | |
| **1450 Brickell Avenue, Suite 2300 Miami, Florida 33131-3456** | |

**Any subpoenaed organization not a party to this proceeding case shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify, Fed.R.Civ.P. 30(b)(6) made applicable to this proceeding by Rule 7030, Fed.R.Bankr.P. See Rules 1018 and 9014, Fed.R.Bankr.P.**

| | DATE |
|---|---|
| **ISSUING OFFICER SIGNATURE AND TITLE** | **November 7, 2011** |
| **/s/ _Mindy A. Mora_ , Esq.** | |

**ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER**

**Mindy A. Mora, Esq., Bilzin Sumberg Baena Price & Axelrod, 1450 Brickell Avenue, Miami, Florida 33131-3456, (305) 350-2414, mmora@bilzin.com.**

## PROOF OF SERVICE

| **SERVED** | **DATE** | **PLACE** |
|---|---|---|
| **SERVED ON (PRINT NAME)** | | **MANNER OF SERVICE** |
| **SERVED BY (PRINT NAME)** | | **TITLE** |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____     SIGNATURE OF SERVER
     DATE

              ADDRESS OF SERVER

Rule 45, Federal. Rules of Civil Procedure, Subdivisions (c) (d), and (e), as amended on December 1, 2006, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises - or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
   (i) fails to allow reasonable time for compliance;
   (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
   (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
   (iv) subjects a person to undue burden.

(B) If a subpoena

   (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
   (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
   (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## **INSTRUCTIONS**

1.  This document request is continuing in nature and when new knowledge or information comes to the attention of the deponent, the information supplied in response to the document request shall be supplemented forthwith.

2.  Copies of documents which are identical duplicates of other documents which have already been produced for inspection and copying in this action need not be produced again, except that the duplicates must be produced if handwritten or any other type of notes or similar intelligence appear thereon or are attached thereto, including markings on slips indicating the routing of the documents to individuals or organizations.

3.  If any documents requested herein have been lost, discarded or destroyed, these documents shall be identified as completely as possible including:

    a.  The names of the authors of the document;

    b.  The names of the person to whom the documents or copies were sent;

    c.  The date of the document;

    d.  The date on which the document was received by each addressee (or its recipients);

    e.  A description of the nature and subject matter of the document that is as complete as possible;

    f.  The date on which the document was lost, discarded or destroyed; and

    g.  The manner in which the document was lost, discarded or destroyed.

4.  With respect to any document that the deponent withholds under claim of privilege, the deponent shall number such documents, hold them separately, and retain them intact pending a ruling by the Court on the claimed privilege. In addition, the deponent shall provide a statement, signed by an attorney representing the deponent setting forth as to each such document.

    a.  The names of the senders of the document,

    b.  The names of the authors of the document;

    c.  The names of the persons to whom the document or copies were sent;

    d.  The job title of every person named in subparagraphs a, b and c above;

    e.  The date of the document;

    f.  The date on which the document was received by each addressee (or its recipients);

        g.      A brief description of the nature and subject matter of the document; and

        h.      The statute, rule or decision which is claimed to give rise to the privilege.

5.      The singular and plural forms shall be construed interchangeably so as to bring within the scope of this document request any information which might otherwise might be construed as outside its scope.

6.      "And" and "or" shall be construed interchangeably so as to bring within the scope of this document request any information which might otherwise might be construed as outside its scope.

7.      The documents responsive to this request shall be produced either as they are kept in the usual course of business or organized and labeled to correspond with the categories in the request.

8.      This request is directed to all documents in your possession, custody, or control, or in the possession, custody, or control of your agents, attorneys, accountants, or other representatives.

9.      If any document sought by these requests, including but not limited to computer back-up files, is subject to destruction under any document retention or destruction program, then the document should be exempted from any scheduled destruction and should not be destroyed until the conclusion of this action or unless otherwise permitted by the Court.

10.      If any document or part of a document cannot be produced because it has been transferred to the possession, custody, or control of a person who is not subject to your control, then with regard to each such document identify the document and the reason it cannot be produced, including without limitation the circumstances and dates of transfer and the identity of the person(s) involved in its transfer.

## I. **DEFINITIONS**

As used herein, unless specifically indicated otherwise, the following terms shall have the indicated meanings:

1.      The terms "and" and "or" shall be construed either in the conjunctive or in the disjunctive in order to bring within the scope of these requests any and all documents which might otherwise be construed to be outside their scope.

2.      The words "communication" or "communications" as used herein include, without limitation, any oral communication, whether transmitted in meetings, by telephone, telegraph, telex, cable, tape recordings, voice-mail or otherwise, and all written communications, including communications by e-mail or other internet based communications system.

3.	As used herein, "correspondence" means any document that either constitutes a communication between or among two or more entities or persons, or that records, memorializes, reflects, summarizes or sets forth such a communication, whether made directly to the author of the document or otherwise.

4.	The term "Date" shall mean the exact date, month, and year if known, or in the alternative, the best approximation of the date.

5.	The words "relating to" shall mean referring to, comprising, concerning, setting forth, identifying, recording, summarizing, supporting, pertaining to, providing a basis for, digesting, commenting upon, describing, memorialize, discussing, evaluating, reporting, listing, analyzing, studying, discussing, mentioning, or in any other way reflecting or having to do with a subject matter identified in a request.

6.	The term "document" or "documents" shall mean any writings, recordings, or photographs, whether original or duplicate, as defined in Federal Rule of Evidence 1001, Federal Rule of Civil Procedure 34(a), and Bankruptcy Rule 7034, including but not limited to, any written, typed, printed, recorded or graphic matter, however produced or reproduced, of any type or description, regardless of origin or location, including, without limitation, all correspondence, records, tables, charts, analyses, graphs, schedules, reports, memoranda, notes, lists, calendar and diary entries, letters (sent or received), telegrams, telexes, messages (including, but not limited to reports of telephone conversations and conferences), complaints, claims, claim letters, studies, books, periodicals, magazines, booklets, circulars, bulletins, instructions, emails, papers, files, records, minutes, other communications (including, but not limited to, inter and intra office communications), questionnaires, contracts, memoranda or agreements, assignments, licenses, ledgers, books of account, orders, invoices, statements, bills, checks, vouchers, notebooks, receipts, acknowledgments, data processing cards, computer generated matter, photographs, photographic negatives, phonograph records, tape recordings, wire recordings, microfilm, microfiche, other mechanical or electronic recordings, transcripts or logs of any such recordings, all other data compilations from which information can be obtained or translated if necessary, and any other tangible thing of a similar nature.

7.	The term "Electronic Data" shall mean the original (or identical duplicate when the original is not available), and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind) of writings of every kind and description whether inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means. "Electronic Data" includes, by way of example and

not by limitation, computer programs (whether private, commercial or work-in-progress), programming notes or instructions, activity listings of electronic mail receipts and/or transmittals, output resulting from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, and any and all miscellaneous files and/or file fragments, regardless of the media on which they reside and regardless of whether said Electronic Data consists in an active file, deleted file or file fragment. "Electronic Data" includes, but is not limited to, any and all items stored on any Electronic Media.

8. The term "Electronic Media" shall mean any magnetic or other storage media device used to record Electronic Data. Electronic Media devices may include, but are not limited to, computer memories, hard disks, diskettes and cartridges, network drives, network memory storage, archived tapes and cartridges, backup tapes, floppy disks, CD-ROM, removable media such as flash memory storage cards, Zip disks, Jaz cartridges, Bernoulli Boxes and their equivalent, magnetic tapes of all types, microfiche, punched cards, and any other vehicle used for digital data storage and/or transmittal.

9. The term "person" shall mean any natural person or entity, including without limitation individuals, partnerships, firms, associations, joint ventures, corporations, or other entities, whether real or fictitious.

10. The term "including" shall be used in the sense of specification and is not to be construed as a word of limitation.

11. The capitalized terms "Indenture", "Trustee", "Board of Supervisors" and "Board", shall have the same meanings as is ascribed to them in the Limited Offering Memorandum.

## DOCUMENTS REQUESTED - Exhibit A

**Request No. 1:** All Documents, including, resolutions and minutes, evidencing that the Board of Supervisors considered, authorized and approved the filing of the District's Motion for Relief from the Automatic Stay.

**Request No. 2:** All Documents, including, correspondence, resolutions and minutes, concerning the Debtors' filing for bankruptcy.

**Request No. 3:** All appraisals, investigations, market studies, market analyses and reports concerning the Property.

**Request No. 4:** All Documents concerning or evidencing communications with the Indenture Trustee, and/or bondholder concerning the Property.

**Request No. 5:** All Documents concerning or evidencing communications with the District Manager concerning the Property.

**Request No. 6:** All Documents concerning or evidencing communications with any Board member concerning the Property.

**Request No. 7:** All Documents concerning or evidencing communications with any alleged creditor of the Debtors concerning the Property.

**Request No. 8:** All Documents concerning or evidencing communications with any party concerning market feasibility, studies, reports and analyses of the Property.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that true and correct copies of the foregoing were served on all CM/ECF registered users via the Court's CM/ECF electronic mail and/or via U.S. First Class Mail, postage prepaid, upon all parties set forth on the attached Service List this 7th day of November, 2011.

                                                /s/ Mindy A. Mora
                                                 Mindy A. Mora

**TOWN CENTER AT DORAL, L.L.C., ET AL**
**MASTER SERVICE LIST**

| | | |
|---|---|---|
| Town Center at Doral, L.L.C., et al<br>Kodsi Law Firm, P.A.<br>701 W. Cypress Creek Road<br>Suite 303<br>Fort Lauderdale, FL 33309 | Advance Insurance Underwriters<br>3250 North 29th Avenue<br>Hollywood, FL 33020 | BTI Bluegate FTCF LLC<br>201 Alhambra Circle<br>Suite 601<br>Miami, FL 33134 |
| Brett Amron, Esq.<br>Bast Amron LLP<br>One SE 1st Avenue<br>Suite 1440q<br>Miami, FL 33131 | Eric E. Pfeffer<br>Carla Pfeffer Revocable Trust<br>19333 Collins Avenue #2504<br>Sunny Isles Beach, FL 33160 | Copper Group I LLC<br>752 Pacific Street<br>Suite 180<br>Brooklyn, NY 11238 |
| David Martin<br>Terra World Investments, LLC<br>990 Biscayne Blvd.<br>Suite 302<br>Miami, FL 33132 | David Plummer & Associates<br>1750 Ponce De Leon Blvd.<br>Miami, FL 33134 | Doral Building Group II, LLC<br>c/o Kodsi Law Firm P.A.<br>701 W. Cypress Creek Road<br>Suite 303<br>Fort Lauderdale, FL 33309 |
| Doral Building Group, LLC<br>c/o Kodsi Law Firm, P.A.<br>701 W. Cypress Creek Road<br>Suite 303<br>Fort Lauderdale, FL 33309 | Hilda Pico/Ocean Bank<br>780 NW LeJeune Rd<br>3rd Floor<br>Miami, FL 33126 | Florida Dept. Of Revenue<br>Bankruptcy Division<br>Po Box 6668<br>Tallahassee Fl  32314-6668 |
| Internal Revenue Service Centralized<br>Insolvency Operations<br>Po Box 7346<br>Philadelphia Pa  19101-7346 | United States Attorney's Office<br>99 N.E. 4th Street<br>Miami, Fl 33132 | Department Of Labor And Security<br>Hartman Building Suite 307<br>2012 Capital Circle Southeast<br>Tallahassee, Fl 32399 0648 |
| Finance Southern Co.<br>8770 SW 72nd Street<br>#382<br>Miami, FL 33143 | Dual Temp Mechanical<br>13741 SW 139th Cr - 102<br>Miami, FL 33186 | Elya Yagudaev<br>Alan R. Poppe, Esq.<br>Foley & Lardner, LLP<br>100 SE 2nd Street, Suite 1600<br>Miami, FL 33131 |
| Eric Valle<br>c/o Valle & Valle<br>194 Minorca Avenue<br>Miami, FL 33134 | Estate of Elie Berdugo<br>c/o Kodsi Law Firm, P.A.<br>701 W. Cypress Creek Road<br>Suite 303<br>Fort Lauderdale, FL 33309 | Frank & Carolyn Friedman<br>c/o Harvey D. Friedman, Esq.<br>Friedman, Rodman & Frank, P.A.<br>3636 West Flagler St.<br>Miami, FL 33135 |
| Frank Alter<br>3902 NE 207th Street<br>Suite 1401<br>Miami, FL 33180 | Garmon Construction Corp.<br>7315 NW 36th Street<br>Miami, FL 33166 | Guila Berdugo<br>c/o Kodsi Law Firm, P.A.<br>701 W. Cypress Creek Road<br>Suite 303<br>Fort Lauderdale, FL 33309 |
| HD Investments<br>c/o Harvey D. Friedman, Esq.<br>Friedman, Rodman & Frank, P.A.<br>3636 West Flagler Street<br>Miami, FL 33135 | Hill York Service Corp.<br>c/o William C. Davell, Esq.<br>May, Meacham & Davell, P.A.<br>One Financial Plaza, Suite 2602<br>Fort Lauderdale, FL 33394 | Joel A. Savitt, Esq.<br>Joel A. Savitt, P.A.<br>20801 Biscayne Blvd., Suite 506<br>Miami, FL 33180 |

Landmark at Doral Community
Development District
c/o David M. Freedman, Esq.
2699 S. Bayshore Dr., PH
Miami, FL 33133

Mark Finkelshtein
16047 Colins Avenue
Apt # 602
North Miami Beach, FL 33160

Mod Space
Bank of America Lockbox Services
12603 Collection Center Dr.
Chicago, IL 60693

Ring Electric
9330 NW 13th Street #16
Miami, FL 33173

South Florida Water Mgmt District
Attn: John Meyer,
Supervisor, Enforcement
3301 Gun Club Road
West Palm Beach, FL 33406

Valle & Valle, Inc.
194 Minorca Avenue
Miami, FL 33134

**Via CM/ECF**
Office Of The Us Trustee
51 SW 1st Ave Ste 1204
Miami Fl 33130-1614
USTPRegion21.MM.ECF@usdoj.gov

**Via CM/ECF**
Phillip M. Hudson III, Esq.
200 S. Bicayne Blvd., Suite 3600
Miami, Fl 33131
pmhudson@arnstein.com

Lisa Friedman-Fuller
c/o Harvey D. Friedman, Esq.
Friedman, Rodman & Frank, P.A.
3636 West Flagler Street
Miami, FL 33135

MFEB I, LLC
16047 Collins Avenue
Apt. 602
North Miami Beach, FL 33160

National Millwork
1177 West Blue Heron Blvd.
West Palm Beach, FL 33404

Scott Alan Orth, Esq.
Law Offices of Scott Alan Orth
9999 N.E. Second Avenue
Suite 204
Miami, FL 33138

Trans Florida Development Corp.
c/o Robert P. Frankel, Esq.
Robert P. Frankel & Assoc., PA
25 West Flagler St, Suite 900
Miami, FL 33130

Y & T Plumbing Corp.
13985 SW 140th Street
Miami, FL 33186

**Via CM/ECF**
Melinda S Thornton, Esq.
Miami Dade Tax Collector
P. O. Box 13701
Miami, FL 33101
cao.bkc@miamidade.gov

**Via CM/ECF**
Jordi Guso, Esq.
Berger Singerman, P.A.
200 S. Biscayne Blvd., #1000
Miami, FL 33131
jguso@bergersingerman.com

Lorne E. Berkeley, Esq.
Daniels, Kashtan, Downs, Robertson
3300 Ponce De Leon Blvd.
Miami, FL 33134

Miami-Dade Dept of Environmental
Resources Mgmt, Regulation Division
Attn: Ms. JoAnne Clingerman
701 NW 1st Ct, Suite 400
Miami, FL 33136

Rachel Bensimon
7913 Tennyson Court
Boca Raton, FL 33433

Sela & Be, LLC
1 Post Road
Apartment 304
Toronto, Ontario
Canada M3B3R4

U.S. Army, Corps of Engineers
Attn: Robert Kirby
Enforcement Section
9900 SW 107th Ave., #203
Miami, FL 33176
**Via CM/ECF**
AMT CADC Venture, LLC
c/o C. Craig Eller, Esq.
Broad and Cassel
One North Clematis St, #500
West Palm Beach, FL 33401

**Via CM/ECF**
John B. Hutton III, Esq.
Greenberg Traurig
333 Ave. of the Americas #4400
Miami, FL 33131
jhutton@gtlaw.com

**Via CM/ECF**
Patricia A. Redmond, Esq.
Stearns Weaver Miller Weissler
150 West Flagler St., Suite 2200
Miami, FL 33130
predmond@stearnsweaver.com