UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Case No. 11-35884-RAM |
| Town Center at Doral, LLC, et al., | Chapter 11 |
| Debtors. | (Jointly Administered) |
| _____/ | |

**DEBTORS' MOTION TO ESTABLISH PROCEDURES *NUNC PRO TUNC* TO THE PETITION DATE TO PERMIT MONTHLY PAYMENT OF INTERIM FEE APPLICATIONS OF CHAPTER 11 PROFESSIONALS**

TOWN CENTER AT DORAL, LLC, LANDMARK AT DORAL EAST, LLC, LANDMARK AT DORAL SOUTH, LLC, LANDMARK AT DORAL DEVELOPERS, LLC, AND LANDMARK CLUB AT DORAL, LLC (collectively the "Debtors"), by and through undersigned counsel, pursuant to §§ 331 and 105(a) of title 11 of the United States Code, 11 U.S.C. § 101 *et seq*. (the "Bankruptcy Code") and Rule 2016-1(B)(3)(b) of the Local Rules of the Bankruptcy Court for the Southern District of Florida (the "Local Rules"), hereby files this motion (the "Motion") for the entry of an Order establishing procedures for monthly and interim compensation and reimbursement of expenses for professionals retained in these chapter 11 cases (the "Chapter 11 Cases"). In support of this Motion, the Debtors state as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to entertain this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## BACKGROUND

### A. General Background

1. On September 19, 2011 (the "Petition Date"), the Debtors filed voluntary petitions under Chapter 11, Title 11 of the United States Code.

2. On October 20, 2011, the United States Trustee appointed the Joint Committee of Creditors Holding Unsecured Claims (the "Creditors' Committee") in the Debtors' cases (the "Chapter 11 Cases").

3. The Debtors are in possession of their respective properties as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

4. Each of the Debtors is a Florida limited liability company.

### B. The Property

5. The Debtors are the fee simple owners of land (approximately 120 contiguous acres) located on the east side of NW 107th Avenue and the north side of NW 58th Street in Doral, Florida, a majority of which is zoned TND (Traditional Neighborhood Development), with the remainder zoned IU-1 (for flex office development allowing for light industrial development) (the "Property").

6. The Property consists of 16 individual tracts of land that remain undeveloped with the exception of an unfinished 4-level parking garage. Prior to the Petition Date, the Debtors had sought and obtained approvals for the development of residential units (townhomes and condominiums), retail/office/mixed use, and flex office at the Property.

7. Prior to the Petition Date, the Debtors were actively engaged in preparing the Property for a development to be called "Landmark at Doral", consisting of 11 acres of industrial/flex office, 17 acres of mixed use, and 89 acres of multifamily residential dwellings.

2

After development, the Property was to consist of 188,000 square feet of retail and office, 230,000 square feet of flex office, and 1,109 residential units, featuring an assortment of elevations and architecture thereby creating a community reminiscent of former small towns in suburbs throughout the U.S. and abroad.

C.      **Reasons for Filing**

8.      The Debtors commenced the Chapter 11 Cases due to their inability to renew, repay, or refinance their existing debt obligations, due to circumstances beyond their control, including the death of Elie Berdugo, the former principal of the Debtors, as well as current market conditions.

**RELIEF REQUESTED**

9.      The Debtors request that the Court enter an order establishing procedures (the "Procedures") for compensating and reimbursing professionals on a monthly basis comparable to those established in complex chapter 11 cases in this district and elsewhere.

10.     In connection with this chapter 11 case, the Debtors filed an application to retain Bilzin Sumberg Baena Price & Axelrod LLP ("Bilzin Sumberg") as bankruptcy counsel. On October 20, 2011, the Court entered an order [ECF No. 30] approving Bilzin Sumberg's retention. As this case progresses, the Debtors may seek to employ additional professionals in the future.

11.     The Procedures will enable the Court and parties-in-interest to more effectively monitor fees incurred, and will allow the Debtors to spread out payment of professional fees, rather than suffer larger depletions to cash flow on an irregular basis. Because of the likelihood that the Debtors may seek to employ additional professionals, the process of such professional fee applications may well be burdensome on the Debtors, these professionals, and the Court.

Thus, implementation of the Procedures will provide a streamlined and efficient method for compensating professionals and, as stated, such procedures will allow the Court and parties-in-interest to monitor fees sought by and paid to such professionals. Moreover, the Procedures will ensure against imposition upon estate professionals to finance the Debtors' Chapter 11 Case.

12.  The requested Procedures would require all professionals retained with Court approval (the "Professionals") to present a detailed statement of services rendered and expenses incurred for the prior month to: (a) the Debtors; (b) counsel to the Debtors, (c) counsel to Terra World Investments, LLC; (d) counsel to the Creditors Committee; (e) counsel to AmT CADC Venture, LLC; (f) counsel to Landmark at Doral Community Development District; and (g) the United States Trustee. If no timely objection is filed, the Procedures require the Debtors to promptly pay 80% of the amount of fees incurred for the month and 100% of out-of-pocket expenses for the month. These payments and allowance of payment of a 20% holdback will be subject to the Court's subsequent approval as part of the normal interim fee application process (i.e., every 120 days).

1.  The Debtors seek the establishment of the following Procedures:

(a)  On or before the 15th day of each month following the month for which compensation is sought, each Professional whose employment was approved by order of the Court will serve a monthly statement, by email, hand or overnight delivery, on the following parties (collectively, the "Notice Parties"): (i) the Debtors, 701 W. Cypress Creek Road, Suite 303, Fort Lauderdale, Florida, 33309, Attn: Isaac Kodsi; (ii) proposed bankruptcy counsel to the Debtors, Bilzin Sumberg Baena Price & Axelrod LLP, 1450 Brickell Avenue, Suite 2300, Miami, FL 33131, Attn: Mindy A. Mora; (iii) counsel for Terra World Investments, LLC, Berger Singerman, P.A., 200 South Biscayne Boulevard, Suite 1000, Miami, FL 33131, Attn:

Jordi Guso and Debi Galler; (iv) counsel for the Creditors Committee, Genovese Joblove & Battista, P.A., 100 Southeast Second Street, Suite 4400, Miami, FL 33131, Attn: Glenn Moses; (v) counsel to AmT CADC Venture, LLC, Broad and Cassel, One North Clematis Street, Suite 500, West Palm Beach, FL 33401, Attn: C. Craig Eller; (vi) counsel to Landmark at Doral Community Development District, Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A., Museum Tower, Suite 2300, 150 West Flagler Street, Miami, FL 33130, Attn: Patricia Redmond; and (vii) the Office of the United States Trustee for the Southern District of Florida, 51 SW First Avenue, Room 1204, Miami, FL 33130, Attn: Steven Schneiderman.  The first monthly statement shall be served on or about November 15, 2011 and shall cover the period from the Petition Date through October 31, 2011.

        (b)    The monthly statement need not be filed with the Court and a courtesy copy need not be delivered to the presiding Judge's chambers since this Motion (and the order approving this Motion) is not intended to alter the fee application requirements outlined in sections 330 and 331 of the Bankruptcy Code.  The Professionals are still required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Rules.

        (c)    Each monthly statement must contain an abbreviated narrative of the services rendered, accompanied by a printout or schedule of the reimbursable expenses incurred and the professional and paraprofessional time spent in sufficient detail to allow the review by the Notice Parties.  The printout or schedule shall ordinarily be for services rendered through a particular calendar month.

(d) Each Notice Party receiving a monthly statement may object to the payment of the fees or the reimbursement of costs set forth therein by serving a written objection (which shall not be filed with the Court) upon the other Notice Parties on or before the 15th day of the month in which the monthly statement is received. The objection shall state the nature of the objection and identify the amount of the fees or costs to which objection is made. The objecting party shall attempt in good faith to object only to the portion of the statement that is deemed to be objectionable.

(e) In the absence of any timely objection made in accordance with paragraph (d) above, the Debtors are authorized to pay 80% of the fees and 100% of the expenses identified in each monthly statement.

(f) If the Debtors receive a timely objection to a particular monthly statement, then the Debtors will withhold payment of that portion of the monthly statement to which the objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in paragraph (e) above. All Professionals subject to the Procedures set forth herein will establish a separate billing number for any time spent on the resolution of fee disputes. Any fees incurred in connection with such fee disputes will not be paid pursuant to the monthly statement but may only be sought and paid upon the filing of an interim fee application as set forth in paragraph (j) below and after order of the Court.

(g) Similarly, if (a) the parties to an objection are able to resolve their dispute following the service of an objection and (b) the party whose statement was objected to serves on the Notice Parties a statement indicating that the objection is withdrawn and describing in detail the terms of the resolution, then the Debtors are authorized to pay, in accordance with paragraph (e) above, that portion of the monthly statement that is no longer subject to an objection.

(h) All objections that are not resolved by the parties shall be preserved and presented to the Court by the objecting party at the next interim or final fee application hearing to be heard by the Court. *See infra* paragraph (j).

(i) The service of an objection in accordance with paragraph (d) above shall not prejudice the objecting party's right to object to any fee application on any ground, whether or not raised in the objection. Furthermore, the decision by any party not to object to a fee application shall not be a waiver of, nor otherwise prejudice, that party's right to object to any subsequent fee application.

(j) Unless the Court orders otherwise, each Professional utilizing the Procedures described herein shall file interim fee applications, for the amount of fees and costs sought in paragraph (e) above, in accordance with the 120-day guideline set forth in § 331 of the Bankruptcy Code as follows:

i. First Interim Fee Applications may be filed on or before February 10, 2012 (the "First Interim Fee Applications"). The First Interim Fee Applications shall represent fees and costs incurred by the professionals from the Petition Date through January 31, 2012.

ii. Second Interim Fee Applications may be filed on or before June 10, 2012 (the "Second Interim Fee Applications"). The Second Interim Fee Applications shall represent fees and costs incurred by the professionals from February 1, 2012 through May 31, 2012.

iii. Thereafter, Interim Fee Applications may be filed in accordance with the schedule set forth above covering the preceding four month time period. All Interim Fee Applications shall comply with the Guidelines for Fee Applications for Professionals in the Southern District of Florida in Bankruptcy Cases and shall be filed with the local form Notice of Hearing. The Court shall schedule and conduct a hearing, upon proper notice in accordance with Bankruptcy Rule 2002(a)(6), to determine all Interim Fee Applications pending before it.

iv. Within each Interim Fee Application, Professionals may request and be paid (pursuant to Court approval) the 20% holdback from the preceding 120 days.

        (k)    A Professional who fails to file an application seeking approval of compensation and expenses previously paid under the Procedures set forth herein when such application is due shall preclude such Professional from utilizing the automatic pay procedures as provided herein until an interim fee application has been filed and heard by the Court.

        (l)    A determination by the Court that payment of compensation or reimbursement of expenses is or was improper as to a particular monthly fee statement shall not disqualify a Professional from future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court.

        (m)    Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement of expenses as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any Professional.

        (n)    The Debtors will include all payments made to Professionals as contemplated herein in their monthly operating reports, identifying the amount paid to each Professional.

        (o)    The Procedures suggested herein will enable all parties to closely monitor costs of administration, and will enable the Debtors to maintain a more level cash flow availability and implement efficient cash management.

## AUTHORITY FOR RELIEF

13.    Pursuant to § 331 of the Bankruptcy Code, all professionals are entitled to submit applications for interim compensation and reimbursement of expenses every 120 days "or more often if the Court permits . . . ." 11 U.S.C. § 331. Section 105(a) of the Bankruptcy Code provides, in part, that the Court "may issue any order, process or judgment that is necessary or

appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Local Rule 2016-1(B)(3)(b) specifically authorizes the use of interim compensation procedures in large chapter 11 cases. Comparable procedures to those set forth herein have been adopted in other chapter 11 cases in this district. *See, e.g., In re Fontainebleau Las Vegas Holdings, LLC*, Case No. 09-21481 (Bankr. S.D. Fla. June 30, 2009 [ECF No. #228]; *In re Mercedes Homes, Inc.*, Case No. 09-11191 (Bankr. S.D. Fla. Mar, 3, 2009) [ECF No. #257]; *In re TOUSA, Inc.,* Case No. 08-10928 (Bankr. S.D. Fla. Jan. 31, 2008) [ECF No. #103]; *In re Gemini Cargo Logistics, Inc.*, Case No. 06-10870 (Bankr. S.D. Fla. Mar. 20, 2006) [ECF No. #70]; *In re Atlas Worldwide Holdings, Inc.*, Case No. 04-10792 (Bankr. S.D. Fla. Feb. 9, 2004) [ECF No. #127].

## RESERVATION OF RIGHTS

14. Nothing contained herein is intended or should be construed as an admission as to the validity of any claim against the Debtors, a waiver of the Debtors' right to dispute any claim, or an approval or assumption of any agreement or contract under § 365 of the Bankruptcy Code. Likewise, if the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any claim or a waiver of the Debtors' right to dispute such claim.

## NOTICE

15. The Debtors have provided notice of this motion to all parties on the Master Service List as defined in Local Rule 2002-1(H) and all parties known to be directly affected by the relief requested herein. In light of the nature of the relief requested, the Debtors respectfully submit that no further notice is necessary.

## CONCLUSION

**WHEREFORE**, the Debtors respectfully request that the Court enter an order in the form annexed hereto as Exhibit "A": (i) granting the Motion; (ii) authorizing the procedures for compensating and reimbursing Professionals as set forth herein; and (iii) granting the Debtors such other and further relief as the Court deems just and proper.

Dated: November 16, 2011

> **I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court set forth in Local Rule 2090-1(A).
>
> Respectfully submitted,
>
> BILZIN SUMBERG BAENA PRICE & AXELROD LLP
> *Counsel for the Debtor*
> 1450 Brickell Avenue, Suite 2300
> Miami, FL 33131
> Telephone: (305) 374-7580
> Facsimile: (305) 375-7593
>
> By: /s/ Mindy A. Mora
>     Mindy A. Mora
>     Florida Bar No. 678910
>     mmora@bilzin.com
>     Tara V. Trevorrow
>     Florida Bar No. 0030959
>     ttrevorrow@bilzin.com

**EXHIBIT A**

**PROPOSED ORDER**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:                                                          Case No.  11-35884-RAM

Town Center at Doral, LLC, et al.,                              Chapter 11

          Debtors.                                       (Jointly Administered)

_____/

**[PROPOSED] ORDER ESTABLISHING PROCEDURES *NUNC PRO TUNC* TO THE PETITION DATE TO PERMIT MONTHLY PAYMENT OF INTERIM FEE APPLICATIONS OF CHAPTER 11 PROFESSIONALS**

THIS CAUSE came for hearing before the Court on _____, 2011 at \_\_:\_\_ a.m./p.m. in Miami, Florida upon the motion (the "Motion to Establish Procedures") [ECF No.\_\_\_] of the above-captioned debtors and debtors-in-possession (the "Debtors"),[1] for entry of an order establishing procedures to permit monthly payment of interim fee applications of chapter 11 professionals (the "Professionals").  The Court, having determined that the relief requested in the

---

[1] All capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Motion to Establish Procedures.

Motion to Establish Procedures is in the best interests of the Debtors, the estates, and creditors; and it appearing that proper and adequate notice has been given by service of the Motion to Establish Procedures upon (i) counsel for Terra World Investments, LLC, Berger Singerman, P.A., 200 South Biscayne Boulevard, Suite 1000, Miami, FL 33131, Attn: Jordi Guso and Debi Galler; (ii) counsel for the Creditors Committee, Genovese Joblove & Battista, P.A., 100 Southeast Second Street, Suite 4400, Miami, FL 33131, Attn: Glenn Moses; (iii) counsel to AmT CADC Venture, LLC, Broad and Cassel, One North Clematis Street, Suite 500, West Palm Beach, FL 33401, Attn: C. Craig Eller; (iv) counsel to Landmark at Doral Community Development District, Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A., Museum Tower, Suite 2300, 150 West Flagler Street, Miami, FL 33130, Attn: Patricia Redmond; (v) the Office of the United States Trustee for the Southern District of Florida, 51 SW First Avenue, Room 1204, Miami, FL 33130, Attn: Steven Schneiderman; and (vi) all parties who filed a notice of appearance, and that no other or further notice is necessary; having heard argument of counsel, and considered the record; and upon representation that the estates are administratively solvent; it appearing that the relief requested in the Motion to Establish Procedures is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and finding good, adequate and sufficient cause exists to grant the Motion to Establish Procedures; it is:

**ORDERED** as follows:

1. The Motion to Establish Procedures is **GRANTED**, *nunc pro tunc* to the Petition Date.

2. Interim compensation and reimbursement of the Professionals in this case shall be in accordance with this Order, including payment of the 20% holdback as specified in subparagraph 3(k)(iv), *infra*.

3. Except as may otherwise be provided in Court orders authorizing the retention of specific Professionals, all Professionals in this case may seek monthly compensation in accordance with the following Procedures:

(a) On or before the 15th day of each month following the month for which compensation is sought, each Professional whose employment was approved by order of the Court will serve a monthly statement, by email, hand or overnight delivery, on the following parties (collectively, the "Notice Parties"): (i) the Debtors, 701 W. Cypress Creek Road, Suite 303, Fort Lauderdale, Florida, 33309, Attn: Isaac Kodsi; (ii) proposed bankruptcy counsel to the Debtors, Bilzin Sumberg Baena Price & Axelrod LLP, 1450 Brickell Avenue, Suite 2300, Miami, FL 33131, Attn: Mindy A. Mora;  (iii) counsel for Terra World Investments, LLC, Berger Singerman, P.A., 200 South Biscayne Boulevard, Suite 1000, Miami, FL 33131, Attn: Jordi Guso and Debi Galler; (iv) counsel for the Creditors Committee, Genovese Joblove & Battista, P.A., 100 Southeast Second Street, Suite 4400, Miami, FL 33131, Attn:  Glenn Moses; (v) counsel to AmT CADC Venture, LLC, Broad and Cassel, One North Clematis Street, Suite 500, West Palm Beach, FL 33401, Attn: C. Craig Eller; (vi) counsel to Landmark at Doral Community Development District, Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A., Museum Tower, Suite 2300, 150 West Flagler Street, Miami, FL 33130, Attn: Patricia Redmond; and (vii)  he Office of the United States Trustee for the Southern District of Florida, 51 SW First Avenue, Room 1204, Miami, FL 33130, Attn: Steven Schneiderman.

(b) The Monthly Fee Application need not be filed with the Court and a courtesy copy need not be delivered to the presiding Judge's chambers since this Order is not intended to alter the fee application requirements outlined in §§ 330 and 331 of the

Bankruptcy Code and since the Professionals are still required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Rules for the United States Bankruptcy Court, Southern District of Florida.

(c) Each Monthly Fee Application must contain an abbreviated narrative of the services rendered, accompanied by a printout or schedule of the reimbursable expenses incurred and the professional and paraprofessional time spent (in sufficient detail to allow the review of this time by the Notice Parties), which shall ordinarily be for services rendered through a particular calendar month.

(d) Each Notice Party receiving a Monthly Fee Application may object to the payment of the fees or the reimbursement of costs set forth therein by serving a written objection (which shall not be filed with the Court) upon the other Notice Parties within ten days of the date on which such Monthly Fee Application is received. The objection shall state the nature of the objection and identify the amount of fees or costs to which objection is made. The objecting party shall attempt in good faith to object only to the portion of the Monthly Fee Application that is deemed to be objectionable.

(e) In the absence of any timely objection, the Debtors are authorized to pay 80% of the fees and 100% of the expenses identified in each Monthly Fee Application to which no Objection has been served in accordance with paragraph (d).

(f) If the Debtors receive an objection to a particular Monthly Fee Application, they shall withhold payment of that portion of the Monthly Fee Application to which the objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in paragraph (e), subject to such fees and

disbursements either (i) being paid from the applicable Professional retainer, or (ii) being provided for as an approved disbursement under the then applicable cash collateral budget or post-petition financing budget. All Professionals subject to these Procedures shall establish a separate billing number for any time spent on the resolution of fee disputes. Any fees incurred in connection with such fee disputes shall not be paid pursuant to the Monthly Fee Application but may only be sought and paid upon the filing of an Interim Fee Application as defined and set forth in sub-paragraph (k) below and after order of the Court.

(g) Similarly, if the parties to an objection are able to resolve their dispute following the service of an objection and if the party whose statement was objected to serves on all of the Notice Parties a statement indicating that the objection is withdrawn and describing in detail the terms of the resolution, then the Debtors are authorized to pay, in accordance with sub-paragraphs (e) and (f) above, that portion of the Monthly Fee Application which is no longer subject to an objection.

(h) All objections that are not resolved by the parties shall be preserved and presented to the Court by the objecting party at the next interim or final fee application hearing to be heard by the Court. See sub-paragraph (k) below.

(i) The service of an objection in accordance with sub-paragraph (d) shall not prejudice the objecting party's right to object to any Monthly Fee Application on any ground, whether or not raised in the objection. Furthermore, the decision by any party not to object to a Monthly Fee Application shall not be a waiver of, nor otherwise prejudice, that party's right to object to any subsequent Monthly Fee Application.

16

(j) The first Monthly Fee Application shall be served by each of the Professionals by November 15, 2011 and shall cover the period from the Petition Date through October 31, 2011. Objections, if any, to the first Monthly Fee Application shall be served on the Notice Parties by November 20, 2011.

(k) Unless the Court orders otherwise, each of the Professionals utilizing the Procedures shall file interim fee applications (the "Interim Fee Applications"), for the amount of fees and costs sought in sub-paragraph (e) above, in accordance with the 120-day guideline set forth in § 331 of the Bankruptcy Code as follows:

    (i) First Interim Fee Applications may be filed on or before February 10, 2012 (the "First Interim Fee Applications"). The First Interim Fee Applications shall represent fees and costs incurred by the Professionals from the Petition Date through January 31, 2012.

    (ii) Second Interim Fee Applications may be filed on or before June 10, 2012 (the "Second Interim Fee Applications"). The Second Interim Fee Applications shall represent fees and costs incurred by the Professionals from February 1, 2012 through May 31, 2012.

    (iii) Thereafter, Interim Fee Applications may be filed in accordance with the schedule set forth above covering the preceding four month time period. All Interim Fee Applications shall comply with the Guidelines for Fee Applications for Professionals in the Southern District of Florida Bankruptcy Cases. The Court shall schedule and conduct a hearing, upon proper notice served by the party filing the Interim Fee Application in accordance with Federal Rule of Bankruptcy Procedure 2002(a)(6), to determine all Interim Fee Applications pending before it.

    (iv) Within each Interim Fee Application, Professionals may request and be paid (pursuant to Court approval) the 20% holdback from the preceding 120 days.

(l) A Professional who fails to file an application seeking approval of compensation and expenses previously paid pursuant to these Procedures when such application is due shall preclude such Professional from utilizing the automatic pay

procedures as provided herein until an Interim Fee Application has been filed and heard by the Court.

      (m)    A determination by the Court that payment of compensation or reimbursement of expenses was improper as to a particular Monthly Fee Application shall not disqualify a Professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court.

      (n)    Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any Professional.

4.    The Debtors shall include all payments to the Professionals in its monthly operating reports, detailed so as to state the amount paid to each Professional.

5.    The Debtors may not make any payments under this Order if the Debtors have not timely filed monthly operating reports or remained current with its administrative expenses and 28 U.S.C. § 1930. Otherwise, this Order shall continue and shall remain in effect during the pendency of this case unless otherwise ordered by the Court.

6.    All time periods set forth in this Order shall be calculated in accordance with Federal Rule of Bankruptcy Procedure 9006(a).

7.    Upon motion or application, and after due notice to all parties set forth in on the Master Service List, additional professionals employed by the Debtors or the Joint Committee of Creditors Holding Unsecured Claims may be authorized to participate in modified interim compensation procedures as set forth in this Order.

9. All professionals subject to this Order shall be required to monitor their own compliance with the terms of this Order and shall include the following certification on each monthly invoice: "I hereby certify that I am in compliance with the terms of the Order Establishing Procedures for Interim Compensation and Reimbursement of Chapter 11 Professionals."

10. The Court retains jurisdiction over any matter or dispute arising from or relating to the implementation of this Order.

# # #

Submitted by:

Mindy A. Mora, Esq
Bilzin Sumberg Baena Price & Axelrod, LLP
1450 Brickell Avenue, Suite 2300
Miami, FL 33131

Copy furnished to:
Mindy A. Mora, Esq., who shall serve a copy of this order on all interested parties and file a certificate of service