**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:                                                    Case No.  11-35884-RAM

Town Center at Doral, LLC, et al.,                        Chapter 11

                  Debtors.                  (Jointly Administered)
_____/

**NOTICE OF FILING REVISED EXHIBIT "A" TO DEBTORS'**
**MOTION TO ESTABLISH PROCEDURES *NUNC PRO TUNC* TO THE**
**PETITION DATE TO PERMIT MONTHLY PAYMENT OF INTERIM FEE**
**APPLICATIONS OF CHAPTER 11 PROFESSIONALS [ECF NO. 49]**

Town Center at Doral, LLC, Landmark at Doral East, LLC, Landmark at Doral South, LLC, Landmark Club at Doral, LLC, and Landmark at Doral Developers, LLC,[1] as debtors and debtors-in-possession (collectively, the "Debtors"), hereby notice the filing of the attached revised Exhibit "A" to *Debtors' Motion to Establish Procedures Nunc Pro Tunc to the Petition Date to Permit Monthly Payment of Interim Fee Applications of Chapter 11 Professionals* [ECF No. 49].

Dated: December 2, 2011

Bilzin Sumberg Baena Price & Axelrod LLP
*Proposed Counsel for the Debtors*
1450 Brickell Avenue, Suite 2300
Miami, FL 33131
Telephone: (305) 374-7580
Facsimile: (305) 375-7593

By:    /s/ Mindy A. Mora
       Mindy A. Mora
       Fla. Bar No. 678910
       mmora@bilzin.com

---

[1]       The last four digits of each Debtors' tax identification number are: (i) Town Center at Doral, LLC [1866]; (ii) Landmark at Doral East, LLC [6616]; (iii) Landmark at Doral South, LLC [6676]; (iv) Landmark Club at Doral, LLC [6797]; and (v) Landmark at Doral Developers, LLC [6762].  The Debtors' mailing address is 701 W. Cypress Creek Road, Suite 303, Fort Lauderdale, Florida 33309.

Tara V. Trevorrow
Florida Bar No. 0030959
ttrevorrow@bilzin.com

## <u>REVISED EXHIBIT "A"</u>

## PROPOSED ORDER

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:                                                              Case No.  11-35884-RAM

Town Center at Doral, LLC, et al.,[1]                              Chapter 11

                    Debtors.                                       (Jointly Administered)
_____/

**[PROPOSED] ORDER ESTABLISHING PROCEDURES *NUNC PRO TUNC* TO THE**
**PETITION DATE TO PERMIT MONTHLY PAYMENT OF INTERIM FEE**
**APPLICATIONS OF CHAPTER 11 PROFESSIONALS**

THIS CAUSE came for hearing before the Court on December 5, 2011 at 10:00 a.m. in

Miami, Florida upon the motion (the "Motion to Establish Procedures") [ECF No.49] of the

above-captioned debtors and debtors-in-possession (the "Debtors"),[2] for entry of an order

establishing procedures to permit monthly payment of interim fee applications of chapter 11

professionals (the "Professionals").  The Court, having determined that the relief requested in the

---

[1]        The last four digits of each Debtors' tax identification number are: (i) Town Center at Doral, LLC
[1866]; (ii) Landmark at Doral East, LLC [6616]; (iii) Landmark at Doral South, LLC [6676]; (iv) Landmark Club
at Doral, LLC [6797]; and (v) Landmark at Doral Developers, LLC [6762].  The Debtors' mailing address is 701 W.
Cypress Creek Road, Suite 303, Fort Lauderdale, Florida 33309.

[2]        All capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms
in the Motion to Establish Procedures.

Motion to Establish Procedures is in the best interests of the Debtors, the estates, and creditors; and it appearing that proper and adequate notice has been given by service of the Motion to Establish Procedures upon (i) counsel for Terra World Investments, LLC, Berger Singerman, P.A., 200 South Biscayne Boulevard, Suite 1000, Miami, FL 33131, Attn: Jordi Guso and Debi Galler; (ii) counsel for the Creditors Committee, Genovese Joblove & Battista, P.A., 100 Southeast Second Street, Suite 4400, Miami, FL 33131, Attn: Glenn Moses; (iii) counsel to AmT CADC Venture, LLC, Broad and Cassel, One North Clematis Street, Suite 500, West Palm Beach, FL 33401, Attn: C. Craig Eller; (iv) counsel to Landmark at Doral Community Development District, Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A., Museum Tower, Suite 2300, 150 West Flagler Street, Miami, FL 33130, Attn: Patricia Redmond; (v) the Office of the United States Trustee for the Southern District of Florida, 51 SW First Avenue, Room 1204, Miami, FL 33130, Attn: Steven Schneiderman; and (vi) all parties who filed a notice of appearance, and that no other or further notice is necessary; having heard argument of counsel, and considered the record; and upon representation that the estates are administratively solvent; it appearing that the relief requested in the Motion to Establish Procedures is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and finding good, adequate and sufficient cause exists to grant the Motion to Establish Procedures; it is:

      **ORDERED** as follows:

      1.      The Motion to Establish Procedures is **GRANTED**, *nunc pro tunc* to the Petition Date.

      2.      Interim compensation and reimbursement of the Professionals in this case shall be in accordance with this Order, including payment of the 20% holdback as specified in subparagraph 3(k)(iv), *infra*.

3.      Except as may otherwise be provided in Court orders authorizing the retention of specific Professionals, all Professionals in this case may seek monthly compensation in accordance with the following Procedures:

(a)      On or before the 15th day of each month following the month for which compensation is sought, each Professional whose employment was approved by order of the Court will serve a monthly statement (each, a "Monthly Fee Statement"), by email, hand or overnight delivery, on the following parties (collectively, the "Notice Parties"): (i) the Debtors, 701 W. Cypress Creek Road, Suite 303, Fort Lauderdale, Florida, 33309, Attn: Isaac Kodsi; (ii) proposed bankruptcy counsel to the Debtors, Bilzin Sumberg Baena Price & Axelrod LLP, 1450 Brickell Avenue, Suite 2300, Miami, FL 33131, Attn: Mindy A. Mora;  (iii) counsel for Terra World Investments, LLC, Berger Singerman, P.A., 200 South Biscayne Boulevard, Suite 1000, Miami, FL 33131, Attn: Jordi Guso and Debi Galler; (iv) counsel for the Creditors Committee, Genovese Joblove & Battista, P.A., 100 Southeast Second Street, Suite 4400, Miami, FL 33131, Attn:  Glenn Moses; (v) counsel to AmT CADC Venture, LLC, Broad and Cassel, One North Clematis Street, Suite 500, West Palm Beach, FL 33401, Attn: C. Craig Eller; (vi) counsel to Landmark at Doral Community Development District, Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A., Museum Tower, Suite 2300, 150 West Flagler Street, Miami, FL 33130, Attn: Patricia Redmond; and (vii)  he Office of the United States Trustee for the Southern District of Florida, 51 SW First Avenue, Room 1204, Miami, FL 33130, Attn: Steven Schneiderman.

(b)      The Monthly Fee Statement  need not be filed with the Court and a courtesy copy need not be delivered to the presiding Judge's chambers since this Order is not intended to alter the fee application requirements outlined in §§ 330 and 331 of the

Bankruptcy Code and since the Professionals are still required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Rules for the United States Bankruptcy Court, Southern District of Florida.

(c)    Each Monthly Fee Statement  must contain an abbreviated narrative of the services rendered, accompanied by a printout or schedule of the reimbursable expenses incurred and the professional and paraprofessional time spent (in sufficient detail to allow the review of this time by the Notice Parties), which shall ordinarily be for services rendered through a particular calendar month.

(d)    Each Notice Party receiving a Monthly Fee Statement  may object to the payment of the fees or the reimbursement of costs set forth therein by serving a written objection (which shall not be filed with the Court) upon the other Notice Parties within ten days of the date on which such Monthly Fee Statement  is received.  The objection shall state the nature of the objection and identify the amount of fees or costs to which objection is made.  The objecting party shall attempt in good faith to object only to the portion of the Monthly Fee Statement  that is deemed to be objectionable.

(e)    In the absence of any timely objection, the Debtors are authorized to pay 80% of the fees and 100% of the expenses identified in each Monthly Fee Statement  to which no Objection has been served in accordance with paragraph (d).

(f)    If the Debtors receive an objection to a particular Monthly Fee Statement , they shall withhold payment of that portion of the Monthly Fee Statement  to which the objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in paragraph (e), subject to such fees and disbursements either (i) being paid from the applicable Professional retainer, or (ii) being provided for as an

approved disbursement under the then applicable cash collateral budget or post-petition financing budget.  All Professionals subject to these Procedures shall establish a separate billing number for any time spent on the resolution of fee disputes.  Any fees incurred in connection with such fee disputes shall not be paid pursuant to the Monthly Fee Statement  but may only be sought and paid upon the filing of an Interim Fee Application as defined and set forth in sub-paragraph (k) below and after order of the Court.

(g)     Similarly, if the parties to an objection are able to resolve their dispute following the service of an objection and if the party whose statement was objected to serves on all of the Notice Parties a statement indicating that the objection is withdrawn and describing in detail the terms of the resolution, then the Debtors are authorized to pay, in accordance with sub-paragraphs (e) and (f) above, that portion of the Monthly Fee Statement  which is no longer subject to an objection.

(h)     All objections that are not resolved by the parties shall be preserved and presented to the Court by the objecting party at the next interim or final fee application hearing to be heard by the Court.  See sub-paragraph (k) below.

(i)     The service of an objection in accordance with sub-paragraph (d) shall not prejudice the objecting party's right to object to any Monthly Fee Statement  on any ground, whether or not raised in the objection.  Furthermore, the decision by any party not to object to a Monthly Fee Statement  shall not be a waiver of, nor otherwise prejudice, that party's right to object to any subsequent Monthly Fee Statement .

(j)     The first Monthly Fee Statement  shall be served by each of the Professionals by December 15, 2011 and shall cover the period from the Petition Date through October 31, 2011.  Objections, if any, to the first Monthly Fee Statement  shall be served on the Notice Parties by December 20, 2011.

8

(k)     Unless the Court orders otherwise, each of the Professionals utilizing the Procedures shall file interim fee applications (the "Interim Fee Applications"), for the amount of fees and costs sought in sub-paragraph (e) above, in accordance with the 120-day guideline set forth in § 331 of the Bankruptcy Code as follows:

(i)     First Interim Fee Applications may be filed on or before February 29, 2012 (the "First Interim Fee Applications").  The First Interim Fee Applications shall represent fees and costs incurred by the Professionals from the Petition Date through January 31, 2012.

(ii)     Second Interim Fee Applications may be filed on or before June 30, 2012 (the "Second Interim Fee Applications").  The Second Interim Fee Applications shall represent fees and costs incurred by the Professionals from February 1, 2012 through May 31, 2012.

(iii)     Thereafter, Interim Fee Applications may be filed in accordance with the schedule set forth above covering the preceding four month time period.  All Interim Fee Applications shall comply with the Guidelines for Fee Applications for Professionals in the Southern District of Florida Bankruptcy Cases.  The Court shall schedule and conduct a hearing, upon proper notice served by the party filing the Interim Fee Application in accordance with Federal Rule of Bankruptcy Procedure 2002(a)(6), to determine all Interim Fee Applications pending before it.

(iv)     Within each Interim Fee Application, Professionals may request and be paid (pursuant to Court approval) the 20% holdback from the preceding 120 days.

(l)     A Professional who fails to file an application seeking approval of compensation and expenses previously paid pursuant to these Procedures when such application is due shall preclude such Professional from utilizing the automatic pay procedures as provided herein until an Interim Fee Application has been filed and heard by the Court.

(m)     A determination by the Court that payment of compensation or reimbursement of expenses was improper as to a particular Monthly Fee Statement  shall

not disqualify a Professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court.

(n)     Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any Professional.

4.     The Debtors shall include all payments to the Professionals in its monthly operating reports, detailed so as to state the amount paid to each Professional.

5.     The Debtors may not make any payments under this Order if the Debtors have not timely filed monthly operating reports or remained current with its administrative expenses and 28 U.S.C. § 1930.  Otherwise, this Order shall continue and shall remain in effect during the pendency of this case unless otherwise ordered by the Court.

6.     All time periods set forth in this Order shall be calculated in accordance with Federal Rule of Bankruptcy Procedure 9006(a).

7.     Upon motion or application, and after due notice to all parties set forth in on the Master Service List, additional professionals employed by the Debtors or the Joint Committee of Creditors Holding Unsecured Claims may be authorized to participate in modified interim compensation procedures as set forth in this Order.

9.     All professionals subject to this Order shall be required to monitor their own compliance with the terms of this Order and shall include the following certification on each monthly invoice:  "I hereby certify that I am in compliance with the terms of the Order Establishing Procedures for Interim Compensation and Reimbursement of Chapter 11 Professionals."

10.     The Court retains jurisdiction over any matter or dispute arising from or relating

to the implementation of this Order.


# # #

Submitted by:

Mindy A. Mora, Esq
Bilzin Sumberg Baena Price & Axelrod, LLP
1450 Brickell Avenue, Suite 2300
Miami, FL 33131

Copy furnished to:
Mindy A. Mora, Esq., who shall serve a copy of this order on all interested parties and file a
certificate of service

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that true and correct copies of the foregoing was served via the

Court's CM/ECF electronic transmission and/or via U.S. First Class Mail, postage prepaid upon

all parties as set forth on the attached service list this 2nd day of December, 2011

   /s/ Mindy A. Mora

Mindy A. Mora

**TOWN CENTER AT DORAL, L.L.C., ET AL**
<u>**MASTER SERVICE LIST**</u>

Town Center at Doral, L.L.C., et al
Kodsi Law Firm, P.A.
701 W. Cypress Creek Road
Suite 303
Fort Lauderdale, FL 33309

Brett Amron, Esq.
Bast Amron LLP
One SE 1st Avenue
Suite 1440q
Miami, FL 33131

David Martin
Terra World Investments, LLC
990 Biscayne Blvd.
Suite 302
Miami, FL 33132

Doral Building Group, LLC
c/o Kodsi Law Firm, P.A.
701 W. Cypress Creek Road
Suite 303
Fort Lauderdale, FL 33309

Internal Revenue Service Centralized
Insolvency Operations
Po Box 7346
Philadelphia Pa  19101-7346

Finance Southern Co.
8770 SW 72nd Street
#382
Miami, FL 33143

Eric Valle
c/o Valle & Valle
194 Minorca Avenue
Miami, FL 33134

Frank Alter
3902 NE 207th Street
Suite 1401
Miami, FL 33180

Advance Insurance Underwriters
3250 North 29th Avenue
Hollywood, FL 33020

Eric E. Pfeffer
Carla Pfeffer Revocable Trust
19333 Collins Avenue #2504
Sunny Isles Beach, FL 33160

David Plummer & Associates
1750 Ponce De Leon Blvd.
Miami, FL 33134

Hilda Pico/Ocean Bank
780 NW LeJeune Rd
3rd Floor
Miami, FL 33126

United States Attorney's Office
99 N.E. 4th Street
Miami, Fl 33132

Dual Temp Mechanical
13741 SW 139th Cr - 102
Miami, FL 33186

Estate of Elie Berdugo
c/o Kodsi Law Firm, P.A.
701 W. Cypress Creek Road
Suite 303
Fort Lauderdale, FL 33309

Garmon Construction Corp.
7315 NW 36th Street
Miami, FL 33166

BTI Bluegate FTCF LLC
201 Alhambra Circle
Suite 601
Miami, FL 33134

Copper Group I LLC
752 Pacific Street
Suite 180
Brooklyn, NY 11238

Doral Building Group II, LLC
c/o Kodsi Law Firm P.A.
701 W. Cypress Creek Road
Suite 303
Fort Lauderdale, FL 33309

Florida Dept. Of Revenue
Bankruptcy Division
Po Box 6668
Tallahassee Fl  32314-6668

Department Of Labor And Security
Hartman Building Suite 307
2012 Capital Circle Southeast
Tallahassee, Fl 32399 0648

Elya Yagudaev
Alan R. Poppe, Esq.
Foley & Lardner, LLP
100 SE 2nd Street, Suite 1600
Miami, FL 33131

Frank & Carolyn Friedman
c/o Harvey D. Friedman, Esq.
Friedman, Rodman & Frank, P.A.
3636 West Flagler St.
Miami, FL 33135

Guila Berdugo
c/o Kodsi Law Firm, P.A.
701 W. Cypress Creek Road
Suite 303
Fort Lauderdale, FL 33309

HD Investments
c/o Harvey D. Friedman, Esq.
Friedman, Rodman & Frank, P.A.
3636 West Flagler Street
Miami, FL 33135

Hill York Service Corp.
c/o William C. Davell, Esq.
May, Meacham & Davell, P.A.
One Financial Plaze, Suite 2602
Fort Lauderdale, FL 33394

Joel A. Savitt, Esq.
Joel A. Savitt, P.A.
20801 Biscayne Blvd., Suite 506
Miami, FL 33180

Landmark at Doral Community
Development District
c/o David M. Freedman, Esq.
2699 S. Bayshore Dr., PH
Miami, FL 33133

Lisa Friedman-Fuller
c/o Harvey D. Friedman, Esq.
Friedman, Rodman & Frank, P.A.
3636 West Flagler Street
Miami, FL 33135

Lorne E. Berkeley, Esq.
Daniels, Kashtan, Downs, Robertson
3300 Ponce De Leon Blvd.
Miami, FL 33134

Mark Finkelshtein
16047 Colins Avenue
Apt # 602
North Miami Beach, FL 33160

MFEB I, LLC
16047 Collins Avenue
Apt. 602
North Miami Beach, FL 33160

Miami-Dade Dept of Environmental
Resources Mgmt, Regulation Division
Attn:  Ms. JoAnne Clingerman
701 NW 1st Ct, Suite 400
Miami, FL 33136

Mod Space
Bank of America Lockbox Services
12603 Collection Center Dr.
Chicago, IL 60693

National Millwork
1177 West Blue Heron Blvd.
West Palm Beach, FL 33404

Rachel Bensimon
7913 Tennyson Court
Boca Raton, FL 33433

Ring Electric
9330 NW 13th Street #16
Miami, FL 33173

Scott Alan Orth, Esq.
Law Offices of Scott Alan Orth
9999 N.E. Second Avenue
Suite 204
Miami, FL 33138

Sela & Be, LLC
1 Post Road
Apartment 304
Toronto, Ontario
Canada M3B3R4

South Florida Water Mgmt District
Attn:  John Meyer,
Supervisor, Enforcement
3301 Gun Club Road
West Palm Beach, FL 33406

Trans Florida Development Corp.
c/o Robert P. Frankel, Esq.
Robert P. Frankel & Assoc., PA
25 West Flagler St, Suite 900
Miami, FL 33130

U.S. Army, Corps of Engineers
Attn:  Robert Kirby
Enforcement Section
9900 SW 107th Ave., #203
Miami, FL 33176
**Via CM/ECF**
AMT CADC Venture, LLC
c/o C. Craig Eller, Esq.
Broad and Cassel
One North Clematis St, #500
West Palm Beach, FL 33401

Valle & Valle, Inc.
194 Minorca Avenue
Miami, FL 33134

Y & T Plumbing Corp.
13985 SW 140th Street
Miami, FL 33186

**Via CM/ECF**
John B. Hutton III, Esq.
Greenberg Traurig
333 Ave. of the Americas #4400
Miami, FL 33131
jhutton@gtlaw.com

**Via CM/ECF**
Office Of The Us Trustee
51 SW 1st Ave Ste 1204
Miami Fl  33130-1614
USTPRegion21.MM.ECF@usdoj.gov

**Via CM/ECF**
Melinda S Thornton, Esq.
Miami Dade Tax Collector
P. O. Box 13701
Miami, FL 33101
cao.bkc@miamidade.gov

**Via CM/ECF**
Patricia A. Redmond, Esq.
Stearns Weaver Miller Weissler
150 West Flagler St., Suite 2200
Miami, FL 33130
predmond@stearnsweaver.com

**Via CM/ECF**
Phillip M. Hudson III, Esq.
200 S. Bicayne Blvd., Suite 3600
Miami, Fl 33131
pmhudson@arnstein.com

**Via CM/ECF**
Jordi Guso, Esq.
Berger Singerman, P.A.
200 S. Biscayne Blvd., #1000
Miami, FL 33131
jguso@bergersingerman.com