

ORDERED in the Southern District of Florida on December 8, 2011.

_____
Robert A. Mark, Judge
United States Bankruptcy Court
_____

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                                                         Case No. 11-35884-RAM

Town Center at Doral, LLC, et al.,[1]                      Chapter 11

               Debtors.                                             (Jointly Administered)
_____/

**ORDER ESTABLISHING PROCEDURES *NUNC PRO TUNC* TO THE PETITION
DATE TO PERMIT MONTHLY PAYMENT OF INTERIM FEE
APPLICATIONS OF CHAPTER 11 PROFESSIONALS**

THIS CAUSE came for hearing before the Court on December 5, 2011 at 10:00 a.m. in Miami, Florida upon the motion (the "Motion to Establish Procedures") [ECF No.49] of the

---

[1] The last four digits of each Debtors' tax identification number are: (i) Town Center at Doral, LLC [1866]; (ii) Landmark at Doral East, LLC [6616]; (iii) Landmark at Doral South, LLC [6676]; (iv) Landmark Club at Doral, LLC [6797]; and (v) Landmark at Doral Developers, LLC [6762]. The Debtors' mailing address is 701 W. Cypress Creek Road, Suite 303, Fort Lauderdale, Florida 33309.

above-captioned debtors and debtors-in-possession (the "Debtors"),[2] for entry of an order establishing procedures to permit monthly payment of interim fee applications of chapter 11 professionals (the "Professionals").  The Court, having determined that the relief requested in the Motion to Establish Procedures is in the best interests of the Debtors, the estates, and creditors; and it appearing that proper and adequate notice has been given by service of the Motion to Establish Procedures upon (i) counsel for Terra World Investments, LLC, Berger Singerman, P.A., 200 South Biscayne Boulevard, Suite 1000, Miami, FL 33131, Attn: Jordi Guso and Debi Galler; (ii) counsel for the Creditors Committee, Genovese Joblove & Battista, P.A., 100 Southeast Second Street, Suite 4400, Miami, FL 33131, Attn: Glenn Moses; (iii) counsel to AmT CADC Venture, LLC, Broad and Cassel, One North Clematis Street, Suite 500, West Palm Beach, FL 33401, Attn: C. Craig Eller; (iv) counsel to Landmark at Doral Community Development District, Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A., Museum Tower, Suite 2300, 150 West Flagler Street, Miami, FL 33130, Attn: Patricia Redmond; (v) the Office of the United States Trustee for the Southern District of Florida, 51 SW First Avenue, Room 1204, Miami, FL 33130, Attn: Steven Schneiderman; and (vi) all parties who filed a notice of appearance, and that no other or further notice is necessary; having heard argument of counsel, and considered the record; and upon representation that the estates are administratively solvent; it appearing that the relief requested in the Motion to Establish Procedures is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and finding good, adequate and sufficient cause exists to grant the Motion to Establish Procedures; it is:

**ORDERED** as follows:

---

[2] All capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Motion to Establish Procedures.

1. The Motion to Establish Procedures is **GRANTED**, *nunc pro tunc* to the Petition Date.

2. Interim compensation and reimbursement of the Professionals in this case shall be in accordance with this Order, including payment of the 20% holdback as specified in subparagraph 3(k)(iv), *infra*.

3. Except as may otherwise be provided in Court orders authorizing the retention of specific Professionals, all Professionals in this case may seek monthly compensation in accordance with the following Procedures:

(a) On or before the 15th day of each month following the month for which compensation is sought, each Professional whose employment was approved by order of the Court will serve a monthly statement, by email, hand or overnight delivery, on the following parties (collectively, the "Notice Parties"): (i) the Debtors, 701 W. Cypress Creek Road, Suite 303, Fort Lauderdale, Florida, 33309, Attn: Isaac Kodsi; (ii) proposed bankruptcy counsel to the Debtors, Bilzin Sumberg Baena Price & Axelrod LLP, 1450 Brickell Avenue, Suite 2300, Miami, FL 33131, Attn: Mindy A. Mora;  (iii) counsel for Terra World Investments, LLC, Berger Singerman, P.A., 200 South Biscayne Boulevard, Suite 1000, Miami, FL 33131, Attn: Jordi Guso and Debi Galler; (iv) counsel for the Creditors Committee, Genovese Joblove & Battista, P.A., 100 Southeast Second Street, Suite 4400, Miami, FL 33131, Attn:  Glenn Moses; (v) counsel to AmT CADC Venture, LLC, Broad and Cassel, One North Clematis Street, Suite 500, West Palm Beach, FL 33401, Attn: C. Craig Eller; (vi) counsel to Landmark at Doral Community Development District, Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A., Museum Tower, Suite 2300, 150 West Flagler Street, Miami, FL 33130, Attn: Patricia Redmond; (vii) the

Office of the United States Trustee for the Southern District of Florida, 51 SW First Avenue, Room 1204, Miami, FL 33130, Attn: Steven Schneiderman; (viii) counsel to Florida Prime Holdings, LLC, Arnstein & Lehr LLP, 200 South Biscayne Boulevard, Suite 3600, Miami, FL 33131, Attn: Phillip M. Hudson III; and (ix) counsel to U.S. Bank, N.A. as Indenture Trustee, Greenberg Traurig, P.A., 333 Avenue of the Americas (S.E. 2d Avenue), Suite 4400, Miami, FL 33131 Attn: John B. Hutton.

     (b)    The Monthly Fee Application need not be filed with the Court and a courtesy copy need not be delivered to the presiding Judge's chambers since this Order is not intended to alter the fee application requirements outlined in §§ 330 and 331 of the Bankruptcy Code and since the Professionals are still required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Rules for the United States Bankruptcy Court, Southern District of Florida.

     (c)    Each Monthly Fee Application must contain an abbreviated narrative of the services rendered, accompanied by a printout or schedule of the reimbursable expenses incurred and the professional and paraprofessional time spent (in sufficient detail to allow the review of this time by the Notice Parties), which shall ordinarily be for services rendered through a particular calendar month.

     (d)    Each Notice Party receiving a Monthly Fee Application may object to the payment of the fees or the reimbursement of costs set forth therein by serving a written objection (which shall not be filed with the Court) upon the other Notice Parties within ten days of the date on which such Monthly Fee Application is received.  The objection shall state the nature of the objection and identify the amount of fees or costs to which

objection is made. The objecting party shall attempt in good faith to object only to the portion of the Monthly Fee Application that is deemed to be objectionable.

(e) In the absence of any timely objection, the Debtors are authorized to pay 80% of the fees and 100% of the expenses identified in each Monthly Fee Application to which no Objection has been served in accordance with paragraph (d).

(f) If the Debtors receive an objection to a particular Monthly Fee Application, they shall withhold payment of that portion of the Monthly Fee Application to which the objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in paragraph (e), subject to such fees and disbursements either (i) being paid from the applicable Professional retainer, or (ii) being provided for as an approved disbursement under the then applicable cash collateral budget or post-petition financing budget. All Professionals subject to these Procedures shall establish a separate billing number for any time spent on the resolution of fee disputes. Any fees incurred in connection with such fee disputes shall not be paid pursuant to the Monthly Fee Application but may only be sought and paid upon the filing of an Interim Fee Application as defined and set forth in sub-paragraph (k) below and after order of the Court.

(g) Similarly, if the parties to an objection are able to resolve their dispute following the service of an objection and if the party whose statement was objected to serves on all of the Notice Parties a statement indicating that the objection is withdrawn and describing in detail the terms of the resolution, then the Debtors are authorized to pay, in accordance with sub-paragraphs (e) and (f) above, that portion of the Monthly Fee Application which is no longer subject to an objection.

(h) All objections that are not resolved by the parties shall be preserved and presented to the Court by the objecting party at the next interim or final fee application hearing to be heard by the Court. See sub-paragraph (k) below.

(i) The service of an objection in accordance with sub-paragraph (d) shall not prejudice the objecting party's right to object to any Monthly Fee Application on any ground, whether or not raised in the objection. Furthermore, the decision by any party not to object to a Monthly Fee Application shall not be a waiver of, nor otherwise prejudice, that party's right to object to any subsequent Monthly Fee Application.

(j) The first Monthly Fee Application shall be served by each of the Professionals by November 15, 2011 and shall cover the period from the Petition Date through October 31, 2011. Objections, if any, to the first Monthly Fee Application shall be served on the Notice Parties by November 20, 2011.

(k) Unless the Court orders otherwise, each of the Professionals utilizing the Procedures shall file interim fee applications (the "Interim Fee Applications"), for the amount of fees and costs sought in sub-paragraph (e) above, in accordance with the 120-day guideline set forth in § 331 of the Bankruptcy Code as follows:

> (i) First Interim Fee Applications may be filed on or before February 29, 2012 (the "First Interim Fee Applications"). The First Interim Fee Applications shall represent fees and costs incurred by the Professionals from the Petition Date through January 31, 2012.
>
> (ii) Second Interim Fee Applications may be filed on or before June 30, 2012 (the "Second Interim Fee Applications"). The Second Interim Fee Applications shall represent fees and costs incurred by the Professionals from February 1, 2012 through May 31, 2012.
>
> (iii) Thereafter, Interim Fee Applications may be filed in accordance with the schedule set forth above covering the preceding four month time period. All Interim Fee Applications shall comply with the Guidelines for Fee Applications for Professionals in the

        Southern District of Florida Bankruptcy Cases. The Court shall schedule and conduct a hearing, upon proper notice served by the party filing the Interim Fee Application in accordance with Federal Rule of Bankruptcy Procedure 2002(a)(6), to determine all Interim Fee Applications pending before it.

    (iv)    Within each Interim Fee Application, Professionals may request and be paid (pursuant to Court approval) the 20% holdback from the preceding 120 days.

(l)    A Professional who fails to file an application seeking approval of compensation and expenses previously paid pursuant to these Procedures when such application is due shall preclude such Professional from utilizing the automatic pay procedures as provided herein until an Interim Fee Application has been filed and heard by the Court.

(m)    A determination by the Court that payment of compensation or reimbursement of expenses was improper as to a particular Monthly Fee Application shall not disqualify a Professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court.

(n)    Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any Professional.

4.    The Debtors shall include all payments to the Professionals in its monthly operating reports, detailed so as to state the amount paid to each Professional.

5.    The Debtors may not make any payments under this Order if the Debtors have not timely filed monthly operating reports or remained current with its administrative expenses and

28 U.S.C. § 1930. Otherwise, this Order shall continue and shall remain in effect during the pendency of this case unless otherwise ordered by the Court.

6. All time periods set forth in this Order shall be calculated in accordance with Federal Rule of Bankruptcy Procedure 9006(a).

7. Upon motion or application, and after due notice to all parties set forth in on the Master Service List, additional professionals employed by the Debtors or the Joint Committee of Creditors Holding Unsecured Claims may be authorized to participate in modified interim compensation procedures as set forth in this Order.

9. All professionals subject to this Order shall be required to monitor their own compliance with the terms of this Order and shall include the following certification on each monthly invoice: "I hereby certify that I am in compliance with the terms of the Order Establishing Procedures for Interim Compensation and Reimbursement of Chapter 11 Professionals."

10. The Court retains jurisdiction over any matter or dispute arising from or relating to the implementation of this Order.

# # #

Submitted by:

Mindy A. Mora, Esq
Bilzin Sumberg Baena Price & Axelrod, LLP
1450 Brickell Avenue, Suite 2300
Miami, FL 33131

Copy furnished to:
Mindy A. Mora, Esq., who shall serve a copy of this order on all interested parties and file a certificate of service