# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                         Case No.  11-35884-RAM

Town Center at Doral, LLC, et al.,[1]           Chapter 11

　　　　　　　Debtors.                            (Jointly Administered)

_____/

## DEBTORS' MOTION TO VALUE COLLATERAL

**IMPORTANT NOTICE TO CREDITORS: THIS MOTION SEEKS TO VALUE THE COLLATERAL DESCRIBED BELOW IN AN AMOUNT LESS THAN THE FULL VALUE OF THE CLAIMS PURPORTEDLY SECURED BY SUCH COLLATERAL.**

TOWN CENTER AT DORAL, LLC, LANDMARK AT DORAL EAST, LLC, LANDMARK AT DORAL SOUTH, LLC, LANDMARK AT DORAL DEVELOPERS, LLC, AND LANDMARK CLUB AT DORAL, LLC (collectively the "Debtors"), by and through undersigned counsel, hereby move the Court (the "Motion"), pursuant to Bankruptcy Code section 506, Bankruptcy Rule 3012 and Local Bankruptcy Rule 3012-1, for entry of an order, substantially in the form attached hereto as Exhibit "A", valuing the Property (as such term is defined *infra*) in the amount set forth herein.  In support of the Motion, the Debtors state as follows:

## JURISDICTION

1.      This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for

---

[1]     The last four digits of each Debtor's tax identification number are: (i) Town Center at Doral, LLC [1866]; (ii) Landmark at Doral East, LLC [6616]; (iii) Landmark at Doral South, LLC [6676]; (iv) Landmark Club at Doral, LLC [6797]; and (v) Landmark at Doral Developers, LLC [6762].  The Debtors' mailing address is 701 W. Cypress Creek Road, Suite 303, Fort Lauderdale, Florida 33309.

the relief requested herein are Bankruptcy Code section 506, Bankruptcy Rule 3012, and Local

Bankruptcy Rule 3012-1.

## BACKGROUND

**A.      General Background**

2.      On September 19, 2011 (the "Petition Date"), the Debtors filed voluntary petitions

under Chapter 11, Title 11 of the United States Code.

3.      On October 20, 2011, the Joint Committee of Creditors Holding Unsecured

Claims was appointed in the Debtors' cases by the United States Trustee.

4.      The Debtors are in possession of their respective properties as debtors in

possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

**B.      The Property**

5.      The Debtors are the fee simple owners of land (approximately 120 contiguous

acres) located on the east side of NW 107th Avenue and the north side of NW 58th Street in

Doral, Florida, a majority of which is zoned TND (Traditional Neighborhood Development),

with the remainder zoned IU-1 (for flex office development allowing for light industrial

development) (the "Property").

6.      The Property consists of 16 individual tracts of land that remain undeveloped with

the exception of an unfinished 4-level parking garage.  Prior to the Petition Date, the Debtors had

sought and obtained approvals for the development of residential units (townhomes and

condominiums), retail/office/mixed use, and flex office at the Property.

7.      Prior to the Petition Date, the Debtors were actively engaged in preparing the

Property for a development to be called "Landmark at Doral", consisting of 11 acres of

industrial/flex office, 17 acres of mixed use, and 89 acres of multifamily residential dwellings.

After development, the Property was to consist of 188,000 square feet of retail and office,

230,000 square feet of flex office, and 1,109 residential units, featuring an assortment of elevations and architecture thereby creating a community reminiscent of former small towns in suburbs throughout the U.S. and abroad.

8.    According to the Miami-Dade County Property Appraiser, the current assessed values of the Debtors' parcels are as follows:

| NAME OF DEBTOR | LOT SIZE | VALUE |
|---|---|---|
| Town Center at Doral, LLC | 57.09 acres | $24,297,300 |
| Landmark at Doral East, LLC | 15.72 acres | $4,745,449 |
| Landmark Club at Doral, LLC | 70,131.5 sq. ft. | $724,500 |
| Landmark at Doral South, LLC | 18.93 acres | $6,621,975 |
| Landmark at Doral Developers, LLC | Air rights over 18.93 acres | Unknown |
| **Total** | | **$36,389,224** |

## C.    The Debtors' Prepetition Obligations[2]

9.    As of the Petition Date, the Debtors' obligations[3] include (i) ad valorem tax certificates claims in various amounts, each of which is secured by a statutory lien on the Property, (ii) claims held by Landmark at Doral Community Development District ("CDD") in the aggregate amount of approximately $71,500,000, which claims are secured by statutory liens on the Property; (iii) claims held by AMT CADC Venture, LLC ("AMT") in the aggregate amount of approximately $103,870,058, which claims are secured by liens on the Property; and (iv) claims held by unsecured creditors in the aggregate amount of approximately $17,536,201.

---

[2]    The discussion regarding the amount and priority of the liens asserted against the Property is provided for disclosure purposes only and does not constitute an admission by the Debtors as to the validity, priority or extent of any pre-petition lien on the Debtors' assets, or an acknowledgement of the debt allegedly secured by such liens.   The Debtors reserve each and all of their rights to challenge the validity, priority and extent of all liens, and to object to all claims.

[3]    The amounts listed reflect the Debtors' reasonable estimates as reflected on the Debtors' schedules and statements of financial affairs.  The Debtors reserve their right to dispute the secured nature of any claim or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any asset to a creditor.

The creditors asserting a lien against the Debtors' Property consist of the following:

| NAME OF SECURED CREDITOR | AMOUNT OWED[4] | APPLICABLE DEBTOR | DISPUTED, CONTINGENT OR UNLIQUIDATED | DESCRIPTION OF COLLATERAL |
|---|---|---|---|---|
| CDD | $71,500,000 | All | | The Property |
| AMT CADC Venture, LLC | $103,870,058 | All | | The Property |
| Sunshine State Cert III, LLLP | $327,691 | Town Center at Doral | Unliquidated | The portion of the Property owned by Town Center at Doral, LLC |
| BTI Bluegate FTCF, LLC | $549,758.43 | Town Center at Doral | Unliquidated | The portion of the Property owned by Town Center at Doral, LLC |
| BTI Bluegate FTCF, LLC | $139,220 | Landmark at Doral East, LLC | Unliquidated | The portion of the Property owned by Landmark at Doral East, LLC |
| Finance Southern Co. | $112,686 | Landmark at Doral East, LLC | Unliquidated | The portion of the Property owned by Landmark at Doral East, LLC |
| Finance Southern Co. | $116,675 | Landmark at Doral South, LLC | Unliquidated | The portion of the Property owned by Landmark at Doral South, LLC |
| BTI Bluegate FTCF, LLC | $41,169 | Landmark Club at Doral, LLC | Unliquidated | The portion of the Property owned by Landmark Club at Doral, LLC |
| Hilda Pico/Ocean Bank | $33,325 | Landmark Club at Doral, LLC | Unliquidated | The portion of the Property owned by Landmark Club at Doral, LLC |
| Miami-Dade County (2011 ad valorem taxes) | $490,348.08 | All | Unliquidated | The Property |

---

[4] This amount reflects the approximate principal amount, exclusive of interest, fees and costs.

**D.      The Proposed Plan of Reorganization**

10.      The Debtors commenced these cases due to their inability to renew, repay, or refinance their existing debt obligations, due to circumstances beyond their control, including the death of Elie Berdugo, the former principal of the Debtors, as well as current market conditions.

11.      Immediately prior to the Petition Date, the Debtors engaged in good faith negotiations with Terra World Investments, LLC ("Terra Investments"), a Florida limited liability company, regarding the terms of a proposed plan support agreement.

12.      Based upon the negotiations with Terra Investments and in an exercise of the Debtors' fiduciary duty, the Debtors intend to pursue confirmation of a plan of reorganization with Terra Landmark as the plan sponsor.

**E.      The Need to Value the Property**

13.      In order to successfully propose and confirm a plan of reorganization, the Debtors must establish the value of the Property, which serves as the sole source of collateral in these cases.  Specifically, the Debtors need to know the value of the Property to properly classify the CDD and AMT claims and determine the appropriate treatment for such claims under the plan.

14.      To the end, the Debtors retained Waronker & Rosen, Inc. ("Waronker") to prepare an appraisal of the Property.  Although a formal appraisal will not be available until after this Motion is filed, based on preliminary indications, the Debtor believes that the Property is worth approximately $40 million in the aggregate.

15.      As soon as the formal appraisal is available, the Debtors will file a copy with the Court.  To the extent the appraisal is inconsistent with the $40 million value set forth herein, the amount set forth in the appraisal shall govern.

## RELIEF REQUESTED

16.     By this Motion, the Debtors seek entry of an order valuing the Property at $40 million and granting such other relief as is appropriate under the circumstances.

17.     Bankruptcy Code section 506(a) provides, in pertinent part, that:

> [A]n allowed claim that is secured by a lien on property in which the estate has an interest...is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property...and is an unsecured claim to the extent that the value of such creditor's interest...is less than the amount of such claim.[5]

18.     Bankruptcy Rule 3012 grants the Court authority to determine the "value of a claim secured by a lien on property in which the estate has an interest on motion of any party in interest and after a hearing on notice to the holder of the secured claim."[6]

19.     Obtaining a valuation of the Property is a critical component of the Debtors' reorganization efforts.  Without a valuation, the Debtors will be hard pressed to properly classify and determine the treatment of the CDD and AMT claims.  Accordingly, the Debtors are requesting that the Court enter an order valuing the Property at $40 million, or in the event the Waronker appraisal contains a different valuation, the amount set forth in such appraisal.

---

[5]     11 U.S.C. § 506(a).

[6]     Fed. R. Bankr. P. 3012; *see also* Local Bank. R. 3012-1.

## NOTICE

Notice of this Motion has been given in accordance with Bankruptcy Rules 2002 and 3012, and Local Bankruptcy Rules 2002-1 and 3012-1 to all parties on the service list attached to the certificate of service for this Motion.  In light of the nature of the relief requested, the Debtor submits that no further notice is required.

WHEREFORE the Debtors respectfully request that the Court (i) grant the Motion, (ii) enter an Order valuing the Property at $40 million, or in the event the Waronker appraisal contains a different valuation, the amount set forth in such appraisal, and (iii) grant such other and further relief as the Court deems appropriate.

Date:  December 13, 2011                    Respectfully submitted,

BILZIN   SUMBERG   BAENA   PRICE   &
AXELROD LLP
*Attorneys for Debtors*
1450 Brickell Ave, Suite 2300
Miami, FL 33131
Telephone:  (305) 374-7580
Facsimile:  (305) 375-7593

By:    */s/ Mindy A. Mora*
        Mindy A. Mora
        Florida Bar No. 678910
        mmora@bilzin.com
        Tara V. Trevorrow
        Florida Bar No. 30959
        ttrevorrow@bilzin.com

## Exhibit A

**(Proposed Form of Order)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
<u>www.flsb.uscourts.gov</u>

In re:                                                              Case No.  11-35884-RAM

Town Center at Doral, LLC, et al.,
¹
                                                                     Chapter 11


                    Debtors.                              (Jointly Administered)
_____/

**[PROPOSED] ORDER GRANTING DEBTORS' MOTION TO VALUE COLLATERAL**

       THIS MATTER came before the Court on _____ at _____ _.m. upon *Debtors'*

*Motion to Value Collateral* [ECF No. __] (the "<u>Motion</u>").  The Court, having determined that (i)

the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) venue is

---

¹    The last four digits of each Debtor's tax identification number are: (i) Town Center at Doral, LLC [1866]; (ii) Landmark at Doral East, LLC [6616]; (iii) Landmark at Doral South, LLC [6676]; (iv) Landmark Club at Doral, LLC [6797]; and (v) Landmark at Doral Developers, LLC [6762].  The Debtors' mailing address is 701 W. Cypress Creek Road, Suite 303, Fort Lauderdale, Florida 33309.

proper pursuant to 28 U.S.C. § 1408, and (iii) due and sufficient notice of the Motion was provided and that no other or further notice need be provided, it is

ORDERED as follows:

1.      The Motion is GRANTED.

2.      The Court has determined that the value of the Property[2] is $__ million.

3.      This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

* * *

Submitted by:
Mindy A. Mora, Esq
Bilzin Sumberg Baena Price & Axelrod, LLP
1450 Brickell Avenue, Suite 2300
Miami, FL 33131

Copy furnished to:
Mindy A. Mora, Esq., who shall serve a copy of this order on all interested parties and file a certificate of service

---

[2]        Capitalized terms not defined herein have the meaning given to them in the Motion.