Page 1

1        UNITED STATES BANKRUPTCY COURT
            SOUTHERN DISTRICT OF FLORIDA
2

3
    IN RE:                    CASE NO. 11-35884-BKC-RAM
4
    TOWN CENTER AT DORAL,
5   L.L.C.,

6            Debtor.
    _____/
7

8         *** EXCERPT FROM PROCEEDINGS ***
                 JUDGE'S RULING
9
    MOTION TO OBTAIN CREDIT PURSUANT TO SECTIONS 105(a)
10   AND 364(c), IN ADDITION TO MOTION TO APPROVE PLAN
     TERM SHEET AND REIMBURSEMENT OF EXPENSES FILED BY
11  DEBTOR (45); MOTION TO ESTABLISH PROCEDURES NUNC PRO
    TUNC TO THE PETITION DATE TO PERMIT MONTHLY PAYMENT
12       OF INTERIM FEE APPLICATIONS OF CHAPTER 11
    PROFESSIONALS FILED BY DEBTOR; MOTION FOR RELIEF FROM
13     STAY FILED BY INTERESTED PARTY LANDMARK AT DORAL
             COMMUNITY DEVELOPMENT DISTRICT (35)
14
15                  December 5, 2011

16

17        The above-entitled cause came on for

18  hearing before the HONORABLE ROBERT A. MARK, one of

19  the Judges sitting in the UNITED STATES BANKRUPTCY

20  COURT, in and for the SOUTHERN DISTRICT OF FLORIDA,

21  at 51 Southwest 1st Avenue, Miami, Dade County,

22  Florida on Monday, December 5, 2011, commencing at

23  or about 10:00 a.m., and the following proceedings

24  were had:

25                    Reported By: Margaret Franzen

```
 1                    APPEARANCES:
 2
         BILZIN SUMBERG BAENA PRICE & AXELROD, by
 3           MINDY A. MORA, ATTORNEY-AT-LAW
           TARA V. TREVORROW, ATTORNEY-AT-LAW
 4                on behalf of the Debtor
 5
             GENOVESE JOBLOVE & BATTISTA, by
 6               GLENN D. MOSES, ESQUIRE
     on behalf of the Official Committee of Unsecured
 7                       Creditors
 8
             STEARNS WEAVER MILLER WEISSLER
 9              ALHADEFF & SITTERSON, by
          PATRICIA A. REDMOND, ATTORNEY-AT-LAW
10          on behalf of the Landmark at Doral
              Community Development District
11
12                BERGER SINGERMAN, by
                   JORDI GUSO, ESQUIRE
13         DEBI EVANS GALLER, ATTORNEY-AT-LAW
             on behalf of Terra Landmark, LLC
14
15                GREENBERG TRAURIG, by
              JOHN B. HUTTON, III, ESQUIRE
16                JOHN DODD, ESQUIRE
       on behalf of U.S. Bank as Indenture Trustee
17
18                  BROAD & CASSEL, by
                 C. CRAIG ELLER, ESQUIRE
19      on behalf of AmT CADC Joint Venture, LLC
20
                    ARNSTEIN & LEHR, by
21             PHILLIP HUDSON, III, ESQUIRE
                          and
22               HOPPING GREEN & SAM, by
              MICHAEL C. ECKERT, ESQUIRE
23       on behalf of Florida Prime Holding, LLC
24                                  Continued.....
25
```

```
 1
           MIAMI-DADE COUNTY ATTORNEY'S OFFICE, by
 2            MELINDA S. THORNTON, ATTORNEY-AT-LAW
       on behalf of the Miami-Dade County Tax Collector
 3
 4          OFFICE OF THE UNITED STATES TRUSTEE, by
                 STEVEN D. SCHNEIDERMAN, ESQUIRE
 5            on behalf of the United States Trustee

 6
                          ALSO PRESENT:
 7
                          CRAIG WRATELL
 8                         BRIAN PEARL

 9
10                       - - - - - - - -
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

1           *** EXCERPT FROM PROCEEDINGS ***
2           THE COURT:  I'm going to overrule that with
3   the cap that's been placed on it.
4           All right.  So on the motion to obtain
5   credit pursuant to Section 105(a) and 364(c) of
6   the Bankruptcy Code, in addition to the motion to
7   approve plan term sheet and reimbursement of
8   expenses, Court Paper 45, the Court has
9   considered the motion and attachments, the
10  objection, which was at Docket Entry 54, joined
11  in by other parties, and the modified form of
12  order, which no longer includes approval of the
13  term sheet separate from provisions that are in
14  the financing, itself, and subject to certain
15  changes that have been discussed and will be
16  placed on the record, the Court is going to
17  approve the financing as necessary, and in the
18  best interest of the debtor in its efforts to
19  propose a plan that may provide distributions to
20  creditors, other than the first lien holder, and
21  does not appear to be unbalanced with the changes
22  that have been made.
23          That is to say, the Court finds the
24  super priority provisions acceptable, even with
25  respect to funds advanced for professional fees

1  to Terra in the event that there is a sale
2  through bankruptcy or a plan by a competing
3  bidder that brings money into the estate.
4           Terra, and this needs to be put into
5  the order, has agreed that its super priority
6  lien would not attach to the recovery of
7  avoidance actions, but rather, to the extent of
8  those funds, would be a 503 administrative claim
9  on equal footing with other, if any, unpaid
10 administrative claims.
11          And then the other provision, which
12 I'll come back to, which we discussed earlier,
13 would be to revise the -- let's see where it was.
14 Where was that language that you had about
15 amendments, that was on Page 6?
16          MR. HUTTON:  That was on Pages 6 and 21,
17 your Honor.
18          THE COURT:  Okay.  All right.  So without
19 taking the time to specifically draft it, the concept
20 that I would require you to put in in place of those
21 provisions, would be to authorize and direct the
22 debtor to use available funds from the facility to
23 maintain and preserve the property, and to cooperate
24 with The District in determining what those
25 expenditures and amounts should be; and more

1  specifically, to provide for The District, and you
2  can discuss whether they can do it now or if they
3  need -- how much time they need, but for The District
4  to request reimbursement for any postpetition amounts
5  that have already been expended or to pay invoices
6  for services that have been rendered postpetition,
7  and to further advise the debtor of what The District
8  believes are the necessary expenditures, both
9  qualitatively and quantitatively; for the debtor
10 then, within the general authority and requirement
11 that I'm requiring you to put in here, will either --
12 will just hopefully pay some agreed upon amount at
13 this point without the need for a further order to
14 reimburse The District for any expenses already paid,
15 or to reach agreement with The District on ongoing
16 expenses, then putting in a provision for the Court
17 to resolve any disputes over interpretation of this
18 provision, something close to that.
19         But let's -- I don't really want,
20 unless, Ms. Redmond, you think that what Ms. Mora
21 puts in the order is not close to that, to really
22 be fighting over the language of the order.  My
23 purpose here is to try to get this in place and
24 hope for the best, that in the grand scheme of
25 things with the amounts at issue here and the

Page 7

1  amounts being spent for professional fees, that
2  there won't be a disproportionate amount of
3  professional time spent arguing over maintenance
4  issues.
5           It doesn't have to be in the order, but
6  in light of what Ms. Redmond said earlier in the
7  hearing, there should be some discussion, too,
8  with access so that if The District is trying to
9  get in there and you need them to open the locks,
10 I'm not sure if they're accusing you of like
11 going out there with lock --
12          MS. REDMOND:  Your Honor, I don't know --
13          THE COURT:  -- cutters.
14          MS. REDMOND:  -- anything about that.  You
15 know, if Ms. Mora would have called me and said there
16 was a problem, I would have investigated it, but I
17 just have no response at this time.
18          MS. MORA:  Well, we'd simply ask, Judge,
19 that ---
20          THE COURT:  It might not have been them, it
21 might have been weed bandits.
22          MS. MORA:  It could have been, Judge.
23          MS. REDMOND:  It could have been people
24 breaking into the property, I don't know what it was,
25 I can find out, but again, if I would have known in

1  advance, I would have been prepared to respond today.
2          MS. MORA:  Well, we simply ask that The
3  District respect our ownership of the property and if
4  it's seeking access, to do so with a District
5  representative --
6          THE COURT:  Yeah, okay.
7          MS. MORA:  -- debtor representative.
8          THE COURT:  Well, that should be part of
9  the cooperation over maintenance and preservation
10 costs, cooperation over access to the property.
11         Who's going to be responsible if
12 there's an Occupy Doral movement?
13         MR. SCHNEIDERMAN:  One more clarification,
14 your Honor, and I know I'm striking out today, but on
15 the promissory note.
16         THE COURT:  I don't know if you're keeping
17 score, I think you got significant protection in the
18 event of avoidance actions, if there are any.
19         MR. SCHNEIDERMAN:  Your Honor, my concern
20 over the interest rate issue, if the -- if Terra is
21 allowed an administrative claim, the promissory note
22 provides that the default interest rate after
23 maturity will continue until paid.
24         If this goes through a plan and they're
25 not going to be paid from avoidance actions, but

1   there's other recovery, I don't know what that
2   can be, there should not be an interest rate once
3   it's determined that the debtors' plan is not
4   going forward, the interest rate should go away.
5   It should be whatever the amount of the claim is.
6             You don't pay interest going on -- now
7   I'm not sure if that would apply in a Chapter 7
8   if it got converted, how the claim would go
9   forward, but this promissory note provides for
10  interest accruing until paid in full, and as an
11  administrative claim, I think we need to somehow
12  cap it or put a finite end to when the interest
13  continues to accrue.
14            It goes from 14 up to 18 percent at
15  maturity, which I believe is in April.
16            THE COURT:  But if this gets delayed and
17  somebody else confirms a plan, maybe consensually
18  with some of the other parties in interest, and it
19  gets confirmed next summer, they've negotiated an
20  interest rate on the money they've put out.  Where
21  would we cut it off, and wouldn't cutting it off just
22  be retrading the deal that they made and that's been
23  approved?
24            MR. SCHNEIDERMAN:  Well, you already
25  overruled me on the objection of borrowing money to

1  pay themselves, which I am not going to push that
2  issue any longer, your Honor.
3              I guess the answer comes if the case
4  gets ---
5              THE COURT:  Well, it's sort of themselves.
6  I mean, it's not the same entity.  Terra is putting
7  the money out, but it's going to the attorneys, but
8  they're still out the money.
9              MR. SCHNEIDERMAN:  Your Honor, they came in
10 hand and hand with the attorneys.
11             THE COURT:  All right.  Well, actually
12 we're back peddling to some extent.
13             MR. SCHNEIDERMAN:  I guess in the event the
14 case gets converted, the interest doesn't go forward,
15 so in that event, it may be it's resolved.  If
16 somebody else comes in and confirms a plan, then they
17 get paid.
18             THE COURT:  I mean, as a practical matter
19 here, we're probably not looking at a big battle with
20 other administrative claimants.  I guess the question
21 is, if there's a -- if there's any sizeable avoidance
22 actions down the road, how big is their
23 administrative claim going to be before money reaches
24 other creditors, but I'll overrule that objection and
25 allow the financing to proceed on that basis.

```
 1              Okay.  So I think we're done.  I'm
 2  going to do the stay relief order.  Ms. Mora,
 3  you'll submit the other two orders --
 4           MS. MORA:  Correct.
 5           THE COURT:  -- and what's next?  You're
 6  going to file -- tell me about the timing on
 7  valuation versus disclosure.
 8  * * * * * * * * * * * * * * * * * * * * * * *
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

1
2
3               CERTIFICATION
4
5  STATE OF FLORIDA:
6  COUNTY OF DADE:
7
8           I, Margaret Franzen, Shorthand Reporter
9  and Notary Public in and for the State of Florida
10 at Large, do hereby certify that the foregoing
11 proceedings were taken before me at the date and
12 place as stated in the caption hereto on Page 1;
13 that the foregoing computer-aided transcription is
14 a true record of the excerpt requested of my
15 stenographic notes taken at said proceedings.
16           WITNESS my hand this 6th day of
17 December, 2011.
18
19
20         _____
           Margaret Franzen
21       Court Reporter and Notary Public
      in and for the State of Florida at Large
22       My Commission Expires: April 14, 2014
23
24
25