UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Case No. 11-35884-RAM |
| TOWN CENTER AT DORAL, L.L.C.,<br>*et al.,* | Chapter 11 |
|                Debtors.<br>_____/ | (Jointly Administered) |

**NOTICE OF SERVICE OF SUBPOENA DUCES TECUM ON
NON-PARTY FOR PRODUCTION OF DOCUMENTS WITHOUT DEPOSITION**

NOTICE is hereby provided pursuant to Rule 45(b)(1) that on December 19, 2011, or as soon thereafter as practicable, Landmark at Doral Community Development District (the "**District**"), through undersigned counsel, will cause the Subpoena attached hereto as <u>Exhibit A</u> to be served upon LEE H. WARONKER, MAI, SRA, WARONKER & ROSEN, INC., for the production of documents due on or before **January 3, 2012 at 4:30 p.m**. The Subpoena is being served pursuant to Rules 26, 30, and 45, Fed. R. Civ. P., Rules 1018, 7026, 7030, 9014, 9016, Fed. R. Bankr. P., and Local Rules 7026-1, 9014-1 and 9016-1, in connection with discovery related to the *Debtors' Motion to Value Collateral* [ECF No. 81].

Dated:  December 19, 2011.

                                              Respectfully submitted,

                                              STEARNS WEAVER MILLER
                                              WEISSLER ALHADEFF & SITTERSON, P.A.
                                              *Counsel for the District*
                                              Museum Tower, Suite 2200
                                              150 West Flagler Street
                                              Miami, Florida 33130
                                              Phone:     (305) 789-3553
                                              Fax:       (305) 789-3395

                                              By: *<u>/s/ Patricia A. Redmond</u>*
                                                  PATRICIA A. REDMOND
                                                 Florida Bar No. 303739
                                                 predmond@stearnsweaver.com

Case No. 11-35884-RAM

## **CERTIFICATE OF SERVICE**

I CERTIFY that on December 19, 2011, the foregoing Notice was served as follows:

(i) by transmission of Notices of Electronic Filing generated by CM/ECF to those counsel or parties who are registered to receive Notice of Electronic Filing in this case, and (ii) by U.S. Mail to those parties not registered to receive Notice of Electronic Filing in this case, as indicated on the Service List attached hereto as Exhibit B.

    /s/ *Patricia A. Redmond*
Patricia A. Redmond

#1418378 v1
2

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                                    SUBPOENA IN A CASE UNDER
                                                          THE BANKRUPTCY CODE
Town Center at Doral, LLC, et al.,
                                                          Case No: 11-35884-RAM
_____Debtor._____ /                           Chapter   11

To:    Lee H. Waronker, MAI, SRA              Lee H. Waronker, MAI, SRA
       Waronker & Rosen, Inc.                 Waronker & Rosen, Inc.
       5730 S.W. 74th Street, Suite 200       10242 N.W. 47th Street, Suites 40/41
       Miami, Fl 33143                        Sunrise, Florida 33351

[ ]    YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date and time
       specified below to testify in the above jointly administered cases.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

[ ]    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of
       a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

[ X ]  YOU ARE COMMANDED to produce and permit inspection and copying of the documents or objects
       listed on **Exhibit A** at the place, date, and time specified below:

| PLACE<br>**The Offices of Stearns Weaver Miller Weissler**<br>**Alhadeff & Sitterson, P.A.**<br>**Museum Tower**<br>**150 West Flagler, Suite 2200**<br>**Miami, Florida 33130** | DATE AND TIME:<br><br>**Tuesday, January 3, 2012 at 4:30 p.m.** |
|---|---|

       Any organization not a party to this proceeding that is subpoenaed for the taking of a deposition shall
designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf,
and may set forth, for each person designated, the matters on which the person will testify, Rule 30(b)(6), Federal
Rules of Civil Procedure, made applicable in bankruptcy cases and proceedings by Rules 1018, 7030, and 9014,
Federal Rules of Bankruptcy Procedure.

| ISSUING OFFICER SIGNATURE<br>*[signature]* | TITLE<br>Counsel to Landmark at Doral Community<br>Development District |
|---|---|
| ISSUING OFFICER'S NAME (PRINT)<br>Patricia A. Redmond, Esq. (FL Bar No. 303739) | PHONE<br>305-789-3553 |
| ADDRESS<br>Stearns Weaver Miller Weissler Alhadeff & Sitterson,<br>P.A. . Museum Tower, Suite 2200, 150 West Flagler<br>Street, Miami, FL 33130 | DATE<br><br>December 19, 2011 |
| *If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the<br>district under the case number. | |

| PROOF OF SERVICE | |
|---|---|
| DATE | PLACE |

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c) (d), and (e), as amended on December 1, 2006, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
   (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
   (2)(A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
   (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises - or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
   (3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
      (i) fails to allow reasonable time for compliance;
      (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
      (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) If a subpoena
      (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
      (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
      (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash

or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified
conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
   (1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
   (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
   (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
   (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
   (2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
   (B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.
(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# EXHIBIT A

## DEFINITIONS

1. "Bankruptcy Code" means the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*, as amended.

2. "Bankruptcy Court" means the United States Bankruptcy Court for the Southern District of Florida.

3. "Bankruptcy Case" means the jointly administered chapter 11 cases entitled In re *Town Center at Doral, LLC, et al.*, commenced on September 19, 2011, when each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court.

4. "Communications" means any transmittal of information by any means or any response thereto by any means.

5. "Concerning" means, directly or indirectly, in whole or in part, containing, constituting, contradicting, controverting, corroborating, demonstrating, describing, discussing, disputing, embodying, evidencing, identifying, memorializing, mentioning, pertaining to, proving, rebutting, recording, refuting, referring to, reflecting, relating to, showing, substantiating, summarizing, supporting, arising out of or in connection with, or in any way legally, logically, or factually connected with.

6. "Contested Matter" means any hearing on the Valuation Motion.

7. "Debtors" means the following entities in the Bankruptcy Cases, along with the last four digits of each Debtor's federal tax identification number: Town Center at Doral, LLC (Tax I.D. No. '1866), Landmark at Doral East, LLC (Tax I.D. No. '6616), Landmark at Doral South, LLC (Tax I.D. No. '6676), Landmark at Doral Developers, LLC (Tax I.D. No. '6797), and Landmark Club at Doral, LLC (Tax I.D. No. '6762).

8. "District" means the Landmark at Doral Community Development District.

1

9. "Document" means any writing, recording, electronically stored information, photograph, or other tangible or intangible thing from which information may be obtained or derived, including, without limitation: original or exact copies of any tangible written, typed, printed, electronic, photographed, or other form of recorded or graphic matter of every kind or description, however produced or reproduced, whether mechanically or electronically recorded, draft, final, original, reproduction, signed or unsigned, regardless of whether approved, signed, sent, received, redrafted, or executed, and whether handwritten, typed, printed, photostatted, duplicated, carbon or otherwise copied or produced in any other manner whatsoever. Without limiting the generality of the foregoing, "document" shall include communications, correspondence, letters, telegrams, telexes, mailgrams, e-mails, text messages, instant messaging records or logs, calendars, diaries, memoranda (including interoffice memoranda, intraoffice memoranda, memoranda for files, and memoranda of telephone, meeting, or other conversations), notes or notations, minutes, booklets, books, drawings, graphs, charts, telephone records, telephone messages, voicemail messages, video cassettes, electronic tapes, microfilms, discs or other recordings, computer programs, printouts, data cards, studies, analysis and other data compilations from which information can be obtained. Copies of documents which are not identical duplications of the original, or which contain additions to or deletions from the originals, or copies of documents which are identical duplications of the originals if the originals are not available, shall be considered to be separate documents. The term also refers to and includes all metadata associated with the subject document.

10. "Person" means the singular or plural natural person, corporation, partnership, association, organization, government (including all instrumentalities, officers, agents, and subdivisions thereof), and all other business, legal, or artificial entities.

11. "Petition Date" means September 19, 2011.

12.     "Property" means all of the real property located in Miami-Dade County Florida, consisting of approximately 120 contiguous acres of land located on the east side of NW 107 Avenue and the north side of NW 58 Street, a majority of which is zoned TND (Traditional Neighborhood Development) with the remainder zoned IU-1 (for flex office development allowing for light industrial development, and also consisting of 16 tracts of vacant land except for an unfinished 4-level parking garage.

13.     "Request" means a request contained in the SPECIFIC REQUESTS section, *infra*.

14.     "Valuation Motion" means *Debtors' Motion to Value Collateral* [ECF No. 81].

15.     "Waronker" means Waronker & Rosen, Inc.

16.     "You" or "Your" means Waronker.

### INSTRUCTIONS

1.      The documents covered by the Requests include all documents in your possession, custody, or control, regardless of whether such documents or materials are possessed directly by you or your professionals, advisors, directors, officers, partners, associates, subsidiaries, affiliates, successors, accountants, investigators, managers, members, shareholders, representatives, employees, attorneys, agents, third party cloud providers, and any other persons or entities acting on your behalf or under your control.

2.      Each Request shall be deemed to be continuing in nature. If at any time additional documents come into your possession, custody, or control or are brought to your attention, prompt supplementation of your response to the Requests is required.

3.      Documents shall be produced in the manner in which they are maintained in the usual course of the business. The documents shall be organized and labeled to correspond with the categories in the Requests. Each Request for a document shall be deemed to include a request for any and all file folders within which the document was contained, transmittal sheets,

cover letters, exhibits, enclosures, or attachments to the document, in addition to the document itself.

4. Documents shall be produced in such fashion as to identify the department, branch, or office in which they were located and, where applicable, the natural person in whose possession it was found and the business address of each document's custodian(s). Each page produced in response to these Requests shall be stamped with a unique prefix, or otherwise identified, such that the source of each page or document produced is apparent. At a minimum, the entity producing the document shall be apparent.

5. As to any document requested but withheld based on your assertion of any privilege or immunity, please set forth: (i) the title of the document; (ii) the type of document (*e.g.*, letter, note, memorandum, etc.); (iii) the date of the document; (iv) the subject matter of the document; (v) the identities of all persons who authored the document, or assisted in its preparation, or in whose name the document was prepared; (vi) the identities of all persons to whom the document was addressed; (vii) the identities of all other persons to whom the document was sent, or who received, have seen, have had possession or custody of, or have had disclosed to them the contents of, the document or any copies thereof; and (viii) sufficient information regarding the grounds for withholding the document to explain the claim of privilege or immunity.

6. If any document requested herein has been destroyed or lost, provide in lieu of the true and correct copy thereof a description of the document so lost or destroyed, together with the following information: (i) the date of the document; (ii) a brief description of the document; (iii) the author of the document; (iv) the date upon which the document was destroyed or lost; and (v) a brief statement regarding the manner in which the document was lost or destroyed.

7. Documents attached to each other shall not be separated.

8.     Any word written herein in the singular shall be construed as plural or vice versa as necessary in order to bring within the scope of the Request all documents that might otherwise be construed to be outside its scope.

9.     The terms "and" as well as "or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of the Request all documents that might otherwise be construed to be outside its scope.

10.    The terms "all" and "each" shall be construed as "all and each."

11.    If any copy of any document for which production is sought, whether a draft or a final version, is not identical to any other copy thereof, by reason of alterations, notes, comments, initials, underscoring, indication of routing or other material contained thereon or attached thereto, such non-identical copy shall be produced separately.

12.    If you consider any term in any Request to be vague or capable of more than one meaning, identify the meaning you are ascribing to such term, then respond to the Request as construed with such word given such meaning.

13.    Each Request shall be construed independently. No Request should be construed by reference to any other Request for the purpose of limiting the scope of response to such Request unless stated otherwise.

## RELEVANT TIME PERIOD

Unless otherwise stated, the "Relevant Time Period" for the Requests is from the earlier of the date Waronker was first retained by the Debtors or the Petition Date to the present.

## ELECTRONICALLY STORED INFORMATION

The Requests call for the production of electronically stored information ("ESI")and ESI shall be produced in native form. In searching for electronic documents responsive to these Requests, you shall search for all such electronic documents regardless of the form in which the document exists or the location in which it is stored. Among other places, you shall search for

5

electronic documents stored on all servers, networks, hard drives, desktop computers, notebook computers, personal digital devices, all back-up storage tapes, and with any third party cloud providers.

## SPECIFIC REQUESTS

Please produce the following documents for the Relevant Time Period:

1. All Documents and Communications concerning the Property, including but not limited to every one of Waronker's files relating to the Property.

2. All appraisals and other Documents and Communications concerning Waronker's estimate or opinion of the value at any time, of all or any part of the Property, and any drafts, modifications, amendments or updates to those appraisals or other Documents and Communications.

3. All Documents and Communications concerning internal or external communications or data compilations prepared or received by Waronker in connection with its work in the Bankruptcy Cases, including without limitation all such Documents and Communications received from or sent to the Debtors or counsel for the Debtors.

4. All Documents and Communications concerning any part of the Property which Waronker did not value for any reason, and all Documents and Communications concerning the basis for any such exclusion.

5. All accounting records or other Documents and Communications concerning the accounting of any items of income, expense, profit or loss relating to the Property.

6. All projections of future income for the Property whether prepared by Waronker or any third party.

7. All Documents and Communications concerning any oral or written statements of fact or opinion concerning the Property whether by Waronker or any third parties.

6

8. All data, notes, calculations or other information, or other Documents and Communications that has been or will be relied upon by Wanoker in formulating Wanoker's findings and opinions in this Contested Matter.

9. All data, notes, calculations or other Documents and Communications that has been seen, heard, read or considered by Waronker in formulating its findings and opinions in this Contested Matter.

10. All invoices or other billing statements concerning Waronker's work in the Bankruptcy Case.

11. The current curriculum vitae or resume for Lee H. Waronker.

12. All published Documents and Communications authored by Lee H. Waronker, including, but not limited to, books, articles, periodicals or continuing education materials.

13. All Documents and Communications concerning alternative valuation of the Property based upon the existing entitlements and/or infrastructure or upon proposed changes to the entitlements, infrastructure or PUD.

# EXHIBIT B

**SERVICE LIST**

*Via CM/ECF*

Jere L. Earlywine
jearlywine@hgslaw.com
*Counsel for Florida Prime Holdings, LLC*

C Craig Eller
celler@broadandcassel.com
*Counsel for AmT CADC Venture, LLC*

Jordi Guso
jguso@bergersingerman.com
fsellers@bergersingerman.com
efile@bergersingerman.com
*Counsel for Terra World Investments, LLC*

Phillip M. Hudson III
pmhudson@arnstein.com; rkcummings@arnstein.com
jtunis@arnstein.com; hbabcock@arnstein.com
hpiloto@arnstein.com; akang@arnstein.com
befernandez@arnstein.com
*Counsel for Florida Prime Holdings, LLC*

John B. Hutton III
huttonj@gtlaw.com; thompsonc@gtlaw.com
mialitdock@gtlaw.com; miaecfbky@gtlaw.com
*Counsel for U.S. Bank National Association as Trustee*

Mindy A. Mora
mmora@bilzin.com; laparicio@bilzin.com
cvarela@bilzin.com; eservice@bilzin.com
lflores@bilzin.com; abeck@bilzin.com
*Counsel for Landmark Club at Doral, LLC*

Glenn D Moses
gmoses@gjb-law.com; gjbecf@gjb-law.com
*Counsel for Committee Creditor Committee*

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Melinda S Thornton
cao.bkc@miamidade.gov
*Counsel for Miami-Dade County Tax Collector*

**Manual Notice List**

The following is the list of **parties** who are **not** on the list to receive email notice/service for this case, who will therefore be served via U.S. Mail.

Michael Eckert
119 S. Monroe Street #300 (32301)
POB 6526
Tallahassee, FL 32314

Daniel Y. Gielchinsky
1450 Brickell Ave #2300
Miami, FL 33131

#1417457 v1