UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Case No. 11-35884-RAM |
| Town Center at Doral, LLC, et al.,[1] | Chapter 11 |
| Debtors. | (Jointly Administered) |
| _____/ | |

**DEBTORS' MOTION FOR PROTECTIVE ORDER**

TOWN CENTER AT DORAL, LLC, LANDMARK AT DORAL EAST, LLC, LANDMARK AT DORAL SOUTH, LLC, LANDMARK AT DORAL DEVELOPERS, LLC, AND LANDMARK CLUB AT DORAL, LLC (collectively the "<u>Debtors</u>"), by and through undersigned counsel, pursuant to Rule 30 of the Federal Rules of Civil Procedure ("<u>Federal Rules</u>"), made applicable to this proceeding by Rules 7030 and 9014 of the Federal Rules of Bankruptcy Procedure ("<u>Bankruptcy Rules</u>"), and Rules 7026-1(E)(2), 7030-2 and 9014-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of Florida ("<u>Local Rules</u>"), files this Motion for Protective Order (the "<u>Motion</u>") and in support hereof states as follows:

**JURISDICTION AND VENUE**

1.   This Court has jurisdiction to entertain this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1]   The last four digits of each Debtors' tax identification number are: (i) Town Center at Doral, LLC [1866]; (ii) Landmark at Doral East, LLC [6616]; (iii) Landmark at Doral South, LLC [6676]; (iv) Landmark Club at Doral, LLC [6797]; and (v) Landmark at Doral Developers, LLC [6762].  Debtors' mailing address is 701 W. Cypress Creek Road, Suite 303, Fort Lauderdale, Florida 33309.

## BACKGROUND

A.  **General Background**

1. On September 19, 2011 (the "Petition Date"), Debtors filed voluntary petitions under Chapter 11, Title 11 of the United States Code.

2. On October 20, 2011, the United States Trustee appointed the Joint Committee of Creditors Holding Unsecured Claims (the "Creditors' Committee") in Debtors' cases (the "Chapter 11 Cases").

3. Debtors are in possession of their respective properties as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

4. Each of Debtors is a Florida limited liability company.

B.  **The Property**

5. Debtors are the fee simple owners of land (approximately 120 contiguous acres) located on the east side of NW 107th Avenue and the north side of NW 58th Street in Doral, Florida, a majority of which is zoned TND (Traditional Neighborhood Development), with the remainder zoned IU-1 (for flex office development allowing for light industrial development) (the "Property").

6. The Property consists of 16 individual tracts of land that remain undeveloped with the exception of an unfinished 4-level parking garage. Prior to the Petition Date, Debtors had sought and obtained approvals for the development of residential units (townhomes and condominiums), retail/office/mixed use, and flex office at the Property.

7. Prior to the Petition Date, Debtors were actively engaged in preparing the Property for a development to be called "Landmark at Doral", consisting of 11 acres of industrial/flex office, 17 acres of mixed use, and 89 acres of multifamily residential dwellings.

After development, the Property was to consist of 188,000 square feet of retail and office, 230,000 square feet of flex office, and 1,109 residential units, featuring an assortment of elevations and architecture thereby creating a community reminiscent of former small towns in suburbs throughout the U.S. and abroad.

**C.    Reasons for Filing**

8.    Debtors commenced the Chapter 11 Cases due to their inability to renew, repay, or refinance their existing debt obligations, due to circumstances beyond their control, including the death of Elie Berdugo, the former principal of Debtors, as well as current market conditions.

**D.    The Contested Matter and Requested Discovery**

9.    Creditor Landmark at Doral Community Development District (the "District") filed its *Motion of the District to Terminate Exclusivity* [ECF No. 83] (the "Contested Matter") on December 14, 2011 and requested an expedited hearing. The hearing has been scheduled for December 22, 2011, at 10:00 a.m.

10.    On the evening of December 15, 2011, the District's counsel communicated a request to Debtors' counsel to informally schedule a deposition of Mr. Isaac Kodsi, Vice President of Debtors, to occur before the hearing on the Contested Matter.

11.    While Debtors' counsel was communicating with the District's counsel regarding a deposition of Debtors' representative, the District unilaterally chose December 21, 2011 as the date of the deposition, and filed and served its purported Notice of Deposition of Debtors' Designated Representative(s), pursuant to Rule 30(b)(6) [ECF No. 91]  (the "30(b)(6) Deposition Notice") and its purported Notice of Deposition of Isaac Kodsi, Vice President of Debtors [ECF No. 92] (the "Kodsi Deposition Notice").

## RELIEF REQUESTED

12. Debtors request that the Court enter an order (i) quashing the 30(b)(6) Deposition Notice, and (ii) quashing the Kodsi Deposition Notice.

13. Under Local Rules 7030-2 and 9014-1, Debtors are entitled to fourteen (14) days notice of a deposition unless otherwise stipulated.

14. The 30(b)(6) Deposition Notice and the Kodsi Deposition Notice were served and filed on December 16, 2011, and called for both depositions to occur five (5) days later, on December 21, 2011 at 10:00 a.m. There has been no stipulation as to a date on which to conduct the depositions. Both deposition notices are therefore defective.

15. The 30(b)(6) Deposition Notice and the Kodsi Deposition Notice each contain a list of fifteen (15) broad and far-reaching categories of documentation that the District has demanded that Debtors produce at the deposition. These materials will take several weeks to gather, review and produce.

16. Mr. Kodsi and counsel have been unable to accommodate the District's request for a deposition to occur prior to the hearing on the Contested Matter. Debtors' counsel conducted the deposition of the District's representative during most of the day on December 19, 2011, and are presently preparing a response to the Contested Matter, as well as working to finalize and file the Disclosure Statement in support of the Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code. In addition, Debtor's counsel are reviewing and filing the real property appraisal obtained by Debtors in connection with Debtors' pending Motion to Value Collateral [ECF No. 81] as well as responding to discovery demands served by the District in connection therewith.

17. Debtors are not opposed to reasonable discovery requests propounded according to the Rules of Federal Procedure, Bankruptcy Rules, and Local Rules. To the extent that the District seeks an expedited deposition and vast discovery of documents relating to pending matters mere days before the scheduled hearing date, Debtors object.

18. Debtors respectfully submit that the District's decision to request that the Contested Matter be heard on an expedited basis created an emergency of the District's own making, and does not invalidate the procedural safeguards to which Debtors are entitled.

19. Since the 30(b)(6) Deposition Notice and the Kodsi Deposition Notice were improperly scheduled without Debtors' consent on less that fourteen (14) days' notice, they are invalid and should be quashed.

## LOCAL RULE 7026-1(F) CERTIFICATE

20. Undersigned counsel hereby certifies that he has conferred with counsel for the District in a good faith effort to resolve the issues raised by this Motion and have been unable to do so.

## CONCLUSION

**WHEREFORE**, Debtors respectfully request that the Court enter an order (i) quashing the District's 30(b)(6) Deposition Notice, (ii) quashing the District's Kodsi Deposition Notice and (iii) granting such other and further relief as this Court deems just and proper.

Dated: December 20, 2011

> **I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court set forth in Local Rule 2090-1(A).
>
> Respectfully submitted,

BILZIN SUMBERG BAENA PRICE & AXELROD LLP
*Counsel for Debtors*
1450 Brickell Avenue, Suite 2300
Miami, FL 33131
Telephone: (305) 374-7580
Facsimile: (305) 375-7593

By: /s/ Mindy A. Mora
    Mindy A. Mora
    Florida Bar No. 678910
    mmora@bilzin.com
    Daniel Y. Gielchinsky
    Admitted *Pro Hac Vice*
    dgielchinsky@bilzin.com

CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2011, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record who have appeared in this case. And I hereby certify that in the case of parties for whom counsel has not yet appeared, a copy of the foregoing will be sent via first class mail to the parties at their last known address.

/s/ Daniel Y. Gielchinsky
Daniel Y. Gielchinsky, Esq.
