**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Case No. 11-35884-RAM |
| Town Center at Doral, LLC, et al., | Chapter 11 |
| Debtors. _____/ | (Jointly Administered) |

**NOTICE OF SERVICE OF SUBPOENA DUCES TECUM ON**
**NON-PARTY FOR PRODUCTION OF DOCUMENTS WITHOUT DEPOSITION**

NOTICE is hereby provided pursuant to Rule 45(b)(1) that on December 22, 2011, or as soon thereafter as practicable, Town Center at Doral, LLC, et al. (the "**Debtors**"), through undersigned counsel, will cause the Subpoena attached as Exhibit A to be served upon WOODWORD S. HANSON, MAI, HREA, c/o Patricia A. Redmond, Esq. for the production of documents due on or before **January 5, 2012 at 4:30 p.m.** The Subpoena is being served pursuant to Rules 26, 30, and 45, Fed. R. Civ. P., Rules 1018, 7026, 7030, 9014, 9016, Fed. R. Bankr. P., and Local Rules 7026-1, 9014-1 and 9016-1, in connection with discovery related to the *Debtors' Motion to Value Collateral* [ECF No. 81].

Dated: December 22, 2011

    Bilzin Sumberg Baena Price & Axelrod LLP
    *Counsel for the Debtors*
    1450 Brickell Avenue, Suite 2300
    Miami, FL 33131
    Telephone: (305) 374-7580
    Facsimile: (305) 375-7593

    By: /s/ Mindy A. Mora
        Mindy A. Mora
        Fla. Bar No. 678910
        mmora@bilzin.com
        Daniel Y. Gielchinsky
        Admitted *Pro Hac Vice*
        dgielchinsky@bilzin.com

**CERTIFICATE OF SERVICE**

I CERTIFY that on December 22, 2011, the foregoing Notice was served by transmission of Notices of Electronic Filing generated by CM/ECF to those counsel or parties who are registered to receive Notice of Electronic Filing in this case, and/or by U.S. Mail, upon all parties as set forth on the attached service list.

            /s/ Mindy A. Mora
            Mindy A. Mora

**TOWN CENTER AT DORAL, L.L.C., ET AL**
**CREDITOR MATRIX**

| | | |
|---|---|---|
| Town Center at Doral, L.L.C., et al<br>Kodsi Law Firm, P.A.<br>701 W. Cypress Creek Road<br>Suite 303<br>Fort Lauderdale, FL 33309 | Advance Insurance Underwriters<br>3250 North 29th Avenue<br>Hollywood, FL 33020 | BTI Bluegate FTCF LLC<br>201 Alhambra Circle<br>Suite 601<br>Miami, FL 33134 |
| Brett Amron, Esq.<br>Bast Amron LLP<br>One SE 1st Avenue<br>Suite 1440q<br>Miami, FL 33131 | Eric E. Pfeffer<br>Carla Pfeffer Revocable Trust<br>19333 Collins Avenue #2504<br>Sunny Isles Beach, FL 33160 | Copper Group I LLC<br>752 Pacific Street<br>Suite 180<br>Brooklyn, NY 11238 |
| David Martin<br>Terra World Investments, LLC<br>990 Biscayne Blvd.<br>Suite 302<br>Miami, FL 33132 | David Plummer & Associates<br>1750 Ponce De Leon Blvd.<br>Miami, FL 33134 | Doral Building Group II, LLC<br>c/o Kodsi Law Firm P.A.<br>701 W. Cypress Creek Road<br>Suite 303<br>Fort Lauderdale, FL 33309 |
| Doral Building Group, LLC<br>c/o Kodsi Law Firm, P.A.<br>701 W. Cypress Creek Road<br>Suite 303<br>Fort Lauderdale, FL 33309 | Hilda Pico/Ocean Bank<br>780 NW LeJeune Rd<br>3rd Floor<br>Miami, FL 33126 | Florida Dept. Of Revenue<br>Bankruptcy Division<br>Po Box 6668<br>Tallahassee Fl 32314-6668 |
| Internal Revenue Service Centralized<br>Insolvency Operations<br>Po Box 7346<br>Philadelphia Pa 19101-7346 | United States Attorney's Office<br>99 N.E. 4th Street<br>Miami, Fl 33132 | Department Of Labor And Security<br>Hartman Building Suite 307<br>2012 Capital Circle Southeast<br>Tallahassee, Fl 32399 0648 |
| Finance Southern Co.<br>8770 SW 72nd Street<br>#382<br>Miami, FL 33143 | Dual Temp Mechanical<br>13741 SW 139th Cr - 102<br>Miami, FL 33186 | Valle & Valle, Inc.<br>194 Minorca Avenue<br>Miami, FL 33134 |
| Eric Valle<br>c/o Valle & Valle<br>194 Minorca Avenue<br>Miami, FL 33134 | Estate of Elie Berdugo<br>c/o Kodsi Law Firm, P.A.<br>701 W. Cypress Creek Road<br>Suite 303<br>Fort Lauderdale, FL 33309 | Frank & Carolyn Friedman<br>c/o Harvey D. Friedman, Esq.<br>Friedman, Rodman & Frank, P.A.<br>3636 West Flagler St.<br>Miami, FL 33135 |
| Sunshine State Cert III, LLLP and Bank United, Trustee<br>7900 Miami Lakes Dr. West<br>Hialeah, FL 33016 | Garmon Construction Corp.<br>7315 NW 36th Street<br>Miami, FL 33166 | Guila Berdugo<br>c/o Kodsi Law Firm, P.A.<br>701 W. Cypress Creek Road<br>Suite 303<br>Fort Lauderdale, FL 33309 |
| HD Investments<br>c/o Harvey D. Friedman, Esq.<br>Friedman, Rodman & Frank, P.A.<br>3636 West Flagler Street<br>Miami, FL 33135 | Hill York Service Corp.<br>c/o William C. Davell, Esq.<br>May, Meacham & Davell, P.A.<br>One Financial Plaza, Suite 2602<br>Fort Lauderdale, FL 33394 | Joel A. Savitt, Esq.<br>Joel A. Savitt, P.A.<br>20801 Biscayne Blvd., Suite 506<br>Miami, FL 33180 |

Landmark at Doral Community
Development District
c/o David M. Freedman, Esq.
2699 S. Bayshore Dr., PH
Miami, FL 33133

Lisa Friedman-Fuller
c/o Harvey D. Friedman, Esq.
Friedman, Rodman & Frank, P.A.
3636 West Flagler Street
Miami, FL 33135

Lorne E. Berkeley, Esq.
Daniels, Kashtan, Downs, Robertson
3300 Ponce De Leon Blvd.
Miami, FL 33134

Mark Finkelshtein
16047 Colins Avenue
Apt # 602
North Miami Beach, FL 33160

MFEB I, LLC
16047 Collins Avenue
Apt. 602
North Miami Beach, FL 33160

Miami-Dade Dept of Environmental
Resources Mgmt, Regulation Division
Attn: Ms. JoAnne Clingerman
701 NW 1st Ct, Suite 400
Miami, FL 33136

Mod Space
Bank of America Lockbox Services
12603 Collection Center Dr.
Chicago, IL 60693

National Millwork
1177 West Blue Heron Blvd.
West Palm Beach, FL 33404

Rachel Bensimon
7913 Tennyson Court
Boca Raton, FL 33433

Ring Electric
9330 NW 13th Street #16
Miami, FL 33173

Scott Alan Orth, Esq.
Law Offices of Scott Alan Orth
9999 N.E. Second Avenue
Suite 204
Miami, FL 33138

Sela & Be, LLC
1 Post Road
Apartment 304
Toronto, Ontario
Canada M3B3R4

South Florida Water Mgmt District
Attn: John Meyer,
Supervisor, Enforcement
3301 Gun Club Road
West Palm Beach, FL 33406

Trans Florida Development Corp.
c/o Robert P. Frankel, Esq.
Robert P. Frankel & Assoc., PA
25 West Flagler St, Suite 900
Miami, FL 33130

U.S. Army, Corps of Engineers
Attn: Robert Kirby
Enforcement Section
9900 SW 107th Ave., #203
Miami, FL 33176

Office of the Attorney General
State of Florida
The Capitol, PL-01
Tallahassee, FL 32399-1050

Y & T Plumbing Corp.
13985 SW 140th Street
Miami, FL 33186
**Returned Mail**

**Via CM/ECF**
AMT CADC Venture, LLC
c/o C. Craig Eller, Esq.
Broad and Cassel
One North Clematis St, #500
West Palm Beach, FL 33401

Frank Alter
3902 NE 207th Street
Suite 1401
Miami, FL 33180
**Returned Mail**

**Via CM/ECF**
Glenn D. Moses, Esq.
Genovese Joblove & Battista, P.A.
100 S.e. 2nd Street, 44th Floor
Miami, FL 33131
gmoses@gjb-law.com

**Via CM/ECF**
John B. Hutton III, Esq.
Greenberg Traurig
333 Ave. of the Americas #4400
Miami, FL 33131
jhutton@gtlaw.com

**Via CM/ECF**
Phillip M. Hudson III, Esq.
200 S. Bicayne Blvd., Suite 3600
Miami, Fl 33131
pmhudson@arnstein.com

**Via CM/ECF**
Jordi Guso, Esq.
Berger Singerman, P.A.
200 S. Biscayne Blvd., #1000
Miami, FL 33131
jguso@bergersingerman.com

**Via CM/ECF**
Patricia A. Redmond, Esq.
Stearns Weaver Miller Weissler
150 West Flagler St., Suite 2200
Miami, FL 33130
predmond@stearnsweaver.com

**Via CM/ECF**
Office Of The Us Trustee
51 SW 1st Ave Ste 1204
Miami Fl 33130-1614
USTPRegion21.MM.ECF@usdoj.gov

**Via CM/ECF**
Melinda S Thornton, Esq.
Miami Dade Tax Collector
P. O. Box 13701
Miami, FL 33101
cao.bkc@miamidade.gov

Elya Yagudaev
Alan R. Poppe, Esq.
Foley & Lardner, LLP
100 SE 2nd Street, Suite 1600
Miami, FL 33131
**Returned Mail**

**<u>Exhibit "1"</u>**

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                                          Case No. 11-35884-RAM

Town Center at Doral, LLC, et al.,                              Chapter 11

                Debtors.                             (Jointly Administered)
_____/

To:      Woodword S. Hanson, MAI, HREA
          c/o Patricia A. Redmond, Esq.
          Counsel for the District
          Sterns Weaver Miller Weissler Alhadeff & Sitterson, P.A.
          Museum Tower, Suite 2200
          150 West Flagler Street
          Miami, Florida 33130

[ ]    YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date and time specified below to testify in the above jointly administered cases.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

[ ]    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

[X]    YOU ARE COMMANDED to produce and permit inspection and copying of the documents or objects listed on **Exhibit A** at the place, date, and time specified below:

| PLACE | DATE AND TIME: |
|---|---|
| **Bilzin Sumberg Baena Price & Axelrod LLP**<br>**Attn: Daniel Y. Gielchinsky**<br>**1450 Brickell Avenue, Suite 2300**<br>**Miami, Florida 33131** | **Thursday, January 5, 2012 at 4:30 p.m.** |

      Any organization not a party to this proceeding that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on

which the person will testify, Rule 30(b)(6), Federal Rules of Civil Procedure, made applicable in bankruptcy cases and proceedings by Rules 1018, 7030, and 9014, Federal Rules of Bankruptcy Procedure.

| ISSUING OFFICER SIGNATURE | TITLE |
| --- | --- |
|  | Counsel to Debtors |
| ISSUING OFFICER'S NAME (PRINT) | PHONE |
| Mindy A. Mora, Esq. (FL Bar No. 678910) | (305) 374-7580 |
| ADDRESS | DATE |
| Bilzin Sumberg Baena Price & Axelrod LLP |  |
| 1450 Brickell Avenue, Suite 2300 | December 22, 2011 |
| Miami, Florida 33131 |  |

*If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district number under the case number.

|  | PROOF OF SERVICE |
|---|---|
| DATE | PLACE |

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____     _____
                         DATE                                                      SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c) (d), and (e), as amended on December 1, 2006, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorneys fee.
(2)(A) A person commanded to produce and permit inspection, copying testing or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises - or to producing electronically stored information in the form or forms requested If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move X any time for an order to compel the production, inspection, copying testing or sampling Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying testing or sampling commanded.
(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
    (i) fails to allow reasonable time for compliance;
    (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
    (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
    (iv) subjects a person to undue burden.
(B) If a subpoena
    (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
    (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
    (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
    (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
    (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
    (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.
(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## EXHIBIT A

### DEFINITIONS

1. "Bankruptcy Code" means the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*, as amended.

2. "Bankruptcy Court" means the United States Bankruptcy Court for the Southern District of Florida.

3. "Bankruptcy Case" means the jointly administered chapter 11 cases entitled In re *Town Center at Doral, LLC, et al.*, commenced on September 19, 2011, when each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court.

4. "Communications" means any transmittal of information by any means or any response thereto by any means.

5. "Concerning" means, directly or indirectly, in whole or in part, containing, constituting, contradicting, controverting, corroborating, demonstrating, describing, discussing, disputing, embodying, evidencing, identifying, memorializing, mentioning, pertaining to, proving, rebutting, recording, refuting, referring to, reflecting, relating to, showing, substantiating, summarizing, supporting, arising out of or in connection with, or in any way legally, logically, or factually connected with.

6. "Contested Matter" means any hearing on the Valuation Motion.

7. "Debtors" means the following entities in the Bankruptcy Cases, along with the last four digits of each Debtor's federal tax identification number: Town Center at Doral, LLC (Tax I.D. No. '1866), Landmark at Doral East, LLC (Tax I.D. No. '6616), Landmark at Doral South, LLC (Tax I.D. No. '6676), Landmark at Doral Developers, LLC (Tax I.D. No. '6797), and Landmark Club at Doral, LLC (Tax I.D. No. '6762).

8.  "District" means the Landmark at Doral Community Development District.

9.  "Document" means any writing, recording, electronically stored information, photograph, or other tangible or intangible thing from which information may be obtained or derived, including, without limitation: original or exact copies of any tangible written, typed, printed, electronic, photographed, or other form of recorded or graphic matter of every kind or description, however produced or reproduced, whether mechanically or electronically recorded, draft, final, original, reproduction, signed or unsigned, regardless of whether approved, signed, sent, received, redrafted, or executed, and whether handwritten, typed, printed, photostatted, duplicated, carbon or otherwise copied or produced in any other manner whatsoever. Without limiting the generality of the foregoing, "document" shall include communications, correspondence, letters, telegrams, telexes, mailgrams, e-mails, text messages, instant messaging records or logs, calendars, diaries, memoranda (including interoffice memoranda, intraoffice memoranda, memoranda for files, and memoranda of telephone, meeting, or other conversations), notes or notations, minutes, booklets, books, drawings, graphs, charts, telephone records, telephone messages, voicemail messages, video cassettes, electronic tapes, microfilms, discs or other recordings, computer programs, printouts, data cards, studies, analysis and other data compilations from which information can be obtained. Copies of documents which are not identical duplications of the original, or which contain additions to or deletions from the originals, or copies of documents which are identical duplications of the originals if the originals are not available, shall be considered to be separate documents. The term also refers to and includes all metadata associated with the subject document.

10. "Person" means the singular or plural natural person, corporation, partnership, association, organization, government (including all instrumentalities, officers, agents, and subdivisions thereof), and all other business, legal, or artificial entities.

11. "<u>Petition Date</u>" means September 19, 2011.

12. "<u>Property</u>" means all of the real property located in Miami-Dade County Florida, consisting of approximately 120 contiguous acres of land located on the east side of NW 107 Avenue and the north side of NW 58 Street, a majority of which is zoned TND (Traditional Neighborhood Development) with the remainder zoned IU-1 (for flex office development allowing for light industrial development, and also consisting of 16 tracts of vacant land except for an unfinished 4-level parking garage.

13. "<u>Request</u>" means a request contained in the SPECIFIC REQUESTS section, *infra*.

14. "<u>Valuation Motion</u>" means *Debtors' Motion to Value Collateral* [ECF No. 81].

15. "<u>Hanson</u>" means Woodword S. Hanson, MAI and HREA.

16. "<u>You</u>" or "<u>Your</u>" means Hanson.

## INSTRUCTIONS

1. The documents covered by the Requests include all documents in your possession, custody, or control, regardless of whether such documents or materials are possessed directly by you or your professionals, advisors, directors, officers, partners, associates, subsidiaries, affiliates, successors, accountants, investigators, managers, members, shareholders, representatives, employees, attorneys, agents, third party cloud providers, and any other persons or entities acting on your behalf or under your control.

2. Each Request shall be deemed to be continuing in nature. If at any time additional documents come into your possession, custody, or control or are brought to your attention, prompt supplementation of your response to the Requests is required.

3. Documents shall be produced in the manner in which they are maintained in the usual course of the business. The documents shall be organized and labeled to correspond with the categories in the Requests. Each Request for a document shall be deemed to include a request

for any and all file folders within which the document was contained, transmittal sheets, cover letters, exhibits, enclosures, or attachments to the document, in addition to the document itself.

4. Documents shall be produced in such fashion as to identify the department, branch, or office in which they were located and, where applicable, the natural person in whose possession it was found and the business address of each document's custodian(s). Each page produced in response to these Requests shall be stamped with a unique prefix, or otherwise identified, such that the source of each page or document produced is apparent. At a minimum, the entity producing the document shall be apparent.

5. As to any document requested but withheld based on your assertion of any privilege or immunity, please set forth: (i) the title of the document; (ii) the type of document (*e.g.*, letter, note, memorandum, etc.); (iii) the date of the document; (iv) the subject matter of the document; (v) the identities of all persons who authored the document, or assisted in its preparation, or in whose name the document was prepared; (vi) the identities of all persons to whom the document was addressed; (vii) the identities of all other persons to whom the document was sent, or who received, have seen, have had possession or custody of, or have had disclosed to them the contents of, the document or any copies thereof; and (viii) sufficient information regarding the grounds for withholding the document to explain the claim of privilege or immunity.

6. If any document requested herein has been destroyed or lost, provide in lieu of the true and correct copy thereof a description of the document so lost or destroyed, together with the following information: (i) the date of the document; (ii) a brief description of the document; (iii) the author of the document; (iv) the date upon which the document was destroyed or lost; and (v) a brief statement regarding the manner in which the document was lost or destroyed.

7. Documents attached to each other shall not be separated.

8.     Any word written herein in the singular shall be construed as plural or vice versa as necessary in order to bring within the scope of the Request all documents that might otherwise be construed to be outside its scope.

9.     The terms "<u>and</u>" as well as "<u>or</u>" shall be construed disjunctively or conjunctively as necessary to bring within the scope of the Request all documents that might otherwise be construed to be outside its scope.

10.    The terms "<u>all</u>" and "<u>each</u>" shall be construed as "all and each."

11.    If any copy of any document for which production is sought, whether a draft or a final version, is not identical to any other copy thereof, by reason of alterations, notes, comments, initials, underscoring, indication of routing or other material contained thereon or attached thereto, such non-identical copy shall be produced separately.

12.    If you consider any term in any Request to be vague or capable of more than one meaning, identify the meaning you are ascribing to such term, then respond to the Request as construed with such word given such meaning.

13.    Each Request shall be construed independently. No Request should be construed by reference to any other Request for the purpose of limiting the scope of response to such Request unless stated otherwise.

## RELEVANT TIME PERIOD

Unless otherwise stated, the "<u>Relevant Time Period</u>" for the Requests is from the earlier of the date Hanson was first retained by the District or the Petition Date to the present.

## ELECTRONICALLY STORED INFORMATION

The Requests call for the production of electronically stored information ("<u>ESI</u>") and ESI shall be produced in native form. In searching for electronic documents responsive to these Requests, you shall search for all such electronic documents regardless of the form in which the

document exists or the location in which it is stored. Among other places, you shall search for electronic documents stored on all servers, networks, hard drives, desktop computers, notebook computers, personal digital devices, all back-up storage tapes, and with any third party cloud providers.

## SPECIFIC REQUESTS

Please produce the following documents for the Relevant Time Period:

1. All Documents and Communications concerning the Property, including but not limited to every one of Hanson's files relating to the Property.

2. All appraisals and other Documents and Communications concerning Hanson's estimate or opinion of the value at any time, of all or any part of the Property, and any drafts, modifications, amendments or updates to those appraisals or other Documents and Communications.

3. All Documents and Communications concerning internal or external communications or data compilations prepared or received by Hanson in connection with his work in the Bankruptcy Cases, including without limitation all such Documents and Communications received from or sent to the District or counsel for the District, as well all such Documents and Communications received from or sent to any third parties.

4. All Documents and Communications concerning any part of the Property which Hanson did not value for any reason, and all Documents and Communications concerning the basis for any such exclusion.

5. All accounting records or other Documents and Communications concerning the accounting of any items of income, expense, profit or loss relating to the Property.

6. All projections of future income for the Property.

7. All Documents and Communications concerning any oral or written statements of fact or opinion concerning the Property.

8. All data, notes, calculations or other information, or other Documents and Communications that has been or will be relied upon by Hanson in formulating Hanson's findings and opinions in this Contested Matter.

9. All data, notes, calculations or other Documents and Communications that has been seen, heard, read or considered by Hanson in formulating his findings and opinions in this Contested Matter.

10. All invoices or other billing statements concerning Hanson's work in the Bankruptcy Case.

11. The current curriculum vitae / resume for Hanson.

12. All published Documents and Communications authored by Hanson, including, but not limited to, books, articles, periodicals or continuing education materials.

13. All Documents and Communications concerning alternative valuation of the Property based upon the existing entitlements and/or infrastructure or upon proposed changes to the entitlements, infrastructure or PUD.