# EXHIBIT B

RESOLUTION 2006-10

A RESOLUTION OF THE BOARD OF SUPERVISORS OF THE LANDMARK AT DORAL COMMUNITY DEVELOPMENT DISTRICT AUTHORIZING DISTRICT SYSTEMS, FACILITIES, SERVICES AND RELATED INFRASTRUCTURE IMPROVEMENT PROJECTS; EQUALIZING, APPROVING, CONFIRMING, IMPOSING AND LEVYING CERTAIN NON-AD VALOREM SPECIAL ASSESSMENTS ON PROPERTY SPECIALLY BENEFITTED BY SUCH PROJECTS TO PAY THE COST THEREOF; PROVIDING FOR THE PAYMENT AND THE COLLECTION OF SUCH SPECIAL ASSESSMENTS BY THE METHOD PROVIDED FOR BY CHAPTERS 170 AND 197, FLORIDA STATUTES; CONFIRMING THE DISTRICT'S INTENTION TO ISSUE SPECIAL ASSESSMENT BONDS; PROVIDING FOR SEVERABILITY, CONFLICTS AND AN EFFECTIVE

BE IT RESOLVED by the Board of Supervisors of the Landmark at Doral Community Development District as follows:

**SECTION 1. AUTHORITY FOR THIS RESOLUTION.** This Resolution is adopted pursuant to chapters 170, 190 and 197, Florida Statutes.

**SECTION 2. FINDINGS ASCERTAINMENTS AND DETERMINATIONS** The Board of Supervisors ("Board") of the Landmark at Doral Community Development District ("District") hereby finds and determines as follows:

1. The District is a local unit of special-purpose government organized and existing in accordance with the Uniform Community Development District Act of 1980, Chapter 190, Florida Statutes, as amended (the "Act"), Section 1.01(a)(21) of the Miami-Dade Home Rule Charter and Ordinance No. 05-153, enacted by the Board of County Commissioners of Miami-Dade County, Florida, effective on September 2, 2005;

2. The District is authorized by its state charter the power under chapter 190, Florida Statutes, to construct roads, water management and control facilities, water and wastewater systems and other systems, facilities and services and related infrastructure and improvement projects ("projects") to serve lands within the District;

3. The District is authorized and granted by its state charter grant the power to levy non-ad valorem special assessments, by a variety of names, to pay all or any part of the

cost of such projects, and to issue special assessment bonds payable from such non-ad valorem special assessments as generally provided by chapters 170 and 190, Florida Statutes, and as more specifically authorized pursuant to subsections 190.011(4), (9) and (14) and sections 190.016, 190.021, 190.022 and 197.3631, Florida Statutes;

4. It is necessary to the public safety and welfare that: (i) the District provide the projects, the nature and location of which are described in **Resolution 2006-7** and more specifically described in the plans and specifications on file at the offices of the District located at Wrathell, Hart, Hunt and Associates, LLC, 6131 Lyons Road, Suite 100, Coconut Creek, Florida 33073; (ii) the cost of such projects be assessed against the lands specially benefitted by such projects; and, (iii) the District issue bonds to provide funds for such purposes pending the receipt of such special assessments;

5. The provision of said projects, the levying of such non-ad valorem special assessments and the sale and issuance of such bonds serve a proper, essential and valid public purpose;

6. In order to provide funds with which to pay the costs of the projects which are to be assessed against the specially benefitted properties, pending the collection of such non-ad valorem special assessments, it is necessary for the District to sell and issue its Bonds, Series 2006 ("Bonds");

7. By **Resolution No. 2006-7** adopted by the Board of the District, the Board determined to provide the projects and to defray the cost thereof by levying non-ad valorem special assessments on specially benefitted property and expressed an intention to issue the bonds to provide the funds needed for the projects prior to the collection of such non-ad valorem special assessments. **Resolution 2006-7** was adopted in compliance with the requirements of section 170.03, Florida Statutes, and prior to the time the same was adopted, the requirements of section 170.04, Florida Statutes had been complied with;

8. As directed by **Resolution 2006-7**, said Resolution was published as required by section 170.05, Florida Statutes, and a copy of the publisher's affidavit of publication

is on file with the Secretary of the Board;

9. As directed by the Board, a **Resolution 2006-7**, a preliminary assessment roll was prepared and filed with the Board as required by section 170.06, Florida Statutes;

10. As required by section 170.07, Florida Statutes, upon completion of the preliminary assessment roll, the Board adopted the notice resolution, **Resolution 2006-7**, fixing the time and place of a public hearing at which owners of the property to be assessed and other persons interested therein may appear before the Board and be heard as to: (i) the propriety and advisability of making the improvements; (ii) the cost thereof; (iii) the manner of payment therefore; (iv) the assessment methodology; and, (v) the amount thereof to be assessed against each parcel specially benefitted property and providing for the mailing publication of notice of such public hearing;

11. Notice of such public hearing has been given by publication and by mail as required by section 170.07, Florida Statutes, and affidavits as to such publication and mailing are on file in the office of the Secretary of the Board;

12. At the time and place specified in the resolution and notice referred to in paragraphs (j. & k.) above, the Board met as an "Equalization Board", conducted such public hearing and heard and considered all comments, complaints, answers to questions and information as to the matters described in paragraph (j.) above, and based thereon, has made such modifications in the preliminary assessment roll as it deems desirable at this time;

13. Having considered the costs of the projects, revised estimates of financing costs, the assessment methodology, comments, information, answers to questions and evidence presented at the public hearing referred to in paragraph (l.) above, the Board specifically finds, ascertains and determines:

    (i) that the estimated costs of the projects is as specified in Exhibit "A" hereto and the amount of such costs is reasonable and proper;

    (ii) it is reasonable, proper, just and right to assess the cost of such projects against the properties specially benefitted thereby, using the methods determined by the Board, which will result in non-ad valorem special assessments to be set forth on a final assessment roll to be adopted by the

      Board at the time when the final project costs, structure and interest rate on the Bonds to be issued by the District are known;

(iii) it is hereby found, determined and declared that the projects will constitute and result in a special benefits, peculiar to all parcels of real property to be listed on said final assessment roll, as a logical relationship between the systems, facilities and services (project improvements) provided and the property itself, different in kind and degree than any general or community benefit, and that such special and peculiar benefit, in the case of each such parcel, will be in excess of the amount of the non-ad valorem special assessment thereon and in excess of the costs;

(iv) the duty to pay such non-ad valorem special assessments is apportioned fairly and reasonably; and,

(v.) it is desirable that the non-ad valorem special assessments be paid and collected as herein provided; and

      **SECTION 3. AUTHORIZATION OF DISTRICT PROJECTS.** The projects described in **Resolution No. 2006-7** as more specifically described by the plans and specifications on file at the offices of the District at the location given hereinabove are hereby authorized and approved and the proper officers, employees and agents of the District are hereby authorized and directed to take such further action as may be necessary or desirable to cause the same to be made following the issuance of the Bonds referred to herein.

      **SECTION 4. ESTIMATED COST OF IMPROVEMENTS.** The total estimated costs of the projects, and the costs to be paid by non-ad valorem special assessments on all specially benefitted property, are set forth in Exhibit "A" attached hereto.

      **SECTION 5. APPROVAL AND CONFIRMATION OF ASSESSMENT METHODOLOGY.** The non-ad valorem special assessment methodology set forth in the preliminary assessment roll previously adopted by this Board and the findings, ascertainments and determinations of section 2 herein above are hereby approved and confirmed. The non-ad valorem special assessment or assessments against each respective parcel to be shown on such final assessment roll, and interest and penalties thereon, as hereafter provided, shall be and shall remain a legal, valid and binding first lien on the property and of equal priority as county, district, municipal

or other governmental ad valorem taxes and superior in dignity to all other liens, titles and claims as provided in section 190.021(g), Florida Statutes.

### SECTION 6. FINALIZATION OF NON-AD VALOREM SPECIAL ASSESSMENTS.

When all of the projects have both been constructed or otherwise provided to the satisfaction of the Board, the Board shall adopt a resolution accepting the same and determining the actual costs (including financing costs) thereof, as required by sections 170.08 and 170.09, Florida Statutes. The District shall credit, to each non-ad valorem special assessment for projects, the difference between the non-ad valorem special assessment as hereby made, approved and confirmed and the proportionate part of the actual costs of the projects, as finally determined upon completion thereof; but, in no event shall the final amount of any such non-ad valorem special assessment exceed the amount of special and peculiar benefits originally fixed, determined, ascertained, levied, imposed and assessed hereunder. In making such credits no discount shall be granted nor credit given for any part of the payee's proportionate share of any actual bond financing costs (i.e. capitalized interest, funded reserves, bond discounts, etc.) included in the estimated cost of any such improvements. Subject to the foregoing, such credits shall be entered in the "Improvement Lien Book." Once the final amount of non-ad valorem special assessments for all of the improvements has been determined, the terms "special assessment", "non-ad valorem assessment" or "non-ad valorem special assessment" shall, with respect to each parcel, mean the sum of the costs of the projects.

### SECTION 7. PAYMENT OF NON-AD VALOREM SPECIAL ASSESSMENTS AND METHOD OF COLLECTION.

(a) All non-ad valorem special assessments shall be payable in no more than thirty (30) equal consecutive installments, which shall include interest.

(b) The District hereby elects as granted by its charter in section 190.021(9), Florida Statutes and section 197.3631, Florida Statutes, to use the method of collecting special assessments authorized by sections 197.3632 and 197.3635, Florida Statutes. The District has heretofore timely taken, or will timely take, all necessary actions to comply with the provisions of said sections 197.3632 and 197.3635, Florida Statutes, and applicable rules adopted pursuant thereto; and, on or prior to the date on which the Bonds are issued, sold and delivered, the District shall enter into written agreements with the Property Appraiser and Tax Collector of Miami-Dade County in

compliance therewith. Such non-ad valorem special assessments shall be subject to all of the collection provisions of chapter 197, Florida Statutes and applicable rules promulgated by the Governor and Cabinet of Florida constituting the head of the Florida Department of Revenue.

(c) Notwithstanding the foregoing, the District reserves the right under its charter and section 197.3631, Florida Statutes, to collect its non-ad valorem special assessments pursuant to chapter 170, Florida Statutes, and to foreclose its non-ad valorem special assessment liens as provided for by law.

**SECTION 8. SEVERABILITY.** If any section or part of a section of this resolution be declared invalid or unconstitutional by a court of competent jurisdiction, the validity, force and effect of any other section or part of a section of this resolution shall not thereby be affected or impaired unless it clearly appears that such other section or part of a section of this resolution is wholly or necessarily dependent upon the section or part of a section so held to be invalid or unconstitutional.

**SECTION 9. CONFLICTS.** All resolution or parts thereof in conflict herewith are, only to the extent of such conflict, superseded, amended or repealed as the circumstances may require.

**SECTION 10. EFFECTIVE DATE.** This resolution shall become effective immediately upon its adoption.

**APPROVED AND ADOPTED** this 14th day of September, 2006.

_____          _____
Secretary/Assistant Secretary of the Board      Chairman/Vice-Chairman of the Board


Exhibit A:   Engineer's Report dated, amended September 25, 2006
Exhibit B:   Adopted Master Special Assessment Methodology dated September 14, 2006

## CERTIFICATE AS TO RESOLUTION NO. 2006-10

I, KATHERINE V. SELCHAN, Director of Administrative Services of the Landmark at Doral Community Development District (the "District"), DO HEREBY CERTIFY that the foregoing is a true and correct copy of Resolution No. 2006-10, which was passed and adopted by the District's Board of Supervisors at a meeting held on September 14, 2006, at which a quorum was present and acting throughout. Said resolution has not been repealed, revoked, rescinded or amended, and is in full force and effect.

IN WITNESS WHEREOF, I have hereunto set my hand and the official seal of the District this _26th_ day of _September_, 2006.

LANDMARK AT DORAL
COMMUNITY DEVELOPMENT DISTRICT

By: _Katherine V. Selchan_
Katherine V. Selchan
Director of Administrative Services

(OFFICIAL DISTRICT SEAL)