**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

In re:                                                    Case No. 11-35884-RAM

TOWN CENTER AT DORAL, L.L.C.,                             Chapter 11
*et al.,*

          Debtors.                              (Jointly Administered)
_____/

## NOTICE OF DEPOSITION *DUCES TECUM*

PLEASE TAKE NOTICE that Landmark at Doral Community Development District (the "**District**"), through undersigned counsel, will take the deposition of Henry H. Fishkind, Ph. D., on **Tuesday, January 17, 2012, at 10:00 a.m.** at the offices of Stearns Weaver Miller Weissler Alhadeff & Sitterson P.A., 150 West Flagler Street, Suite 2200, Miami, Fl 33131.

The deposition is pursuant to Bankruptcy Rule 9014 and 7030 and will be taken before an officer authorized to record the testimony. The scope of the deposition shall be as described in Bankruptcy Rule 7030 and 9014.

The deposition will be recorded by stenographic means before an officer authorized to administer oaths. The deposition will commence at the above date and time, and shall continue from day to day thereafter until completed. This deposition is being taken for the purposes of discovery, for use at hearing or trial, or for other purposes as are permitted under the rules of court.

Case No. 11-35884-RAM

### Request For Production

The Deponent shall produce the items listed in Exhibit "A" on **Wednesday, January 11, 2012, at 4:30 p.m**. at the offices of Stearns Weaver Miller Weissler Alhadeff & Sitterson P.A., 150 West Flagler Street, Suite 2200, Miami, Fl 33131.

Dated:  January 10, 2012.

Respectfully submitted,

STEARNS WEAVER MILLER
WEISSLER ALHADEFF & SITTERSON, P.A.
*Counsel for the District*
Museum Tower, Suite 2200
150 West Flagler Street
Miami, Florida 33130
Phone: (305) 789-3553
Fax: (305) 789-3395

By: */s/ Patricia A. Redmond*
 PATRICIA A. REDMOND
 Florida Bar No. 303739
 predmond@stearnsweaver.com

### CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2012, I electronically filed the foregoing with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties, either via transmission of Notices of Electronic Filing generated by CM/ECF, which is incorporated here by reference, or by first class U.S. mail for those counsel or parties identified on the Service List below, who are not authorized to receive electronically Notices of Electronic Filing.

  */s/ Patricia A. Redmond*
  Patricia A. Redmond

2

Case No. 11-35884-RAM

## SERVICE LIST

Michael Eckert
POB 6526
Tallahassee, FL 32314

Daniel Y. Gielchinsky
1450 Brickell Ave #2300
Miami, FL 33131

## EXHIBIT A

## DEFINITIONS

1.        "Bankruptcy Code" means the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*, as amended.

2.        "Bankruptcy Court" means the United States Bankruptcy Court for the Southern District of Florida.

3.        "Bankruptcy Case" means the jointly administered chapter 11 cases entitled In re *Town Center at Doral, LLC, et al.*, commenced on September 19, 2011, when each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court.

4.        "Communications" means any transmittal of information by any means or any response thereto by any means.

5.        "Concerning" means, directly or indirectly, in whole or in part, containing, constituting, contradicting, controverting, corroborating, demonstrating, describing, discussing, disputing, embodying, evidencing, identifying, memorializing, mentioning, pertaining to, proving, rebutting, recording, refuting, referring to, reflecting, relating to, showing, substantiating, summarizing, supporting, arising out of or in connection with, or in any way legally, logically, or factually connected with.

6.        "Contested Matter" means any hearing on the Valuation Motion, the Disclosure Statement, or the Plan.

7.        "Debtors" means the following entities in the Bankruptcy Cases, along with the last four digits of each Debtor's federal tax identification number:  Town Center at Doral, LLC (Tax I.D. No. '1866), Landmark at Doral East, LLC (Tax I.D. No. '6616), Landmark at Doral South, LLC (Tax I.D. No. '6676), Landmark at Doral Developers, LLC (Tax I.D. No. '6797), and Landmark Club at Doral, LLC (Tax I.D. No. '6762).

Case No. 11-35884-RAM

8.      "<u>Disclosure Statement</u>" means the *Disclosure Statement Relating to the Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code* [ECF No. 108], or any amendments.

9.      "<u>District</u>" means the Landmark at Doral Community Development District.

10.      "<u>Document</u>" means any writing, recording, electronically stored information, photograph, or other tangible or intangible thing from which information may be obtained or derived, including, without limitation:  original or exact copies of any tangible written, typed, printed, electronic, photographed, or other form of recorded or graphic matter of every kind or description, however produced or reproduced, whether mechanically or electronically recorded, draft, final, original, reproduction, signed or unsigned, regardless of whether approved, signed, sent, received, redrafted, or executed, and whether handwritten, typed, printed, photostatted, duplicated, carbon or otherwise copied or produced in any other manner whatsoever.  Without limiting the generality of the foregoing, "document" shall include communications, correspondence, letters, telegrams, telexes, mailgrams, e-mails, text messages, instant messaging records or logs, calendars, diaries, memoranda (including interoffice memoranda, intraoffice memoranda, memoranda for files, and memoranda of telephone, meeting, or other conversations), notes or notations, minutes, booklets, books, drawings, graphs, charts, telephone records, telephone messages, voicemail messages, video cassettes, electronic tapes, microfilms, discs or other recordings, computer programs, printouts, data cards, studies, analysis and other data compilations from which information can be obtained.  Copies of documents which are not identical duplications of the original, or which contain additions to or deletions from the originals, or copies of documents which are identical duplications of the originals if the originals are not available, shall be considered to be separate documents.  <u>The term also refers to and includes all metadata associated with the subject document</u>.

11.      "<u>Person</u>" means the singular or plural natural person, corporation, partnership, association, organization, government (including all instrumentalities, officers, agents, and subdivisions thereof), and all other business, legal, or artificial entities.

12.    "Petition Date" means September 19, 2011.

13.    "Plan" means the *Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code* [ECF No. 94], or any amendments.

14.    "Property" means all of the real property located in Miami-Dade County Florida, consisting of approximately 120 contiguous acres of land located on the east side of NW 107 Avenue and the north side of NW 58 Street, a majority of which is zoned TND (Traditional Neighborhood Development) with the remainder zoned IU-1 (for flex office development allowing for light industrial development, and also consisting of 16 tracts of vacant land except for an unfinished 4-level parking garage.

15.    "Request" means a request contained in the SPECIFIC REQUESTS section, *infra*.

16.    "Terra" means Terra Landmark, LLC and all of its its affiliates, consultants, employees, personnel, agents or other representatives.

17.    "Valuation Motion" means *Debtors' Motion to Value Collateral* [ECF No. 81].

18.    "Waronker" means Waronker & Rosen, Inc., and all of its its affiliates, consultants, employees, personnel, agents or other representatives.

19.    "You" or "Your" means Henry H. Fishkind, Ph.D.

## INSTRUCTIONS

1.    The documents covered by the Requests include all documents in your possession, custody, or control, regardless of whether such documents or materials are possessed directly by you or your professionals, advisors, directors, officers, partners, associates, subsidiaries, affiliates, successors, accountants, investigators, managers, members, shareholders, representatives, employees, attorneys, agents, third party cloud providers, and any other persons or entities acting on your behalf or under your control.

2.    Each Request shall be deemed to be continuing in nature. If at any time additional documents come into your possession, custody, or control or are brought to your attention, prompt supplementation of your response to the Requests is required.

3.      Documents shall be produced in the manner in which they are maintained in the usual course of the business.  The documents shall be organized and labeled to correspond with the categories in the Requests.  Each Request for a document shall be deemed to include a request for any and all file folders within which the document was contained, transmittal sheets, cover letters, exhibits, enclosures, or attachments to the document, in addition to the document itself.

4.      Documents shall be produced in such fashion as to identify the department, branch, or office in which they were located and, where applicable, the natural person in whose possession it was found and the business address of each document's custodian(s).  Each page produced in response to these Requests shall be stamped with a unique prefix, or otherwise identified, such that the source of each page or document produced is apparent.  At a minimum, the entity producing the document shall be apparent.

5.      As to any document requested but withheld based on your assertion of any privilege or immunity, please set forth:  (i) the title of the document; (ii) the type of document (*e.g.*, letter, note, memorandum, etc.); (iii) the date of the document; (iv) the subject matter of the document; (v) the identities of all persons who authored the document, or assisted in its preparation, or in whose name the document was prepared; (vi) the identities of all persons to whom the document was addressed; (vii) the identities of all other persons to whom the document was sent, or who received, have seen, have had possession or custody of, or have had disclosed to them the contents of, the document or any copies thereof; and (viii) sufficient information regarding the grounds for withholding the document to explain the claim of privilege or immunity.

6.      If any document requested herein has been destroyed or lost, provide in lieu of the true and correct copy thereof a description of the document so lost or destroyed, together with the following information:  (i) the date of the document; (ii) a brief description of the document; (iii) the author of the document; (iv) the date upon which the document was destroyed or lost; and (v) a brief statement regarding the manner in which the document was lost or destroyed.

7.      Documents attached to each other shall not be separated.

8.      Any word written herein in the singular shall be construed as plural or vice versa as necessary in order to bring within the scope of the Request all documents that might otherwise be construed to be outside its scope.

9.      The terms "and" as well as "or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of the Request all documents that might otherwise be construed to be outside its scope.

10.     The terms "all" and "each" shall be construed as "all and each."

11.     If any copy of any document for which production is sought, whether a draft or a final version, is not identical to any other copy thereof, by reason of alterations, notes, comments, initials, underscoring, indication of routing or other material contained thereon or attached thereto, such non-identical copy shall be produced separately.

12.     If you consider any term in any Request to be vague or capable of more than one meaning, identify the meaning you are ascribing to such term, then respond to the Request as construed with such word given such meaning.

13.     Each Request shall be construed independently.  No Request should be construed by reference to any other Request for the purpose of limiting the scope of response to such Request unless stated otherwise.

## RELEVANT TIME PERIOD

Unless otherwise stated, the "Relevant Time Period" for the Requests is from the earlier of the date you were first retained by the Debtors and/or Terra, or the Petition Date to the present.

## ELECTRONICALLY STORED INFORMATION

The Requests call for the production of electronically stored information ("ESI")and ESI shall be produced in native form.  In searching for electronic documents responsive to these Requests, you shall search for all such electronic documents regardless of the form in which the document exists or the location in which it is stored. Among other places, you shall search for electronic documents stored on all servers, networks, hard drives, desktop computers, notebook

computers, personal digital devices, all back-up storage tapes, and with any third party cloud providers.

## SPECIFIC REQUESTS

Please produce the following documents for the Relevant Time Period:

1.      All Documents and Communications concerning the Property, including but not limited to every one of your files relating to the Property.

2.      All appraisals and other Documents and Communications concerning your estimate or opinion of the value at any time, of all or any part of the Property, and any drafts, modifications, amendments or updates to those appraisals or other Documents and Communications.

3.      All Documents and Communications concerning internal or external communications or data compilations prepared or received by you in connection with your work in the Bankruptcy Cases, including without limitation all such Documents and Communications received from or sent to the Debtors or counsel for the Debtors.

4.      All Documents and Communications concerning any part of the Property which you did not value for any reason, and all Documents and Communications concerning the basis for any such exclusion.

5.      All accounting records or other Documents and Communications concerning the accounting of any items of income, expense, profit or loss relating to the Property.

6.      All projections of future income for the Property whether prepared by you or any third party.

7.      All Documents and Communications concerning any oral or written statements of fact or opinion concerning the Property whether by you or any third parties.

8.      All data, notes, calculations or other information, or other Documents and Communications that has been or will be relied upon by you in formulating your findings and opinions in these Contested Matters.

Case No. 11-35884-RAM

9.      All data, notes, calculations or other Documents and Communications that has been seen, heard, read or considered by you in formulating its findings and opinions in this Contested Matter.

10.     All invoices or other billing statements concerning your work in the Bankruptcy Case.

11.     Your current curriculum vitae or resume.

12.     All published Documents and Communications authored by you, including, but not limited to, books, articles, periodicals or continuing education materials.

13.     All Documents and Communications concerning alternative valuation of the Property based upon the existing entitlements and/or infrastructure or upon proposed changes to the entitlements, infrastructure or PUD.

14.     All Communications and Documents between you and the Debtors, Terra, and Waronker concerning any of the Contested Matters.

15.     All Documents and Communications concerning the marketability of the Property.

16.     All Documents and Communications concerning the confirmability of the Plan.