UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                                            Case No. 11-35884-RAM

Town Center at Doral, LLC, et al.,[1]                             Chapter 11

           Debtors.                                   (Jointly Administered)
_____/

# EMERGENCY MOTION IN LIMINE TO EXCLUDE EXPERT REPORT, APPRAISAL, AND TESTIMONY

*Emergency Hearing Requested on Friday, January 13, 2012*

### Basis for Emergency Hearing

In light of the accelerated discovery schedule set by this Court in the Scheduling Order (defined herein), the Debtors require timely access to all documents to be submitted in response to the Motion to Value (defined herein), including any expert reports or appraisals. As of the filing of this Motion, the Indenture Trustee has failed to timely provide the Debtors with any expert reports or appraisals. Depositions are scheduled for Monday, January 16, 2012, and the hearing upon the Motion to Value is set for January 18, 2012. Failure to timely receive the Indenture Trustee's expert report and/or appraisal has prejudiced the Debtors' ability to prepare for the January 18 Hearing (defined herein) and greatly disadvantages the Debtors' ability to respond to the various objections to the Motion to Value. Based upon the expedited discovery schedule and upcoming evidentiary hearing, the Debtors respectfully request an emergency hearing on this Motion on January 13, 2012. The Debtors respectfully represent that they have attempted to resolve the matters herein without an emergency hearing and have otherwise fulfilled the requirements of Local Rule 9075-1(B).

---

[1] The last four digits of each Debtors' tax identification number are: (i) Town Center at Doral, LLC [1866]; (ii) Landmark at Doral East, LLC [6616]; (iii) Landmark at Doral South, LLC [6676]; (iv) Landmark Club at Doral, LLC [6797]; and (v) Landmark at Doral Developers, LLC [6762]. The Debtors' mailing address is 701 W. Cypress Creek Road, Suite 303, Fort Lauderdale, Florida 33309.

TOWN CENTER AT DORAL, LLC, LANDMARK AT DORAL EAST, LLC, LANDMARK AT DORAL SOUTH, LLC, LANDMARK AT DORAL DEVELOPERS, LLC, AND LANDMARK CLUB AT DORAL, LLC, (collectively the "Debtors"), by and through undersigned counsel, hereby move the Court (the "Motion") on an emergency basis, pursuant to Federal Rule of Civil Procedure 26, as made applicable by Federal Rule of Bankruptcy Procedure 7026, for entry of an order, substantially in the form attached hereto as Exhibit "A", limiting the admissibility of evidence and excluding the expert report, appraisal, and testimony of Michael Cannon, MAI ("Cannon") or any other expert report, appraisal, or testimony (collectively, the "Report") submitted or proffered by U.S. Bank National Association, as indenture trustee (the "Indenture Trustee").  In support of the Motion, the Debtors state as follows:

## JURISDICTION

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

A. **General Background**

3. On September 19, 2011, the Debtors filed with this Court voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

4. Since the Petition Date, the Debtors have been operating as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. On October 20, 2011, the United States Trustee appointed an official committee of unsecured creditors.

### B. The Scheduling Order and Subpoena

6. On December 13, 2011, the Debtors filed the *Motion to Value Collateral* [ECF No. 81] (the "Motion to Value").

7. On December 14, 2011, the Court issued a notice [ECF No. 84] setting the hearing upon the Motion the Value on January 18, 2012 at 10:00 a.m. (the "January 18 Hearing").

8. On December 23, 2011, the Court entered the *Order (1) Setting Evidentiary Hearing on Motion to Value and (2) Amending Order Setting Deadline for Filing Objections to Disclosure Statement* [ECF No. 119] (the "Scheduling Order"). The Scheduling Order provided (i) that the Court would conduct an evidentiary hearing on the Motion to Value at the January 18 Hearing, and (ii) the Landmark at Doral Community Development District (the "District"), or, if appropriate, U.S. Bank National Association, as indenture trustee, must file and provide the Debtor with a hard copy of their competing appraisal by January 11, 2012. The Court set this schedule with the input and agreement of all counsel.

9. On January 9, 2012, after requests from counsel to the Debtors to counsel for the Indenture Trustee commencing on December 21, 2011, counsel to the Indenture Trustee brought Cannon to the deposition of the Debtors' expert witness, and advised that Cannon would render a report on behalf of the Indenture Trustee. See attached Exhibit "B", consisting of emails from Debtor's counsel to counsel to the Indenture Trustee, to which the Debtors received no response.

10. On January 10, 2012, the Debtors caused Cannon to be served with a subpoena (the "Cannon Subpoena") calling for the production of various materials relating to Cannon's report.

11. Despite the deadlines imposed in the Scheduling Order and the Cannon Subpoena, the Indenture Trustee has not served Cannon's report nor any materials responsive to the Cannon Subpoena.

12. The District has served its expert report,[2] but has not yet complied with the subpoena served on its expert for all materials such expert considered or relied upon in rendering his report. Although the Debtors do not seek to exclude the District's expert report at this time, the Debtor respectfully submits that it is duplicative and unnecessary for both the District and the Indenture Trustee to submit expert reports and/or appraisal testimony.

## RELIEF REQUESTED

13. The Debtors request entry of an order excluding the Report and Cannon's testimony from evidence due to the Indenture Trustee's failure to timely produce the Report.

14. In light of the accelerated discovery schedule set by this Court in the Scheduling Order, the Debtors require timely access to all documents to be submitted in response to the Motion to Value, including any expert reports or appraisals. As of the filing of this Motion, the Indenture Trustee has failed to timely provide the Debtors with the Report.

15. The parties have scheduled depositions of the District's and the Indenture Trustee's experts for Monday, January 16, 2012, and the Court set hearing upon the Motion to Value on January 18, 2012. Failure to timely receive the Report has handicapped the Debtors' ability to prepare for both the January 16 depositions and the January 18 Hearing, and greatly disadvantages the Debtors' ability to respond to the various objections to the Motion to Value.

16. Accordingly, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as Exhibit A, excluding the Report.

---

[2] Notwithstanding the Court's Scheduling Order, the District failed to deliver its expert report until January 12, 2012 at 9:13 a.m.

## **NOTICE**

Notice of this Motion has been given in accordance with Bankruptcy Rule 2002 and Local Bankruptcy Rule 2002-1 to all registered users of the Court's CM/ECF system, and will be timely served upon all other necessary parties, if any. In light of the nature of the relief requested, the Debtor submits that no further notice is required.

WHEREFORE, the Debtors respectfully request that this Court enter an order granting the relief requested herein, and any other or further relief as may be just and proper.

Date:  January 12, 2012	Respectfully submitted,

    BILZIN SUMBERG BAENA PRICE &
    AXELROD LLP
    *Attorneys for Debtors*
    1450 Brickell Ave, Suite 2300
    Miami, FL 33131
    Telephone:  (305) 374-7580
    Facsimile:  (305) 375-7593

    By:  */s/ Mindy A. Mora*
        Mindy A. Mora
        Florida Bar No. 678910
        mmora@bilzin.com
        Daniel Y. Gielchinsky (*pro hac vice*)
        New York Bar No. 4038709
        dgielchinsky@bilzin.com
        Tara V. Trevorrow
        Florida Bar No. 30959
        ttrevorrow@bilzin.com

**EXHIBIT "A"**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Case No. 11-35884-RAM |
| Town Center at Doral, LLC, et al.,[1] | Chapter 11 |
| Debtors. _____/ | (Jointly Administered) |

**[PROPOSED] ORDER GRANTING EMERGENCY MOTION IN LIMINE EXCLUDE EXPERT REPORT, APPRAISAL, AND TESTIMONY**

THIS CAUSE came for hearing before the Court on December 5, 2011 at 10:00 a.m. in Miami, Florida upon the emergency motion (the "Motion") [ECF No. __] of the above-captioned debtors and debtors-in-possession (the "Debtors"),[2] for entry of an order, pursuant to Federal Rule of Civil Procedure 26 ("Rule 26"), as made applicable by Federal Rule of

---

[1] The last four digits of each Debtors' tax identification number are: (i) Town Center at Doral, LLC [1866]; (ii) Landmark at Doral East, LLC [6616]; (iii) Landmark at Doral South, LLC [6676]; (iv) Landmark Club at Doral, LLC [6797]; and (v) Landmark at Doral Developers, LLC [6762]. The Debtors' mailing address is 701 W. Cypress Creek Road, Suite 303, Fort Lauderdale, Florida 33309.

[2] All capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Motion.

MIAMI 2884360

Bankruptcy Procedure 7026, limiting the admissibility of evidence and excluding the expert report, appraisal, and testimony of Michael Cannon, or any other expert report, appraisal, or testimony (collectively, the "Report") submitted by U.S. Bank National Association, as indenture trustee (the "Indenture Trustee").  The Court, having determined that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) venue is proper pursuant to 28 U.S.C. § 1408, and (iii) due and sufficient notice of the Motion was provided and that no other or further notice need be provided, it is

      **ORDERED** as follows:

      1.      The Motion is **GRANTED**.

      2.      The Report, appraisal, and testimony of Michael Cannon, and any other expert report, appraisal, or testimony submitted by the Indenture Trustee, are excluded from evidence due to the Indenture Trustee's failure to timely produce the Report.

      3.      The Court retains jurisdiction over any matter or dispute arising from or relating to the implementation of this Order.

# # #

Submitted by:

Mindy A. Mora, Esq
Bilzin Sumberg Baena Price & Axelrod, LLP
1450 Brickell Avenue, Suite 2300
Miami, FL 33131

Copy furnished to:
Mindy A. Mora, Esq., who shall serve a copy of this order on all interested parties and file a certificate of service

**EXHIBIT "B"**

## Daniel Y. Gielchinsky

| | |
|---|---|
| **From:** | Daniel Y. Gielchinsky |
| **Sent:** | Tuesday, January 10, 2012 5:12 PM |
| **To:** | 'huttonj@gtlaw.com' |
| **Cc:** | 'Patricia Redmond'; 'Eric Silver'; Mindy Mora; 'Jordi Guso'; 'mcannon@irr.com' |
| **Subject:** | RE: appraisal |
| **Attachments:** | Subpoena to M. Cannon.pdf |

John,
Per our discussion yesterday, attached for service is the Subpoena for Mr. Cannon's document production and deposition. I will post to the docket as well.
Best, Dan


Bilzin Sumberg
ATTORNEYS AT LAW

Daniel Y. Gielchinsky
Law Clerk
**Bilzin Sumberg Baena Price & Axelrod LLP**
1450 Brickell Avenue, 23rd Floor              Tel 305.375.6135
Miami, Florida 33131-3456                     Direct Fax 305.351.2183
www.bilzin.com                                DGielchinsky@bilzin.com

Not a Member of the Florida Bar
Admitted in New York and New Jersey

---

**From:** Daniel Y. Gielchinsky
**Sent:** Wednesday, December 21, 2011 4:08 PM
**To:** 'huttonj@gtlaw.com'
**Cc:** Patricia Redmond; 'Eric Silver'
**Subject:** FW: appraisal

Hi John, I just left you a message. In case it may be easier to e-mail me back, am I correct in my understand that the indenture trustee intends to have Michael Cannon render a written valuation report?

If so, will you accept service of the subpoenas for materials relating to the appraisal directed to the indenture trustee and the appraiser?

Thank you, Dan


Bilzin Sumberg
ATTORNEYS AT LAW

Daniel Y. Gielchinsky
Law Clerk
**Bilzin Sumberg Baena Price & Axelrod LLP**

1/12/2012

1450 Brickell Avenue, 23rd Floor
Miami, Florida 33131-3456
www.bilzin.com

Tel 305.375.6135
Direct Fax 305.351.2183
DGielchinsky@bilzin.com

Not a Member of the Florida Bar
Admitted in New York and New Jersey

**From:** Daniel Y. Gielchinsky
**Sent:** Wednesday, December 21, 2011 4:05 PM
**To:** 'Eric Silver'; Patricia Redmond
**Subject:** appraisal

Hello Trish and Eric, has the CDD retained an appraiser that will render a valuation opinion? If so, can you please tell me who so I can direct my discovery demands?


ATTORNEYS AT LAW

Daniel Y. Gielchinsky
Law Clerk
**Bilzin Sumberg Baena Price & Axelrod LLP**
1450 Brickell Avenue, 23rd Floor
Miami, Florida 33131-3456
www.bilzin.com

Tel 305.375.6135
Direct Fax 305.351.2183
DGielchinsky@bilzin.com

Not a Member of the Florida Bar
Admitted in New York and New Jersey

1/12/2012