**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**
www.flsb.uscourts.gov

In re:

TOWN CENTER AT DORAL, L.L.C.,
*et al.,*

        Debtors.

_____/

Chapter 11

Case No. 11-35884-RAM

Jointly Administered

**LANDMARK AT DORAL COMMUNITY DEVELOPMENT DISTRICT'S**
**EMERGENCY MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

**(Emergency Hearing Requested Pursuant to Local Rule 9075-1)**

**The Movant respectfully requests that the Court consider this matter as soon as practicable as to prevent irreparable harm. The relief sought herein requires the immediate action and approval of the Court. On January 13, 2012, the Debtors filed a state court action against the Movant seeking, inter alia, to enjoin the District (defined below) from acting and are seeking a preliminary injunction on an emergent basis. For reasons set forth herein, to the extent necessary, the Movant respectfully requests that the Court modify the automatic stay so that the District can exercise any and all of its rights and properly defend itself with respect to the State Court Action (defined below).**

LANDMARK AT DORAL COMMUNITY DEVELOPMENT DISTRICT (the "**District**"), a local unit of special purpose government, though undersigned counsel, pursuant to 11 U.S.C. § 362(d), 11 U.S.C. § 105, Federal Rules of Bankruptcy Procedure 4001 and 9014 and Local Bankruptcy Rule for the Southern District of Florida 4001-1, moves, *on an emergency basis*, for relief from the automatic stay (the "**Motion**"). Additionally, for reasons stated herein, the District also requests a stay of the State Court Action be imposed until this Court has had an opportunity to review and rule on this Motion. In support thereof, the District states:

**Jurisdiction and Venue**

1.     On September 19, 2011 (the "**Petition Date**"), Town Center at Doral, LLC,

Landmark at Doral South, LLC, Landmark at Doral East, LLC, Landmark at Doral Developers, LLC, and Landmark Club at Doral LLC (the "**Debtors**") filed separate voluntary petitions for relief pursuant to Chapter 11 of the Title 11 of the United States Code. [ECF No. 1, Case No. 11 35884-RAM]; [ECF No. 1, Case No. 11-35885-RAM]; [ECF No. 1, Case No. 11-35886-RAM]; [ECF No. 1, Case No. 11-35887-RAM]; [ECF No. 1, Case No. 11- 35887-RAM].

2. On September 22, 2011, this Court granted the Debtors' motion for joint administration, with the instant case, Case No. 11-35884-RAM, designated as the lead case. [ECF No. 8, Case No. 11-35884-RAM]; [ECF No. 8, Case No. 11-35885-RAM]; [ECF No. 8, Case No. 11-35886-RAM]; [ECF No. 6, Case No. 11-35887-RAM]; [ECF No. 6, Case No. 11-35887-RAM].

3. On October 20, 2011, the United States Trustee appointed a joint committee of unsecured creditors. [ECF No. 31].

4. No trustee or examiner has been appointed.

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This proceeding is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper in this judicial district pursuant to 28 U.S.C. § 1408. The statutory predicate for the relief requested in this motion is 11 U.S.C § 362.

**Factual and Procedural Background**

6. The Debtors are developers and owners of several parcels of real property located in Miami-Dade County Florida, consisting of approximately 120 contiguous acres located on the east side of NW 107 Avenue and the north side of NW 58 Street (the "**Property"**).

7. The District refers and incorporates by reference the factual background set forth in its previous motion for relief from the automatic stay. [ECF No. 35]. All capitalized terms not otherwise defined herein shall have the meaning prescribed to in the said motion. *Id.*

8. On October 25, 2011, the District filed initial first motion for relief from the automatic stay, essentially seeking to (1) take possession of the Property, (2) obtain the appointment of a receiver, (3) complete the foreclosure action currently pending in the Circuit

Court in and for Miami-Dade County, Florida, Case No. 09-6334-CA-32 (the "**Foreclosure Action**"), and (4) sell the Property. [ECF No. 35].

9. The Court granted partial stay relief, authorizing the District to prosecute the Foreclosure Action through judgment, requiring the District to seek further order before obtaining a foreclosure sale, and setting a hearing to consider further relief for January 25, 2012. [ECF No. 75].

10. On December 18, 2011, the Debtors filed their Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code. [ECF No. 94].

11. On December 21, 2011, the Debtors filed their Disclosure Statement Relating to Joint Plan Of Reorganization Under Chapter 11 of the Bankruptcy Code. [ECF No. 108].

12. On January 13, 2012, the Debtors filed a complaint against the District in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, Case No. 12-01605-CA-08 (the "**State Court Action**"). In the complaint, the Debtors seek declaratory relief and emergency injunctive relief against the District relative with respect to Florida Statute § 190.006(2)(b) and Florida Statute § 190.001, *et seq.* A true and correct copy of the State Court Action complaint is attached hereto as Exhibit "A" (the "**Complaint**").

13. Specifically, as set forth more fully in the Complaint, the Debtors seek, among other things, (1) declarative relief finding that the District must hold elections pursuant to Florida Statute § 190.006(2)(b) and (2) injunctive relief enjoining the District from taking further actions absent new elections and new supervisors.

14. Also on January 13, 2012, the Debtors filed the Emergency Motion for Preliminary Injunction. Through the Debtors' Emergency Motion, the Debtors have requested a preliminary injunction enjoining the District from taking any further action through its current members of the Board of Supervisors. The Debtors are attempting to have the State Court consider the request for preliminary injunction on an emergency basis.

**Relief Requested**

15. The District respectfully requests that the Court issue a stay prohibiting the Debtors from proceeding with the State Court Action until the Court has had an opportunity to consider and rule on this Motion.

16. To the extent that the automatic stay is applicable to the State Court Action, the District respectfully requests that the Court modify the automatic stay so that the District may file any and all pleadings, motions, or requests for relief in the State Court Action against the Debtors. The District is also considering a counterclaim and injunctive relief against the Debtors for the Debtors' improper interference with governmental duties and officials.

17. If the Court modifies the automatic stay as requested, the District respectfully requests that the Court waive the fourteen (14) day stay prescribed by Bankruptcy Rule 4001(a)(3) so that the District may take immediate actions with respect to the State Court Action.

**Basis for Relief**

18. The Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the Bankruptcy Code. 11 U.S.C. § 105(a). The Court may also take any action or make any determination necessary or appropriate to enforce court orders and prevent an abuse of process. *Id.*

19. Contemporaneously with the commencement of the State Court Action, the Debtors have asked the State Court to enter a preliminary injunction against the District on an emergency basis. To prevent irreparable harm and prejudice to the District, and pursuant to the Court's inherent powers under Section 105(a), the District respectfully requests that the Court enter a stay enjoining the Debtors from proceeding with the State Court Action until this Court has had an opportunity to review and rule on this Motion.

20. The District does not believe that the automatic stay is applicable to the State Court Action. The automatic stay does not stay court proceedings initiated by the debtor. *Crosby v. Monroe County*, 394 F. 3d 1328, 1331 n. 2 (11th Cir. 2004) (noting that the automatic stay provision of the Bankruptcy Code does not extend to lawsuits initiated by the debtor.); *Love v.*

4

*Blue Cross and Blue Shield Ass'n*, 2008 WL 4097607, at *10 (S.D.Fla. Sept 4, 2008) (finding that although the automatic stay applies to suits against the debtor, "the stay is inapplicable to suits by the debtor…"); *see In re Kozich*, 406 B.R. 949, 953 (Bankr. S.D.Fla. 2009) (holding that the automatic stay does not prevent a party from taking action in a state court appeal initiated by the debtor of an original action also initiated by the debtor); *see Martin-Trigona v. Champion Fed. Sav. And Loan Ass'n*, 892 F.2d 575, 577 (7th Cir. 1989) ("There is … no policy of preventing persons whom the bankrupt has sued from protecting their legal rights."). Because the Debtors commenced the State Court Action and the District is a defendant in that action, the automatic stay is not applicable and the District is free to exercise any and all of its rights with respect to the State Court Action.

21. Nevertheless, the automatic stay arguably prevents the District from defending itself and from filing a counterclaim against the Debtors. Accordingly, and in abundance of caution, the District is filing this emergency motion for relief from the automatic stay.

22. Upon the request of a party in interest, the bankruptcy court may grant relief from the automatic stay "for cause." 11 U.S.C. § 362(d)(1). Because the Bankruptcy Code does not clearly define the term "cause," discretionary relief from the automatic stay must be determined on a case-by-case basis. *In re Makarewicz*, 121 B.R. 262, 265 (Bankr. S.D. Fla. 1990); *see In re Murray Indus., Inc.*, 121 B.R. 635, 636 (Bankr. M.D. Fla. 1990); *In re Beane*, 404 B.R. 942 (Bankr. M.D. Fla. 2008).

23. "Cause" exists in this matter because by commencing the State Court Action, the Debtors continue their attempts to interfere with the duties of the District and the Board Members of the District, who are public officials. In order to properly defend itself, the District must be allowed to file any and all responsive pleadings, motions, requests for relief, and any other necessary filings in the State Court Action.

24. If the District is not permitted to assert any and all defenses and claims against the Debtors in the State Court Action, the District will be prejudiced and irreparably damaged.

25. The primary purpose of the automatic stay is "to preserve what remains of the

debtor's insolvent estate and to provide a systematic, equitable liquidation procedure for all creditors secured and unsecured ... thereby preventing a chaotic and uncontrolled scramble for the debtor's assets in a variety of uncoordinated proceedings in different courts." *In re Kozich*, 406 B.R. at 953 (citation omitted). Allowing the District to properly defend itself, including the assertion of any affirmative claims, against the Debtors in the State Court Action does not violate the purpose of the automatic stay. *See In re White*, 186 B.R. 700, 704 (9th Cir. BAP 1995) ("There is … no policy of preventing no policy of preventing persons whom the bankrupt has sued from protecting their legal rights.").

      26.    Because the Debtors commenced the State Court Action, the District must be allowed to assert all of its rights and exercise all of its rights to properly defend itself, including the filing of counterclaim(s) against the Debtors in the State Court Action. *See e.g. In re Ideal Roofing & Sheet Metal Works, Inc.*, 9 B.R. 2 (Bankr. Fla. 1980) (holding that Section 362(a)(1) does not bar an action brought by the debtor from proceeding in State Court and further modified the stay to allow the counterclaim against the Debtor to proceed as well).

WHEREFORE, LANDMARK AT DORAL COMMUNITY DEVELOPMENT DISTRICT respectfully requests that the Court enter an order (1) issuing an immediate stay prohibiting the Debtors from proceeding with the State Court Action until the Court has ruled on this Motion, (2) to the extent necessary, granting relief from the automatic stay, (3) authorizing the District to file any and all pleadings, motions, requests for relief, and counterclaims in the State Court Action against the Debtors, (4) waiving the fourteen (14) day stay prescribed by Bankruptcy Rule 4001(a)(3), and (5) granting such other relief deemed just and proper.

Date: January 16, 2012.

Respectfully submitted,

**Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A.**
Museum Tower, Suite 2200
150 West Flagler Street
Miami, Florida 33130
Telephone: (305) 789-3553
Facsimile: (305) 789-3395

By /s/ Patricia A. Redmond
Patricia A. Redmond
predmond@stearnsweaver.com
Florida Bar No. 303739
Eric J. Silver
esilver@stearnsweaver.com
Florida Bar No. 057262

*Counsel for the District*

Exhibit A

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN
AND FOR MIAMI-DADE COUNTY,
FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO. _____

12-01605 CA 8

TOWN CENTER AT DORAL, LLC, a
Florida limited liability company,
LANDMARK AT DORAL DEVELOPERS,
LLC, a Florida limited liability company,
LANDMARK AT DORAL EAST, LLC, a
Florida limited liability company,
LANDMARK AT DORAL SOUTH, LLC, A
Florida limited liability company, and
LANDMARK CLUB AT DORAL, LLC, a
Florida limited liability company,

    Plaintiffs,

v.

LANDMARK AT DORAL, CDD, a Florida
community development district,

    Defendant.

_____/



## COMPLAINT

Plaintiffs, TOWN CENTER AT DORAL, LLC, LANDMARK AT DORAL DEVELOPERS, LLC, LANDMARK AT DORAL EAST, LLC, LANDMARK AT DORAL SOUTH, LLC, and LANDMARK CLUB AT DORAL, LLC (hereinafter, collectively "Plaintiffs" or "Landowners"), by and through their undersigned counsel allege for their Complaint against LANDMARK AT DORAL, CDD (hereinafter, "Defendant" or "District") as follows:

1

## PARTIES

1. Plaintiff Town Center at Doral, LLC is a Florida limited liability company having its principal offices at 701 W. Cypress Creek Road, Suite 303, Fort Lauderdale, Florida 33309.

2. Plaintiff Landmark at Doral Developers, LLC is a Florida limited liability company having its principal offices at 701 W. Cypress Creek Road, Suite 303, Fort Lauderdale, Florida 33309.

3. Plaintiff Landmark at Doral East, LLC is a Florida limited liability company having its principal offices at 701 W. Cypress Creek Road, Suite 303, Fort Lauderdale, Florida 33309.

4. Plaintiff Landmark at Doral South, LLC is a Florida limited liability company having its principal offices at 701 W. Cypress Creek Road, Suite 303, Fort Lauderdale, Florida 33309.

5. Plaintiff Landmark Club at Doral, LLC is a Florida limited liability company having its principal offices at 701 W. Cypress Creek Road, Suite 303, Fort Lauderdale, Florida 33309.

6. Defendant Landmark at Doral, CDD is a community development district, organized pursuant to Florida's Uniform Development District Act, Fla. Stat. § 190.01, *et.seq.*, and encompassing 120 acres of land located within the City of Doral at the northeast intersection of N.W. 107th Avenue and N.W. 58th Street.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this dispute under Fla. Stat. § 26.012 in that Plaintiffs are seeking declaratory and injunctive relief, and Plaintiffs have been damaged in excess of $15,000, exclusive of interest, attorneys' fees, and costs.

2

8. This Court has personal jurisdiction over Defendant pursuant to Fla. Stat. § 48.193, and otherwise, by virtue of Defendant's presence in this jurisdiction, and because Defendant is a community development district organized under the Uniform Community Development District Act and subject to suit pursuant to § 190.011(01), Fla. Stat., and located within Miami-Dade County, Florida. Moreover, Defendant engaged in substantial and not isolated activity within the State of Florida. Defendant owns, uses, possess, or holds a lien on real property within this State. Defendant also operates, conducts, engages in, or carries on a business or business ventures in this State and maintains its principal offices in Miami-Dade County, Florida.

9. This Court is the proper venue for this action pursuant to Fla. Stat. § 47.011 and Fla. Stat. § 47.051 because Defendant is located in Miami-Dade County, Florida, the causes of action asserted herein arose in Miami-Dade County, Florida, and Defendant breached its obligations under Fla. Stat. § 190.006 in Miami-Dade County, Florida.

## GENERAL ALLEGATIONS

10. Plaintiffs bring this action against Defendant to obtain relief from Defendant for violations of Fla. Stat. § 190.006, to seek a declaratory judgment that Defendant has violated Fla. Stat. § 190.006 by failing to notice and conduct elections pursuant to Fla. Stat. § 190.006, and to recover such other relief or damages from Defendant and enjoin Defendant from taking further action until elections are held.

11. From 2004 through 2005, noted real estate developer Elie Berdugo (hereinafter, "Berdugo"), the principal of EB Developers, created five entities to own and develop 120 acres of land located within the City of Doral into a planned area community entitled Landmark at Doral (hereinafter, "Landmark Project").

3

12. These five entities were Town Center at Doral, LLC, Landmark at Doral Developers, LLC, Landmark at Doral East, LLC, Landmark at Doral South, LLC, and Landmark Club at Doral, LLC and are each Plaintiffs herein.

13. Berdugo owned 100% of each entity.

14. The Landmark Project is located at the northeast intersection of N.W. 107th Avenue and N.W. 58th Street.

15. The Landmark Project was envisioned to consist of over 1,000 condominium units and townhomes with retail and office space.

16. On March 23, 2005, Plaintiffs sought from Miami-Dade County ("the County") approval of a community development district as provided under Florida Statutes Chapter 190 to administer infrastructure improvements such as roads, sewers, storm drainage and landscaping.

17. On July 7, 2005, the County approved the creation of the Landmark at Doral, CDD, the Defendant herein.

18. Pursuant to the requirements of Chapter 190, each of the landowners within the CDD were the exclusive electors in elections required to be held to fill the positions of the governing body of the CDD, its Board of Supervisors. The initial members of the Board of Supervisors of Defendant (hereinafter, the "Board") elected by the Landowners were: Daniel Kaskel, Richard Schueger, Suzanne Pavlik, Michael Scheiner and John Markey.

19. Defendant retained Craig Wrathell of Wrathell Hunt & Associates, as its Manager (hereinafter, "District Manager"), pursuant to Fla. Stat. § 190.003(10).

20. Defendant retained Dennis Lyles of Billings, Cochran, Lyles Mauro & Ramsey, PA as its Counsel (hereinafter, "District Counsel").

4

21. On October 10, 2006, Defendant issued $71,500,000.00 in bonds to finance various infrastructure improvements including a parking garage.

22. To re-pay these bonds, Defendant imposed "Special Assessment Obligations" upon Plaintiffs whose properties would benefit from the improvements.

23. The proceeds of the sale of the bonds were used to fund the construction of these improvements, consisting of various roads and curbing, a drainage system, and a parking garage, all of which have been partially completed.

24. On February 12, 2008, Berdugo died unexpectedly at the age of 55, and coupled with the financial and economic crisis and later that year, Defendant and the Landmark Project languished. As a result, some Special Assessment installments were not paid when due.

25. Additionally, Defendant failed to have regular meetings, hold elections, or otherwise scrupulously adhere to the express requirements of Chapter 190.

26. Nonetheless, almost two years later, Defendant commenced enforcement and collection of the Special Assessments by instituting a foreclosure action in 2009 relative to the Landmark Project.

27. At a January 14, 2010 meeting held by Defendant, the District Counsel advised Defendant that the three board members whose terms had expired in November of 2009 were in a "carry over" position, which he described as a "nebulous, tentative designation."

28. District Counsel suggested a procedure whereby each carry-over supervisor resign in turn, and that remaining Board members appoint the resigned member to fill that vacancy. The Board failed to follow District Counsel's suggestion for reappointment, or otherwise failed to properly record that any such reappointment of Board members was effected.

29. On September 19, 2011, Plaintiffs filed for bankruptcy under Chapter 11.

5

30. Immediately prior to the bankruptcy petition date, Plaintiffs engaged in good faith negotiations with Terra World Investments, LLC (hereinafter, "Terra Investments," and collectively with Terra Landmark, the "Terra Entities"), a Florida limited liability company, regarding the terms of a proposed plan support agreement intended to serve as the foundation of a plan of reorganization that envisions the development of the Landmark Project and a benefit to all of the Plaintiffs' creditors (the "Joint Plan of Reorganization").

31. The Bankruptcy Court has since approved the plan support agreement. As a result, the Landowners and Terra Entities have filed the Joint Plan of Reorganization with the Bankruptcy Court.

32. The Landowners would seek the support of the Board of the CDD for the Joint Plan of Reorganization, but the legitimacy of the Board is in doubt due to its failure to properly hold elections. Moreover, the Board has been adverse to every action taken by the Plaintiffs in the bankruptcy case, and have aligned themselves with their creditors, the bondholders, in obstructing all of the Plaintiff's reorganization efforts.

33. Chapter 190 provides that Board elections are to be held each November, and provides for the procedures under which notice of the meeting shall be given. Defendant failed to announce the landowners' election at a public meeting at least 90 days earlier as required by Fla. Stat. § 190.006.

34. In November 2011, the Plaintiffs herein, the Landowners and the only "electors" as that term is defined by Fla. Stat. § 190.003(12), did not appear and vote as is their right pursuant to Fla. Stat. § 190.006(2)(b).

6

35. The Board purportedly convened a landowners' meeting to be held on November 20, 2011 for the purpose of electing three seats to the Board without complying with the express notice requirements contained in Fla. Stat. § 190.006.

36. Despite having actual knowledge of the Plaintiff's location, Defendant sent mail notification to the Plaintiffs' addresses as registered with the Florida Secretary of State and the County Property Appraiser's Office by Mr. Berdugo, and not updated since his untimely death.

36. Defendant's District Manager has admitted in sworn testimony that it failed to announce the landowners' election at a public meeting at least 90 days prior to the meeting.

37. Because of a lack of proper notice, Plaintiffs did not attend the November 20, 2011 election, and their statutory right to vote was impaired.

38. Thereafter, on December 6, 2011, Plaintiffs attended the regularly scheduled meeting of Defendant and requested that the current Board members either resign or that a new election be held so that Plaintiffs may exercise their statutorily mandated vote at a properly noticed District election.

39. Plaintiff's request for relief was denied by the Board and its counsel.

40. In sworn testimony taken on December 19, 2011, the District Manager conceded that there had been no proper statutory announcement of the November 2011 landowners' meeting.

41. On January 4, 2012, Plaintiffs again requested through the District Counsel that a properly noticed election be held and advised that the District Manger had admitted not properly announcing the November 20, 2011 landowners' election meeting. Plaintiffs renewed their request for the resignation of the Landmark CDD Board members.

7

42. Further, it was the intention of the Landowners to promptly bring these concerns directly to the Board in a public forum at its next regularly scheduled meeting, then set for January 12, 2012, and seek relief in the form of a new election or otherwise restore the Landowners' right to participate by vote on the members of the Board pursuant to Chapter 190.

43. On January 10, 2012, Defendant advised Plaintiffs that Defendant had cancelled its next regularly scheduled meeting of January 12, 2012 and that the next meeting would not occur until January 26, 2012.

44. Defendant, in its current illegal composition, has caused and will continue to cause irreparable harm to the Landowners if they are permitted to continue in their current role, having assumed their positions as Board members without compliance with Chapter 190 or any valid election.

45. Defendant has taken actions to the detriment of Plaintiffs and has failed to act to adequately insure that Plaintiffs' lawful interests are protected in the future.

46. On or about December 14, 2011, Defendant acting on authority of an illegal Board, sought relief on an emergent basis in Plaintiffs' bankruptcy proceeding to terminate the exclusivity period within which a debtor in bankruptcy is permitted by law to file a proposed plan of reorganization. Defendant's motion was filed without any discussion with Plaintiffs or comments with respect to the reorganization plan, and demonstrated that Defendant is not acting in the best interest of the Landowners, the only electors within the District or the public. Instead of acting to insure approval of a plan which contemplates repayment to both the bondholders and unsecured creditors and completion of construction of infrastructure benefitting the public, Defendant's action would only to steer control of the Landmark Project to the bondholders and cause irreparable harm to the Plaintiffs and no benefit to the public.

BILZIN SUMBERG BAENA PRICE & AXELROD LLP
1450 Brickell Avenue, Suite 2300, Miami, FL 33131-3456

47. In further sworn testimony, the District Manager admitted that he had failed to monitor withdrawals by the indenture trustee of over $2.5 million from one of Defendant's construction accounts, leaving the construction accounts with nominal balances and further establishing the Board's inability to act in the best interests of the District or the Plaintiffs.

48. Throughout the course of the bankruptcy case, the District has been adverse to the Plaintiffs. The District has taken the lead role in conducting discovery and depositions of the Plaintiffs and their professionals, has retained its expert to support the District's efforts to quash the Joint Plan of Reorganization, and will be adverse at significant hearings scheduled to occur on January 18 and January 25 that are critical to the Plaintiff's reorganization efforts.

## COUNT I - DECLARATORY RELIEF

49. The allegations of Paragraphs 1 through 48 are incorporated by reference as if fully restated herein.

50. Defendant's actions, inactions, and derelictions of duty in connection with electing supervisors to the Board pursuant to Fla. Stat. 190.006 are and continue to be improper, illegal, unauthorized, unwarranted, and outrageous, and represent an improper denial of Plaintiffs right to a elect supervisors to the Board in violation of applicable law, rules, regulations, and standard procedures, including Fla. Stat. 190.006(2)(b).

51. Defendant's failure to perform its duties in accordance with the applicable law, rules, regulations, and standard procedures, including Fla. Stat. 190.006(2)(b), allows this Court to take jurisdiction over this matter and review the actions of Defendant pursuant to Fla. Stat. § 86.011, Fla. Stat. 86.021, and Fla. Stat. 190.041 and to declare that Defendant is not in conformance with the mandates of the Florida Statutes.

BILZIN SUMBERG BAENA PRICE & AXELROD LLP
1450 Brickell Avenue, Suite 2300, Miami, FL 33131-3456

52. Plaintiff is entitled to a declaration from this Court that Defendant had the responsibility to properly notice and hold elections as required by Fla. Stat. 190.006(2)(b), that Defendant has failed in performing this responsibility, that the current Board members have improperly maintained their positions on the Board, and that Plaintiffs are entitled to have the current Board dissolved with directives that the Defendant immediately and properly notice and hold elections as required by Fla. Stat. 190.006(2)(b).

**WHEREFORE**, Plaintiffs respectfully request that the Court take jurisdiction over this matter and render judgment in their favor declaring that Defendant had the responsibility to properly notice and hold elections as required by Fla. Stat. 190.006(2)(b), that Defendant has failed in performing this responsibility, that the current Board members have improperly maintained their positions on the Board, and that Plaintiffs are entitled to have Defendant immediately hold elections which include the participation of Plaintiffs as required by Fla. Stat. 190.006(2)(b), and awarding Plaintiffs their reasonable attorney's fees, costs, and such other relief as the Court deems just and equitable.

## COUNT II – VIOLATIONS OF FLA. STAT. § 190.006 FOR FAILURE TO PROPERLY NOTICE ELECTION

53. The allegations of Paragraphs 1 through 48 are incorporated by reference as if fully restated herein.

54. In addition to other notice requirements, Fla. Stat. 190.006(2)(b) specifically requires Defendant to announce an election at a public meeting of the Board at least 90 days prior to the date of the election. *See* Fla. Stat. 190.006(2)(b).

55. The statute also requires the Board to provide the landowners, i.e. the Plaintiffs, with instructions on how all landowners may participate in the election, along with sample

10

proxies, at the public meeting where the date of the election is announced. *See* Fla. Stat. 190.006(2)(b).

56. Defendant failed to announce an election at a public meeting of the Board at least 90 days prior to the date of election in violation of Fla. Stat. 190.006(2)(b).

57. Defendant also failed to provide Plaintiffs with the opportunity to exercise its statutorily mandated vote in the required Board election which should have been announced in violation of Fla. Stat. 190.006(2)(b).

58. Fla. Stat. § 190.041 specifically authorizes this Court to grant Plaintiffs injunctive relief to enjoin or restrain any person violating the provisions of the Uniform Community Development District Act of 1980, Fla. Stat. § 190.001, *et seq.*

**WHEREFORE**, Plaintiffs respectfully request that the Court take jurisdiction over this matter and render judgment in their favor granting Plaintiffs injunctive relief and enjoining Defendant from taking any further action on behalf of the community development district until Defendant properly conducts new elections with the participation of Plaintiffs and new Board supervisors are appointed pursuant to those elections and in accordance with Fla. Stat. 190.006(2)(b).

### COUNT III - VIOLATIONS OF FLA. STAT. § 190.006 FOR FAILURE TO PROPERLY HOLD ELECTIONS

59. The allegations of Paragraphs 1 through 48 are incorporated by reference as if fully restated herein.

60. Fla. Stat. 190.006(2)(b) requires that an election of supervisors of the Board be held in November every two years. *See* Fla. Stat. 190.006(2)(b).

61. Upon information and belief, Defendant either held an election after the two year time frame had elapsed or failed to hold elections entirely in violation of Fla. Stat. 190.006(2)(b).

BILZIN SUMBERG BAENA PRICE & AXELROD LLP
1450 Brickell Avenue, Suite 2300, Miami, FL 33131-3456

62. Fla. Stat. § 190.041 specifically authorizes this Court to grant Plaintiffs injunctive relief to enjoin or restrain any person violating the provisions of the Uniform Community Development District Act of 1980, Fla. Stat. § 190.001, *et seq.*

**WHEREFORE**, Plaintiffs respectfully requests that the Court take jurisdiction over this matter and render judgment in their favor granting Plaintiffs injunctive relief and enjoining Defendant from taking any further action on behalf of the community development district until Defendant properly notices and conducts new elections and new Board supervisors are appointed pursuant to those elections and in accordance with Fla. Stat. 190.006(2)(b).

### JURY DEMAND

Plaintiffs hereby demand trial by jury as to all issues triable by right to a jury.

DATED: January 13, 2012              Respectfully submitted,

**BILZIN SUMBERG BAENA PRICE & AXELROD LLP**
*Attorneys for Plaintiffs Town Center at Doral, LLC, Landmark at Doral Developers, LLC, Landmark at Doral East, LLC, Landmark at Doral South, LLC, and Landmark Club at Doral, LLC*
1450 Brickell Avenue, 23rd Floor
Miami, Florida 33131-3456
Tel:  (305) 350-7210
Fax: (305) 351-2234

By: _____
Jose M. Ferrer
Florida Bar No. 173746
jferrer@bilzin.com