**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**
www.flsb.uscourts.gov

In re:                                                    Chapter 11

                                                          Case No. 11-35884-RAM
TOWN CENTER AT DORAL, L.L.C.,                             Jointly Administered
*et al.*,

        Debtors.
_____/

**FLORIDA PRIME HOLDINGS, LLC'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO ALLOW PARTY-IN-INTEREST TO PARTICIPATE IN PENDING MOTIONS, MATTERS AND RELATED DISCOVERY**

**FLORIDA PRIME HOLDINGS, LLC** a Delaware limited liability company, through undersigned counsel, pursuant to this Court's order dated January 6, 2012 [ECF No. 134], submits its reply in further support of it motion to allow party-in-interest to participate in all pending motions, matters and related discovery. In support, Florida Prime Holdings, LLC, states as follows:

**Argument**

The crux of the Debtors' objection to the participation of Florida Prime Holdings, LLC (the "**Bondholder**") in this matter is simply that because the Indenture Trustee is participating in this matter, the Debtors should not be "overburdened" by having "numerous parties interjecting themselves into the case on every issue." See [ECF No. 143 at pg. 3]. To support their argument, the Debtors allege that the Bondholder is a "mere beneficiary of a creditor of a creditor of the Debtors." Id. Simply stated, the Debtors' characterization of the Bondholder, the Bondholder's interest and the relationship between the Indenture Trustee and the Bondholder, is incorrect.

It is undisputed that the Bondholder is simply one entity and not "numerous parties". It is also undisputed that the Bondholder is the sole owner of 100% of the outstanding Series 2006

*Case No. 11-35884-RAM*
*Jointly Administered*

Bonds[1] issued by Landmark at Doral Community Development District (the "**District**").[2] Further, it is undisputed that the relationship between the District and the Bondholder is controlled by the Indenture which establishes that the Bondholder is the ultimate party in interest with respect to the Series 2006 Bonds. See Indenture at Articles VI, VII, and X. As a result, the Bondholder's request to participate in all matters, including protecting their specific and unique interests during hearing and in the discovery process is supported by the Indenture and applicable case law.

As noted in the Bondholder's motion, the Indenture contains several Articles confirming that the Bondholder is the actual party that shall receive the funds recovered from the Special Assessments. Specifically, (1) Article VI provides that the Special Assessments become immediately subject to the lien in favor of the Bondholders; (2) Article VII confirms that all funds received under the Indenture are trust funds for the benefit of the Bondholder; (3), Section 9.06 provides that in the event the District takes title to the Property through an enforcement action or credit bid right, the District holds that property interest for the benefit of the Bondholder; and (4) Article X provides that in the event of a default the Trustee may bring suit in its own name as if it were the trustee of an express trust for the Bondholders.[3] These sections of the Indenture confirm that the only and real party in interest is the Bondholder and that as a result, it should be allowed to fully participate in this proceeding.

---

[1] As of the Petition Date, the amount due under the Series 2006 Bonds exceeds $71,500,000.00, plus accrued interest, cost and penalties as provided by applicable Florida statute and the Master Trust Indenture with U.S. Bank National Association, as indenture trustee and a First Supplemental Trust Indenture with U.S. Bank National Association, as indenture trustee. (collectively the "**Indenture**").

[2] As this Court is aware, Landmark at Doral Community Development District is a community development district, which is a local unit of special purpose government of the State of Florida pursuant to Chapter 190, Florida Statutes. On or about August 23, 2005, the Board of County Commissioners, Miami-Dade County, Florida, adopted Ordinance No. 05-153 establishing the District pursuant to the provisions of Chapter 190, Florida Statutes. The District has all of the powers granted by Chapter 190, Florida Statues, including, but not limited to, the authority to impose Special Assessments and to enforce all remedies available in case of default in the payment of Special Assessments.

[3] The Debtors make much ado about Section 10.07 which discusses the limitation on actions by bondholders. See [ECF No. 143 at pg. 10]. However, section 10.07 inures to the benefit of the Trustee and the Bondholder and the Debtors have no standing to assert the rights under section 10.07 of the Indenture. Further, the Bondholder is not pursuing a remedy against the Debtors. The District is pursuing the remedy with the full support of the Bondholder.

Guidance on this issue can be found in the cases <u>In re Lawrence B. Cummings</u>, 371 B.R. 565 (Bankr. S.D. Fla. 2007) and <u>In re Rosenberg</u>, 414 B.R. 826 (Bankr. S.D. Fla. 2009). In <u>In re Cummings</u>, the court was required to determine whether a disbursing agent under the confirmed chapter 11 plan in the case of <u>Susan Cummings, Debtor</u>, Case No. 98–36372–BKCSHF, Ms. Dzikowski, could object to pending fee applications in another bankruptcy case. In deciding that Ms. Dzikowski was a proper party in interest and could participate in the proceedings, the court explained,

> Ms. Dzikowski's nexus to the instant bankruptcy proceeding, though tenuous, does qualify as a "party in interest". "The term party-in-interest 'is generally understood to include all persons whose pecuniary interest are [sic] directly affected by the bankruptcy proceedings.'" <u>In re E.S. Bankest, L.C.</u>, 321 B.R. 590, 594; <u>Nintendo Co. Ltd. v. Patten</u>, 71 F.3d 353, 356 (10th Cir. 1995). <u>Ms. Dzikowski's pecuniary interests ostensibly will be affected by this Court's fee awards</u>, in that (1) the amounts of the fee awards might impact upon the balance available for payment of her claim in the case of Susan Cummings, Debtor, as any distribution upon Ms. Cummings' claim would be directed to Ms. Dzikowski as disbursing agent under the Susan Cummings plan; and (2) Ms. Dzikowski as the former attorney for Susan Cummings in her chapter 11 proceeding, is owed a balance of $160,876.00 plus expenses of $9,876.00 for services rendered and costs incurred in connection with Ms. Dzikowski's representation of Ms. Cummings during her chapter 11 proceeding (Case No. 98–36372–BKC–SHF—C.P. 226).

<u>Id</u>. at 568. (<u>emphasis added</u>). Thus, the court focused on whether Ms. Dzikowski's pecuniary interests would be affected by the court's fee awards. In the case at bar, it is undisputed that the pecuniary interest being affected by the proposed actions of the Debtors as set forth in the Plan [ECF No. 94] and Disclosure Statement [ECF No. 108] is exclusively of the Bondholders.[4]

Similarly, <u>In re Rosenberg</u>, an involuntary Chapter 7 petition was filed, in the names of special purpose entities ("SPEs"). <u>In re Rosenberg</u>, 414 B.R. 826. The SPEs were created as pass-through vehicles to facilitate securitization transactions, by agent for the trustee of

---

[4] As this Court is aware, the Debtors' Plan [ECF No. 94] and Disclosure Statement [ECF No. 108] propose the restructuring of the Series 2006 Bonds. In so doing, the Debtors seek to reduce assessments on the North Parcel and increase assessments on the South Parcel of the Property, thus directly affecting the Bondholders' pecuniary interest in the assessments.

3

securitization trust. Id. Relevant to the matters in the instant case, the putative debtor moved to dismiss case on the basis that the SPEs were not the real parties in interest necessary to prosecute a case as required by Rule 17 of the Federal Rules of Bankruptcy Procedure.[5] Id. at 841. In order to resolve the argument raised by the debtor, the court examined that parties' underlying documents, concluding, in part that the SPEs were not parties in interest under 11 U.S.C. § 1109(b) as they "were nothing more than pass-through entities to facilitate the securitization transactions. <u>No actual injury can be traced to these entities</u>, which could potentially be redressed by the bankruptcy estate. <u>These entities have no pecuniary interest or stake in the future administration of a bankruptcy estate should this court enter an order for relief in this case</u>." Id. at 842 (<u>emphasis added</u>). Again, it is undisputed that the Bondholder as the 100% owner of the 2006 Series Bonds is not simply a pass through entity and instead the actual injured party in the event the Debtors' Plan [ECF No. 94] and Disclosure Statement [ECF No. 108] are confirmed by this Court. Ultimately, it is the Bondholder's lien on the Property which is been affected by the Debtors' plan of reorganization. As such, the Bondholder is a party in interest and should be permitted to participate. <u>See e.g.</u>, <u>In re Overview Equities, Inc</u>., 240 B.R. 683 (Bankr. E.D.N.Y. 1999 (although claimant does not have a claim against the debtor, claimant is still a party in interest with certain rights as claimant has an interest in the property, which is the debtor's sole alleged asset).

Last, in their response the Debtors heavily rely upon <u>In re Ritter Ranch Dev., LLC</u>, 225 B.R. 760 (B.A.P. 9th Cir. 2000). <u>See</u> [ECF No. 143 at pgs. 7-7] However, a brief review of <u>Ritter Ranch</u> does not lead to the conclusion urged by the Debtors as the relief sought by the moving party in Ritter Ranch is different than the relief sought by the Bondholders in the case at bar. Specifically, in <u>Ritter Ranch</u>, the debtor sought a declaratory judgment that the holders of $40.7 million in community development bonds were <u>creditors</u> of the bankruptcy estate pursuant

---

[5] Rule 17 of the Federal Rules of Bankruptcy Procedure provides "an action must be prosecuted in the name of the real party in interest."

to Sections 101(5) and 1010(1) and 102(2) of the Bankruptcy Code. <u>Id</u>. at 761. Notably however, in the instant case, the Bondholders are not seeking creditor status, but instead "party-in-interest"[6] status as contemplated by 11 U.S.C. § 1109(b) and as discussed by the courts in <u>In re E.S. Bankest, L.C.</u> 321 B.R. 590, 594 (Bankr. S. D. Fla. 2005) explaining concepts of party in interest) and <u>In re Ionosphere Clubs, Inc.</u>, 101 B.R. 844 (S.D.N.Y 1989) (explaining concepts of party in interest and creditor).[7]

As the Bondholder in the instant case is seeking party-in-interest status to protect its undisputed legal, equitable and pecuniary interests which are directly affected by the Debtors' Plan [ECF No. 94] and Disclosure Statement [ECF No. 108], this Court should allow the Bondholder to fully participate in the proceedings. As discussed above, applicable case law mandates that result and nothing in the Debtors' response negates that conclusion.

**WHEREFORE**, FLORIDA PRIME HOLDINGS, LLC, respectfully requests the entry of an order authorizing it and its counsel to participate in all pending motions, matters and related discovery and awarding such further relief deemed just and proper.

Dated: January 17, 2012

---

[6] The terms party-in interest is "generally understood to include all persons whose pecuniary interests are [sic] directly affected by the bankruptcy proceedings.'" <u>In re E.S. Bankest, L.C.</u>, 321 B.R. 590, 594 (Bankr. S. D. Fla. 2005) <u>citing</u> <u>Nintendo Co., Ltd. v. Patten (In re Alpex Computer Corp.)</u>, 71 F.3d 353, 356 (10th Cir.1995) <u>quoting</u> <u>Yadkin Valley Bank & Trust Co. v. McGee (In re Hutchinson)</u>, 5 F.3d 750, 756 (4th Cir.1993); <u>Kapp v. Naturelle, Inc. (In re Ellis)</u>, 611 F.2d 703, 706 (8th Cir.1979) (noting that courts construing the term party-in-interest "have reasoned that the interest must be a pecuniary interest in the estate to be administered."). The general theory behind the section is that anyone holding a direct financial stake in the outcome of the case should have an opportunity ... to participate in the adjudication of any issue that may ultimately shape the disposition of his or her interest." In re Teligent, Inc., 640 F.3d 53 (2d Cir. 2011), <u>citing</u>, Alan Resnick & Henry J. Sommer, Collier on Bankruptcy ¶ 1109.01 (16th ed. 2011); <u>accord</u> <u>FutureSource LLC v. Reuters Ltd.</u>, 312 F.3d 281, 284 (7th Cir. 2002); <u>In re Alpex Computer Corp.</u>, 71 F.3d 353, 357 (10th Cir.1995); <u>In re Hutchinson</u>, 5 F.3d 750, 756 (4th Cir. 1993). "Because there is no precise definition of the phrase party-in-interest, courts are to make this determination on a case by case basis" <u>In re E.S. Bankest, L.C.</u> 321 B.R at 595 (citations omitted).

[7] The remainder of the cases cited in the Debtors' response are similarly inapposite to the case at bar. For example, the Debtors cite to In re Innkeepers USA Trust, 444 B.R. 131 (S.D.N.Y 2011) in support of their proposition that allowing the Bondholder to participate would delay and complicate the bankruptcy case. However, unlike the moving party in In re

5

*Case No. 11-35884-RAM*
*Jointly Administered*

Respectfully submitted,

**ARNSTEIN & LEHR LLP**
Attorneys for **Florida Prime Holdings, LLC**
200 South Biscayne Boulevard, Suite 3600
Miami, Florida  33131
Telephone:	305-374-3330
Facsimile:	305-374-4777
E-Mail:		pmhudson@arnstein.com


By:	/s/ Phillip M. Hudson III
	Phillip M. Hudson III
	Florida Bar No. 518743



**CERTIFICATE OF ADMISSION**

**I HEREBY CERTIFY** that I am admitted to the bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).


By:	/s/ Phillip M. Hudson III
	Phillip M. Hudson III

*Case No. 11-35884-RAM*
*Jointly Administered*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF and served this 17th day of January, 2012:

Via CM/ECF:

- C Craig Eller           celler@broadandcassel.com
- Jordi Guso              jguso@bergersingerman.com
- John B. Hutton III      huttonj@gtlaw.com
- Mindy A. Mora           mmora@bilzin.com
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
- Patricia A Redmond      predmond@stearnsweaver.com
- Melinda S Thornton      cao.bkc@miamidade.gov

Via U.S. Mail:

Daniel Y. Gielchinsky
1450 Brickell Ave #2300
Miami, FL 33131

Glenn Moses
100 SE 2nd Street, 44th Floor
Miami, Florida 33131

Betty Shumener
550 South Hope Street, Suite 2300
Los Angeles, California 90071

By:   /s/ Phillip M. Hudson III
      Phillip M. Hudson III