UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN RE:                                          :        CHAPTER 11
                                                :
TOWN CENTER AT DORAL, LLC, *et al.*            :        CASE NO. 11-35884-RAM

                                                :
        Debtor.                                 :

**UNITED STATES TRUSTEE'S OBJECTIONS TO DEBTOR'S
DISCLOSURE STATEMENT**

COMES NOW the United States Trustee for Region 21 ("UST"), in furtherance of the administrative responsibilities imposed pursuant to 28 U.S.C. §586(a), and submits the following objections to the disclosure statement and proposed plan filed by TOWN CENTER AT DORAL, LLC, *et al.*, (the "Debtor") in the above-styled jointly administered Chapter 11 proceeding.

Title 11 of the United States Bankruptcy Code §1125(b) requires the Bankruptcy Court specifically to find the disclosure statement contains "adequate information" before a party in interest is allowed to solicit its Plan of Reorganization to creditors.  Section 1125(a)(1) defines the term "adequate information" as meaning "information of a kind, and in sufficient detail . . . , that would enable a hypothetical reasonable investor typical of holders of claims or interests of the relevant class to make an informed judgement about the plan . . . "

In the absence of amendments to deal with such matters as is noted below, the United States Trustee moves the Court to not approve the proposed Disclosure Statement "as containing adequate information," and convert the case to Chapter 7.

<u>OBJECTIONS</u>

1.   The Disclosure Statement does not adequately describe the terms for transfer of ownership to the Plan Sponsor, whether the "equity" is subject to competitive bidding, or whether the secured creditors have a right to credit bid.

2.   On page 34, the Unsecured Creditor Distribution should be secured either by the real property or in the equity interest of the Debtor, until all payments have been made.

3.   The Debtor seeks exemptions under 28 U.S.C. §1146(a), however the application of that provision to this case is not available to the extent sought on page 39 of the Disclosure Statement.  The real property is not being sold, and any future transfer or mortgage should be subject to applicable transfer taxes/stamps.

4.   On page 40, paragraphs 4(a) "Powers of the Disbursing Agent" and 4(b) "Expenses Incurred on or after the Effective Date" should be subject to further Order of Court.

5.   On page 41, under paragraph 5 "Delivery of Distribution," any unclaimed property should not revert to the Reorganized Debtor, but should either be deposited with the Clerk of the Court, or be distributed pro rata to the class of unsecured creditors.

6.   On page 43, the Disclosure Statement fails to state, in bolded language, that there will be thirty (30) days during which the creditors may file rejection damages claims, as per Local Rule 6006-1(A).  Any disclosure statement should include in the title "... and Bar Date for Rejection Claims."

7.   On page 45, the Debtor is providing "Insider Indemnities" without providing sufficient

2

information regarding the details including the extent and identity of the Insider indemnities.

8.     On page 46, the Debtor seeks to release and exculpate itself, the Reorganized Debtor, the Plan Sponsor, the Disbursing Agent, and each of their respective Affiliates and Representatives. Any language regarding exculpation for professionals, officers, directors, employees, representatives, advisors, attorneys, financial advisors, or agents or others in the Plan should be stricken as inappropriate. There is no basis to provide this protection. The releases are not an integral part of the plan and not essential to its implementation. If the Court allows the release language to remain there should be an additional exception as a limitation for professional malpractice.

9.     The plan proponent is asking for exculpation for parties in Chapter 11 that such third parties would not receive in a Chapter 7 liquidation or outside bankruptcy. There is no statement about the necessity for these releases for the Debtor's Plan be successful.  The Disclosure Statement fails to contain any explanation regarding the following:

    (1)    the necessity for such release(s);

    (2)    the consideration being given for the release(s) (especially in favor of fiduciaries - parties may have claims against these individuals);

    (3)    the appropriateness of a release in a Chapter 11 plan when a Chapter 7 trustee and professionals do not receive a release;

    (4)    why a release does not violate public policy;

    (5)    why a release should be binding on non-accepting or non-voting parties/creditors; and

    (6)    the identification of any known acts or omissions to be released.

10.     The Disclosure Statement does not contain the correct language on the payment of the United

States Trustee fees.[1]

11.    On page 52, the Debtor includes a provision providing for no duty to update the Disclosure Statement regardless of the importance or impact such information would have on the case. This provision is objectionable.

12.    On page 15, the Debtor states that "until recently" the Debtor was actively engaged in preparing the property for development. This statement is misleading as the principal of the Debtor is deceased and there has been little or no activity for an extended period of time. In fact, one could question why the ownership interest of the Debtor is not being administered in the probate estate.

13.    On it's face, it appears that the Plan Sponsor, who has set a short time frame to confirm the

---

[1]    The United States Trustee suggests language similar to the following:

Notwithstanding any other provisions of the Plan to the contrary, the Debtor shall pay the United States Trustee the appropriate sum required pursuant to 28 U.S.C. §1930(a)(6), within ten (10) days of the entry of the order confirming the Plan, for pre-confirmation periods and simultaneously file all the Monthly Operating Reports for the relevant periods, indicating the cash disbursements for the relevant period. The Debtor, as Reorganized Debtor, shall further pay the United States Trustee the appropriate sum required pursuant to 28 U.S.C. §1930(a)(6), based upon all post-confirmation periods within the time period set forth in 28 U.S.C. §1930(a)(6), based upon all post-confirmation disbursements made by the Reorganized Debtor, until the earlier of the closing of this case by the issuance of a Final Decree by the Bankruptcy Court, or upon the entry of an Order by the Bankruptcy Court dismissing this case or converting this case to another chapter under the United States Bankruptcy Code, and the Reorganized Debtor shall provide to the United States Trustee upon the payment of each post-confirmation payment, and concurrently filed with the Court, Post-Confirmation Quarterly Operating Reports indicating all the cash disbursements for the relevant period.

plan, and has now provided DIP financing to pay the Debtor's Administrative costs, most of

which it previously guaranteed pre petition, is trying to gain control of the 117 acres of

development property, which property is adjacent to several parcels of property already

owned or controlled by the Plan Sponsor. The Plan Sponsor is attempting to acquire the 117

acres, which has sat dormant for an extended period of time and was on  the verge of

foreclosure, avoid competitive bidding and exposing the property to the open market, while

at the same time, using the CDD's existing mortgage to finance the acquisition through the

Bankruptcy Court.  The Disclosure Statement should be amended to provide for an open

market and competitive bidding for those parties interested in acquiring control or ownership

of the Debtor and the 117 acres of property.


WHEREFORE, the United States Trustee shows the disclosure statement does not contain

adequate information as required by 11 U.S.C. §1125, which would permit a party in interest to reach

an informed judgement concerning the plan and moves the Court to enter an order denying  approval

of  the disclosure statement, unless the necessary changes are made to correct the deficiencies set

forth above, and further moves this case to be converted to Chapter 7 or dismissed.  See generally,

In re:  Metrocraft Publishing Services, Inc., 39 B.R. 567 (Bankr. N.D.Ga. 1984).

<div style="margin-left:50%">

DONALD F. WALTON
United States Trustee


___/s/_____
STEVEN D. SCHNEIDERMAN
Trial Attorney

</div>

Office of the U.S. Trustee
51 SW First Street, Room 1204
Miami, FL 33130
(305) 536-7285

## CERTIFICATE OF SERVICE

I hereby certify that  a true and correct copy of the **UNITED STATES TRUSTEE'S OBJECTIONS TO DEBTOR'S DISCLOSURE STATEMENT** was electronically filed with the Court using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system and via  U.S. Mail, properly addressed and with correct postage to the following:

Jere L. Earlywine jearlywine@hgslaw.com

C Craig Eller celler@broadandcassel.com

Jordi Guso jguso@bergersingerman.com,
    fsellers@bergersingerman.com;efile@bergersingerman.com

Phillip M. Hudson III pmhudson@arnstein.com,
    rkcummings@arnstein.com;jtunis@arnstein.com;hbabcock@arnstein.com;hpiloto@arnst
    ein.com;akang@arnstein.com;befernandez@arnstein.com;cofalla@arnstein.com

John B. Hutton III huttonj@gtlaw.com,
    thompsonc@gtlaw.com;mialitdock@gtlaw.com;miaecfbky@gtlaw.com

Mindy A. Mora mmora@bilzin.com,
    laparicio@bilzin.com;cvarela@bilzin.com;eservice@bilzin.com;lflores@bilzin.com

Glenn D Moses gmoses@gjb-law.com, gjbecf@gjb-law.com

Office of the US Trustee USTPRegion21.MM.ECF@usdoj.gov

Patricia A Redmond predmond@stearnsweaver.com,
    jrivera@stearnsweaver.com;rross@stearnsweaver.com;mmesones-
    mori@stearnsweaver.com;dillworthcdp@ecf.epiqsystems.com

Eric J Silver esilver@stearnsweaver.com, mmesones-
    mori@stearnsweaver.com;rross@stearnsweaver.com;larrazola@stearnsweaver.com

Melinda S Thornton cao.bkc@miamidade.gov

Michael Eckert
119 S. Monroe Street #300 (32301)
POB 6526
Tallahassee, FL 32314

Daniel Y. Gielchinsky
1450 Brickell Ave #2300
Miami, FL 33131

Glenn Moses
100 SE 2nd Street 44th floor
Miami, FL 33131

Betty M Shumener
550 South Hope St #2300
Los Angeles, CA 90071

DONE this the 18th day of January, 2012.

I hereby certify that I am admitted to the Bar of the State of Illinois and that I am excepted from additional
qualifications to practice in this Court pursuant to Local Rule 9011-4 and 2090(B)(2)(b)pertaining to  attorneys
representing the United States government.


_____/s/_____
STEVEN D. SCHNEIDERMAN
Trial Attorney