UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

TOWN CENTER AT DORAL, LLC,
et al.

        Debtors.
_____/

CASE NO.:  11-35884-RAM

Chapter 11

(Jointly Administered)

## MIAMI-DADE COUNTY TAX COLLECTOR'S OBJECTION TO DISCLOSURE STATEMENT RELATING TO JOINT PLAN OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE (D.E. 108)

**MIAMI-DADE COUNTY TAX COLLECTOR** ("Tax Collector"), through undersigned counsel, objects to the above-referenced Disclosure Statement on the following grounds:

1. Prepetition real estate taxes for the 2011 tax year are owed to Tax Collector with respect to Debtors' property.[1]

2. The gross amount of 2011 taxes is $568,503.75.[2]

---

[1] Real estate taxes for prior tax years are owed to various tax certificate holders. *See* Notice to Debtors of Additional Creditors (D.E. 26). Tax Collector does not represent individual certificate holders, and, therefore does not address herein the provisions in the Disclosure Statement relating to payment of the tax certificate liens.

[2] The Tax Collector's claim was based on estimated 2011 taxes. The actual amount reflected assumes payment in March of 2012, without discounts for early payment and prior to imposition of statutory interest which arises upon April 1, 2012, the tax delinquency date.

1

3. Payment of these taxes is secured by first priority tax liens which arise as of January 1 of each taxing year. Section 197.122, Florida Statutes. Further, should the 2011 taxes not be paid by the April 1, 2012 tax delinquency date, statutory interest at the rate of 18 percent per year will begin to accrue on a monthly basis. Section 197.172, Florida Statutes. The Bankruptcy Code mandates payment of the statutory interest. 11 U.S.C. Section 511 (a).

4. Debtors have provided for payment of the real estate taxes as Class 2A-2D "Secured Claims of Miami-Dade County Tax Collector." While Tax Collector of course has no objection to the intended full payment of the 2011 taxes, Tax Collector objects to the treatment provisions because they are insufficient to fully address the real estate tax issues in this case. More specifically:

a. Debtors provide for payment, with the required statutory interest, "as soon as reasonably practicable on or after the Effective Date" of the Joint Plan of Reorganization ("Plan"). However, Article VI, Section I of the Disclosure Statement sets forth a list of conditions precedent to the setting of the Effective Date, which include not only the receipt of the funds necessary for distribution, but also the obtaining of "[a]ll authorizations, consents, and regulatory approvals, if any, required by the Debtors in connection with the consummation of the Plan." Tax Collector objects to what could be an extended period of time before which payment must be made under the proposed treatment, and submits that the payment of the delinquent interest is not a satisfactory alternative to nonpayment for an indefinite period of time. Tax Collector requests that the Disclosure Statement be revised to provide that payment will be made as provided, but no later than a specified date. Further, it should be provided that if payment is not

received by the specified date, the Tax Collector will be authorized to sell tax certificates at the next available opportunity.

    b. Petitions for review of the Miami-Dade County Property Appraiser's 2011 assessments of Debtors' property have been filed with the Miami-Dade County Value Adjustment Board. The amount of taxes claimed by Tax Collector is based on these assessments. The Disclosure Statement needs to be revised to provide for possible adjustments to the amount of the taxes owed, which could take place after the confirmation of the Plan, as well as acknowledging the possibility of statutorily-authorized litigation regarding revisions to the assessments.

    c. In an abundance of caution, given the Plan's requirement, set forth in Article II, Section 2.1, that formal requests for payment of administrative expenses be made for certain expenses, Tax Collector requests that the Disclosure Statement provide that the payment of postpetition ad valorem taxes will be made in the ordinary course, and that Tax Collector will not be required to file a request for their payment. The payment of ad valorem taxes as an ordinary course expense is contemplated by the Bankruptcy Code. *See* 11 U.S.C. Sections 503 (b) (1) (B) and (D), and 506 (c).

  5. Based on the foregoing, Tax Collector requests that the Disclosure Statement not be approved until the issues raised herein are addressed by Debtors as requested.

*I HEREBY CERTIFY* that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(B)(3).

Respectfully submitted,

R. A. CUEVAS, JR.
Miami-Dade County Attorney
Stephen P. Clark Center
111 N.W. 1st Street, Suite 2810
Miami, FL 33128

By: /s/ Melinda S. Thornton
Melinda S. Thornton
Assistant County Attorney
Florida Bar No. 261262
Telephone: (305) 375-5151
Facsimile: (305) 375-5611
mst4@miamidade.gov

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served electronically upon all parties registered in this case to receive CM/ECF filing, and by mail upon: **MINDY A. MORA, ESQ.**, 1450 Brickell Avenue, 23rd Floor, Miami, FL 33131; **GLENN D. MOSES, ESQ.**, 100 S.E. 2 Street, Suite 4400, Miami, FL 33131, and **STEVEM D. SCHNEIDERMAN, ASSISTANT UNITED STATES TRUSTEE**, 1204 Claude D. Pepper Federal Building, 51 S.W. First Avenue, Miami, FL 33130, this 19th day of January, 2012.

BY: /s/ Melinda S. Thornton
Melinda S. Thornton