# EXHIBIT G

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO. 05-18571 CA25

LANDMARK AT DORAL DEVELOPMENT DISTRICT, a local unit of special-purpose government organized and existing under the laws of the State of Florida,

Plaintiff,

v.

THE STATE OF FLORIDA, AND THE TAXPAYERS, PROPERTY OWNERS AND CITIZENS OF LANDMARK AT DORAL COMMUNITY DEVELOPMENT DISTRICT, INCLUDING NON-RESIDENTS OWNING PROPERTY OR SUBJECT TO TAXATION THEREIN, AND OTHERS HAVING OR CLAIMING ANY RIGHTS, TITLE OR INTEREST IN PROPERTY TO BE AFFECTED BY THE ISSUANCE OF THE BONDS HEREIN DESCRIBED, OR TO BE AFFECTED IN ANY WAY THEREBY,

Defendants.

______________________________________/

**FINAL JUDGMENT**

This cause came to be heard at a public hearing at the Circuit Court, in the Miami-Dade County Courthouse, in the City of Miami, Florida, upon the Complaint for Validation filed by the Landmark at Doral Community Development District (the "District"), a local unit of special-purpose government created pursuant to the laws of the State of Florida. The Complaint for Validation seeks the validation of Landmark at Doral Community Development District Special Assessment Bonds in the aggregate principal amount of not to exceed $75,000,000, in one or more series, (hereinafter,

A TRUE COPY
CERTIFICATION ON LAST PAGE
HARVEY RUVIN, CLERK

the "Bonds"), and of related proceedings, pursuant to a Notice and Order to Show Cause heretofore issued by this Court requiring the Defendants to show at said time and place why said Bonds and the proceedings of the District in connection with the issuance of said Bonds should not be validated as was prayed for in said Complaint. The Court, having heard and determined all of the questions of fact and of law in this cause, makes the following Findings of Fact:

(a)  Copies of the Notice and Order to Show Cause heretofore issued by this Court in this cause were duly served upon the State Attorney for this Circuit as is required by law. Said Notice and Order to Show Cause was published as is required by law.

(b)  The State Attorney for this Circuit has filed an Answer. No one except said State Attorney and the District, as Plaintiff, has made any appearance or filed any pleading or paper of any kind whatever in this matter.

(c)  All of the material allegations in said Complaint for Validation are true and correct, and the issuance by the District of the Bonds has been duly authorized.

(d)  Plaintiff is a local unit of special-purpose government organized and existing in accordance with the Uniform Community Development District Act of 1980, chapter 190, Florida Statutes, as amended (the "Act"). Plaintiff was duly created pursuant to the Act and validly established by Ordinance No. 05-153 (the "Ordinance"), duly enacted on July 7, 2005 by the Board of County Commissioners of Miami-Dade County, Florida (the "County"), upon a lawful petition, and effective 10 days later. A copy of the Ordinance was submitted as Exhibit D to the Joint Stipulation that was filed and received into evidence in this case. The governing body of the District consists of a Board of Supervisors (the "District Board" or "Board"), which is comprised of five (5) members. These members of the Board were duly and validly appointed and elected in conformity with the applicable law, and have at all times possessed the lawful authority to act as set forth herein.

A TRUE COPY
CERTIFICATION ON LAST PAGE
HARVEY RUVIN, CLERK

(e) The District, which consists of land located entirely within the City of Doral, Florida (the "City") located within the County, as more particularly described in the Ordinance, was created for the purpose of delivering certain community development services, facilities, and infrastructure, as permitted by the Act. Accordingly, the District Board has decided to undertake the financing, funding, planning, acquisition, construction, reconstruction, equipping and installation of certain roadway improvements, stormwater management facilities, a water distribution system, a sanitary sewer system, a public parking garage building, outdoor recreational areas and related improvements permitted by law (collectively, the "Project"), all as more specifically described in the Engineer's Report, a copy of which was attached to the Joint Stipulation as Exhibit H.

(f) Pursuant to the Act, the District Board adopted a resolution authorizing the issuance of the Bonds in an aggregate principal amount not to exceed the stated amount (the "Bond Resolution") to finance all or a portion of the costs of the planning, acquisition, construction, reconstruction, equipping and installation of the Project. A certified copy of the Bond Resolution, including the form of the Indenture described in Paragraph (g) hereof was submitted as Exhibit J to the Joint Stipulation.

(g) The Bond Resolution appoints Wachovia Bank, National Association as trustee for the Bonds (the "Trustee"). The Bond Resolution further authorizes and approves the execution and entering into of a Master Trust Indenture and one or more supplemental indentures (collectively, the "Indenture") between the District and the Trustee. The form of the Indenture authorized and approved under the Bond Resolution was attached as an exhibit to the Bond Resolution. The Trustee is bonded to the extent required by the laws of the State of Florida, has the power to accept and administer the trust created by the Indenture and shall certify to the proper expenditure of the proceeds of the Bonds to be issued under the Indenture, and is in all ways acceptable to the Court.

A TRUE COPY
CERTIFICATION ON LAST PAGE
HARVEY RUVIN, CLERK

(h) The Bond Resolution provides that the Bonds will be issued as fully registered bonds in one or more series, will be denominated in the principal amount(s) set forth therein, will be dated, will be payable in not more than the maximum number of annual installments of principal allowed by law (currently 30), subject to the right of prior optional, mandatory and extraordinary redemption, if any, on the dates and in the principal amount(s) as set forth in the Indenture, shall be secured and payable from the Pledged Revenues (as defined in the Indenture and to be so understood herein) and shall bear interest at a fixed or variable rate with an annual average rate of interest not exceeding the maximum rate permitted by Florida law at the time of issuance.

(i) Section 190.016(1) of the Act authorizes the District to sell its Bonds pursuant to a public or private sale and the Bond Resolution provides that the Bonds may be sold by the District at public or private sale, as set forth in a resolution of the District Board adopted prior to the sale of the Bonds; provided, however, that the Bonds shall not be sold at a price of less than ninety percent (90%) of the par value thereof, together with accrued interest thereon, unless otherwise permitted by the Act.

(j) The Bonds will be executed by the Chairman or other member of the District Board and attested by an official of the District designated for such purpose, and the District Board is authorized to cause the signatures of said Chairman or other member and of said official to be printed by facsimile signature on the Bonds, so that the only manual signature thereon will be the authenticating signature of the Trustee or its duly designated agent, all in accordance with section 116.34 and section 279.06, Florida Statutes.

(k) The Bond Resolution provides that, prior to the issuance and delivery of the Bonds, the District shall have undertaken and, to the extent then required under applicable law, completed all necessary proceedings, including, without limitation, the approval of assessment rolls, the

A TRUE COPY
CERTIFICATION ON LAST PAGE
HARVEY RUVIN, CLERK

holding of hearings, the adoption of resolutions and the establishment of all necessary collection procedures, in order to levy and collect special assessments (the "Special Assessments") upon the lands within the District subject to assessment, all as more specifically required and provided for by the Act and chapters 170, 190 and 197, Florida Statutes, as the same may be amended from time to time, or any successor statutes thereto.

(l)     Pursuant to the Indenture the District shall covenant to levy and collect the Special Assessments and to irrevocably pledge the Pledged Revenues in an amount sufficient to pay the debt service on the Bonds and to meet the requirements for debt service reserves.

(m)    The revenues to be derived from the Special Assessments levied and collected by the District in each year, together with certain investment earnings on the funds and accounts established under the Indenture, are expected to be sufficient to pay the principal of, redemption premium of, if any, and interest on the Bonds to be issued. Said principal, redemption premium, if any, and interest will be secured by a first lien upon and pledge of the Pledged Revenues, as set forth in the Indenture, including without limitation the Special Assessments, as described herein and in the Indenture.

(n)    All proceedings relating to the District's decision to undertake the Project and to levy Special Assessments to defray the costs thereof have been properly noticed, held and undertaken as required by applicable law. Specifically, this Court finds and determines that:

　　　i.     The District duly adopted Resolution No. 2005-09 confirming its decision to undertake the Project and to levy Special Assessments to defray the costs thereof. Said resolution, including the reports of the District Engineer incorporated therein, set forth the findings required by section 170.03, Florida Statutes, and provided, in compliance with section 170.04, Florida Statutes, that an assessment plat showing the area of lands to be

A TRUE COPY
CERTIFICATION ON LAST PAGE
HARVEY RUVIN, CLERK

assessed with plans and specifications, and an estimate of the cost of the proposed improvements, was on file in the District and open to the inspection of the public;

ii. Resolution No. 2005-09 was published twice in a newspaper of general circulation within the county in which the District is located in compliance with section 170.05, Florida Statutes;

iii. A preliminary assessment roll showing the lots and lands within the District to be assessed; the amount of the special and peculiar benefit to each lot; the reasonably and fairly apportioned Special Assessments against each lot; and the installments into which the Special Assessments are to be divided was prepared in compliance with section 170.06, Florida Statutes;

iv. A public hearing was held at which time owners of property to be assessed or any other person interested therein were able to appear before the District Board and be heard as to the propriety and advisability of making the improvements included within the Project, the cost thereof, the manner of payment therefor, the special benefit to the lands within the District, and the methodology for determining the amount to be reasonably and fairly apportioned to, and assessed against, each lot so improved. Resolution No. 2005-10 of the District established the date of such public hearing and required that notice thereof be given in accordance with requirements of chapters 170 and 190, Florida Statutes, and such public hearing was held, and all required notices were given, in compliance with section 170.07, Florida Statutes, and other applicable provisions of law; and

v. Following such public hearing, the District Board acted as an equalizing board for the purpose of hearing and considering any and all complaints as to the Special Assessments, adjusting, equalizing and fairly and reasonably apportioning the Special

A TRUE COPY
CERTIFICATION ON LAST PAGE
HARVEY RUVIN, CLERK

Assessments on the basis of ascertained special and peculiar benefit to the lots, by justice and right, provided for the filing of a final assessment roll with the District Board reflecting any equalized Special Assessments and declared the Special Assessments to be legal, valid and binding first liens against the assessed property until paid. Thereafter, the District Board duly adopted Resolution No. 2005-12 of the District making its final determination to levy the Special Assessments to provide financing for the Project in the amounts to be determined in accordance with the methodology attached to such resolution, as such methodology may be amended or supplemented.

(o)     The District has acted in accordance with the law in all respects and particulars, and when issued and sold, the Bonds will be valid and binding special obligations of the District, secured by a pledge of and payable solely from the Pledged Revenues, including, without limitation, the Special Assessments as described herein and in the Indenture.

(p)     The Bond Resolution provides, and the Bonds will provide, that the Bonds are special obligations of the District, and shall not constitute a debt, liability or general obligation of the District, the City, the County, or the State of Florida, or any other political subdivision of these entities, but shall be payable solely from the Pledged Revenues designated for the Bonds, as set forth in the Indenture, including without limitation the Special Assessments as described herein and in the Indenture, and neither the faith and credit nor the taxing power of the District, the City, the County, or the State of Florida or any other political subdivision of these entities, is pledged to payment of the principal of, redemption premium of, if any, or interest on the Bonds, except for the District's obligation to levy and collect Special Assessments.

A TRUE COPY
CERTIFICATION ON LAST PAGE
HARVEY RUVIN, CLERK

From the foregoing facts, the Court makes the following Conclusions of Law:

1. This Court has jurisdiction to hear this cause and to render a decision herein, including all of the foregoing Findings of Fact and the following Conclusions of Law, and is fully authorized by law to validate the Bonds, the Project, the Special Assessments, and all of the proceedings therefor. Pursuant to section 190.016(12) of the Act, bonds of the District maturing over a period of more than five (5) years must be presented for validation and confirmation by this Court, under the provisions of chapter 75, Florida Statutes, and laws amendatory thereof and supplementary thereto. This Court is authorized by chapter 75, Florida Statutes, to validate the Bonds, and as a matter of law under section 190.016(12) the District retains the authority to issue bonded debt maturing within a period of five (5) years or less without need of validation.

2. The Act is a valid statute of the State of Florida; and the Act constitutes sufficient and valid authority for the issuance of the Bonds in the aggregate principal amount described herein for the purposes stated, which purposes are permitted by and in furtherance of the Act.

3. The Ordinance creating the District was validly enacted; the District has been validly established and lawfully exists as a community development district under the terms of the Act and the Ordinance and as an independent special district within the meaning of chapter 189, Florida Statutes.

4. The complaint filed in this proceeding fully complies with all of the provisions and requirements of chapter 75, Florida Statutes, and laws amendatory thereof and supplementary thereto, and in conjunction with the evidence of record, is sufficient to authorize the validation of the Bonds, the Special Assessments, and all of the proceedings therefor, including without limitation the Bond Resolution and the authorization and approval of the Indenture, and all of the provisions thereof.

A TRUE COPY
CERTIFICATION ON LAST PAGE
HARVEY RUVIN, CLERK

5. It is necessary and proper for the health, safety and economic welfare of the District and of its landowners and inhabitants that the Project be planned, financed, funded, acquired, constructed, reconstructed, equipped or installed by the District. The District has the power under section 190.012 of the Act to plan, finance, fund acquire, construct, reconstruct, equip, install, own, operate, maintain and provide, in one or more stages, the Project -- or any portions of the systems, facilities and improvements comprising the Project or reasonably necessary for the Project -- for the use and benefit of the existing and future residents of the District as set forth in this Final Judgment, which use and benefit is a lawful and valid public purpose.

6. The members of the District Board have been duly and validly appointed and elected as such in compliance with all requirements of the Constitution and laws of the State of Florida and the decisions of the courts with respect thereto and of the Act and the Ordinance; and have at all times possessed the lawful authority to act;

7. The District has power, specifically pursuant to sections 190.011(9), 190.012, 190.016(1), 190.016(2), 190.016(13), 190.017, 190.021, and 190.023 of the Act, to issue, without the approval of the qualified electors of the District, the Bonds and has properly approved the issuance of the Bonds for a lawful public purpose. The District is further empowered and authorized to incur indebtedness and to issue the Bonds, in one or more series, at a fixed or variable rate of interest, for the purpose of financing the cost of the planning, acquisition, construction, reconstruction, equipping and installation of such systems, facilities and improvements comprising the Project.

8. The Bond Resolution has been duly adopted by the District at a duly noticed meeting of the District at which a quorum was present and is a legal, valid and binding resolution of the District.

A TRUE COPY
CERTIFICATION ON LAST PAGE
HARVEY RUVIN, CLERK

9. All of the terms and provisions of the Bond Resolution and the Indenture attached thereto are in accordance with law and are fully authorized by the Constitution and laws of the State of Florida, and are in all respects validated.

10. The District has the power and authority to levy non-ad valorem special assessments pursuant to the Act (including without limitation sections 190.011(14) and 190.022 of the Act), chapter 170, Florida Statutes, chapter 197, Florida Statutes, and other applicable law, in an amount sufficient to pay the debt service on the Bonds each year and has the power and authority to collect and enforce said Special Assessments as provided for and in accordance with the statutes and law referenced above; has the power and authority to pledge such Special Assessments and the Pledged Revenues to secure the Bonds; and has exercised all such power and authority legally, validly, and properly, and for a lawful purpose as set forth in the Complaint, such that they are validly pledged for payment of the Bonds.

11. The Special Assessments are to be levied by the District in accordance with the assessment methodology duly adopted by the District Board and set forth in the Adopted Master Special Assessment Methodology, as supplemented or amended, a copy of which was attached to the Joint Stipulation as Exhibit I, and such assessment methodology is fair and reasonable in its allocation of the costs of the Project and the Bonds to the lands specially benefitted by the Project.

12. The lands upon which the Special Assessments will be levied specially benefit from the Project.

13. The financial institution identified in the Bond Resolution is qualified under the applicable law to perform the function of trustee as set forth under the Indenture, has been duly authorized by the Bond Resolution, and is in all respects acceptable and validated as Trustee.

A TRUE COPY
CERTIFICATION ON LAST PAGE
HARVEY RUVIN, CLERK

14. The District has duly authorized the Indenture such that, upon execution thereof by the District and the Trustee, the Pledged Revenues will be validly pledged to payment of the Bonds. The Indenture shall constitute a legal, valid and binding obligation of the District, enforceable in accordance with its terms.

15. All proceedings held in connection with the issuance of the Bonds, the authorization of the Indenture and the lien and pledge established thereunder, the undertaking of the Project, and the levying and imposition of the Special Assessments are valid, legal and binding and in conformity with law.

16. Upon due issuance of the Bonds in conformance with the Bond Resolution and the Indenture, the Bonds will constitute valid and binding limited obligations of the District and will be enforceable by their terms as established by the Bond Resolution and the Indenture.

17. The Bonds shall be limited obligations of the District, payable solely from the Pledged Revenues, as provided in the Indenture, including without limitation the Special Assessments as described herein and in the Indenture. Neither the property, the full faith and credit, nor the taxing power of the District, any municipality or county in which the District lies, the State of Florida, or any other political subdivision of these entities is pledged to the payment of the principal of, the redemption premium, if any, or the interest on the Bonds. The issuance of the Bonds shall not directly or indirectly or contingently obligate the District, any municipality or county in which the District lies, the State of Florida, or any other political subdivision of these entities, to levy any taxes whatsoever therefor or to make any appropriation for their payment except from the Special Assessments to be levied by the District.

18. Based upon the proceedings described in paragraph (n) hereof undertaken by the District in connection with the levying and confirmation of the Special Assessments, the Special

A TRUE COPY
CERTIFICATION ON LAST PAGE
HARVEY RUVIN, CLERK

Assessments so levied and confirmed constitute valid and enforceable first liens on the assessed property within the District coequal with all State of Florida, County, school district and municipal taxes, superior in dignity to all other liens, titles and claim on such real property.

19. Section 116.34 and section 279.06, Florida Statutes, having been enacted pursuant to chapter 63-441, Laws of Florida 1963 and chapter 83-271, Laws of Florida 1983, respectively, prevail over any conflicting provision in section 215.43, enacted by chapter 57-763, Laws of Florida 1957, with respect to the need for a manual signature of at least one official of the District Board.

IT IS THEREFORE ORDERED AND ADJUDGED, that the Landmark at Doral Community Development District Special Assessment Bonds in the aggregate principal amount not to exceed **$75,000,000**, and the proceedings therefor, including the Bond Resolution and the Indenture and the levying of and confirmation of the Special Assessments, be and the same hereby are validated and confirmed and hereby declared to be fully authorized by and in compliance with law. Each of the findings of facts and conclusions of law set forth above is hereby expressly made a part of this Final Judgment and of the validation and confirmation of the Bonds.

The Bonds shall be issued as fully registered bonds in one or more series, shall be denominated in the principal amount(s) set forth in the Bond Resolution, shall be dated, shall be payable in not more than the maximum number of annual installments of principal allowed by law (currently 30), subject to the right of prior optional, mandatory and extraordinary redemption, if any, on the dates and in the principal amount(s) as set forth in the Indenture, shall be secured and payable from the Pledged Revenues, and shall bear interest at a fixed or variable rate not exceeding the maximum rate permitted by Florida law at the time of issuance.

The District may sell the Bonds pursuant to a public or private sale, as set forth in a resolution of the District Board adopted prior to the sale of the Bonds; provided, however, that the

A TRUE COPY
CERTIFICATION ON LAST PAGE
HARVEY RUVIN, CLERK

Bonds shall not be sold at a price less than ninety percent (90%) of the par value thereof, together with accrued interest thereon, unless otherwise permitted by the Act.

The Bonds shall be substantially in the form set forth in the form of bond incorporated into the Indenture, with such appropriate variations, omissions or insertions as are permitted or required by the Indenture and may have endorsed thereon such legends or text as may be necessary or appropriate to conform to any applicable rules and regulations of any governmental authority or any usage or requirement of law with respect thereto. The Bonds shall have stamped or written thereon, a statement by the proper officers of the District, which shall read substantially as follows:

> This bond is one of a series of bonds which were validated and confirmed by judgment of the Circuit Court of the Eleventh Judicial Circuit of Florida, in and for Miami-Dade County, Florida, rendered on <date of order below>.

DONE AND ORDERED, in open Court at the Courthouse in Miami, in Miami-Dade County, Florida, this 1 day of November, 2005.

Circuit Judge

Herbert Stettin, Senior Judge

STATE OF FLORIDA, COUNTY OF DADE
I HEREBY CERTIFY that the foregoing is a true and correct copy of the original on file in this office. AD 20
HARVEY RUVIN, Clerk of Circuit and County Courts
Deputy Clerk

Copies furnished to:

COUNSEL FOR PLAINTIFFS:
Hal B. Anderson, Esq.
Robert C. Gang, Esq.

COUNSEL FOR DEFENDANTS:
Katherine Fernandez Rundle, State Attorney
c/o Joel Rosenblatt, Assistant State Attorney

S:\58904961\PLDS\FJ.02 - DRAFT.wpd

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO: 05-18571 CA25

LANDMARK AT DORAL COMMUNITY DEVELOPMENT DISTRICT, a local unit of special-purpose government organized and existing under the laws of the State of Florida,

Plaintiff,

v.

THE STATE OF FLORIDA, AND THE TAXPAYERS, PROPERTY OWNERS AND CITIZENS OF LANDMARK AT DORAL COMMUNITY DEVELOPMENT DISTRICT, INCLUDING NON-RESIDENTS OWNING PROPERTY OR SUBJECT TO TAXATION THEREIN, AND OTHERS HAVING OR CLAIMING ANY RIGHTS, TITLE OR INTEREST IN PROPERTY TO BE AFFECTED BY THE ISSUANCE OF THE BONDS HEREIN DESCRIBED, OR TO BE AFFECTED IN ANY WAY THEREBY,

Defendants.

_______________________________________/

**CERTIFICATE OF NO APPEAL**

I, Harvey Ruvin, Clerk of the Circuit and County Courts of the Eleventh Judicial Circuit of Florida in and for Miami-Dade County, DO HEREBY CERTIFY that I have caused to be conducted a search of the files and records through the date hereof and find that no appeal has been filed as of the date below in the above styled cause from the Final Judgment that was rendered November 1, 2005, in the Official Records Book 23930 at page 4808 all according to the records of this office.

STATE OF FLORIDA, COUNTY OF DADE
I HEREBY CERTIFY that the foregoing is a true and correct copy of the original on file in this office, Dec. 8 AD 2005
HARVEY RUVIN, Clerk of Circuit and County Courts
Deputy Clerk Thomas S. Mueller
THOMAS S. MUELLER

Witness my hand and Official Seal of said Courts this 2nd day of December, 2005.

HARVEY RUVIN, CLERK
Circuit and County Courts

By Thomas S. Mueller
THOMAS S. MUELLER
Deputy Clerk

CIRCUIT AND COUNTY COURTS CLERK IN GOD WE TRUST MIAMI-DADE COUNTY, FLORIDA