UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Case No. 11-35884-RAM |
| TOWN CENTER AT DORAL, L.L.C., *et al.*, | Chapter 11 |
| Debtors. _____ / | Jointly Administered |

# EXPEDITED MOTION OF THE DISTRICT FOR ENTRY OF AN ORDER FIXING THE TIME TO MAKE THE ELECTION UNDER 11 U.S.C. § 1111(b)

## Expedited Hearing Requested

The District respectfully requests a hearing on this motion on January 25, 2012. Pursuant to Bankruptcy Rule 3014, the District is required to make an election under Section 1111(b) of the Bankruptcy Code prior to the conclusion of the hearing on the disclosure statement or within such later time as the court may fix. A hearing for the Debtors' Disclosure Statement is scheduled for January 25, 2012. As is set forth more fully below, the District is unable to make an informed decision with respect to its rights under Section 1111(b) due to the lack of a judicial order on the value of the collateral, and the inadequacy of the information provided in the Debtors' Disclosure Statement. The District requests that the Court enlarge the time by which the District is required to make an election pursuant to Section 1111(b).

**LANDMARK AT DORAL COMMUNITY DEVELOPMENT DISTRICT** (the "**District**"), pursuant to Rule 3014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), moves for entry of an Order fixing the time to make elections under 11 U.S.C. § 1111(b), with respect to the treatment of the District's claims under the Debtors' *Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [ECF No. 94]. (the "**Plan**").

In support the motion (the "**Motion**"), the District states:

## FACTUAL AND PROCEDURAL BACKGROUND

1. The Debtors are developers and owners of several parcels of real property located in Miami-Dade County Florida, consisting of approximately 120 contiguous acres located on the east side of NW 107 Avenue and the north side of NW 58 Street (the "**Property**").

2. On September 19, 2011, the Debtors filed separate voluntary petitions for relief pursuant to Chapter 11 of the Title 11 of the United States Code. Pursuant to the Debtors' filings, the Debtors have elected single asset real estate status under the Bankruptcy Code. On September 22, 2011, this Court granted the Debtors' motion for joint administration, with the instant case, Case No. 11-35884-RAM, designated as the lead case.

3. On December 18, 2011, the Debtors filed the Plan.

4. On December 21, 2011, the Debtors filed their *Disclosure Statement Relating to Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [ECF No. 108] (the "**Disclosure Statement**").

5. On January 18, 2012, the Court conducted an evidentiary hearing for the purpose of determining the value of the Property (the "**Valuation Hearing**"), pursuant to the Debtors' *Motion to Value Collateral* [ECF No. 81] (the "**Valuation Motion**"). The Court denied the Valuation Motion.

6. A hearing to consider approval of the Disclosure Statement is scheduled for January 25, 2012 (the "**Disclosure Statement Hearing**").

## JURISDICTION AND VENUE

7. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This proceeding is a core proceeding under 28 U.S.C. § 157(b).

8. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1408 and 1409.

The predicates for the relief requested in this motion are 11 U.S.C § 1111(b) and Bankruptcy Rule 3014.

## RELIEF REQUESTED

9. The District requests entry of an Order fixing the time for the District to make an election pursuant to Section 1111(b) of the Bankruptcy Code <u>until the later of</u>: (i) 10 days after the entry of an Order approving the Disclosure Statement, or (ii) 10 days after entry of an Order determining the value of the Property.

## BASIS FOR RELIEF

10. Bankruptcy Rule 3014 provides that an election of application under Section 1111(b)(2) by a class of secured creditors, "may be made at any time prior to the conclusion of the hearing on the disclosure statement **or within such later time as they court may fix**." (Emphasis added.) Thus, the rule allows a Court to fix the time for making the 1111(b) election beyond the close of the Disclosure Statement Hearing.

11. As Colliers' states, "[o]bviously, the secured creditor should not be forced to make the election prior to the valuation under section 506(a)." *See* Collier on Bankruptcy ¶ 1111.03[4]. In addition, as recognized in the advisory committee note to Bankruptcy Rule 3014, "[t]he secured creditor class must know the prospects of its treatment under the plan before its can intelligently determine its rights under 1111(b)." Fed. R. Bankr. P. 3014 advisory committee's notes.

12. In this instance, good cause exists to provide the District with additional time to consider whether to make the Section 1111(b) election. As the authority cited above makes clear, secured creditors require a valuation of their collateral before they can make an informed decision on whether to make the Section 1111(b) election. Critically, the value of the Property in

3

this case has not been determined, precluding the District from intelligently evaluating its rights under Section 1111(b).  Furthermore, as more fully set forth in the *Joint Objection to Disclosure Statement and Confirmation* [ECF No. 169] the Disclosure Statement, in its current form, fails to provide pertinent information necessary for the District to evaluate whether to support the Plan.

13. The decision to make an election under Section 1111(b) is not a light one, and as a result of the foregoing, the District simply lacks the crucial information needed to make such a consequential election.  The time for the District to make an election under Section 1111(b) should be fixed until such time, if any, that this Court enters an order setting the value of the Property, and the Debtors cure all the inadequacies of the Disclosure Statement.  Moreover, the District will then require time to analyze and discuss the implications of such information with its professionals.

14. Accordingly, the District believes an extension of time until the later of: (i) 10 days after the entry of an Order approving the Disclosure Statement, or (ii) 10 days after the entry of an Order determining the value of the Property, is justified under the circumstances.

## CONCLUSION

WHEREFORE, **LANDMARK AT DORAL COMMUNITY DEVELOPMENT DISTRICT** respectfully requests the entry of an Order (i) granting the Motion, (ii) fixing the time by which the District may make a Section 1111(b) election under the Plan to the later of: (a) 10 days after the entry of an Order approving the Disclosure Statement, or (b) 10 days after the entry of an Order setting the value of the Property, and (iii) granting such other relief as the Court deems just and proper.

Case No. 11-35884-RAM

Dated: January 23, 2012  Respectfully submitted,

**STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.**
Museum Tower, Suite 2200
150 West Flagler Street
Miami, Florida 33130
Telephone: (305) 789-3553
Facsimile: (305) 789-3395

By:    /s/ Patricia A. Redmond         .
    Patricia A. Redmond
    predmond@stearnsweaver.com
    Florida Bar No. 303739
    Eric J. Silver
    esilver@stearnsweaver.com
    Florida Bar No. 057262

*Counsel for the District*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 23, 2012, I electronically filed the foregoing with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties, either via transmission of Notices of Electronic Filing generated by CM/ECF, which is incorporated here by reference, or by first class U.S. mail for those counsel or parties identified on the Service List below, who are not authorized to receive electronically Notices of Electronic Filing.

By:      /s/ Patricia A. Redmond         .
    Patricia A. Redmond

Case No. 11-35884-RAM

## **SERVICE LIST**

*Via CM/ECF*

Jere L. Earlywine, *Counsel for Florida Prime Holdings, LLC*
jearlywine@hgslaw.com

C Craig Eller, *Counsel for AmT CADC Venture, LLC*
celler@broadandcassel.com

Jordi Guso, *Counsel for Terra World Investments, LLC*
jguso@bergersingerman.com
fsellers@bergersingerman.com
efile@bergersingerman.com

Phillip M. Hudson III,  *Counsel for Florida Prime Holdings, LLC*
pmhudson@arnstein.com; rkcummings@arnstein.com
jtunis@arnstein.com; hbabcock@arnstein.com
hpiloto@arnstein.com; akang@arnstein.com
befernandez@arnstein.com

John B. Hutton III,  *Counsel for U.S. Bank National Association as Trustee*
huttonj@gtlaw.com; thompsonc@gtlaw.com
mialitdock@gtlaw.com; miaecfbky@gtlaw.com

Mindy A. Mora, *Counsel for Landmark Club at Doral, LLC*
mmora@bilzin.com; laparicio@bilzin.com
cvarela@bilzin.com; eservice@bilzin.com
lflores@bilzin.com; abeck@bilzin.com

Glenn D Moses, *Counsel for Committee Creditor Committee*
gmoses@gjb-law.com; gjbecf@gjb-law.com

Steven d. Schneiderman, *on behalf of the Office of the US Trustee*
steven.d.schneiderman@usdoj.gov
USTPRegion21.MM.ECF@usdoj.gov

Melinda S Thornton, *Counsel for Miami-Dade County Tax Collector*
cao.bkc@miamidade.gov

Case No. 11-35884-RAM

## *Manual Notice List*

The following is the list of **parties** who are **not** on the list to receive email notice/service for this case, who will therefore be served via U.S. Mail.

Michael Eckert
119 S. Monroe Street #300 (32301)
POB 6526
Tallahassee, FL 32314

Daniel Y. Gielchinsky
1450 Brickell Ave #2300
Miami, FL 33131

Betty M Shumener
550 South Hope St #2300
Los Angeles, CA 90071

Town Center at Doral, L.L.C.
c/o Steven Amster, Esq.
Kodsi Law Firm, P.A.
701 W. Cypress Creek Road
Suite 303
Ft. Lauderdale, FL 33309
*Debtor*

#1489835 v1