# EXHIBIT 3

# LIQUIDATING TRUST AGREEMENT

This Liquidating Trust Agreement (the "**Trust Agreement**"), dated as of _____ __, 2012, by and among Town Center at Doral, LLC, Landmark at Doral East, LLC, Landmark at Doral South, LLC, Landmark Club at Doral LLC, and Landmark at Doral Developers, LLC, as debtors and debtors in possession (collectively, the "**Debtors**") in cases pending in the United States Bankruptcy Court for the Southern District of Florida, jointly administered under case number 11-35884-RAM (the "**Bankruptcy Cases**"), and _____ not individually but as the trustee under this Trust Agreement (the "**Liquidating Trustee**"), and is made and delivered in connection with the District Creditor Plan of Reorganization By Landmark at Doral Community Development District, U.S. Bank National Association, as Indenture Trustee, and Florida Prime Holdings, LLC, dated February 8, 2012, as may be amended (the "**District Creditor Plan**"), which provides, *inter alia*, for the establishment of this Liquidating Trust. All capitalized terms used in this Trust Agreement that are not defined shall have the meanings ascribed to them in the District Creditor Plan.

## WITNESSETH

**WHEREAS,** the District Creditor Plan provides for, among other things, the Distribution to the Holders of Allowed Claims in certain classified and unclassified fixed Classes including Class 7 against the Debtors (including Holders of those Disputed Claims that become Allowed Claims after the Effective Date, as further set forth in the District Creditor Plan) (the "**Trust Beneficiaries**") of the Trust Interests (as defined in Article 3 paragraph 10 below);

**WHEREAS,** the Liquidating Trust is created consistent with, and to effectuate, the terms of the District Creditor Plan;

**WHEREAS,** the Liquidating Trust is created on behalf of, and for the sole benefit of, the Trusts Beneficiaries;

**WHEREAS,** the Liquidating Trust is established for the sole purpose of liquidating the Trust Assets for the benefit of the Trust Beneficiaries, in accordance with Treasury Regulation Section 301.7701-4(d), with no objective or authority to continue or engage in the conduct of a trade or business; and

**WHEREAS,** the Liquidating Trust is intended to qualify as a liquidating trust for federal income tax purposes.

**NOW, THEREFORE,** in consideration of the premises and the mutual covenants and agreements contained herein and in the District Creditor Plan, the Debtors and the Liquidating Trustee agree as follows:

## ARTICLE I
## ESTABLISHMENT OF THE LIQUIDATING TRUST

1.1     **Transfer of Assets to the Liquidating Trustee**. Pursuant to the District Creditor

Plan, the Debtors and the Liquidating Trustee hereby establish this trust to be known as the Landmark/Doral Liquidating Trust (the "**Liquidating Trust**") on behalf of and for the benefit of the Trust Beneficiaries, and the Debtors shall transfer, assign, and deliver to the Liquidating Trust all of their right, title, and interest in and to all (a) Cash; and (b) all Excluded Assets as defined in the District Creditor Plan (collectively, the "**Trust Assets**"), free and clear of any Liens, Claims, encumbrances or other interests except as specifically reserved in the District Creditor Plan.  Subject to the terms and conditions of this Trust Agreement and the District Creditor Plan, the Liquidating Trustee agrees to accept and hold the Trust Assets in trust for the Trust Beneficiaries except as specifically provided herein.  The Debtors and/or their Estates shall not have any further right, title or interest in any of the Trust Assets, and the Debtors shall not be entitled to receive any portion of any amounts of the Trust Assets.  With respect to avoidance actions transferred hereby, or any other Causes of Action that may be deemed non-assignable, to the extent those actions may not be validly transferred, the Debtors hereby delegate to the Liquidating Trust the right to prosecute all such actions in the name of the Debtors and/or their Estates, with the proceeds of said actions then being transferred to the Liquidating Trust to be used consistent herewith and with the District Creditor Plan.

    1.2    **Title to Trust Assets**.

    (a)    Pursuant to the District Creditor Plan, the transfer of the Trust Assets to the Liquidating Trust is being made by the Debtors for the benefit of the of Creditors holding Allowed Claims entitled to a Distribution on or after the Effective Date.  For income tax purposes, it is intended that the Liquidating Trust be classified as a liquidating trust under § 301.7701-4(d) of the regulations of the United States Treasury Department and that the Liquidating Trust is owned by the Trust Beneficiaries.  Accordingly, for federal income tax purposes, it is intended that the Trust Beneficiaries be treated as if they had received a Distribution of an undivided interest in each of the Trust Assets and then contributed such interests to the Liquidating Trust.

    (b)    For all federal income tax purposes, all parties (including, without limitation, the Debtors, the Estates, the Liquidating Trustee, and the Trust Beneficiaries) shall treat the transfer of Trust Assets to the Liquidating Trust, as set forth in this Article 1.2 and in accordance with the District Creditor Plan, as a transfer to the beneficiaries of the Liquidating Trust, followed by a transfer by such beneficiaries to the Liquidating Trust, and the beneficiaries of this Liquidating Trust shall be treated as the grantors and owners hereof.

    (c)    For all federal income tax purposes, all parties (including without limitation, the Debtors, the Liquidating Trustee, and the Trust Beneficiaries) will use consistent values for Trust Assets transferred on the Effective Date.

    1.3    **Appointment of the Liquidating Trustee**.  _____ is hereby appointed as the initial Liquidating Trustee.  Any Successor Liquidating Trustee shall be named and appointed as set forth in Article V below.

## ARTICLE II
## TRUST INTERESTS

     2.1    **Identification of Holders of Trust Interests**. On the Effective Date, or as soon thereafter as is reasonably practicable, the Liquidating Trustee shall prepare an initial register of holders of Trust Interests (including the addresses of the Holders and other necessary information) and, thereafter, upon a Disputed Claim becoming an Allowed Claim, the register shall be updated to reflect the issuance of Trust Interests to the Holder of any such Allowed Claim. The record holders of Trust Interests shall be recorded and set forth in a register and the register shall be maintained by the Liquidating Trustee (or agent thereof) expressly for such purpose at its principal place of business. All references in this Trust Agreement to "**holders**" shall be read to mean holders of record as from time to time set forth in the official registers maintained by the Liquidating Trustee. Unless expressly provided herein, the Liquidating Trustee may from time to time establish a record date that it deems practicable for determining the holders for a particular purpose.

     2.2.    **Transferability of Trust Interests**. The Trust Interests shall not be evidenced by certificates. The Liquidating Trustee's prior consent shall be required for any sale or transfer of a Trust Interest to be effective and the Liquidating Trustee shall consent to sales and transfers of Trust Interests only if, in the Liquidating Trustee's judgment based upon representations as to the manner of the proposed sale or transfer and other evidence or advice of counsel, the sale or transfer would not create a material risk that the Liquidating Trust would be treated as a publicly traded partnership under I.R.C. section 7704 and is otherwise in compliance with applicable law. Notwithstanding the foregoing, no transfer of such Trust Interest shall be permitted to the extent the transfer would violate or require registration under any federal or state securities law. An economic interest in a Trust Interest may be transferred (1) to a relative, spouse or former spouse or relative of the spouse or former spouse of the original holder of such Trust Interest (the "**Beneficial Interest Holder**"), (2) to any trust or estate in which such Beneficial Interest Holder holds more than 50% of the beneficial interests (excluding contingent interests), (3) to any corporation, partnership or other organization in which such Beneficial Interest Holder is the beneficial owner of more than 50% of the equity securities or equity interests, (4) to any person that owns, directly or indirectly, more than 50% of the voting securities of such Beneficial Interest Holder, (5) upon the death of such Beneficial Interest Holder or pursuant to operation of law, or (6) incidental to the sale of all or substantially all of the assets of such Beneficial Interest Holder. Notwithstanding the foregoing, no transfer of such Trust Interest shall be permitted to the extent the transfer would violate or require registration under any federal or state securities law or would cause any adverse tax (including, but not limited to, causing the Liquidating Trust to become a publicly traded partnership under the meaning of I.R.C. section 7704), ERISA or other effect on the Liquidating Trust, and provided further that the transferee thereof only receives an economic interest in the Trust Interest. The Beneficial Interest Holder seeking to transfer such Trust Interest shall deliver an opinion of counsel respecting compliance with applicable laws and the absence of an adverse effect on the Liquidating Trust, and may be prohibited from transferring such Trust Interests solely on the grounds that (a) no such legal opinion has been given or (b) the legal opinion given is unsatisfactory or insufficient, in the sole opinion of counsel for the Liquidating Trust. Nothing herein is intended to preclude the sale or transfer of a participation interest in a Trust Interest.

# ARTICLE III
# PURPOSE, AUTHORITY, LIMITATIONS AND DISTRIBUTIONS

3.1 **Purpose of the Liquidating Trust**. The Liquidating Trust shall be established for the sole purpose of liquidating and distributing the Trust Assets in accordance with Treasury Regulation Section 301.7701-4(d), with no objective to continue or engage in the conduct of a trade or business. Accordingly, the Liquidating Trustee shall, in an expeditious but orderly manner, make timely distributions (the "**Distributions**") to the holders of Trust Interests, and not unduly prolong the duration of the Liquidating Trust. The Liquidating Trust shall at all times act solely for the economic benefit of the Trust Beneficiaries and shall not act for the benefit of or have any obligations to or on behalf of the Debtors or the Estates.

3.2 **Authority of Liquidating Trustee**. In connection with the administration of the Liquidating Trust, except as expressly prohibited by this Trust Agreement or the District Creditor Plan, the Liquidating Trustee is authorized to perform any and all acts to the extent reasonably necessary or desirable to accomplish the purposes of the Liquidating Trust. Without limiting the foregoing, without further Bankruptcy Court approval, the Liquidating Trustee on behalf of the Liquidating Trust shall be expressly authorized, but shall not be required, to:

- perfect and secure its rights, title and interest to the Trust Assets compromising the Liquidating Trust;
- reduce all Trust Assets to the Liquidating Trustee's possession and hold the same;
- pay and discharge any costs, expenses or obligations deemed necessary to preserve the Liquidating Trust;
- purchase insurance of all kinds sufficient to protect fully the Trust Assets and to protect from liability, if advisable;
- purchase any and all applicable insurance tail policies; open bank accounts, deposit trust funds, draw checks and make disbursements; employ and have such attorneys, accountants and any other professionals that are deemed as necessary to the administration of the Liquidating Trust and to compensate the same from the Liquidating Trust, which professionals may be the professionals retained by the Plan Proponents;
- take any action necessary to protect the Liquidating Trust;
- enter into contracts and execute negotiable and non-negotiable obligations;
- prosecute any Causes of Action or Claims it deems appropriate and beneficial;
- when and if advisable, object to Claims, seek subordination of Claims and/or seek reclassification of Claims;
- compromise controversies;
- establish a reserve for the payment of future expenses;
- and take such other actions, as may be necessary and proper to consummate the District Creditor Plan and this trust in his role as a fiduciary;
- prosecute claims and causes of action conveyed to it and including in the

Trust's name or in the Debtors or the Estates' name to the extent necessary.

3.3     **Certain Actions by the Liquidating Trustee**.  The Liquidating Trustee shall be empowered to, in his sole discretion, take all appropriate action with respect to the Trust Assets consistent with the purpose of the Liquidating Trust.  From and after the Effective Date, the Liquidating Trustee shall establish one or more general accounts for the deposit of funds to be distributed under the District Creditor Plan. Notwithstanding anything contained in this Trust Agreement to the contrary, the Liquidating Trustee may in all cases, but is not required to, submit a proposed action to the Bankruptcy Court, for its approval, on notice to the Plan Proponents and the Debtors, and such other parties entitled to notice thereof and may comply with any action approved by such Bankruptcy Court.

3.4     **Liquidating Trustee Professionals**.  The Liquidating Trust is authorized to employ such Entities, including professional persons within the meaning of § 327 of the Bankruptcy Code, as he/she may deem necessary to enable him/her to perform his/her duties under the District Creditor Plan and the Liquidating Trust Agreement, and the costs of such employment and other expenditures shall be paid from the Liquidating Trust, except as otherwise specified in the District Creditor Plan.  Notwithstanding anything herein to the contrary, the Liquidating Trustee shall be authorized to pay Professionals engaged by the Liquidating Trustee after the Effective Date without providing notice to or obtaining the approval of the Bankruptcy Court or any party, so long as such compensation is reasonable and documented.  Prior to payment, the Liquidating Trustee shall provide copies of all invoices to the Plan Proponents' counsel who reserves the right to object to the payment.

3.5     **Limitation of Liquidating Trustee's Authority**.  Notwithstanding anything herein to the contrary, the Liquidating Trustee shall not and shall not be authorized to engage in any trade or business, and shall take such actions consistent with the orderly liquidation of the Trust Assets as are required by applicable law, and such actions as are permitted under this Agreement or the District Creditor Plan.  Notwithstanding any other authority granted by Article 3, the Liquidating Trustee is not authorized to make any investments or engage in any activities inconsistent with the treatment of the Liquidating Trust as a liquidating trust within the meaning of Treasury Regulation Section 301.7701-4(d).

3.6     **Books and Records**.  The Liquidating Trustee shall maintain in respect of the Liquidating Trust and the holders of Trust Interests, historical books and records relating to the Trust Assets and income of the Liquidating Trust and the payment of expenses and liabilities, of Claims against or assumed by, the Liquidating Trust in such detail and for such period of time as may be necessary to enable it to make full and proper accounting in respect thereof in accordance with Article VI hereof and to comply with applicable provisions of law.  Such books and records shall be maintained on a modified cash or other comprehensive basis of accounting necessary to facilitate compliance with the tax reporting requirements of the Liquidating Trust. Nothing in this Trust Agreement requires the Liquidating Trustee to file any accounting or seek court approval with respect to the administration of the Liquidating Trust, or as a condition for managing any payment or Distribution out of the Trust Assets.

3.7     **Additional Powers**.  Except as otherwise set forth in this Trust Agreement or in the District Creditor Plan, and subject to the Treasury Regulations governing liquidating trusts and the retained jurisdiction of the Bankruptcy Court as provided for in the District Creditor Plan, but without prior or further authorization, the Liquidating Trustee may control and exercise authority over the Trust Assets and over the protection, conservation and disposition thereof.  No person dealing with the Liquidating Trust shall be obligated to inquire into the authority of the Liquidating Trustee in connection with the protection, conservation or disposition of the Trust Assets.

3.8     **Funding the Liquidating Trust: Liquidating Trust Reserve; Distribution Reserves Etc. Obligations of the Debtor**.  On the Effective Date, the Debtors and the Estates shall transfer all (a) Cash; and (b) all Excluded Assets as defined in the District Creditor Plan to the Liquidating Trust.  On the Effective Date, the Liquidating Trust shall establish a reserve (the "**Liquidating Trust Reserve**") from the Liquidating Trust Assets in an amount to be determined by the Liquidating Trustee to pay: (i) the fees, expenses and costs of the Liquidating Trust and the Liquidating Trustee, which shall include, but shall not be limited to the costs associated with any post-confirmation litigation and maintaining any and all insurance policies that the Liquidating Trustee determines are necessary to the preservation of the Liquidating Trust's assets; and (ii) the estimated taxes for income earned by the Liquidating Trust. The Liquidating Trust Reserve need not be a separate account. The Liquidating Trust Reserve shall be funded in the amount described in this Article 3, paragraph 8 and shall be free and clear of liens, claims and encumbrances.  The Liquidating Trustee, may from time to time, within its business judgment, at its sole discretion, increase the Liquidating Trust Reserve, as it deems necessary for the administration of the Liquidating Trust.  The Liquidating Trustee, may from time to time, within its business judgment, at its sole discretion, decrease the Liquidating Trust Reserve to the extent and by the corresponding amounts that the obligations of the Liquidating Trust for which the Liquidating Trust Reserve shall be established are paid or otherwise discharged or satisfied in accordance with the Plan and this Trust Agreement.

3.9     **Distributions to Trust Beneficiaries**.  Any and all Distributions to Trust Beneficiaries contemplated by the District Creditor Plan shall be made by the Liquidating Trustee or his/her agents on or after the Effective Date in accordance with the terms of the District Creditor Plan and this Trust Agreement to the extent not already satisfied on or prior to the Effective Date. The Liquidating Trustee may withhold sufficient funds to pay all projected operating expenses of the Liquidating Trustee, including but not limited to taxes owed for income earned by the Liquidating Trust.

3.10    **Trust Interests**.  Each Trust Beneficiary shall be deemed to receive and hold Trust Interests in the Liquidating Trust, in an amount equal to the treatment of such Claim under the District Creditor Plan.  The holders of Trust Interests shall not receive any certificate or other type of physical incidence of ownership and such Trust Interests will exist as bookkeeping entries only.

3.11    **Liquidating Trust Interests Granted on Account of Disputed Claims**.  Upon a Disputed Claim becoming an Allowed Claim, the Holder of such Allowed Claim shall be granted a corresponding Trust Interest, based on the *pro rata* portion of its Allowed Claim. Such Holder

of a Disputed Claim shall have no rights under this Trust Agreement until such time as the Disputed Claim shall have become an Allowed Claim and a Distribution of a Trust Interest shall have been made on account of such Allowed Claim in accordance with the terms hereof.

    3.12    **Distribution Reserves; Estimation of Claims**.

    (i)    Notwithstanding anything else herein, the Liquidating Trustee shall not be required to make Distributions to the Holder of any Disputed Claim (as defined in the District Creditor Plan) until the objection to the Disputed Claim has been allowed pursuant to a Final Order or by agreement between the Holder of the Disputed Claim and the Liquidating Trustee. The Liquidating Trustee shall withhold from amounts to be distributed to Holders of Trust Interests funds sufficient to be distributed on account of the Trust Interests that may be granted to Holders of Disputed Claims on any Distribution Date, and the Liquidating Trust shall place such withheld proceeds in reserve (the "**Distribution Reserves**") which need not be a separate account. The Liquidating Trustee shall determine the amount to reserve in the Distribution Reserves based on the amount of Disputed Claims determined or estimated for the purposes of a Distribution Reserves. Until a Disputed Claim that is liquidated is estimated, the Liquidating Trustee shall withhold the Distribution Reserves based upon the amount sufficient to make the distribution required by the District Creditor Plan using the face amount of such Claim. The Liquidating Trustee shall deposit or invest the funds in the Distribution Reserves in accordance with the provisions set forth in § 345 of the Bankruptcy Code. The Holders of Allowed Claims for which a Distribution Reserve has been established shall receive a *pro rata* distribution of the interest actually earned on account of such Holder's Allowed Claim less taxes attributable to such interest.

    (ii)    The Liquidating Trustee may, in his sole discretion, withhold Distributions to the Holder of a Claim until the Claims Objection Deadline, to enable the Liquidating Trustee to file a timely objection thereof.

    (iii)    The presence of a Disputed Claim will not be a cause to delay distributions to Allowed Claims in Class 7, so long as the Distribution Reserves is established and maintained in accordance with this Article 3.12 unless in the judgment of the Liquidating Trustee the Distribution is too small to process. To the extent such Disputed Claims ultimately become Allowed Claims (and, if applicable, Trust Interests are granted to the Holders of such Claims in accordance with the District Creditor Plan), payments with respect to such Claims shall be made from the Distribution Reserves as provided herein.

    (iv)    As to any Disputed Claim filed for an unspecified amount, including, but not limited to, Claims based upon rejection of executory contracts or leases, the Court, upon motion by the Liquidating Trust, may estimate the amount of such Disputed Claim. Any Entity whose Disputed Claim filed for an unspecified amount is so estimated, shall have recourse only against the Liquidating Trust and against no other assets or person (including, without limitation, the Liquidating Trustee), and in any case only in an amount not to exceed the estimated amount of such Entity's

Disputed Claim, even if such Entity's Disputed Claim, as finally allowed, exceeds the maximum estimated amount thereof.

(v) After any Disputed Claim becomes an Allowed Claim, and to the extent the Liquidating Trustee has previously made Distributions, the Liquidating Trustee shall, on the next Distribution Date, pay to the Holder thereof the amount required by the terms of the District Creditor Plan (or, if less, the amount thereof estimated in accordance with the immediately preceding paragraph). If any proceeds remain in the Distribution Reserves after objections to Disputed Claims have been resolved, such remaining amounts shall be distributed as soon as practicable in accordance with the provisions regarding the distribution of Distributable Proceeds (as defined below) to the holders of Trust Interests.

(vi) Notwithstanding anything else herein, if any order or judgment disallowing any Disputed Claim is on appeal and no stay pending appeal has been obtained, such Claim shall become a Disallowed Claim. Moreover, the Liquidating Trustee is not required to maintain any reserve for such Disallowed Claim and shall proceed to provide to the Holders of Allowed Claims in Class 7 the Distributions to which such Holders are entitled under the District Creditor Plan without considering any Disallowed Claims. Further, in the event that a Distribution is made and the order disallowing the Disallowed Claim is reversed on appeal, the sole right of the Holder of such Claim shall be as to any undistributed funds of the Liquidating Trust pursuant to Section 502(j) of the Bankruptcy Code.

3.13 **Other Terms Governing Distributions**. Any and all distributions to Trust Beneficiaries contemplated by the District Creditor Plan, shall be made by the Liquidating Trustee or its agents on or after the Distribution Date in accordance with the terms of the District Creditor Plan and this Trust Agreement to the extent not already satisfied.

3.14. **Claims Objections**. The Liquidating Trustee: may file an objection to any Claim after the Effective Date; may seek to subordinate any claim; and may seek to classify any claim as other than Class 7.

3.15 **Distributions by Liquidating Trustee**.

(a) **Distribution of Proceeds**. Subject to the terms and limitations set forth in the Trust Agreement and the District Creditor Plan, the Liquidating Trustee shall distribute any proceeds of the liquidation of Trust Assets, net of amounts paid as expenses of the Trust or reductions made by reason of setoff (such net proceeds, the "**Distributable Proceeds**"), to the Holders of Trust Interests in accordance with the District Creditor Plan. The Liquidating Trust shall distribute the Distributable Proceeds to such Holders on such dates (each a "Distribution Date") as the Liquidating Trustee deems appropriate, such dates being at least semi-annually unless the Liquidating Trustee determines the semi-annual Distribution to be impractical, but only after paying all outstanding administrative expenses of the Liquidating Trust, reserving for the reasonably anticipated amount of any such administrative expenses that may be incurred thereafter

and establishing the Liquidating Trust Reserve, the Distribution Reserves and the Unclaimed Distribution Reserve, as defined herein (and in accordance with Liquidating Trust Agreement) to the Holders of Allowed Claims. The Liquidating Trustee shall make Distributions to each Trust Beneficiary (i) at the address on any Proof of Claim filed by the Holder (or at the Holder's last known address, if no Proof of Claim is filed), (ii) at the address in any written notice of address change delivered to the Liquidating Trustee or (iii) at the address reflected in the Schedules, if no Proof of Claim has been filed and the Liquidating Trustee has not received a written notice of a change of address. The Liquidating Trustee will have no obligation to seek addresses from any other sources.

(b) **Manner of Payment or Distribution**. All Distributions made by the Liquidating Trustee to holders of Trust Interests shall be payable to the holders of Trust Interests of record as of the 15th day prior to the date scheduled for the Distribution, unless such day is not a Business Day, then such day shall be the following Business Day (the "**Record Date**"). If the Distribution shall be in Cash, the Liquidating Trustee shall distribute such Cash by wire, check, or such other method as the Liquidating Trustee deems appropriate under the circumstances.

(c) **Unclaimed Distributions**. If a Distribution made pursuant to the District Creditor Plan to any Holder of an Allowed Class 7 Claim is returned to the Liquidating Trustee due to an incorrect or incomplete address for the Holder of such Allowed Claim, and no claim is made in writing to the Liquidating Trustee, as the case may be, as to such Distribution within ninety (90) days of the date such Distribution was made, then the amount of such Distribution shall be deemed to be unclaimed, such Holder shall be deemed to have no further Claim in respect of such Distribution such Holder's Allowed Claim shall no longer be deemed to be Allowed, and such Holder shall not be entitled to participate in any further distributions under the District Creditor Plan in respect of such Claim. All such unclaimed distributions shall revert to the to the Landmark / Doral's Trust for distribution to other Holders of Allowed Class 7 Claims pursuant to the Liquidating Trust Agreement and the Plan, free and clear of any restrictions thereon notwithstanding any federal or escheat laws to the contrary.

(d) **De Minimus and Fractional Distributions**. Other than in the Final Distribution, the Liquidating Trustee shall not make Distributions of Cash in an amount of less than $25.00 shall be made on account of any Allowed Claim. Such undistributed amount will instead be made part of the Liquidating Trust for use in accordance with the District Creditor Plan. The Liquidating Trustee shall not make payments of fractions of dollars, but shall round all such fractions to the nearest whole dollar, with half dollars being rounded down. Notwithstanding any other provision of the District Creditor Plan to the contrary, no fractional Trust Interest will be issued pursuant to the District Creditor Plan. Whenever any Distribution of a fraction of a Trust Interest under the District Creditor Plan would otherwise be required, the actual Distribution made will reflect a rounding of such fraction to the nearest whole Trust Interest (up or down), with half Trust Interests or less being rounded down and fractions in excess of half a Trust Interest being rounded up.

  (e) **Withholding and Reporting Requirements**. In connection with the District Creditor Plan and this Trust Agreement and all Distributions thereunder or hereunder, the Liquidating Trustee shall comply with all tax withholding and reporting requirements imposed by any federal, state, local, or foreign taxing authority, and all Distributions hereunder shall be subject to those requirements. The Liquidating Trustee shall be authorized to take all actions necessary or appropriate to comply with those withholding and reporting requirements.

  (f) **Setoffs**. The Liquidating Trustee may, but shall not be required to, setoff against any Claim, and the payments or other Distributions to be made pursuant to the District Creditor Plan in respect of such Claim, claims or Causes of Action of any nature whatsoever that the Liquidating Trustee may have against the Holder of such Claims; but neither the failure to do so nor the Allowance of any Claim hereunder shall constitute a waiver or release by the Liquidating Trustee of any such claim or Causes of Action that the Liquidating Trustee may have against such Holder.

3.16 **Reporting Duties**.

  (a) <u>Federal Income Tax.</u> The Liquidating Trustee shall file (or cause to be filed) returns for the Liquidating Trust as a grantor trust pursuant to Treasury Regulation Section 1.671-4(a). The Liquidating Trustee shall account for all income and expenses on a current (non-accrual basis) and to this effect, all income and expenses will be allocated among the holders of Trust Interests as of December 31 of each year.

  (b) <u>Other.</u> The Liquidating Trustee shall also file (or cause to be filed) any other statements, returns or disclosures relating to the Liquidating Trust that are required by any governmental authority. The Liquidating Trustee shall account for all income and expenses on a current (non-accrual basis) and to this effect, all income and expenses will be allocated among the holders of Trust Interests as of December 31 of each year.

  (c) <u>Annual Liquidating Trust Operating Budget.</u> For each year of the Liquidating Trust, the Liquidating Trustee shall prepare a budget (the "**Operating Budget**"), of anticipated fees, costs, and other expenses anticipated to be incurred in administering the Liquidating Trust during such year. The Operating Budget for each year shall be delivered to counsel for the Plan Proponents for approval not later than sixty (60) days prior to the beginning of such year; provided however, that for the first year of the Liquidating Trust, the Liquidating Trustee shall deliver the Operating Budget for that year within ninety (90) days after the Effective Date, which initial Operating Budget shall be deemed to be approved by the Plan Proponents retroactively to the Effective Date and shall be binding on the Plan Proponents for such ninety (90) day period unless manifestly unreasonable. The Plan Proponents shall give the Liquidating Trustee notice of their approval or objection to the Operating Budget within thirty (30) days of its receipt of same; provided, however, that if the Operating Budget presented for consideration is not approved, the prior Operating Budget shall remain in effect unless and until the Liquidating Trustee obtains approval of the proposed Operating Budget from the Bankruptcy Court. The Liquidating Trustee shall furnish the Plan Proponents with a

semi-annual comparison of actual results compared to the Operating Budget then in effect. If the aggregate actual expenses for the semi-annual period in question vary from the Operating Budget by more than fifteen percent (15%), the Liquidating Trustee will also provide the Plan Proponents with the reasons for the variance and the Liquidating Trustee and the Plan Proponents shall discuss whether and what adjustments are needed for subsequent periods. If the Plan Proponents and the Liquidating Trustee cannot agree on the foregoing, the Liquidating Trustee shall operate in accordance with the Operating Budget then in effect (or then expiring, if applicable) pending either party obtaining an order of the Bankruptcy Court as to the amount of or adjustment to the disputed Operating Budget.

3.17    **Compliance with Law**. Any and all Distributions of Trust Assets shall be made in compliance with applicable laws, including, but not limited to, applicable federal and state securities laws.

## ARTICLE IV
## THE LIQUIDATING TRUSTEE

4.1    **Generally**. The Liquidating Trustee's powers are exercisable solely in a fiduciary capacity consistent with, and in furtherance of, the purposes of this Liquidating Trust and the District Creditor Plan and not otherwise.

4.2    **Responsibilities of Liquidating Trustee**.

(a)    The Liquidating Trustee shall, in an expeditious but orderly manner, in accordance with the terms of this Trust Agreement and the District Creditor Plan, liquidate and convert to Cash the Trust Assets, make timely Distributions and not unduly prolong the duration of the Liquidating Trust. In so doing, the Liquidating Trustee will exercise its business judgment in liquidating and distributing the Trust Assets. Subject to the terms of the Trust Agreement and the District Creditor Plan, the Liquidating Trustee may incur any reasonable and necessary expenses in liquidating the Trust Assets.

(b)    During the existence of the Liquidating Trust, the Liquidating Trustee shall, unless otherwise waived in writing by the Plan Proponents:

(i)    distribute to the Plan Proponents such financial data and financial statements as the Plan Proponents may request;
(ii)    furnish the Plan Proponents notice of proposed Distributions; and
(iii)    permit access by the Plan Proponents or any person designated by the Plan Proponents to all records maintained by the Liquidating Trustee during business hours.

4.3    **Reliance by Liquidating Trustee**. With respect to this Trust the Liquidating Trustee may rely, and shall be protected in acting upon, any resolution, certificate, statement, instrument, opinion, report, notice, request, consent, order, or other paper or document believed by him/her to be genuine and to have been signed or presented by the proper party or parties; and the Liquidating Trustee may rely, and shall be protected in so relying, upon the Plan Proponents'

direction or a court of competent jurisdiction; the Liquidating Trustee may consult with any and all Professionals and shall not be liable for any action taken or omitted to be taken by it in accordance with the advice of such Professionals; and persons dealing with the Liquidating Trustee shall look only to the Trust Assets to satisfy any liability incurred by the Liquidating Trustee to such person in carrying out the terms of this Trust Agreement, and the Liquidating Trustee shall have no personal obligation whatsoever to satisfy any such liability.

    4.4    **Indemnification; Exculpation.**

    (a)    <u>Indemnification.</u>  The Liquidating Trust shall indemnify and hold harmless, to the fullest extent permitted by law, the Liquidating Trustee and each Professional or other Person employed by the Liquidating Trustee to carry out the provisions of the District Creditor Plan and this Trust Agreement (each, an "**Indemnified Person**") from and against all liabilities, damages, claims, costs, and expenses (including attorney fees) arising from or in connection with their actions or omissions in performing their duties under the District Creditor Plan and this Trust Agreement, so long as the Indemnified Person acted in good faith and in a manner reasonably believed to be in or not inconsistent with the Liquidating Trust's best interests.

    (b)    <u>Exculpation.</u>  The Liquidating Trustee from and after the Effective Date, is exculpated by all Persons, Holders of Claims and Trust Interests, Entities, and parties in interest receiving Distributions under the District Creditor Plan, from any and all claims, causes of action, and other assertions of liability arising out of its discharge of the powers and duties conferred upon it by the District Creditor Plan, this Trust Agreement or any order of the Bankruptcy Court entered pursuant to or in furtherance of the District Creditor Plan, or applicable law, except solely for actions or omissions arising out of its gross negligence, willful misconduct or willful breach of its fiduciary duties.  No Holder of a Claim or a Trust Interest, or representative thereof, shall have or pursue any claim or cause of action (a) against the Liquidating Trustee or the Liquidating Trust for Distributions made in accordance with the District Creditor Plan or this Trust Agreement, or for implementing the provisions of the District Creditor Plan or this Trust Agreement, or (b) against any Holder of a Claim for receiving or retaining payments or other Distributions as provided for by the District Creditor Plan or this Trust Agreement.  The Liquidating Trustee and the Liquidating Trust shall not be liable for any action taken or omitted in good faith and reasonably believed by it to be authorized within the discretion or rights or powers conferred upon it by the District Creditor Plan or this Trust Agreement.  In performing his/her duties under the District Creditor Plan and this Trust Agreement, the Liquidating Trustee and the Liquidating Trust shall have no liability for any action taken by the Liquidating Trustee and the Liquidating Trust in good faith in accordance with the advice of counsel, accountants, appraisers and other Professionals retained by it or the Liquidating Trustee.  Without limiting the generality of the foregoing, the Liquidating Trust may rely without independent investigation on copies of orders of the Bankruptcy Court reasonably believed by it to be genuine, and shall have no liability for actions taken in good faith in reliance thereon.  None of the provisions of the District Creditor Plan or this Trust Agreement shall require the Liquidating Trustee or the Liquidating Trust to expend or risk their own funds or otherwise incur personal financial

liability in the performance of any of their duties or in the exercise of any of its rights and powers. The Liquidating Trustee and the Liquidating Trust may rely without inquiry upon writings delivered to it hereunder which it reasonably believes in good faith to be genuine and to have been given by a proper Person.

4.5     **Survival**.     Article 4 shall survive the termination of this Trust Agreement.

4.6     **Investment and Safekeeping of Trust Assets**. All Cash and other property received by the Liquidating Trustee shall, until distributed or paid over as herein provided, be held in trust for the benefit of the holders of the Trust Interests, but need not be segregated from other Trust Assets, unless and to the extent required by law. The Liquidating Trustee shall be under no liability for interest or producing income on any moneys received by him/her hereunder and held for distribution or payment to the Holders of Trust Interests, except as such interest shall actually be received by the Liquidating Trustee. Investments of any moneys held by the Liquidating Trustee shall be administered in view of the manner in which individuals of ordinary prudence, discretion and judgment would act in the management of their own affairs; provided, however, that the right and power of the Liquidating Trustee to invest the Trust Assets, the proceeds thereof, or any income earned by the Liquidating Trust, shall be limited to the right and power to invest such Trust Assets (pending Distributions in accordance with Article 3.10 hereof) in demand and time deposits, such as short-term certificates of deposit, in banks or other savings institutions, or other temporary liquid investments, such as Treasury bills; and provided further, that the scope of any such permissible investments shall be limited to include only those investments, or shall be expanded to include any additional investments, as the case may be, that a liquidation trust, within the meaning of Treasury Regulation Section 301.7701-4(d), may be permitted to invest in, pursuant to the Treasury Regulations, or any modification in the IRS guidelines, whether set forth in IRS rulings, other IRS pronouncements or otherwise. In no event shall such investment have a maturity date in excess of twelve months from the date of the acquisition of such investment; provided, however, in the event that Liquidating Trustee invests the Trust Assets in United States government securities, the maturity date shall be 90 days or less.

4.7     **Authorization to Expend Trust Assets**. Subject to the terms of this Trust Agreement and the District Creditor Plan, the Liquidating Trustee may expend the Trust Assets (i) as reasonably necessary to meet contingent liabilities and to maintain the value of the Trust Assets during liquidation, (ii) to pay all administrative expenses of the Liquidating Trust (including, but not limited to, any taxes imposed on the Liquidating Trust), and (iii) to satisfy all other liabilities incurred or assumed by the Liquidating Trust (or to which the Trust Assets are otherwise subject) in accordance with this Trust Agreement or the District Creditor Plan.

4.8     **Compensation**. As compensation for the performance of his duties, the Liquidating Trustee will be entitled to compensation to be paid from the Trust Assets at a reduced professional rate of $150.00 an hour plus 5 percent payable upon all moneys disbursed or turned over in the case by the Liquidating Trustee to parties in interest, and to reimbursement of reasonable out-of-pocket expenses incurred in connection with the performance of such duties, including the fees and expenses of any Professionals or other agents he employs. Such compensation and reimbursement shall not be subject to approval of the Bankruptcy Court.

Notwithstanding anything to the contrary in the District Creditor Plan, the Plan Proponents may object to any such compensation. In the event of a dispute over compensation, the Bankruptcy Court shall retain jurisdiction to resolve such disputes.

## ARTICLE V
## SUCCESSOR LIQUIDATING TRUSTEE

5.1     **Removal**. The Plan Proponents may seek dismissal of the Liquidating Trustee, for cause, at any time and name a successor Liquidating Trustee. To the extent there is any dispute regarding the removal of the Liquidating Trustee, the Bankruptcy Court shall retain jurisdiction to consider and adjudicate any such dispute. The removal of the Liquidating Trustee pursuant to this Article 5, paragraph 1 shall become effective on the later to occur of (i) the date action is taken to remove the Liquidating Trustee as aforesaid; or (ii) the appointment of a successor by the Plan Proponents or as otherwise contemplated in Article 5.3 hereof, and the acceptance by such successor of such appointment.

5.2     **Resignation**. The Liquidating Trustee may resign at any time by giving written notice addressed to the Plan Proponents and counsel of his/her intention to do so and giving at least thirty (30) days notice before the proposed effective date of resignation.

5.3     **Appointment of Successor Upon Removal, Resignation, or Death**. In the event of the death, resignation, or dismissal of the Liquidating Trustee, a successor Trustee shall be appointed by the Plan Proponents and without the need for further Bankruptcy Court action or order. In the event of resignation of the Liquidating Trustee, the resignation shall be acknowledged by the Plan Proponents in an instrument in writing, which also names the successor Liquidating Trustee and shall be delivered to the resigning Liquidating Trustee within the thirty (30) day time period.

5.4     **Acceptance of Appointment by Successor Liquidating Trustee**. Any successor Liquidating Trustee appointed hereunder shall execute an instrument accepting such appointment hereunder and agreeing to be bound by the provisions of this Trust Agreement and the District Creditor Plan and shall file such instrument in the Liquidating Trust records and with the Plan Proponents. Thereupon, such successor Liquidating Trustee shall, without any further act, become vested with all the estates, properties, rights, powers, trusts and duties of its predecessor in the Liquidating Trust with like effect as if originally named herein; provided, however, that a removed or resigning Liquidating Trustee shall, nevertheless, when requested in writing by the successor Liquidating Trustee, execute and deliver an instrument or instruments conveying and transferring to such successor Liquidating Trustee under the Liquidating Trust all the estates, properties, rights, powers, and trusts of such predecessor Liquidating Trustee.

5.5     **Liquidating Trustee's Rights Upon Removal, Resignation or Death**. Notwithstanding anything to the contrary contained in this Trust Agreement, the Liquidating Trustee shall be entitled to all compensation accruing through the last date of service under this Trust Agreement.

# ARTICLE VI
# REPORTS TO HOLDERS OF TRUST INTERESTS

6.1     **Securities Laws, Tax and Other Reports to Holders of Trust Interests**.  Under Section 1145 of the Bankruptcy Code, the issuance of Trust Interests under the District Creditor Plan shall be exempt from registration under the Securities Act of 1933, as amended, and applicable state and local laws requiring registration of securities. If the Liquidating Trustee determines, with the advice of counsel, that the Liquidating Trust is required to comply with the registration and reporting requirements of the Securities Exchange Act of 1934, as amended, or the Investment Company Act of 1940, as amended, then the Liquidating Trustee shall take any and all actions to comply with such reporting requirements and file periodic reports with the Securities and Exchange Commission. If the Liquidating Trustee is not required to file the periodic reports referred to above, as soon as practicable after the end of each December 31 and June 30, and as soon as practicable upon termination of the Liquidating Trust, the Liquidating Trustee shall submit to each holder of Trust Interests appearing on its records as of the end of such period or such date of termination a written report including: (i) financial statements of the Liquidating Trust for such period prepared on a modified cash basis or other comprehensive basis of accounting, and, if the end of a calendar year, a report of an independent certified public accountant employed by the Liquidating Trustee, which report shall reflect the result of such agreed upon procedures relating to the financial accounting administration of the Liquidating Trust as proposed by the Liquidating Trustee and approved by the Plan Proponents; (ii) a description of any action taken by the Liquidating Trustee in the performance of its duties which materially affects the Liquidating Trust and of which notice has not previously been given to the holders of Trust Interests; and (iii) if at the end of a calendar year, a separate statement for each holder of Trust Interests setting forth the holder's share of items of income, gain, loss, deduction or credit and will instruct all such holders to report such items on their federal income tax returns. Except as otherwise provided herein, the Liquidating Trust's taxable income will be allocated pro rata to the holders of the Trust Interests based on the number of such Trust Interests held by a holder compared with the aggregate number of such Trust Interests outstanding. The Liquidating Trustee shall promptly submit additional reports to (i) the Holders of Trust Interests whenever a material event or change occurs which affects the Liquidating Trust and (ii) the holders of the Trust Interests whenever a material event or change occurs which affects the rights of the holder of Trust Interests hereunder. The Liquidating Trustee shall prepare, and distribute to holders of Trust Interests, a report describing the progress of converting Trust Assets to Cash and making distributions to holders of Trust Interests and any other material information relating to the Trust Assets and the administration of the Liquidating Trust.

6.2     Any report required to be distributed by the Liquidating Trustee shall also be distributed to the Plan Proponents at least ten Business Days prior to its distribution to holders of Trust Interests. Notwithstanding the foregoing, the Liquidating Trustee may post any report required to be provided under this Article 6.1 on the web site maintained by the Liquidating Trustee in lieu of actual notice to holders of Trust Interests subject to providing notice that such procedure is being implemented to give notice to the holders of the Trust Interests.

# ARTICLE VII
# DURATION OF LIQUIDATING TRUST

The Liquidating Trust shall become effective upon the Effective Date as defined in the District Creditor Plan. Thereupon the Liquidating Trust provisions and Liquidating Trust shall remain and continue in full force and effect until the Trust's estate has been wholly converted to cash or abandoned and all costs, expenses and obligations incurred in administering the Liquidating Trust have been fully paid and all remaining income, proceeds and avails of the Liquidating Trust's estate have been distributed in payment of Allowed Claims pursuant to the provisions of the District Creditor Plan; the Liquidating Trust shall in no event remain in existence for longer than five years, provided, however, that upon approval of the Bankruptcy Court, upon a finding that an extension(s) of such five-year term is necessary to the liquidating purpose of the Liquidating Trust, the term of the Liquidating Trust may be extended for a finite term based on its particular facts and circumstances; each further extension must be approved by the Bankruptcy Court within six (6) months of the beginning of the extended term. Upon the occurrence of the termination of the Liquidating Trust, the Liquidating Trustee shall file with the Bankruptcy Court a report thereof, seeking an order discharging the Liquidating Trustee and providing such injunctive relief required with respect to Claims which are discharged, and provide notice thereof to all Creditors whose Claims were not paid pursuant to the District Creditor Plan.

# ARTICLE VIII
# AMENDMENT AND WAIVER

8.1     The provisions of this Trust Agreement may be amended, modified, or waived by the Liquidating Trustee, upon concurrent notice to the Plan Proponents, the Debtors, the Estates and Holders of the Trust Interests, except with respect to changes (the "**Designated Changes**") pertaining to limitations on the Trustee's ability to sell or otherwise dispose of Trust Assets, the compensation of the Liquidating Trustee set forth in Article 4.8, and the investment policies for Trust Assets set forth in Article 4.6.

8.2     The Designated Changes may not be adopted absent the mutual agreement of the Liquidating Trustee and the Plan Proponents.  Technical amendments to this Trust Agreement may be made, as necessary to clarify this Trust Agreement or enable the Liquidating Trustee to effectuate the terms of this Trust Agreement, by the Liquidating Trustee with the Plan Proponents' consent.  Notwithstanding this Article VIII, any amendments to this Trust Agreement shall not be inconsistent with the purpose and intention of the Liquidating Trust to liquidate in an expeditious but orderly manner the Trust Assets in accordance with Treasury Regulation 30 1.7701-4(d) and Article 3.1 hereof.

# ARTICLE IX
# MISCELLANEOUS PROVISIONS

9.1     **Intention of Parties to Establish Liquidating Trust**.  This Trust Agreement is intended to create a liquidating trust for federal income tax purposes as described in Treasury Regulation Section 301.7701-4(d), and, to the extent provided by law, shall be governed and

construed in all respects as such a trust and any ambiguity herein shall be construed consistent herewith and, if necessary, this Trust Agreement may be amended to comply with such federal income tax laws, which amendments may apply retroactively.

9.2     **Preservation of Privilege and Defenses**.  In connection with the rights, claims, and Recovery Rights that constitute the Trust Assets, any attorney-client privilege, work-product privilege, or other privilege or immunity attaching to any documents or communications whether written or oral) transferred to the Liquidating Trust shall vest in the Liquidating Trustee and his/her representatives, and the Debtors and the Liquidating Trustee are authorized to take all necessary actions to effectuate the transfer of such privileges and available defenses.

9.3     **Laws as to Construction**. This Trust Agreement shall be governed and construed in accordance with the laws of the State of Florida, without giving effect to rules governing the conflict of laws.

9.4     **Severability**.  If any provision of this Trust Agreement or the application thereof to any person or circumstance shall be finally determined by a court of competent jurisdiction to be invalid or unenforceable to any extent, the remainder of this Trust Agreement, or the application of such provision to persons or circumstances other than those as to which it is held invalid or unenforceable, shall not be affected thereby, and such provision of this Trust Agreement shall be valid and enforced to the fullest extent permitted by law.

9.5     **Notices**. Any notice or other communication to the Liquidating Trustee, the Debtors or the Plan Proponents shall be in writing and shall be deemed to have been sufficiently given, for all purposes, if delivered via personal delivery, certified United States mail (return receipt requested and postage prepaid), facsimile (if receipt is confirmed) or electronic mail addressed to the person for whom such notice is intended as follows:

>   <u>Liquidating Trustee</u>
>   _____
>   _____
>   _____
>
>   <u>Debtors</u>
>   Mindy A. Mora
>   Tara V. Trevorrow
>   Bilzin Sumberg Baena Price & Axelrod LLP
>   1450 Brickell Avenue, Suite 2300
>   Miami, Florida 33131
>   Fax: (305) 375-7593
>   Email:  mmora@bilzin.com

        Plan Proponents
        Phillip M. Hudson, III
        Arnstein & Lehr LLP
        200 S. Biscayne Blvd., Suite 3600
        Miami, Florida 33131
        Fax:  (305) 374-4744
        Email:  pmhudson@arnstein.com

        John B. Hutton, III
        John R. Dodd
        Greenberg Traurig, P.A.
        333 Avenue of Americas
        Miami, Florida 33131
        Fax:  (305) 579-0717
        Email: huttonj@gtlaw.com

        Patricia A. Redmond
        Stearns Weaver Milller Weissler
          Alhadeff & Sitterson, P.A.
        Museum Tower, Suite 2200
        150 West Flagler Street
        Miami, Florida 33130
        Fax:  (305) 789-3395
        Email: predmond@stearnsweaver.com

      Any notice to be given to the Trust Beneficiaries shall be given by ordinary mail to the name and address set forth on the official register maintained by the Liquidating Trustee under this Trust Agreement.

      9.6    **Headings**.  The article headings contained in this Trust Agreement are solely for convenience of reference and shall not affect the meaning or interpretation of this Trust Agreement or of any term or provision hereof.

      9.7    **Relationship to the District Creditor Plan**. The principal purpose of this Trust Agreement is to aid in the implementation of the District Creditor Plan and therefore this Trust Agreement incorporates the provisions of the District Creditor Plan. To that end, the Liquidating Trustee shall have full power and authority to take any action consistent with the purpose and provisions of the District Creditor Plan, and to seek any orders from the Bankruptcy Court in furtherance of implementation of the District Creditor Plan and this Trust Agreement. If any provisions of this Trust Agreement are found to be inconsistent with the provisions of the District Creditor Plan, the provisions of the District Creditor Plan shall control.

      9.8    **Counterparts/Execution and Delivery by Facsimile**. For the purposes of facilitating the execution of this Trust Agreement, as herein provided and for other purposes, this Trust Agreement may be executed simultaneously in counterparts, each of which counterpart shall be deemed to be an original, and all such counterparts shall constitute but one and the same

instrument. Any original counterpart when executed and transmitted by electronic or facsimile transmission shall be deemed duly delivered to the other party upon confirmed receipt thereof by such other party.

    IN WITNESS WHEREOF, the parties hereto have either executed and acknowledged this Trust Agreement, or caused it to be executed and acknowledged on their behalf by their duly authorized officers all as of the date first above written.

Town Center at Doral, LLC

By: _____      _____
                                                                         [Print name         ], as Liquidating Trustee
    Its: _____

Landmark at Doral East, LLC

By: _____

    Its: _____

Landmark at Doral South, LLC

By: _____

    Its: _____

Landmark Club at Doral LLC

By: _____

    Its: _____

Landmark at Doral Developers, LLC

By: _____

    Its: _____