UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

In re:

Town Center at Doral et al.,                          Case No.: 11-35884-BKC-RBR
                                                      Chapter 11

            Alleged Debtor.
_____/

## MOTION OF THE UNITED STATES TRUSTEE
## FOR AN ORDER DIRECTING THE APPOINTMENT OF A CHAPTER
## 11 TRUSTEE.
### (Hearing Requested - March 5, 2012)

The United States Trustee for Region 21, Donald F. Walton ("UST"), through his

undersigned counsel, moves this Court for an order directing the appointment of a chapter 11

trustee, and objects to the Debtor's retention of a chief restructuring officer, for the following

reasons:

### BACKGROUND

1.  Pursuant to 28 U.S.C. § 586, the UST is charged with the administrative oversight of

cases commenced pursuant to Title 11 of the United States Bankruptcy Code.  This duty is part of

the UST's overarching responsibility to enforce the bankruptcy laws as written by Congress and

interpreted by the courts.  *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia*

*Gas Sys., Inc.)*, 33 F.3d 294, 295-96 (3d Cir. 1994) (noting the UST has "public interest

standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest); *Morgenstern v.*

*Revco D.S., Inc. (In re Revco D.S., Inc)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the UST as

a "watchdog").

2.  On September 19, 2011 (the "Petition Date"), Town Center at Doral and four related

debtors filed petitions (DE#1).

3.  On January 23, 2012, Landmark at Doral Community Development District (the "District"), U.S. Bank National Association as indenture trustee and Florida Prime Holdings, LLC filed a Motion to Convert or Dismiss Chapter 11 Cases for Bad Faith filings ("Motion to Convert or Dismiss") (DE#181).

4.  In the Motion to Convert or Dismiss the moving parties assert that, in violation of his fiduciary duties,  Mr. Kodsi negotiated a lock up deal with Terra World Investment, LLC to file the above captioned chapter 11 cases and to pursue a Plan which would transfer control of the Debtor to Terra, and in exchange Mr. Kodsi would receive monthly compensation as well as an undisclosed success fee.

3.On January 27, 2012, this court entered an Order Setting Briefing Schedule And Further Hearing on Motion to Convert or Dismiss (DE#195), which provided that the Debtors shall file a response to the Motion by February 8, 2012, and attach to the Response a written agreement between Terra World Investments, LLC ("Terra") and Isaac Kodsi memorializing Terra World Investments, LLC's commitment to pay Isaac Kodsi a success fee or, if no such agreement exists, sworn statements from a representative of Terra World Investments, LLC and Isaac Kodsi describing the terms of the success-fee agreement (DE#195).

6.  On February 8, 2012, the Debtor filed its Response to the Morton to Convert or Dismiss (DE#218).

7.  In the Response, the Debtors, assert in essence the failure to disclose a $150,000 success fee payable to Mr. Kodsi apparently upon confirmation of the Debtors chapter 11 plan was inadvertent and in essence of no consequence.

8.   Debtors assertions are inaccurate and a chapter 11 trustee should be appointed[1].

9.   What the Debtors Response advises the court for the first time, is that Mr. Kodsi, who was not an officer or director of the Debtor, became an officer of the company to shepard this chapter 11 case, only after he negotiated his own compensation arrangement with a Terra.

10.   The Debtors state in the Response that the Success Fee was not the "impetus" for the "lock up" arrangement with Terra, but that statement is misleading. The Debtor is not the party that negotiated the "Success Fee", Mr. Kodsi negotiated that agreement and then became an officer of the Debtor to implement the plan to transfer control of the Debtor to Terra by filing the chapter 11 case. These negotiations took place long before the chapter 11 case was filed, (see Exhibit B and attachments to the Response including the "term sheet" dated June 11, 2011). What the Response completely ignores is that in addition to the $100,000 in compensation and $150,000 consultant or "Success Fee" is the additional provision in the Term sheet which provides that Terra will hire Kodsi as closing agent on 25% of the planned residential closings, which could be worth hundreds of thousands of dollars.

11.   This last component of the financial arrangement between Terra and Mr. Kodsi whereby Mr. Kodsi's law firm will serve as closing agent in at least 25% of the residential closings contradicts paragraph 9 of Mr. Kodsi's affidavit, wherein he states other that the monthly compensation and success fee, there are no other promises that Terra made regarding Mr. Kodsi's post confirmation involvement with the debtors, or with any project with which

---

[1]Section 1104(e) mandates that the U.S. Trustee file a motion seeking the appointment of a trustee if reasonable grounds exist to suspect that current members of management or the debtor's governing body have participated in actual fraud, dishonesty, or criminal conduct in the management of the debtor or the debtor's public financial reporting.  The facts recently disclosed in the Motion to Convert or Dismiss and the Response filed by the Debtor mandate that the UST file this motion.

Terra is involved. Even if that provision of the term sheet is no longer in place, the fact that it was part of the negotiations but not disclosed by Mr. Kodsi in his affidavit is further support for the appointment of a chapter 11 trustee.

12.  In paragraph 12 of his Affidavit, Mr. Kodsi states that at the 341 meeting of creditors he advised counsel for the Debtor of his financial arrangement with Terra, but he does state that he advised any other party at the 341 meeting of this financial arrangement. Had that arrangement been known to all of the parties in October, 2011, this case would have taken a much different direction, rather than the direction for the benefit of Terra and Mr. Kodsi's law firm.

13.  In response to a direct question about salary at the 341 meeting on October 21, 2011, Mr. Kodsi said he had not received a salary. He further confirmed that there was no money to pay him. Given that Mr. Kodsi states in his affidavit that he advised Debtor's counsel about his financial arrangement with Terra at the 341 meeting he should have provided the specific information regarding the negotiations of his salary and success fee to all the parties rather than withhold that information.

14.  The assertion that the success fee was not included in the DIP Motion because the Agreement was not signed is not credible. The DIP Motion was filed almost four weeks after the 341 meeting, yet no disclosure was made in the DIP Motion or at any of the subsequent hearings to consider the DIP Motion regarding the Success Fee even though the Agreement had already been negotiated and drafted.

15.  Under these facts, a Chapter 11 Trustee is the only appropriate party to lead this case. The facts of this case require an independent fiduciary to guide this case through chapter 11, not a V.P. that has an undisclosed self interest which taints his ability to lead this case as a fiduciary

on behalf of the Debtor.  It is simply inappropriate to have the Debtor remain in possession given the statements contained in the Response and the Exhibits. In the face of these facts and questions posed, the proper remedy is to appoint a chapter 11 trustee. This is not an oversight which can or should be tolerated by this court as it places the integrity of the bankruptcy system in question.

## MOTION FOR APPOINTMENT OF CHAPTER 11 TRUSTEE

16.  Section 1104(e) mandates that the U.S. Trustee file a motion seeking the appointment of a trustee if reasonable grounds exist to suspect that current members of management or the debtor's governing body have participated in actual fraud, dishonesty, or criminal conduct in the management of the debtor or the debtor's public financial reporting.

17.  Here, the Debtor's officer has failed to disclose key elements of his compensation arrangement with a third party who is now the co-plan proponent. This information was negotiated several months prior to the filing of the case and but for an inquiry during a 2004 examination may never have been disclosed to the court, UST or parties in this case. The Debtor will attempt to argue that it is a "no harm no foul' as the Creditors Committee is in place and can market the property or equity interests, but that argument fails for several reasons, including but not limited to, the fact that it is irrelevant. The debtor is a fiduciary and disclosure and transparency are at the heart of the bankruptcy process. A no harm no foul rule does not satisfy the disclosure and transparency rules. Next, there is no marketing budget to sell the property or equity interests, and despite the Committees' involvement in the case, it is too little, too late as the plan proponent has been working on this project with Mr. Kodsi for almost a year and given his financial interest in the deal with Terra, many opportunities could have been pursued over that time which have been lost.

18.  11 U.S.C. § 1104(a) states that the Court shall order the appointment of a trustee, at any time after the commencement of the case but prior to confirmation of a plan, on request of a party in interest or the UST, and after notice and a hearing.  Section 1104 provides, in part, as follows:

> At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest or the United States Trustee, and after notice and a hearing, the court shall order the appointment of a trustee –
> (1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause, but not including the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor;or
> (2) if such appointment is in the interests of creditors, any equity security holders, and other interests of the estate, without regard to the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor....
> (e) The United States Trustee shall move for the appointment of a trustee under subsection (a) if there are reasonable grounds to suspect that current members of the governing body of the debtor, the debtor's chief executive or chief financial officer, or members of the governing body who selected the debtor's chief executive or chief financial officer, participated in actual fraud, dishonesty, or criminal conduct in the management of the debtor or the debtor's public financial reporting.

11 U.S.C. § 1104.

**Cause exists for the appointment of a trustee.**

19.  Subsection (1) of Section 1104(a) addresses management's pre and post-petition misdeeds or mismanagement, while subsection (2) provides the court with "particularly wide discretion" to appoint a trustee even absent wrongdoing or mismanagement. *In re Bellevue Place Associates, 171 B.R. 615, 623 (N.D. Ill. 1994)*. Where the court finds either that cause exists or that appointment is in the interest of the parties, an order for the appointment of a trustee is

mandatory.  *Official Comm. Of Asbestos Pers. Injury Claimants v. Sealed Air Corp. (In re W.R. Grace & Co.)*, 285 B.R. 148, 158 (Bankr. D. Del. 2002).

20.   The categories enumerated in 11 U.S.C. § 1104(a)(1) "cover a wide range of conduct" and, thus, are best described as illustrative, rather than exclusive.  *See In re Marvel Entertainment Corp.*, 140 F.3rd 463, 472 (3d Cir. 1998)(quoting *Committee of Dalkon Shield Claimants v. A.H. Robins Co.*, 828 F.2d 239, 242 (4th Cir. 1987)) .  Fraud, dishonesty, incompetence, and gross mismanagement of a debtor's business affairs are all grounds for appointment of a chapter 11 trustee under 11 U.S.C. § 1104(a)(1).  See, *e.g., In re Sharon Steel Corp.*, 871 F.2d 1217 (3d Cir. 1989); *In re Colby Construction Corp.*, 51 B.R. 113, 116-118 (Bankr. S.D.N.Y. 1985).  The determination of whether cause exists must be taken on a case by case basis, taking into account all relevant factors. *Sharon Steel*, 871 F.2d at 1225. *See also In re Suncruz Casinos* 298 B.R. 821 (Bankr. S.D. Fla 2003).

21.   Through section 1104(a)(1), Congress has mandated that the chapter 11 debtor in possession, which acts as a fiduciary of the creditors of the bankruptcy estate, be an honest broker.  *See Wolf v. Weinstein*, 372 U.S. 633, 651 (1963) (willingness of courts to leave debtors in possession "is premised upon an assurance that the officers and managing employees can be depended upon to carry out the fiduciary responsibilities of a trustee"); *In re V. Savino Oil and Heating Co.*, 99 B.R. 518, 526 (Bankr. E.D.N.Y. 1989) ("The willingness of Congress to leave a debtor-in-possession is premised on an expectation that current management can be depended upon to carry out the fiduciary responsibilities of a trustee.  And if the debtor-in possession defaults in this respect, [s]ection 1104(a)(1) [of the Code] commands that stewardship of the reorganization effort must be turned over to an independent trustee.") (cited with approval in *In*

*re Marvel Entertainment Group, Inc.*, 140 F.3d 463, 474 (3d Cir. 1998)).

22.   The plain language of section 1104(a)(1) (specifically, the use of the word "shall") indicates that this Court has no discretion to look past a finding of "cause" in ordering the appointment of a trustee.  For example, if "current management" was found to be incompetent due to acts or omissions which occurred prior to the petition date, this Court must direct the appointment of a trustee.  *See In re Sharon Steel Corp.*, 871 F.2d 1217, 1226 (3d Cir. 1989) ("[11 U.S.C. § 1104](a)(1) requires the bankruptcy court, upon motion, to appoint a trustee when the movant has proved "cause," which the statute defines to include incompetence and gross mismanagement."); *In re National Staffing Servs., LLC*, 2005 WL 3729404 at *2 (Bankr. N.D. Ohio Nov. 21, 2005) (11 U.S.C. § 1104(a)(1) provides for "the mandatory appointment of a trustee upon a specific finding of 'cause.'").

23.   There can be no doubt that what the Debtor finally disclosed in the Response, as well as the deposition transcript attached to the Motion to Convert or Dismiss, and the failure to voluntarily  disclose the financial incentives and Agreement at the 341 meeting or the in the Motion to approve DIP financing as well as the multiple hearings on that matter, at a minimum constitutes sufficient grounds under section 1104(a)(1) and cause for the appointment of a chapter 11 trustee.

24.   While Mr. Kodsi took control of the Debtor, he negotiated a financial deal for his own gain and self interest which act challenges his role as an independent fiduciary and he has in essence relinquished all control of the Debtor to Terra as the plan proponent.  The clear import of this action is that Terra locked up control of the Debtor pre petition by this financial Agreement and there has been no true independent fiduciary at the helm of the Debtor's case. There is more

-8-

than enough "cause" here to mandate the immediate appointment of a chapter 11 trustee.

**The appointment of a trustee is in the best interests of the estate and creditors.**

25.  Section 1104(a)(2) of the Bankruptcy Code provides an additional basis for the appointment of a chapter 11 trustee.  Courts have construed Section 1104(a)(2) to provide for a "flexible standard."  *See, e.g., In re Sharon Steel Corp.*, 871 F.2d at 1226; *see also In re Ionosphere Clubs, Inc.*, 113 B.R. 164 (Bankr. S.D.N.Y. 1990).  Section 1104(a)(2) emphasizes the court's discretion, allowing it to appoint a trustee when to do so would serve the parties' and the estates' interest." *Id*.

26.  It is axiomatic that a debtor in possession is a fiduciary.  As a fiduciary, the debtor in possession does not act in its own interest but, like a trustee, must act in the best interest of the creditors of the estate.  *Commodity Futures Trading Comm. V. Weintraub*, 47 U.S. 343, 354-55 (1985).  In determining if a debtor in possession is complying with its fiduciary duties, courts should be cognizant of the fact that "section 1104 represents a protection that the court should not lightly disregard or encumber with overly protective attitudes toward debtors-in-possession." *In re V. Savino Oil & Heating Co., Inc.*, 99 B.R. 518, 525 (Bankr. E.D.N.Y. 1989).

27.  The *Marvel* court applied this flexible standard and affirmed the district court's appointment of a trustee in a case where the "level of acrimony found to exist certainly [made] the appointment of a trustee in the best interest of the parties and the estate."  *Marvel Entertainment Corp.*, 140 F.3d at 474.  The court concluded that the parties' sharp divisions on many issues supported the district court's exercise of discretion in appointing a trustee. *Id*. At 474-476.

28.  Other courts have considered the following factors in determining whether the appointment of a trustee is in the best interest of the parties under Section 1104(a)(2): (1) the

trustworthiness of the debtor; (2) the debtor's past and present performance and prospects for the

debtor's rehabilitation; (3) the confidence or lack thereof of the business community and of

creditors in present management; and (4) the benefits derived by the appointment of a trustee,

balanced against the cost of the appointment.  *See In re Cajun Electric Power Co-Op, Inc*., 1991

B.R. 659 661-62 (M.D.La, 1995) *aff'd* 74 F3d 599 (5th Cir.), *cert. denied*, 117 S.Ct, 51 (1996);

*Accord in re Ionosphere Clubs, Inc*., 113 B.R. at 168.

29.  Here, an analysis of the relevant facts clearly demonstrates that the appointment of a

chapter 11 trustee is in the best interest of the parties and creditors of the Debtor's estate. The

admissions by the Debtor and Mr. Kodsi in the Response overwhelmingly support that conclusion.

The Debtor turned the reigns of this case[2] over to Mr. Kodsi who in turn turned over control to Terra.

Clearly the Debtor's independence and loyalty is in question. There is no chance of rehabilitation

as this case is about a sale. Without question, as evidenced by the recent pleadings thus far in the

case, the major parties have no confidence in the Debtor. Finally, the cost of appointing a chapter

11 trustee in this case where the need for transparency great, is insignificant and the benefits of a

chapter 11 trustee clearly outweigh the costs. *See In re Marvel Entertainment Group, Inc. 140 F.3d

463, 475 (3d Cir. 1998)*. The only conclusion that can be reached in this case is that the appointment

of a chapter 11 trustee is in the best interests of creditors.

**The appointment of a trustee is in the best interests of the estate and creditors rather**

**than Conversion or Dismissal pursuant to §1112 (a)(b)(1)**

30. In lieu of the relief requested in the Motion to Convert or Dismiss the Court should

appoint a chapter 11 trustee pursuant to §1104 (a) as the appointment would be in the best interests

---

[2]There is still an open question whether the probate court should be involved in the decision making as the
stock of the Debtor is an asset of the probate estate.

of creditors, as the District, U.S. Bank National Association as indenture trustee and Florida Prime Holdings, LLC have stated their intention to proceed with its Plan regardless of the Debtor's ability to proceed.

## **CONCLUSION**

Based upon the foregoing, the UST requests that this Court issue an order directing the appointment of a chapter 11 trustee and for such further and other relief as this court deems just and equitable.

DATED:  February 13, 2012.

<div style="margin-left:40%">

Donald F. Walton
United States Trustee
Region 21

/s/_____
Steven D. Schneiderman, Trial Attorney
Office of the U.S. Trustee
51 SW 1 Avenue, Suite 1204
Miami, FL 33130
Telephone No.: (305) 536-7285
Facsimile No.:  (305) 536-7360

</div>

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion and Objection has been served on the following parties on February 13, 2012, electronically through CM/ECF, on parties having appeared electronically in the instant matter or those listed as being served electronically as denoted by an * and that a copy hereof shall be served by U.S. Mail, postage prepaid, on the following:

Jere L. Earlywine jearlywine@hgslaw.com

C Craig Eller celler@broadandcassel.com

Jordi Guso jguso@bergersingerman.com,
    fsellers@bergersingerman.com;efile@bergersingerman.com

Phillip M. Hudson III pmhudson@arnstein.com,
    rkcummings@arnstein.com;jtunis@arnstein.com;hbabcock@arnstein.com;hpiloto@arnst
    ein.com;akang@arnstein.com;befernandez@arnstein.com;cofalla@arnstein.com

John B. Hutton III huttonj@gtlaw.com,
    thompsonc@gtlaw.com;mialitdock@gtlaw.com;miaecfbky@gtlaw.com

Mindy A. Mora mmora@bilzin.com,
    laparicio@bilzin.com;cvarela@bilzin.com;eservice@bilzin.com;lflores@bilzin.com

Glenn D Moses gmoses@gjb-law.com, gjbecf@gjb-law.com

Patricia A Redmond predmond@stearnsweaver.com,
    jrivera@stearnsweaver.com;rross@stearnsweaver.com;mmesones-
    mori@stearnsweaver.com;dillworthcdp@ecf.epiqsystems.com

Eric J Silver esilver@stearnsweaver.com, mmesones-
    mori@stearnsweaver.com;rross@stearnsweaver.com;larrazola@stearnsweaver.com

Melinda S Thornton cao.bkc@miamidade.gov


Michael Eckert
119 S. Monroe Street #300 (32301)
POB 6526
Tallahassee, FL 32314

Daniel Y. Gielchinsky
1450 Brickell Ave #2300
Miami, FL 33131


Betty M Shumener
550 South Hope St #2300
Los Angeles, CA 90071


/s/ _____
Steven D. Schneiderman, Trial Attorney
Office of the U.S. Trustee
51 SW 1 Avenue, Suite 1204
Miami, FL 33130
Telephone No.: (305) 536-7285
Facsimile No.:  (305) 536-7360


I hereby certify that I am admitted to the Bar of the State of Illinois, and that, I am excepted from additional

qualifications to practice in this Court pursuant to Local Rule 9011-4 and 2090(B) (2) (b) pertaining to

attorneys representing the United States government

-13-