UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Case No. 11-35884-RAM |
| TOWN CENTER AT DORAL, L.L.C., *et al.*, | Chapter 11 |
| Debtors._____ / | (Jointly Administered) |

# RE-NOTICE OF DEPOSITION *DUCES TECUM*
## (MOTION TO CONVERT OR DISMISS CHAPTER 11 CASES)
### [To change location]

PLEASE TAKE NOTICE that Landmark at Doral Community Development District, a local unit of special purpose government, U.S. Bank National Association, solely as indenture trustee with regard to the Bonds and under their Indenture as shown on the attached **Exhibit** "**A**," and Florida Prime Holdings, LLC, in connection with discovery related to the *Motion to Convert or Dismiss Chapter 11 Cases for Bad Faith Filing* [ECF No. 181] and the Court's *Supplemental Scheduling Order on Motion to Convert or Dismiss* [ECF No. 233], will take the deposition of Isaac Kodsi (the "**Deponent**") on **Wednesday, February 29, 2012, at 9:00 a.m.** at the offices of Stearns Weaver Miller Weissler Alhadeff & Sitterson P.A., 150 West Flagler Street, Suite 2200, Miami, FL 33131.

The deposition is pursuant to Bankruptcy Rule 9014 and 7030 and will be taken before an officer authorized to record the testimony. The scope of the deposition shall be as described in Bankruptcy Rule 7030 and 9014. Deponent shall produce the items listed on **Exhibit** "**B**" attached hereto on **Tuesday, February 28, 2012, at 10:00 a.m.** at the offices of Stearns Weaver

*ORL 298,061,442v4 2-15-12*

Miller Weissler Alhadeff & Sitterson P.A., 150 West Flagler Street, Suite 2200, Miami, Fl 33131.

The deposition will be recorded by stenographic means before an officer authorized to administer oaths. The deposition will commence at the above date and time, and shall continue from day to day thereafter until completed. This deposition is being taken for the purposes of discovery, for use at hearing or trial, or for other purposes as are permitted under the rules of court.

Dated: February 15, 2012                                             Respectfully submitted,

**STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.**
Museum Tower, Suite 2200
150 West Flagler Street
Miami, Florida 33130
Telephone: (305) 789-3553
Facsimile: (305) 789-3395

By: /s/ Patricia A. Redmond (with permission)
    Patricia A. Redmond
    predmond@stearnsweaver.com
    Florida Bar No. 303739

*Counsel for the District*

**GREENBERG TRAURIG, P.A.**
333 Avenue of the Americas
Miami, Florida 33131
Telephone: (305) 579-0730
Facsimile: (305) 579-0717

By:  /s John B. Hutton
    John B. Hutton, III
    huttonj@gtlaw.com
    Florida Bar No. 902160

*Counsel to the Indenture Trustee*

**ARNSTEIN & LEHR LLP**
200 South Biscayne Boulevard, Suite 3600
Miami, Florida 33131
Telephone: (305) 374-3330
Facsimile: (305) 374-4777

By: /s/ Phillip M. Hudson, III (with permission)
    Phillip M. Hudson III
    pmhudson@arnstein.com
    Florida Bar No. 518743

*Counsel to Florida Prime Holdings, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 15, 2012, I electronically filed the foregoing with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties, either via transmission of Notices of Electronic Filing generated by CM/ECF, which is incorporated here by reference, or by first class U.S. mail, postage prepaid, for those counsel or parties identified on the Service List below, who are not authorized to receive electronically Notices of Electronic Filing.

/s John B. Hutton
John B. Hutton

*ORL 298,061,442v4 2-15-12*

## SERVICE LIST

**11-35884-RAM Notice will be electronically mailed to:**

Jere L. Earlywine on behalf of Interested Party FLORIDA PRIME HOLDINGS, LLC
jearlywine@hgslaw.com

C Craig Eller on behalf of Creditor AmT CADC Venture, LLC
celler@broadandcassel.com

Jordi Guso on behalf of Creditor Terra World Investments, LLC
jguso@bergersingerman.com,
fsellers@bergersingerman.com;efile@bergersingerman.com

Phillip M. Hudson III on behalf of Interested Party FLORIDA PRIME HOLDINGS, LLC
pmhudson@arnstein.com,
rkcummings@arnstein.com;jtunis@arnstein.com;hbabcock@arnstein.com;hpiloto@arnstein.com;akang@arnstein.com;befernandez@arnstein.com;cofalla@arnstein.com

John B. Hutton III on behalf of Creditor U.S. Bank National Association as Trustee
huttonj@gtlaw.com,
thompsonc@gtlaw.com;mialitdock@gtlaw.com;miaecfbky@gtlaw.com

Mindy A. Mora on behalf of Debtor Landmark Club at Doral, LLC
mmora@bilzin.com,
laparicio@bilzin.com;cvarela@bilzin.com;eservice@bilzin.com;lflores@bilzin.com

Glenn D Moses on behalf of Creditor Committee Creditor Committee
gmoses@gjb-law.com, gjbecf@gjb-law.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Patricia A Redmond on behalf of Interested Party Landmark at Doral Community Development District
predmond@stearnsweaver.com,
jrivera@stearnsweaver.com;rross@stearnsweaver.com;mmesones-mori@stearnsweaver.com;dillworthcdp@ecf.epiqsystems.com

Steven D Schneiderman on behalf of U.S. Trustee Office of the US Trustee
Steven.D.Schneiderman@usdoj.gov

Eric J Silver on behalf of Interested Party Landmark at Doral Community Development District
esilver@stearnsweaver.com, mmesones-mori@stearnsweaver.com;rross@stearnsweaver.com;larrazola@stearnsweaver.com

*ORL 298,061,442v4 2-15-12*

Melinda S Thornton on behalf of Creditor Miami-Dade County Tax Collector
cao.bkc@miamidade.gov

**11-35884-RAM Notice will not be electronically mailed to:**

Michael Eckert
119 S. Monroe Street #300 (32301)
POB 6526
Tallahassee, FL 32314

Daniel Y. Gielchinsky
1450 Brickell Ave #2300
Miami, FL 33131

Phillip M Hudson
200 S Biscayne Blvd #3600
Miami, FL 33131

Glenn Moses
100 SE 2nd Street 44th floor
Miami, FL 33131

Betty M Shumener
550 South Hope St #2300
Los Angeles, CA 90071

**Exhibit** "**A**"

**Landmark at Doral Community Development District (City of Doral, Florida) Special Assessment Bonds, Series 2006A and 2006B** (collectively, the "**Bonds**"), issued pursuant to that Master Trust Indenture and that First Supplemental Indenture, both dated as of October 1, 2006, and both by and between Landmark at Doral Community Development District and U.S. Bank National Association, as Trustee (as supplemented and/or amended from time to time in accordance with their terms, the "**Indenture**").

# EXHIBIT "B"

## DEFINITIONS

1. "Bankruptcy Code" means the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*, as amended.

2. "Bankruptcy Court" means the United States Bankruptcy Court for the Southern District of Florida.

3. "Bankruptcy Case" means the jointly administered chapter 11 cases entitled *In re Town Center at Doral, LLC, et al.*, commenced on September 19, 2011, when each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court.

4. "Berdugo" means Yogev Berdugo.

5. "Communications" means any transmittal of information by any means or any response thereto by any means.

6. "Concerning" means, directly or indirectly, in whole or in part, containing, constituting, contradicting, controverting, corroborating, demonstrating, describing, discussing, disputing, embodying, evidencing, identifying, memorializing, mentioning, pertaining to, proving, rebutting, recording, refuting, referring to, reflecting, relating to, showing, substantiating, summarizing, supporting, arising out of or in connection with, or in any way legally, logically, or factually connected with.

7. "Debtors" means the following entities in the Bankruptcy Cases, along with the last four digits of each Debtor's federal tax identification number:  Town Center at Doral, LLC (Tax I.D. No. '1866), Landmark at Doral East, LLC (Tax I.D. No. '6616), Landmark at Doral

South, LLC (Tax I.D. No. '6676), Landmark at Doral Developers, LLC (Tax I.D. No. '6797), and Landmark Club at Doral, LLC (Tax I.D. No. '6762).

8. "Disclosure Statement" means the *Disclosure Statement Relating to the Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code* [ECF No. 108], and any amendments.

9. "Document" means any writing, recording, electronically stored information, photograph, or other tangible or intangible thing from which information may be obtained or derived, including, without limitation: original or exact copies of any tangible written, typed, printed, electronic, photographed, or other form of recorded or graphic matter of every kind or description, however produced or reproduced, whether mechanically or electronically recorded, draft, final, original, reproduction, signed or unsigned, regardless of whether approved, signed, sent, received, redrafted, or executed, and whether handwritten, typed, printed, photostatted, duplicated, carbon or otherwise copied or produced in any other manner whatsoever. Without limiting the generality of the foregoing, "document" shall include communications, correspondence, letters, telegrams, telexes, mailgrams, e-mails, text messages, instant messaging records or logs, calendars, diaries, memoranda (including interoffice memoranda, intraoffice memoranda, memoranda for files, and memoranda of telephone, meeting, or other conversations), notes or notations, minutes, booklets, books, drawings, graphs, charts, telephone records, telephone messages, voicemail messages, video cassettes, electronic tapes, microfilms, discs or other recordings, computer programs, printouts, data cards, studies, analysis and other data compilations from which information can be obtained. Copies of documents which are not identical duplications of the original, or which contain additions to or deletions from the originals, or copies of documents which are identical duplications of the originals if the originals

are not available, shall be considered to be separate documents. <u>The term also refers to and includes all metadata associated with the subject document</u>.

10. "<u>Kodsi</u>" means Isaac Kodsi, Kodsi Law Firm, P.A. and all of their affiliates, consultants, employees, personnel, agents or other representatives.

11. "<u>Kodsi Draft of the Independent Contractor Agreement</u>" means the document attached as Exhibit A to the Affidavit of Isaac Kodsi attached to the Response.

12. "<u>Martin</u>" means David Martin.

13. "<u>Martin Draft of the Independent Contractor Agreement</u>" means the document attached as Exhibit B to the Affidavit of David Martin attached to the Response.

14. "<u>Letter of Intent</u>" means the letter of intent attached as Exhibit A to the Affidavit of David Martin attached to the Response, including without limitation the "Term Sheet for Development of Landmark" attached thereto.

15. "<u>Pearl</u>" means Brain Pearl

16. "<u>Person</u>" means the singular or plural natural person, corporation, partnership, association, organization, government (including all instrumentalities, officers, agents, and subdivisions thereof), and all other business, legal, or artificial entities.

17. "<u>Petition Date</u>" means September 19, 2011.

18. "<u>Plan</u>" means the *Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code* [ECF No. 94], and any amendments.

19. "<u>Property</u>" means all of the real property located in Miami-Dade County Florida, consisting of approximately 120 contiguous acres of land located on the east side of NW 107 Avenue and the north side of NW 58 Street, a majority of which is zoned TND (Traditional Neighborhood Development) with the remainder zoned IU-1 (for flex office development

allowing for light industrial development, and also consisting of 16 tracts of vacant land except for an unfinished 4-level parking garage.

20. "Request" means a request contained in the SPECIFIC REQUESTS section, *infra*.

21. "Response" means the *Debtors' Response to Motion to Convert or Dismiss Chatper 11 Cases for Bad Faith Filings* [ECF No. 218] and the affidavits attached thereto.

22. "Success Fee" means the success fee first disclosed at the deposition of Kodsi conducted on January 12, 2012 and described in the Response.

23. "Terra" means Terra World Investments, LLC, Terra Landmark, LLC and all of their affiliates, consultants, employees, personnel, agents or other representatives, including without limitation Martin and Pearl.

24. "You" or "Your" means Kodsi and the Debtors and any and all of his or their affiliates, consultants, employees, personnel, agents or other representatives.

## INSTRUCTIONS

1. The documents covered by the Requests include all documents in your possession, custody, or control, regardless of whether such documents or materials are possessed directly by you or your professionals, advisors, directors, officers, partners, associates, subsidiaries, affiliates, successors, accountants, investigators, managers, members, shareholders, representatives, employees, attorneys, agents, third party cloud providers, and any other persons or entities acting on your behalf or under your control.

2. Each Request shall be deemed to be continuing in nature. If at any time additional documents come into your possession, custody, or control or are brought to your attention, prompt supplementation of your response to the Requests is required.

3.      Documents shall be produced in the manner in which they are maintained in the usual course of the business. The documents shall be organized and labeled to correspond with the categories in the Requests. Each Request for a document shall be deemed to include a request for any and all file folders within which the document was contained, transmittal sheets, cover letters, exhibits, enclosures, or attachments to the document, in addition to the document itself.

4.      Documents shall be produced in such fashion as to identify the department, branch, or office in which they were located and, where applicable, the natural person in whose possession it was found and the business address of each document's custodian(s). Each page produced in response to these Requests shall be stamped with a unique prefix, or otherwise identified, such that the source of each page or document produced is apparent. At a minimum, the entity producing the document shall be apparent.

5.      As to any document requested but withheld based on your assertion of any privilege or immunity, please set forth: (i) the title of the document; (ii) the type of document (*e.g.*, letter, note, memorandum, etc.); (iii) the date of the document; (iv) the subject matter of the document; (v) the identities of all persons who authored the document, or assisted in its preparation, or in whose name the document was prepared; (vi) the identities of all persons to whom the document was addressed; (vii) the identities of all other persons to whom the document was sent, or who received, have seen, have had possession or custody of, or have had disclosed to them the contents of, the document or any copies thereof; and (viii) sufficient information regarding the grounds for withholding the document to explain the claim of privilege or immunity.

6. If any document requested herein has been destroyed or lost, provide in lieu of the true and correct copy thereof a description of the document so lost or destroyed, together with the following information: (i) the date of the document; (ii) a brief description of the document; (iii) the author of the document; (iv) the date upon which the document was destroyed or lost; and (v) a brief statement regarding the manner in which the document was lost or destroyed.

7. Documents attached to each other shall not be separated.

8. Any word written herein in the singular shall be construed as plural or vice versa as necessary in order to bring within the scope of the Request all documents that might otherwise be construed to be outside its scope.

9. The terms "<u>and</u>" as well as "<u>or</u>" shall be construed disjunctively or conjunctively as necessary to bring within the scope of the Request all documents that might otherwise be construed to be outside its scope.

10. The terms "<u>all</u>" and "<u>each</u>" shall be construed as "all and each."

11. If any copy of any document for which production is sought, whether a draft or a final version, is not identical to any other copy thereof, by reason of alterations, notes, comments, initials, underscoring, indication of routing or other material contained thereon or attached thereto, such non-identical copy shall be produced separately.

12. If you consider any term in any Request to be vague or capable of more than one meaning, identify the meaning you are ascribing to such term, then respond to the Request as construed with such word given such meaning.

13. Each Request shall be construed independently. No Request should be construed by reference to any other Request for the purpose of limiting the scope of response to such Request unless stated otherwise.

## RELEVANT TIME PERIOD

Unless otherwise stated, the "Relevant Time Period" for the Requests is from the date that is one year before the Petition Date to the present.

## ELECTRONICALLY STORED INFORMATION

The Requests call for the production of electronically stored information ("ESI") and ESI shall be produced in native form. In searching for electronic documents responsive to these Requests, you shall search for all such electronic documents regardless of the form in which the document exists or the location in which it is stored. Among other places, you shall search for electronic documents stored on all servers, networks, hard drives, desktop computers, notebook computers, personal digital devices, all back-up storage tapes, and with any third party cloud providers.

## SPECIFIC REQUESTS

Please produce the following documents for the Relevant Time Period:

1.  All Documents and Communications, including without limitation all metadata, concerning the Success Fee, including without limitation (i) all such Documents and Communications between Kodsi and Terra; (ii) all such Documents and Communications between the Debtors and Terra; and all such internal Documents and Communications within Kodsi.

2.  All Documents and Communications, including without limitation all metadata, concerning the Letter of Intent, including without limitation (i) all such Documents and Communications between Kodsi and Terra; (ii) all such Documents and Communications between the Debtors and Terra; and all such internal Documents and Communications within Kodsi.

3. All Documents and Communications, including without limitation all metadata, concerning the Kodsi Draft of the Independent Contractor Agreement, including without limitation (i) all such Documents and Communications between Kodsi and Terra; (ii) all such Documents and Communications between the Debtors and Terra; and all such internal Documents and Communications within Kodsi.

4. All Documents and Communications, including without limitation all metadata, concerning the Martin Draft of the Independent Contractor Agreement, including without limitation (i) all such Documents and Communications between Kodsi and Terra; (ii) all such Documents and Communications between the Debtors and Terra; and all such internal Documents and Communications within Kodsi.

5. All Documents and Communication, including without limitation all metadata, concerning any form of compensation or benefit to Kodsi, including without limitation any real estate and/or title work to be referred to or otherwise given to Kodsi, for any services Kodsi has or may render to the Debtors or Terra, including without limitation (i) all such Documents and Communications between Kodsi and Terra; (ii) all such Documents and Communications between the Debtors and Terra; and all such internal Documents and Communications within Kodsi.

6. All Documents and Communications, including without limitation all metadata, concerning Terra's development plans for the Property.

7. All Documents and Communications, including without limitation all metadata, between Kodsi and Martin concerning the Bankruptcy Case.

8. All Documents and Communications, including without limitation all metadata, between Kodsi and Pearl concerning the Bankruptcy Case.

9. All Documents and Communications, including without limitation all metadata, between Kodsi and Berdugo.