UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

TOWN CENTER AT DORAL, LLC,
et al.

        Debtors.
_____/

CASE NO.:   11-35884-RAM

Chapter 11

(Jointly Administered)

### MIAMI-DADE COUNTY TAX COLLECTOR'S OBJECTION TO DISCLOSURE STATEMENT FOR DISTRICT CREDITOR PLAN OF REORGANIZATION BY LANDMARK AT DORAL COMMUNITY DEVELOPMENT DISTRICT, U.S. BANK NATIONAL ASSOCIATION, AS INDENTURE TRUSTEE, AND FLORIDA PRIME HOLDINGS, LLC  (D.E. 215) AND REQUEST FOR DETERMINATION REGARDING IMPAIRMENT OF CLAIM

**MIAMI-DADE COUNTY TAX COLLECTOR** ("Tax Collector"), through undersigned counsel, objects to the above-referenced Disclosure Statement filed by Landmark at Doral Community Development District, U.S. Bank National Association, as Indenture Trustee, and Florida Prime Holdings, LLC (collectively "District") on the following grounds:

    1.    Prepetition real estate taxes for the 2011 tax year are owed to Tax Collector with respect to Debtors' property.[1]

---

[1] Real estate taxes for prior tax years are owed to various tax certificate holders. *See* Notice to Debtors of Additional Creditors (D.E. 26). Tax Collector does not represent individual certificate holders, and, therefore does not address herein the sufficiency of the provisions in the Disclosure Statement relating to payment of the tax certificate liens.

1

OFFICE OF COUNTY ATTORNEY, MIAMI-DADE COUNTY, FLORIDA
TELEPHONE (305) 375-5151

2. Through March 31, 2012, the gross amount of 2011 taxes is $568,503.75.[2] Tax Collector notes that on page 13 of Disclosure Statement that the amount of taxes claimed by both Tax Collector and the tax certificate holders is "unliquidated." However, these tax amounts are fixed pursuant to Florida law, and are not unliquidated.

3. Payment of these taxes is secured by first priority tax liens which arise as of January 1 of each taxing year. Section 197.122, Florida Statutes. Further, should the 2011 taxes not be paid by the April 1, 2012 tax delinquency date, statutory interest at the rate of eighteen percent per year will begin to accrue on a monthly basis. Section 197.172, Florida Statutes. The Bankruptcy Code mandates payment of the statutory interest. 11 U.S.C. Section 511 (a).

4. District has provided for payment of the real estate taxes as Class 2A-2D "Secured Claim of Miami-Dade County Tax Collector." While Tax Collector of course has no objection to the intended full payment of the 2011 taxes, Tax Collector objects to certain of the treatment provisions because they are insufficient to fully address the real estate tax issues in this case. More specifically:

    a. District provides for payment, with the required statutory interest, "as soon as reasonably practicable on or after the Effective Date" of the Joint Plan of Reorganization ("Plan"). However, a precondition to the Effective Date of the Plan is the sale of the taxed real property. On the one hand, District provides that Tax Collector's claims will be paid from closing proceeds if the taxed property is sold to a party "other than the District." Yet, the Plan provides that if the taxed property is sold to the District, the taxes will be paid "on or after the Effective Date." Tax Collector submits that the

---

[2] The Tax Collector's claim was based on estimated 2011 taxes. The actual amount reflected assumes payment in March of 2012, without discounts for early payment and prior to imposition of statutory interest which arises upon April 1, 2012, the tax delinquency date.

taxes should be paid in the same manner regardless of whether the sale is to the District or a third party,[3] at the earlier of closing or as already provided in the proposed treatment if Miami-Dade County Value Adjustment Board ("VAB") proceedings are still pending at the time of closing. Tax Collector further notes that the claim treatment, to the extent that it appropriately requires payment of taxes at closing is at odds with the more general provision of Article 8 of the Plan, which references payment of taxes at closing "at the sole discretion of District." There should be clarity as to the timing of the satisfaction of the first priority tax liens upon which Tax Collector's claim is based.

      b.     As requested by Tax Collector, District has addressed the issue of the pending petitions for review of the Miami-Dade County Property Appraiser's 2011 assessments of Debtors' property, which have been filed with the Miami-Dade County Value Adjustment Board ("VAB"). The amount of taxes claimed by Tax Collector is based on these assessments. Tax Collector is satisfied with the proposed provisions dealing with the pending VAB petitions. However, the issue of possible refunds needs to be further clarified. The statutorily-required good faith payments of the assessments – which are a condition of VAB review – may make the issue of possible refunds less likely to occur. In the event that refunds are owed, however, Tax Collector suggests that the Plan language be amended to require that any refunds either be: a) applied to the claim, if the claim has not yet been paid, or b) forwarded to a specified representative of the Liquidating Trustee.

      c.     The provisions regarding the treatment of the Tax Collector's claim appropriately provides for the retention of the tax liens until payment in full of the

---

[3] Tax Collector notes that the Class 3 Secured Tax Certificate Claims are to be paid in full upon closing, whether the sale is to the District or a third party.

3

claim is made. Such treatment is also partially consistent with the discussion of the "Sale of Real Property" set forth in the Article 8 of the Plan, which provides that a sale of the taxed property will be subject to the tax liens, but only if sold to the District. However, there are other sections of the Plan, as discussed in the Disclosure Statement, such as the treatment of the District's Claim and the treatment in Article 8 regarding sale of the property to an entity other than the District, which refer to the sale of the taxed property as "free and clear of liens." The retention of the first priority tax liens should be clarified in all applicable provisions of the Disclosure Statement and Plan.

    d.  As discussed in the Disclosure Statement, the Plan requires in Section 2.1 that formal requests for payment of administrative expenses be made by a set bar date. Further, Section 11.5 specifies that no postpetition taxes will be paid absent such filed request. However, Section 5.3.4 of the Plan, correctly, and in accordance with 11 U.S.C. Section 503 (b)(1) (D), provides that "Tax Collector shall not be required to petition for payment [of postpetition taxes] as an administrative expense." Tax Collector requests that District harmonize the provisions of the Disclosure Statement and Plan so that they are consistent with Section 5.3.4 and the Code.

    5.  District requires that issues regarding impairment of claims be raised with the Court. Tax Collector questions why his claim is considered "unimpaired" when, for instance, the payment provisions are different depending upon whether the taxed property is sold to the District (in which case payment will be not be made at closing, but rather on or after the Effective Date) or to a third party (in which case payment will be made at closing, which will take place as a precondition to the Effective Date.)[4] Tax Collector

---

[4] Interestingly, the tax claims of the tax certificate holders are considered "impaired," although it appears that they may be paid in full earlier than the tax claim of the Tax Collector.

4

requests a determination that his secured claim is "impaired," and that he should be allowed to vote on the Plan.

6.  Based on the foregoing, Tax Collector requests that

   a.  the Disclosure Statement not be approved until the issues raised herein are addressed by District, and

   b.  this Court determine, absent revision of the Disclosure Statement and Plan as requested by Tax Collector, that the Plan treatment proposed by District renders his secured claim "impaired" for purposes of Plan voting.

*I HEREBY CERTIFY* that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(B)(3).

Respectfully submitted,

R. A. CUEVAS, JR.
Miami-Dade County Attorney
Stephen P. Clark Center
111 N.W. 1st Street, Suite 2810
Miami, FL  33128

By:  /s/  Melinda S. Thornton
    Melinda S. Thornton
    Assistant County Attorney
    Florida Bar No. 261262
    Telephone: (305) 375-5151
    Facsimile: (305) 375-5611
    mst4@miamidade.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served electronically upon all parties registered in this case to receive CM/ECF filing, and by mail upon: **PATRICIA A. REDMOND, ESQ.,** Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A., Museum Tower, Suite 2200, 150 West Flagler Street, Miami,

FL 33130; **JOHN B. HUTTON, III, ESQ.,** Greenberg Traurig, P.A., 333 Avenue of Americas, Miami FL 33131; **PHILLIP M. HUDSON, III, ESQ.,** Arnstein & Lehr LLP, 200 South Biscayne Boulevard, Suite 3600, Miami FL 33131, **MINDY A. MORA, ESQ.,** Bilzin Sumberg Baena Price & Axelrod LLP, 1450 Brickell Avenue, Suite 2300, Miami, FL 33131; **GLENN D. MOSES, ESQ.,** Genovese Joblove & Battista, 100 S.E. 2 Street, Suite 4400, Miami, FL 33131, and **STEVEN D. SCHNEIDERMAN, ASSISTANT UNITED STATES TRUSTEE,** 1204 Claude D. Pepper Federal Building, 51 S.W. First Avenue, Miami, FL 33130, this 27th day of February, 2012.

By: /s/ Melinda S. Thornton
Melinda S. Thornton