UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN RE:                                            :        CHAPTER 11
                                                  :
TOWN CENTER AT DORAL, L.L.C., *et. al.*,          :        CASE NO. 11-35884-BKC-RAM
                                                  :
        Debtor.                                   :

**UNITED STATES TRUSTEE'S OBJECTIONS TO LANDMARK AT DORAL
COMMUNITY DEVELOPMENT DISTRICT'S, *et. al.*, DISCLOSURE STATEMENT**


        COMES NOW the United States Trustee for Region 21 ("UST"), in furtherance of the

administrative responsibilities imposed pursuant to 28 U.S.C. §586(a), and submits the following

objections to the first amended disclosure statement and proposed plan filed by Landmark at

Doral Community Development District, *et. al.* (the "Plan Proponent") in the above-styled jointly

administered Chapter 11 proceeding.


1.      Title 11 of the United States Bankruptcy Code §1125(b) requires the Bankruptcy Court

specifically to find the disclosure statement contains "adequate information" before a party in

interest is allowed to solicit its Plan of Reorganization to creditors.  Section 1125(a)(1) defines

the term "adequate information" as meaning "information of a kind, and in sufficient detail...,

that would enable a hypothetical reasonable investor typical of holders of claims or interests of

the relevant class to make an informed judgment about the plan...."

2.      In the absence of amendments to deal with such matters as is noted below, the United

States Trustee moves the Court to not approve the proposed Disclosure Statement as containing

"adequate information," and convert the case to Chapter 7.

OBJECTIONS[1]

3.      The Disclosure Statement fails to discuss the Debtors' substantive consolidation.  It is

        unclear if the Debtors are substantively consolidating the cases or how the Debtors are

        treating the distribution of the carve out to the creditors of the various estates.

4.      The Disclosure Statement fails to include the terms of the proposed settlement reached

        between the parties.

5.      On page 22, third full paragraph, the Disclosure Statement fails to explain whether the

        U.S. Trustee fees will be paid from the carve out or if the Plan Proponent will fund those

        fees separately.  Payment of those fees through the carve out is objectionable as it will

        deplete the carve out.  In the same paragraph, the Disclosure Statement further asserts:

        "At the time of such payment, the Liquidating Trustee shall provide... an appropriate

        affidavit indicating the disbursements for the relevant periods."  Such an affidavit must

        also include the details and disbursements from the sale of the real estate.

6.      On pages 22 and 23, under "Unclassified Administrative Expense Claims," the

        Disclosure Statement fails to identify the administrative expense claimants, and fails to

        estimate the amount of anticipated administrative expense claims or the source of

        payment.  (Will these unkown claims deplete the $2 Million carve out?)

7.      On page 23, under "Unclassified DIP Loan Claim," the Disclosure Statement fails to

        specify the source of repayment for the DIP financing, an estimate amount to be repaid,

        and whether such repayment will deplete the carve out.

8.      On page 25, under "Class 4: District's Secured Claim," the Disclosure Statement fails to

---

[1]     The UST reserves the right to object to the Debtors' Plan and Disclosure
        Statement (DE 219 and 220) pending the outcome of settlement negotiations.

articulate the treatment of the balance of the District's claims, and whether the balance of

the unsecured claim is being waived or whether it will further deplete the carve out.

9.      On page 27, the language regarding the claims bar date should be bold and conspicuous.

The Order approving confirmation should also include the language regarding bar date in

the body of the order as well as the title of the order.  The UST believes that this section

should be bolded and conspicuous enough for the affected parties to find.

10.     On page 28, second full paragraph, the Disclosure Statement proposes to reserve the

option to pay the liens of the Miami-Dade County Tax Collector and the Tax Certificates

without providing an explanation of why those liens are not being paid at closing.

11.     On page 31, under "Waiver and Release of Claims Against the Plan Proponents," the

Disclosure Statement improperly seeks the waiver and release of all claims and causes of

action–except for gross negligence or willfulness misconduct.  Further, should a waiver

and release be permissible, ordinary negligence should be included in the exceptions for

professionals.

12.     On page 34, second and third full paragraphs, the Plan Proponent is asking for

exculpation for parties in Chapter 11 that such third parties would not receive in a

Chapter 7 liquidation or outside bankruptcy.  There is no statement about the necessity for

these releases for the Plan to be successful.  The Disclosure Statement fails to contain any

explanation regarding the following:

> (1)    the necessity for such a releases;
> (2)    the consideration being given for the release (especially in favor of fiduciaries - parties may have claims against these individuals);
> (3)    the appropriateness of a release in a Chapter 11 plan when a Chapter 7 trustee and professionals do not receive a release;
> (4)    why a release does not violate public policy;
> (5)    why a release should be binding on non-accepting or non-voting

parties/creditors; and

(6)      the identification of any known acts or omissions to be released.

Moreover, the Disclosure Statement fails to explain why future exculpation is necessary and proper.

13.     The amount of funds "retain[ed] in the Liquidating Trust Account and/or the Reserve Account" (as described on page 35, under "On the Effective date...") should be capped so as not to deplete the liquidating trust.

14.     On page 36, under "Professional Fees and Expenses," the last sentence states: "Reasonable fees and expenses incurred by any professional or any other professional after the Confirmation date who may be retained by the Liquidating Trustee may be paid in the ordinary course without any application to or order of the Bankruptcy Court." Per standard practice in this district, this provision is objectionable as all Liquidating Trust professionals shall file motions to be retained, should include all compensation in such motion, and shall only be compensated or retained by further orders of the Court.

15.     The section titled "No Liability for Tax Claims" on page 36 is objectionable and fails to identify the Bar Date (defined therein) for government claims.

16.     Section 3.3 of the Liquidating Trust Agreement is objectionable as it attempts to give the Liquidating Trustee–whom needs to be identified–unfettered discretion with respect to the Trust Assets. Bankruptcy Court approval should be required for any action sought to be taken by the Liquidating Trustee over a certain threshold amount.

17.     Section 3.4 of the Liquidating Trust Agreement is objectionable as it permits the Liquidating Trustee to pay Professionals without approval from the Court. Standard practice in this district is to require acquire for compensation of professionals who are being compensated via the funds of the estate.

18.     Pursuant to Local Rule 3011-1(B), the provision of the Liquidating Trust Agreement

regarding "Unclaimed Distributions" (3.15( c)) should apply only to the final

distributions.

19.     Section 4.4 of the Liquidating Trust Agreement concerns the future (a) indemnification

and (b) exculpation of the Liquidating Trustee.  These provisions are an objectionable

attempt to shield the Liquidating Trustee from liability post-confirmation.  As these

protections not afforded to a Chapter 7 trustee, neither should they be bestowed onto a

Chapter 11 fiduciary.  Moreover, the Plan Proponent has failed to identify the necessity of

such an exculpation.  Should the Bankruptcy Court uphold the exculpation provision, it

should include ordinary negligence as an excepted claim or cause of action.

20.     Section 4.8 of the Liquidating Trust Agreement entitled "Compensation" provides for a

compensation scheme of $150/hour plus a 5% completion fee to the Liquidating Trustee.

This arrangement is excessive and objectionable as $150/hour plus 5% upon completion

is an amount much greater than that received by a Chapter 7 trustee.  See 11 U.S.C. §326.

This section also states that "compensation and reimbursement shall not be subject to

approval of the Bankruptcy Court."  This provision should be stricken.  Furthermore,

there should be no compensation for the Liquidating Trustee from the carve out proceeds

as the "costs" of these funds have already been paid.  All compensation and

reimbursement applications should require approval and order of the Court.


        WHEREFORE, the UST shows the disclosure statement does not contain adequate

information as required by 11 U.S.C. §1125, which would permit a party in interest to reach an

informed judgment concerning the plan and moves the Court to enter an order denying approval

of the disclosure statement, unless the necessary changes are made to correct the deficiencies set

forth above, and further moves this case to be converted to Chapter 7 or dismissed.  See

generally, *In re: Metrocraft Publishing Services, Inc.*, 39 B.R. 567 (Bankr.N.D.Ga. 1984).

DONALD F. WALTON
United States Trustee


___/s/_____
STEVEN D. SCHNEIDERMAN
Office of the U.S. Trustee                        Trial Attorney
51 SW First Street, Room 1204
Miami, FL 33130
(305) 536-7285

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the **UNITED STATES TRUSTEE'S OBJECTIONS TO LANDMARK AT DORAL COMMUNITY DEVELOPMENT DISTRICT'S**, *et. al.*, **DISCLOSURE STATEMENT** was electronically filed with the Court using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system and via U.S. Mail, properly addressed and with correct postage to the following:

Jere L. Earlywine jearlywine@hgslaw.com

C Craig Eller celler@broadandcassel.com

Jordi Guso jguso@bergersingerman.com,
    fsellers@bergersingerman.com;efile@bergersingerman.com

Phillip M. Hudson III pmhudson@arnstein.com,
    rkcummings@arnstein.com;jtunis@arnstein.com;hbabcock@arnstein.com;hpiloto@arnst
    ein.com;akang@arnstein.com;befernandez@arnstein.com;cofalla@arnstein.com

John B. Hutton III huttonj@gtlaw.com,
    thompsonc@gtlaw.com;mialitdock@gtlaw.com;miaecfbky@gtlaw.com

Mindy A. Mora mmora@bilzin.com,
    laparicio@bilzin.com;cvarela@bilzin.com;eservice@bilzin.com;lflores@bilzin.com

Glenn D Moses gmoses@gjb-law.com, gjbecf@gjb-law.com

Office of the US Trustee USTPRegion21.MM.ECF@usdoj.gov

Patricia A Redmond predmond@stearnsweaver.com,
    jrivera@stearnsweaver.com;rross@stearnsweaver.com;mmesones-
    mori@stearnsweaver.com;dillworthcdp@ecf.epiqsystems.com

Eric J Silver esilver@stearnsweaver.com, mmesones-
    mori@stearnsweaver.com;rross@stearnsweaver.com;larrazola@stearnsweaver.com

Melinda S Thornton cao.bkc@miamidade.gov


Michael Eckert
119 S. Monroe Street #300 (32301)
POB 6526
Tallahassee, FL 32314

Daniel Y. Gielchinsky

1450 Brickell Ave #2300
Miami, FL 33131

Phillip M Hudson
200 S Biscayne Blvd #3600
Miami, FL 33131

Glenn Moses
100 SE 2nd Street 44th floor
Miami, FL 33131

Betty M Shumener
550 South Hope St #2300
Los Angeles, CA 90071


        DONE this the 28th day of February, 2012.


I hereby certify that I am admitted to the Bar of the State of Illinois and that I am excepted from additional
qualifications to practice in this Court pursuant to Local Rule 9011-4 and 2090(B)(2)(b) pertaining to attorneys
representing the United States government.




                                        /s/
                                        STEVEN D. SCHNEIDERMAN
                                        Trial Attorney