**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:                                                           Case No.  11-35884-RAM

Town Center at Doral, LLC, et al.,[1]                           Chapter 11

                        Debtors.                               (Jointly Administered)
_____/

**SUMMARY OF FIRST INTERIM APPLICATION FOR ALLOWANCE**
**AND PAYMENT OF COMPENSATION AND REIMBURSEMENT**
**OF EXPENSES TO BILZIN SUMBERG BAENA PRICE & AXELROD LLP,**
**GENERAL BANKRUPTCY COUNSEL TO THE DEBTOR-IN-POSSESSION**

| | | |
|---|---|---|
| 1. | Name of Law Firm:  Bilzin Sumberg Baena Price & Axelrod LLP | |
| 2. | Role of Bilzin Sumberg:  General Bankruptcy Counsel to the Debtor-in-Possession | |
| 3. | Name of Certifying Professional:  Mindy A. Mora | |
| 4. | Date case filed:  September 19, 2011 | |
| 5. | Date of Application for Approval of Employment: September 22, 2011 | |
| 6. | Date of Order Approving Employment:  October 20, 2011, *nunc pro tunc* to September 19, 2011 | |
| 7. | If Debtor's Counsel, date of Disclosure of Compensation form: September 22, 2011 | |
| 8. | Date of this Application:  February 29, 2012 | |
| 9. | Dates of Services covered: September 19, 2011 through January 31, 2012 | |
| | **FEES. . . .** | |
| 10. | Total Amount of Requested Professional Fee (From Exhibit 1) | $390,820.15 |
| 11. | Balance remaining in fee retainer account, not yet awarded: | $44,805.00 |
| 12. | Fees Paid or Advanced for this Period Pursuant to the *Order Establishing Procedures Nunc Pro Tunc to the Petition Date to Permit Monthly Payment of Interim Fee Applications of  Chapter 11 Professionals* [ECF No. 76] | $43,892.83 |

---

[1]    The last four digits of each Debtors' tax identification number are: (i) Town Center at Doral, LLC [1866]; (ii) Landmark at Doral East, LLC [6616]; (iii) Landmark at Doral South, LLC [6676]; (iv) Landmark Club at Doral, LLC [6797]; and (v) Landmark at Doral Developers, LLC [6762].  The Debtors' mailing address is 701 W. Cypress Creek Road, Suite 303, Fort Lauderdale, Florida 33309.

| 13. | **Net amount of fee requested for this period:** | $302,122.32 |
|---|---|---|
| | **EXPENSES. . . .** | |
| 14. | Total Amount of Expenses (From Exhibit 3) | $19,851.02 |
| 15. | Balance remaining in expense retainer account, not yet received: | N/A |
| 16. | Expenses Paid or Advanced for this Period Pursuant to the *Order Establishing Procedures Nunc Pro Tunc to the Petition Date to Permit Monthly Payment of Interim Fee Applications of Chapter 11 Professionals* [ECF No. 76] | $6,107.17 |
| 17. | **Net amount of expense reimbursement requested for this period** | $13,743.85 |
| 18. | NET AWARD REQUESTED FOR THIS PERIOD (#13 + #17) | $315,866.17 |
| 19. | **If Final Fee Application, amounts of net awards requested in interim applications but not previously awarded (total from History of Fees and Expenses, following pages):** | N/A |
| 20. | Fee and expense award requested (#18 + #19) | $315,866.17 |

### HISTORY OF FEES AND EXPENSES

| 1. Dates, sources, and amounts of retainers received: | | | |
|---|---|---|---|
| **DATES** | **SOURCES** | **AMOUNTS** | **FOR FEES OR COSTS** |
| 9/6/11 | Terra World Investments, LLC | $50,000.00 | Fees and Costs |
| 9/19/11 | Terra World Investments, LLC | $42,558.46 | Fees and Costs |
| | | | |

| 2. Dates, sources, and amounts of third party payments received:  N/A | | | |
|---|---|---|---|
| **DATES** | **SOURCES** | **AMOUNTS** | **FOR FEES OR COSTS** |
| | | | |

| 3. **PRIOR FEE AND EXPENSE AWARDS:** | |
|---|---|
| **Date Covered by First Award**: N/A | |
| **Amount of Fees Requested** | **Amount of Fees Awarded** |
| $ | $ |
| **Amount of Expenses Requested** | **Amount of Expenses Awarded** |
| $ | $ |
| **Date of First Award**:  N/A | |

3

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                                              Case No.  11-35884-RAM

Town Center at Doral, LLC, et al.,[1]                               Chapter 11

        Debtors.                                              (Jointly Administered)
_____/

**FIRST INTERIM APPLICATION FOR ALLOWANCE
AND PAYMENT OF COMPENSATION AND REIMBURSEMENT
OF EXPENSES TO BILZIN SUMBERG BAENA PRICE & AXELROD LLP,
GENERAL BANKRUPTCY COUNSEL TO THE DEBTOR-IN-POSSESSION**

The law firm of Bilzin Sumberg Baena Price & Axelrod LLP ("Bilzin Sumberg"), counsel to the above-captioned debtors-in-possession (the "Debtors"), files this first interim application (the "Application") for allowance and payment of compensation and reimbursement of expenses for services rendered and costs incurred in these chapter 11 proceedings for the period of September 19, 2011 through January 31, 2012 (the "Application Period").   The following grounds support this Application:

A.     **Background**

1.     On December 28, 2010, (the "Petition Date"), each of the Debtors filed a voluntary petition with this Court for relief under chapter 11 of the Bankruptcy Code (the "Bankruptcy Case").

2.     Since the Petition Date, the Debtors have been operating their business as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

---

[1] The last four digits of each Debtors' tax identification number are: (i) Town Center at Doral, LLC [1866]; (ii) Landmark at Doral East, LLC [6616]; (iii) Landmark at Doral South, LLC [6676]; (iv) Landmark Club at Doral, LLC [6797]; and (v) Landmark at Doral Developers, LLC [6762].  The Debtors' mailing address is 701 W. Cypress Creek Road, Suite 303, Fort Lauderdale, Florida 33309.

3.      The Debtors' chapter 11 cases have been administratively, but not substantively, consolidated.

4.      On October 20, 2011, the Office of the United States Trustee constituted and formed the Official Committee of Unsecured Creditors.

5.      The Debtors are limited liability companies organized and existing under the laws of the State of Florida.

6.      The Debtors are the fee simple owners of land (approximately 117 contiguous acres) located on the east side of NW 107th Avenue and the north side of NW 58th Street in Doral, Florida, a majority of which is zoned TND (Traditional Neighborhood Development), with the remainder zoned IU-1 (for flex office development allowing for light industrial development) (the "Property").  The Property consists of 16 individual tracts of land that remain undeveloped with the exception of an unfinished 4-level parking garage.  Prior to the Petition Date, the Debtors had sought and obtained approvals for the development of residential units (townhomes and condominiums), retail/office/mixed use, and flex office at the Property.

7.      Prior to the Petition Date, the Debtors had prepared the Property for a development to be called Landmark at Doral, consisting of 11 acres of industrial/flex office, 17 acres of mixed use, and 89 acres of multifamily residential dwellings.  After development, the Property was to consist of 188,000 square feet of retail and office, 230,000 square feet of flex office, and 1,109 residential units, featuring an assortment of elevations and architecture thereby creating a community reminiscent of former small towns in suburbs throughout the U.S. and abroad.

8.      On September 22, 2011, an application to retain Mindy A. Mora and the law firm of Bilzin Sumberg Baena Price & Axelrod LLP as counsel to the Debtor was filed with the Court

2

[ECF No. 10].  By order dated October 20, 2011 (the "Retention Order") [ECF No. 30], the Court authorized the Debtors to retain Bilzin Sumberg, *nunc pro tunc* to the Petition Date, as general bankruptcy counsel to the Debtors pursuant to 11 U.S.C. §§ 327 (e) and 330.

> **B.    Relief Requested**

9.    Bilzin Sumberg submits this Application, pursuant to Sections 327, 330, and 503(b) of the Bankruptcy Code, Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Local Rule 2016-1 of the United States Bankruptcy Court, Southern District of Florida and in accordance with the Guidelines For Fee Applications For Professionals in the Southern District of Florida in Bankruptcy Cases (the "Guidelines").  Bilzin Sumberg requests an interim award in the amount of **$410,671.17,** which amount consists of fees in the amount of **$390,820.15** for services rendered during the period September 19, 2011, through and including January 31, 2012 (the "Application Period"), and **$19,851.02** as reimbursement for the actual and necessary expenses incurred by Bilzin Sumberg during the Application Period.

10.    This request is Bilzin Sumberg's first application to the Court for compensation and reimbursement of expenses.  In addition, Bilzin Sumberg specifically reserves the right to file additional or supplemental fee applications requesting awards of compensation and reimbursement of expenses for periods after the Application Period.

11.    No understanding exists between Bilzin Sumberg and any other person for a sharing of the compensation sought by this Application, except among the members and regular associates of Bilzin Sumberg.

12.    Bilzin Sumberg was paid $50,000.00 by Terra World Investments, LLC ("Terra") for services provided and actual and necessary expenses incurred during the Application Period, in accordance with the Order Establishing Procedures *Nunc Pro Tunc* to the Petition Date to

Permit Monthly Payment of Interim Fee Applications of Chapter 11 Professionals (the "Interim Compensation Order") [ECF No. 76].

      **C.**    **Exhibits**

13.    In accordance with the Guidelines, the following exhibits are appended to the Application:

Exhibit 1:  Summary of Professional and Paraprofessional Time;

Exhibit 2:  Summary of Professional and Paraprofessional Time by Activity Code Category;

Exhibit 3:  Summary and Breakdown of Requested Reimbursement of Expenses and Disbursements;

Exhibit 4:  Certification of Mindy A. Mora; and

Exhibit 5:  Detailed Description of the Services Rendered

14.    Bilzin Sumberg has expended a total of 927.4 hours during the Application Period in rendering necessary and substantially beneficial legal services to the estates of the Debtors. Exhibit 5 includes a daily description of the services rendered and the hours expended by the professionals who performed services in this case.  Bilzin Sumberg has prepared Exhibit 5 based on contemporaneous daily time records maintained by Bilzin Sumberg.  In compliance with the Guidelines, the daily descriptions of the services rendered by Bilzin Sumberg are categorized by activity code.

15.    Bilzin Sumberg has only applied for reimbursement of actual and necessary out-of-pocket disbursements in accordance with § 330(a)(2) of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules, and the Guidelines.  The expenses listed on Exhibit 3 were actual and necessary expenses incurred by Bilzin Sumberg in connection with its service to the estates of the Debtors.  Bilzin Sumberg typically bills all such expenses to its non-bankruptcy clients.

4

## I.    INDEXING OF TASKS BY ACTIVITY CODES

16.    As set forth in the Exhibits to this Application, Bilzin Sumberg has organized its time records by activity codes in accordance with the Guidelines.  Accordingly, each of the time entries of the attorneys and paralegals of Bilzin Sumberg have been indexed into the following categories, which Bilzin Sumberg ordinarily uses in categorizing its time.

**B110 Case Administration**:  Coordination and compliance matters, including, but not limited to:  preparation, review and filing of Debtors' schedules and statement of financial affairs;  preparing revisions to schedules;  compliance with United States Trustee Guidelines; general creditor inquiries; and activities relating to the general administration of the case as well as other tasks not otherwise indexed by activity code.

**B120 Asset Analysis and Recovery:**    Identification and review of potential assets including causes of action and non-litigation recoveries.

**B140 Relief from Stay/Adequate Protection Proceedings:**    Activities involving the filing of motions for relief from the automatic stay by creditors and parties-in-interest.

**B150 Meetings of and Communications with Creditors**: Coordination of, preparation for and attendance at the 341 meeting of creditors.    This category also includes conferences with the official committee of unsecured creditors regarding the preparation and filing of Debtors' schedules and statement of financial affairs prior to the 341 meeting.

**B160 Fee/Employment Applications**: Analysis of pro-forma billing and preparation of employment and fee applications for self or others.    This category also includes preparation of motions to establish interim procedures.

5

**B210 Business Operations**: Research and coordination of Debtors' business operations relative to continued operation, the management, the review and analysis of various proposals affecting the future operations and the liquidation/or sale of assets.

**B230 Financing/Cash Collateral**: Matters pursuant to Sections 361, 363 and 364 of the Bankruptcy Code, including cash collateral and other secured creditor issues as, well as the review of financial statements and term sheets with respect to financing arrangements for a reorganized operation and additional operational cash flow.

**B240 Tax Issues**: Analyses and advice regarding tax-related issues, including the preservation of net operating loss carry forwards and the affect they would have, if any, on a potential sale of substantially all of Debtors' assets.

**B250 Real Estate**: Review and analysis of real estate-related matters, including purchase agreements and lease provisions (e.g., common area maintenance clauses).

**B310 Claims Administration and Objections**:  Negotiations and conferences with other professionals relative to administrative and priority claims as well as handling specific claim inquiries and performing analyses and inquiries related to general claims asserted against Debtors.

**B320 Plan and Disclosure Statement:**  Analysis and Structuring of reorganization strategies begin formulation and drafting disclosure statement and plan of reorganization.

**B350 Settlement and Compromise**:  Negotiations and conferences with other parties to resolve pending litigation or contested matters, including analysis and drafting of settlement agreements, related documents, and motions to approve same.

**B430 Litigation Consulting**:  Analysis, consultation and drafting of pleadings, motions, responses, related documents, judgments and appellate papers in connection with adversary proceedings filed on behalf of or against Debtors.

II.   **DESCRIPTION OF SERVICES**

A.      **Case Administration**

17.     Bilzin Sumberg has played a significant role in the planning and execution of an overall strategy of this case, and assisted and counseled the Debtors with regard to matters concerning all aspects of the administration of this case.  Bilzin Sumberg drafted and filed pleadings and other legal papers required and/or permitted under the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Rules of this Court relating to the administration of the Debtors' estates and also made multiple court appearances relating to these filings.  Bilzin Sumberg also advised and assisted the Debtors' management with the transition into the bankruptcy process and consulted with the Debtors, their staff, and other professionals regarding assets, liabilities, pending litigation and the related history, business, and affairs of the estates.  Bilzin Sumberg also provided assistance to the Debtors in complying with all reporting requirements, requirements relating to the establishment and maintenance of debtor in possession bank accounts and other requirements unique to these cases.  During the Application Period, Bilzin Sumberg had other communications with various parties regarding the status of the cases and administration of the estates.  Bilzin Sumberg provided general advice to the Debtors regarding continuing legal duties and obligations as required by orders of the Court, applicable provisions of the Bankruptcy Code, and the Rules of this Court.  In addition, attendance at court hearings during which multiple matters were handled were billed to this category.

7

18.     Bilzin Sumberg expended a total of 94.1 hours in this category and is requesting the total sum of $30,401.00 for the services rendered in this category.

**B.      Relief from Stay/Adequate Protection Proceedings**

19.     Bilzin Sumberg assisted the Debtors by preparing a response to a motion for stay relief filed by the Landmark at Doral Community Development District (the "District") and attending hearings regarding stay relief.

20.     Bilzin Sumberg expended a total of 31.9 hours in this category and is requesting the total sum of $12,295.00 for the services rendered in this category.

**C.      Meetings of and Communications with Creditors**

21.     Bilzin Sumberg prepared for and attended the first meeting of creditors conducted by the Office of the United States Trustee.  Bilzin Sumberg attended to the formation of the creditors' committee and also communicated with creditors' committee counsel and various creditors and attorneys regarding the status of the Debtors' bankruptcy proceedings.

22.     Bilzin Sumberg expended a total of 6.2 hours in this category and is requesting the total sum of $2,768.50 for the services rendered in this category.

**D.      Fee and Employment Applications**

23.     Bilzin Sumberg prepared its retention application (the "Retention Application"), supporting documents and disclosures required to obtain approval for employment of professionals, and prepared and filed a motion seeking authorization for the Debtors to compensate professionals on an interim basis (the "Interim Compensation Motion")   Bilzin Sumberg attended hearings seeking approval for the Retention Application and Interim Compensation Motion.  Pursuant to procedures set forth in the Interim Compensation Motion, Bilzin Sumberg also submitted monthly statements to the required notice parties.

24.      Bilzin Sumberg expended a total of 36.2 hours in this category and is requesting the total sum of $11,859.50 for the services rendered in this category.

      **E.**    **Business Operations**

25.      Bilzin Sumberg provided advice and counsel to the Debtors and their management on issues related to compliance with the Bankruptcy Code.  Bilzin Sumberg counseled the Debtors with respect to matters affecting the operation of their business, including preparation and filing of corporate documents and preparation of independent contractor agreements.  Further, Bilzin Sumberg worked with Debtors on the preparation and filing of the Debtors' Monthly Operating Reports.

26.      Bilzin Sumberg expended a total of 11.2 hours in these categories and is requesting the total sum of $4,886.50 for the services rendered in this category.

      **F.**    **Financing/Cash Collateral**

27.      Bilzin Sumberg assisted the Debtors in negotiations for and approval of debtor-in-possession financing, including drafting a motion, term sheet, and proposed orders regarding the proposed financing, attendance at hearings relating to such financing, and drafting a final order approving the financing.

28.      Bilzin Sumberg expended a total of 61.9 hours in this category and is requesting the total sum of $25,624.00 for the services rendered in this category.

      **G.**    **Real Estate / Tax Issues**

29.      In addition to addressing general real estate and tax issues, Bilzin Sumberg assisted the Debtors with various land use issues relating to the Property.  Bilzin Sumberg also assisted the Debtors by addressing issues relating to appraisals of the Property and procuring

historical documents regarding the nature of the special assessments upon the Property and indentures issued by the District.

30.     Bilzin Sumberg expended a total of 16.2 hours in these categories and is requesting the total sum of $6,868.50 for the services rendered in this category.

**H.     Claims Administration and Objections**

31.     During the Application Period, Bilzin Sumberg performed general claims analysis and assisted the Debtors with research and strategy regarding prospective claims and claims asserted by AMT CADC Venture, LLC, the District, the Miami-Dade Tax Collector, and various tax certificate holders.

32.     Bilzin Sumberg expended a total of 11.8 hours in this category and is requesting the total sum of $4,575.00 for the services rendered in this category.

**I.     Plan and Disclosure Statement**

33.     Bilzin Sumberg worked closely with the Debtor, the Debtors' advisors, and Terra World Investments, LLC to negotiate and draft term sheets relating to a plan support agreement. Bilzin Sumberg expended significant effort on the Debtors' behalf preparing a comprehensive joint plan of reorganization (the "Plan") on expedited basis and drafting a disclosure statement (the "Disclosure Statement") in support of the Plan.    In connection with the drafting and implementation of the Plan, Bilzin Sumberg assisted the Debtors by attending community development district board meetings, and reviewing and incorporating various financial projections relating to the Plan.  Bilzin Sumberg also assisted the Debtors by participating in numerous strategy conferences regarding the Plan, revising the Plan and Disclosure Statement, addressing valuation, lien-stripping, and §1111(b) issues relating to the structure of the Plan,

10

preparing a reply brief to certain objections to the Plan, and responding to a request to terminate exclusivity.

34.     Bilzin Sumberg expended a total of 383.4 hours in this category and is requesting the total sum of $158,131.00 for the services rendered in this category.

**J.      Settlement and Compromise**

35.     Bilzin Sumberg assisted the Debtors with review of and revisions to a pre-negotiation letter agreement.

36.     Bilzin Sumberg expended a total of 1.1 hours in this category and is requesting the total sum of $471.00 for the services rendered in this category.

**K.      Data Analysis / Litigation Consulting / Shareholder Litigation/State Court Litigation**

37.     Bilzin Sumberg spent considerable amounts of time in this category on a wide variety of litigation matters.  Throughout the Application Period, Bilzin Sumberg advised and assisted the Debtors by issuing and responding to various requests for production of documents, issuing and responding to subpoenas, taking and defending multiple depositions, and consulting on issues relating to existing state court foreclosure actions.  Bilzin Sumberg also assisted the Debtors in consultation regarding issues relating to the deferred election of board members, including assisting with the commencement of a state court lawsuit relating to the deferred elections.  In connection with the implementation of the Plan, Bilzin Sumberg also assisted the Debtors with litigation issues and depositions relating to appraisals and expert analyses of the Property.

38.     Finally, Bilzin Sumberg provided the Debtors with general bankruptcy litigation-related advice on an as-needed basis.

11

39.    Bilzin Sumberg expended a total of 367.2 hours in this category and is requesting the total sum of $158,795.00 for the services rendered in this category.

## III.    EVALUATION OF SERVICES RENDERED: FIRST COLONIAL CONSIDERATIONS

40.    This Application has presented the nature and extent of the professional services Bilzin Sumberg has rendered in connection with its representation as general bankruptcy counsel to the Debtors and for which Bilzin Sumberg seeks compensation.  The recitals set forth in the daily diaries attached hereto constitute only a summary of the time spent.  A mere reading of the time summary annexed hereto cannot completely reflect the full range of services Bilzin Sumberg rendered and the complexity of the issues and the pressures of time and performance which have been placed on Bilzin Sumberg in connection with the case.

41.    American Benefit Life Ins. Co. v. Baddock (In re First Colonial Corp.), 544 F.2d 1291 (5th Cir.), cert. denied, 431 U.S. 904 (1977), enumerates twelve factors a bankruptcy court should evaluate in awarding fees.  First Colonial remains applicable in the Eleventh Circuit to the determination of reasonableness of fees to be awarded under the Bankruptcy Code.  Grant v. George Schuman Tire & Battery Company, 908 F.2d 874 (11th Cir. 1990); 3 Lawrence P. King, Collier on Bankruptcy & 330.04[2] at 330-39 through 330-43 (15th ed. 2007); See also, Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981).  The twelve factors are:

a.    The time and labor required;

b.    The novelty and difficulty of the questions presented;

c.    The skill required to perform the legal services properly;

d.    The preclusion from other employment by the attorney due to acceptance of the case;

e.    The customary fee for similar work in the community;

12

  f.  Whether the fee is fixed or contingent;

  g.  The time limitations imposed by the client or circumstances;

  h.  The amount involved and results obtained;

  i.  The experience, reputation and ability of the attorneys;

  j.  The undesirability of the case;

  k.  The nature and length of the professional relationship with the client; and

  l.  Awards in similar cases.

First Colonial, 544 F.2d at 1298-99.

  42.  Based on the standards set forth in section 330 of the Bankruptcy Code and First Colonial, Bilzin Sumberg believes that the fair and reasonable value of its services rendered during the period covered by this Application is the total amount of $390.820.15 plus actual and necessary expenses of $19,851.02.

  **A.**  **Time, Nature and Extent of Services Rendered, Results Obtained and Related First Colonial Factors**

  43.  The foregoing summary, together with the Exhibits attached hereto, details the time, nature and extent of the professional services Bilzin Sumberg rendered for the benefit of the Debtors during the period covered by this Application.  The total number of hours expended, 927.4, reveals the time devoted to this matter by Bilzin Sumberg on a wide spectrum of legal issues which have arisen in these cases during the period covered by this Application.

  **B.**  **Novelty and Difficulty of Questions Presented**

  44.  The issues which have arisen in this case during the period encompassed by this Application demanded a high level of skill and perseverance of Bilzin Sumberg.  Bilzin Sumberg

spent considerable time preparing for all of the hearings associated therewith, as well as reviewing or drafting related pleadings and documentation.

### C.    Skill Requisite to Perform Services Properly

45.    In rendering services to the Debtors, Bilzin Sumberg demonstrated substantial legal skill and expertise in the areas of bankruptcy, litigation, tax and corporate law.

### D.    Preclusion from Other Employment by Attorney Due to Acceptance of Case

46.    Bilzin Sumberg's representation in these cases did not preclude it from accepting other employment.

### E.    Customary Fee

47.    The hourly rates of Bilzin Sumberg as set forth in *Exhibit 5* reflect the hourly rates Bilzin Sumberg bills to its clients in other bankruptcy and commercial cases in which client payment is made on a frequent, periodic basis.

48.    This Court has approved the rates listed in *Exhibit 5*, as have other courts within and outside of this district, in other bankruptcy matters in which Bilzin Sumberg and other counsel of like reputation and experience have been involved.  Bilzin Sumberg's hourly rates are derived from a careful and thorough analysis of its internal costs, fees charged by other attorneys in the same practice and geographic areas and the experience of Bilzin Sumberg's attorneys and paraprofessionals.

### F.    Whether Fee is Fixed or Contingent

49.    Bilzin Sumberg's compensation in this matter is subject to approval of the Court and therefore is contingent.  The Court should consider this factor, which militates in favor of a fee in the amount requested.  The amount requested is consistent with the fee which Bilzin Sumberg would charge its clients in other non-contingent, bankruptcy and commercial cases.

14

G.    **Time Limitations Imposed by Client or Other Circumstances**

50.    The circumstances of these cases continually imposed serious time constraints on Bilzin Sumberg due to the necessity for rapid resolution of significant issues.

H.    **Experience, Reputation and Ability of Attorneys.**

51.    Bilzin Sumberg is an established law firm and its members and associates working on these cases are experienced in matters of this kind and well known to this Court.

I.    **"Undesirability" of Case**

52.    These cases are certainly not undesirable.  Bilzin Sumberg is privileged to have the opportunity to represent the Debtors as general bankruptcy counsel and appear before the Court in these proceedings.

J.    **Nature and Length of Professional Relationship with Client**

53.    Prior to commencement of these cases, the Debtors sought the services of Bilzin Sumberg with respect to, among other things, advice regarding restructuring matters in general, and preparation for the potential commencement and prosecution of chapter 11 cases on behalf of the Debtors.

K.    **Awards in Similar Cases**

54.    The amount requested by Bilzin Sumberg is reasonable in terms of awards in cases of similar magnitude and complexity.  The compensation which Bilzin Sumberg requests comports with the mandate of the Bankruptcy Code, which directs that services be evaluated in light of comparable services performed in non-bankruptcy cases in the community.  The fee requested by Bilzin Sumberg, $390,820.15 reflects an average hourly rate of $421.41 for 927.4 hours of service. Considering the services performed in light of the contingent nature of Bilzin Sumberg's employment and the complexity of the issues addressed during the periods covered by this

Application, this rate is entirely appropriate. The costs for which Bilzin Sumberg seeks reimbursement were necessarily incurred as a result of this engagement. Such costs are not, therefore, implicit in Bilzin Sumberg's hourly rates.

WHEREFORE, Bilzin Sumberg respectfully requests the Court to enter an Order (i) awarding Bilzin Sumberg the sum of **$390,820.15** as compensation for services rendered, and **$19,851.02** as reimbursement for actual and necessary expenses incurred during the course of Bilzin Sumberg's representation of the Debtors during the Application period; (ii) authorizing and directing payment of **$370,969.13,** less any amounts paid to date**,** representing 80% of the total fees and 100% of the total costs sought by Bilzin Sumberg herein; and (iii) granting such other and further relief as the Court deems appropriate.

Respectfully submitted this 29th day of February, 2012.

**I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).**

**BILZIN SUMBERG BAENA PRICE & AXELROD LLP**
*Counsel for the Debtors*
1450 Brickell Avenue, Suite 2300
Miami, FL 33131
Telephone: (305) 374-7580
Facsimile: (305) 375-7593

By:____/s/ Mindy A. Mora_____
       Mindy A. Mora
       Fla. Bar No. 678910
       mmora@bilzin.com
       Tara V. Trevorrow
       Fla. Bar No. 30959
       ttrevorrow@bilzin.com