# EXHIBIT A

# SETTLEMENT TERM SHEET

## As of February__, 2012

This term sheet sets forth the material terms of the settlement agreement (the "**Settlement**") between (i) Landmark at Doral East, LLC, Town Center at Doral, LLC, Landmark at Doral South, LLC, Landmark at Doral Developers, LLC, and Landmark Club at Doral LLC (collectively, and jointly and severally, the "**Debtors**"); (ii) Landmark at Doral Community Development District (the "**District**"); (iii) U.S. Bank National Association solely as trustee (the "**Indenture Trustee**") with regard to those Landmark at Doral Community Development District (City of Doral, Florida) Special Assessment Bonds, Series 2006A and Series 2006B (collectively, the "**Bonds**") and under that Master Trust Indenture and that First Supplemental Trust Indenture, both dated as of October 1, 2006, and both with the District (together, the "**Indentures**"); (iv) Florida Prime Holdings, LLC, as beneficial holder of 100% of the outstanding Bonds ("**Prime**") (the District, the Indenture Trustee and Prime shall be collectively referred to as the "**CDD Parties**"); (v) Terra Landmark, LLC ("**Terra**"); and (vi) the official committee of unsecured creditors (the "**Committee**") appointed in the Debtors' chapter 11 cases in the United States Bankruptcy Court, Southern District of Florida, Miami Division, being jointly administered under Case No. 11-35884-RAM (the "**Bankruptcy Cases**").  The material terms of the Settlement are as follows:

1. The CDD Parties shall promptly amend their joint plan of reorganization filed in the Bankruptcy Cases (the "**District Creditor Plan**") to: (a) increase the aggregate cash consideration paid to the estates from $2 million to $2.25 million subject to the distribution provisions of paragraph 3 herein; (b) subordinate the District's right to a distribution of its deficiency claim against the Debtors and their estates without prejudice to the effectiveness of the Special Assessments and liens to enforce any Special Assessments going forward, and without prejudice to the District's right to vote its claims as a member of Class 7 of the District Creditor Plan; (c) provide that the liquidating trustee to be appointed under the plan shall be Kenneth A. Welt; and (d) provide for a competitive auction and sale in a manner acceptable to the District consistent with applicable law and practice, and with input from the Debtors and the Committee, to be submitted by the CDD Parties through a bid procedures motion, of the Debtors' real property as contemplated by the District Creditor Plan at which Terra shall be permitted to participate, as a bidder for the assets consistent with the terms of the bidding procedures, if it so chooses.  The District Creditor Plan, as amended, shall hereafter be referred to as the "**Amended District Creditor Plan**".  In no event shall the CDD Parties be required to pay any amounts to the Estates, their creditors or any third parties who may subsequently assert claims against the Estates other than expressly agreed herein and not to exceed $2.25 million, or as otherwise expressly set forth in the Amended District Creditor Plan.  For the avoidance of doubt, the CDD Parties shall be obligated to fund the amounts set forth herein even in the event of a credit bid by one or more of the CDD Parties;

2. The CDD Parties shall prosecute confirmation of their Amended District Creditor Plan and shall not withdraw or materially modify their Amended District Creditor Plan without the consent of the Debtors, the Committee and Terra;

1

3. Terra shall have an allowed superpriority administrative expense claim for the amounts advanced by it under the court approved DIP financing, in an amount not to exceed $750,000 (the "**Superpriority Claim**").  On the effective date of the Amended District Creditor Plan, the CDD Parties shall distribute directly to Terra 67% of its Superpriority Claim not to exceed $500,000.  This amount shall reduce the balance owed to the Estates under paragraph 1 dollar for dollar.  The CDD Parties and the Committee shall not object to the administrative expenses funded by Terra, including the fees and expenses of Debtors' professionals and Committee counsel, it being understood that such reasonable fees and expenses shall be paid by Terra, up to the maximum amount of the DIP financing set forth in the Financing Order [ECF No. 103] so long as the District Creditor Plan is confirmed and the subject real property sold at the auction contemplated therein;

4. Terra and the Debtors shall immediately withdraw their amended joint plan of reorganization [ECF No. 219], and shall file no further plans, without prejudice pending confirmation of the Amended District Creditor Plan and sale of the subject real property at an auction;

5. Terra, the Debtors and the Committee shall support confirmation of the Amended District Creditor Plan;

6. The CDD Parties shall withdraw their motion to convert or dismiss (the "**Conversion Motion**") [ECF No. 181], and shall immediately abate prosecution of the District Foreclosure Action, without prejudice pending confirmation of the Amended District Creditor Plan and sale of the subject real property at an auction;

7. Upon the full and complete execution of this Term Sheet, the CDD Parties shall withdraw and cancel, without prejudice, the depositions noticed for the week of February 27, 2012 in connection with the Conversion Motion and the trial subpoenas issued to David Martin, Brian Pearl and Issac Kodsi.  In the event, Terra, the Debtors or the Committee default under the terms stated herein prior to March 5, 2012, they consent to rescheduling all presently noticed depositions prior to such date;

8. The Debtors shall withdraw and cancel, without prejudice, the depositions noticed by them in connection with the Conversion Motion.  In the event the settlement contemplated herein fails for any reason prior to March 5, 2012, all parties consent to rescheduling all presently noticed depositions prior to such date;

9. The parties shall oppose the United States Trustee's motion to appoint a chapter 11 trustee [ECF No. 229], and shall further request that the Court abate prosecution of the motion pending confirmation of the Amended District Creditor Plan and deny the motion as moot upon confirmation;

10. The Debtors shall immediately withdraw their pending motion to value the collateral or to appoint an independent expert [ECF No. 185], without prejudice pending confirmation of the Amended District Creditor Plan and sale of the subject real property at an auction;

11. The parties shall jointly request that the Court conduct a status conference as soon as reasonably practicable in order to advise the Court and parties in interest of this Settlement and of the resolution of the contested matters set for hearing on March 5, 2012;

12. No party shall issue any public statement regarding the terms of the Settlement or the controversies settled hereby, other than to confirm the Settlement, without the consent of all other parties to the Settlement;

13. The CDD Parties, on the one hand, and Terra, the Committee and the Debtors, on the other, shall exchange mutual general releases releasing any and all claims between them and their representatives and affiliates, related to the Bankruptcy Cases or the Debtors' property, except their respective obligations under this Term Sheet and the Amended District Creditor Plan;

14. The Indenture Trustee and Prime by execution hereof approve and acknowledge the terms of this Settlement. The District must have a public meeting to consider the terms of this Settlement, and shall do so on March 8, 2012. For the comfort of the parties to this Term Sheet, District Counsel and Special Counsel have no reason to believe that the terms of this Settlement will not be approved at such public meeting. The District Manager shall recommend approval of the settlement at the meeting; and

15. Notwithstanding anything else herein, **(i)** U.S. Bank National Association executes this Settlement Term Sheet solely in its capacity as trustee as described in the initial paragraph hereof; **(ii)** the Trustee executes this Settlement Term Sheet, pursuant to the terms of the Indentures, including, without limitation, Sections 10.04, 10.06 and 11.07, of such Master Trust Indenture, at the written request and direction of Prime as beneficial holder of all of the outstanding principal amount of the Bonds, and the signature of Prime below shall serve as its further direction to the Indenture Trustee to execute this Settlement Term Sheet; **(iii)** U.S. Bank National Association, whether in its capacity as Indenture Trustee or in any other capacity (regardless as to it's inclusion in the defined term "CDD Parties" herein), shall have no obligation whatsoever under the Amended District Creditor Plan, this Settlement Term Sheet, or any related documents to make any payments or provide any funding; **(iv)** all payments to be made and all funding to be provided by the CDD Parties hereunder, and/or under the Amended District Creditor Plan, or under any related documents, including without limitation funding the Amended Carveout if the District is the successful bidder at the Sale, shall solely be the obligation of Prime.

16. This Settlement is subject to approval by the Court. Promptly after the status conference described in paragraph 11 above, the Debtors shall file a motion pursuant to FRBP 9019 in order to seek Court approval of the Settlement.

3

AGREED AND ACCEPTED:

TERRA LANDMARK, LLC,

By:_____
Its:_____

DEBTORS:

LANDMARK AT DORAL EAST, LLC

By:_____
Name: Isaac Kodsi
Its: Vice President

TOWN CENTER AT DORAL, LLC

By:_____
Name: Isaac Kodsi
Its: Vice President

LANDMARK AT DORAL SOUTH, LLC

By:_____
Name: Isaac Kodsi
Its: Vice President

LANDMARK AT DORAL DEVELOPERS, LLC

By:_____
Name: Isaac Kodsi
Its: Vice President

LANDMARK CLUB AT DORAL, LLC

By:_____
Name: Isaac Kodsi
Its: Vice President

FLORIDA PRIME HOLDINGS, LLC

By:_____
Its:_____

U.S. BANK NATIONAL ASSOCIATION,
AS INDENTURE TRUSTEE

10007483.8

By:_____
Its:_____


LANDMARK AT DORAL COMMUNITY
DEVELOPMENT DISTRICT

By:_____
Its:_____


OFFICIAL COMMITTEE OF UNSECURED
CREDITORS

By:_____
Its:_____

5

10007483.8