UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN RE:                                    :        CHAPTER 11
                                          :
TOWN CENTER AT DORAL, L.L.C., *et. al.*,  :        CASE NO. 11-35884-BKC-RAM
                                          :
        Debtors.                          :

**UNITED STATES TRUSTEE'S OBJECTIONS TO
LANDMARK AT DORAL COMMUNITY DEVELOPMENT DISTRICT'S, *et. al.*,
AMENDED DISCLOSURE STATEMENT AND PROPOSED PLAN**

COMES NOW the United States Trustee for Region 21 ("UST"), in furtherance of the administrative responsibilities imposed pursuant to 28 U.S.C. §586(a), and submits the following objections to the Amended Disclosure Statement (DE 282) and Proposed Plan (DE 281) filed by Landmark at Doral Community Development District, *et. al.* (the "Plan Proponent") in the above-styled jointly administered Chapter 11 proceeding.

1.      Title 11 of the United States Bankruptcy Code §1125(b) requires the Bankruptcy Court specifically to find the disclosure statement contains "adequate information" before a party in interest is allowed to solicit its Plan of Reorganization to creditors.  Section 1125(a)(1) defines the term "adequate information" as meaning "information of a kind, and in sufficient detail..., that would enable a hypothetical reasonable investor typical of holders of claims or interests of the relevant class to make an informed judgment about the plan...."

2.      In the absence of amendments to deal with such matters as is noted below, the United States Trustee moves the Court to not approve the proposed Disclosure Statement as containing "adequate information," and convert the case to Chapter 7.

<u>OBJECTIONS</u>

3.      A section in the Disclosure Statement describing the events leading to the filing of the

bankruptcy is suggested in order to fulfill the "adequate information" requirement.

4.      On page 22, first full paragraph, the Disclosure Statement fails to explain whether the U.S. Trustee fees will be paid from the carve out or if the Plan Proponent will fund those fees separately including fees due as a result fo the sale of the properties.  Payment of those fees through the carve out is objectionable as it will deplete the carve out.  The Disclosure Statement further asserts: "At the time of such payment, the Liquidating Trustee shall provide... an appropriate affidavit indicating the disbursements for the relevant periods."  Such an affidavits must also include the details and disbursements from the sales of real estate. There must be separate affidavits and payment of US Trustee Fees for each debtor. The partial substantive consolidation the plan proponents seek should not impact the obligation of each debtor to separately report its respective financial transactions.

5.      On pages 22 and 23, under "Unclassified Administrative Expense Claims," the Disclosure Statement fails to identify the administrative expense claimants, and fails to estimate the amount of anticipated administrative expense claims or the source of payment.  (Will these unknown claims deplete the $2.25 Million carve out?)

6.      On page 23, under "Unclassified DIP Loan Claim," the Disclosure Statement fails to specify whether the source of repayment for the DIP financing is the carve out.

7.      On page 27, the language regarding the claims bar date should be bold and conspicuous. The Order approving confirmation should also include the language regarding bar date in the body of the order as well as the title of the order. .

8.      On page 33, the final paragraph stipulates that "the Liquidating Trustee and the Post-Confirmation Professionals may be paid 90% of their fees."  This Section is

objectionable. Given the minimal amount of post confirmation work anticipated in this case, the monthly fee invoice system does not seem necessary or appropriate. If the monthly payments are approved, the payment of fees to Post Confirmation Professionals should be at the rate of 80%and also incorporate all the safeguards of the local form order, including but not limited to the self certification provisions, the representation that all operating reports are filed and UST Fees are current and the failure to file fee applications every 120 days prohibits the professionals from participating in the monthly fee system. In addition, all Liquidating Trust Professionals must file retention applications.

9.    On page 36, first paragraph, the last sentence states: "Reasonable fees and expenses incurred by any professional or any other professional after the Confirmation date who may be retained by the Liquidating Trustee may be paid in the ordinary course without any application to or order of the Bankruptcy Court." Per standard practice in this district, this provision is objectionable as all Liquidating Trust professionals shall file motions to be retained, should include all compensation in such motion, and shall only be compensated or retained by further orders of the Court.

10.    The section titled "No Liability for Tax Claims" on page 36 is objectionable and fails to identify the Bar Date (defined therein) for government claims. Were the respective governmental units even properly noticed of this provision?

11.    Section 3.3 of the Liquidating Trust Agreement is objectionable as it attempts to give the Liquidating Trustee unfettered discretion with respect to the Trust Assets. Bankruptcy Court approval should be required for any action sought to be taken by the Liquidating Trustee over a certain threshold amount.

12.    Section 3.4 of the Liquidating Trust Agreement is objectionable as it permits the
Liquidating Trustee to pay Professionals without approval from the Court.  Standard
practice in this district is to require acquire for compensation of professionals who are
being compensated via the funds of the estate.

13.    Pursuant to Local Rule 3011-1(B), the provision of the Liquidating Trust Agreement
regarding "Unclaimed Distributions" (3.15( c)) should apply only to the final
distributions.

14.    Section 4.4 of the Liquidating Trust Agreement concerns the future (a) indemnification
and (b) exculpation of the Liquidating Trustee.  These provisions are an objectionable
attempt to shield the Liquidating Trustee from liability post-confirmation.  As these
protections not afforded to a Chapter 7 trustee, neither should they be bestowed onto a
Chapter 11 fiduciary.  Moreover, the Plan Proponent has failed to identify the necessity of
such an exculpation.  Should the Bankruptcy Court uphold the exculpation provision, it
should include ordinary negligence, fraud, breach of fiduciary duty and self dealing as
excepted claims or causes of action.

15.    Section 3.4 of the Liquidating Trust Agreement entitled "Compensation" should set forth
the hourly rate for the Liquidating Trustee and provide that compensation is subject to
further order of court.

16.    Section 3.16 of the Liquidating Trustee should provide that the Liquidating Trustee shall
file all requisite operating reports for each debtor as well as timely pay all fees pursuant to
28 U.S.C. Section 1930.

17.    The Liquidating Trustee should be bonded in favor of the Liquidating Trust in an amount
equal to 150% of the funds in the Liquidating Trust, but in no event less than the amount
of the carve out.

WHEREFORE, the UST shows the disclosure statement does not contain adequate information as required by 11 U.S.C. §1125, which would permit a party in interest to reach an informed judgment concerning the plan and moves the Court to enter an order denying approval of the disclosure statement, unless the necessary changes are made to correct the deficiencies set forth above, and further moves this case to be converted to Chapter 7 or dismissed.  See generally, *In re: Metrocraft Publishing Services, Inc.*, 39 B.R. 567 (Bankr.N.D.Ga. 1984).

DONALD F. WALTON
United States Trustee

____/s/_____
STEVEN D. SCHNEIDERMAN
Trial Attorney

Office of the U.S. Trustee
51 SW First Street, Room 1204
Miami, FL 33130
(305) 536-7285

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the **UNITED STATES TRUSTEE'S OBJECTIONS TO LANDMARK AT DORAL COMMUNITY DEVELOPMENT DISTRICT'S, *et. al.*, AMENDED DISCLOSURE STATEMENT** was electronically filed with the Court using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system and via U.S. Mail, properly addressed and with correct postage to the following:

Jere L. Earlywine jearlywine@hgslaw.com

C Craig Eller celler@broadandcassel.com

Jordi Guso jguso@bergersingerman.com,
    fsellers@bergersingerman.com;efile@bergersingerman.com

Phillip M. Hudson III pmhudson@arnstein.com,
    rkcummings@arnstein.com;jtunis@arnstein.com;hbabcock@arnstein.com;hpiloto@arnstein.com;akang@arnstein.com;befernandez@arnstein.com;cofalla@arnstein.com

John B. Hutton III huttonj@gtlaw.com,
    thompsonc@gtlaw.com;mialitdock@gtlaw.com;miaecfbky@gtlaw.com

Mindy A. Mora mmora@bilzin.com,
    laparicio@bilzin.com;cvarela@bilzin.com;eservice@bilzin.com;lflores@bilzin.com

Glenn D Moses gmoses@gjb-law.com, gjbecf@gjb-law.com

Scott Alan Orth orthlaw@bellsouth.net, notices@orthlawoffice.com

Patricia A Redmond predmond@stearnsweaver.com,
    jrivera@stearnsweaver.com;rross@stearnsweaver.com;mmesones-mori@stearnsweaver.com;dillworthcdp@ecf.epiqsystems.com

Eric J Silver esilver@stearnsweaver.com, mmesones-mori@stearnsweaver.com;rross@stearnsweaver.com;larrazola@stearnsweaver.com

Melinda S Thornton cao.bkc@miamidade.gov

Michael Eckert
119 S. Monroe Street #300 (32301)
POB 6526
Tallahassee, FL 32314

Daniel Y. Gielchinsky
1450 Brickell Ave #2300
Miami, FL 33131

Glenn Moses
100 SE 2nd Street 44th floor
Miami, FL 33131

Betty M Shumener
550 South Hope St #2300
Los Angeles, CA 90071


DONE this the 11th day of May, 2012.


I hereby certify that I am admitted to the Bar of the State of Illinois and that I am excepted from additional
qualifications to practice in this Court pursuant to Local Rule 9011-4 and 2090(B)(2)(b) pertaining to attorneys
representing the United States government.


/s/
STEVEN D. SCHNEIDERMAN
Trial Attorney