UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN RE:

TOWN CENTER AT DORAL, LLC,

*et al.,*

    Debtors.

_____/

Case No. 11-35884-RAM

(Jointly Administered)

Chapter 11

## PLAN PROPONENTS'[1] CONFIRMATION AFFIDAVIT

STATE OF FLORIDA    }
                                } ss:
COUNTY OF MIAMI-DADE  }

      Phillip M. Hudson III, being duly sworn, hereby deposes and says:

      1.      My name is Phillip M. Hudson III (hereafter "**Affiant**"). Affiant is over 21 years of age and fully competent to make this Affidavit. Unless otherwise stated, I have personal knowledge of the facts set forth in this Affidavit. I am the counsel for Florida Prime Holdings, LLC, ("**Florida Prime**").

      2.      Affiant represents Florida Prime, a Plan Proponent, in this bankruptcy proceeding. Affiant makes this Affidavit in support of confirmation of the Second Amended and Modified Joint Plan of Reorganization by Landmark at Doral Community Development District, U.S. Bank National Association, as Indenture Trustee, and Florida Prime Holdings, LLC dated June 4, 2012 (the "**District Creditor Plan**")[2]. [ECF No. 333].

      3.      Landmark at Doral East, LLC, a Florida limited liability company; Town Center at Doral, LLC, a Florida limited liability company; Landmark at Doral South, a Florida limited liability company; Landmark at Doral Developers, LLC, a Florida limited liability company; and Landmark Club at Doral LLC, a Florida limited liability company (collectively the "**Debtors**") were engaged in the development of several parcels of real property located in Miami Dade County Florida, consisting of approximately 120 contiguous acres located on the east side of NW 107 Avenue and the north side of NW 58 Street, a majority of which is zoned TND (Traditional Neighborhood Development) with the remainder zoned IU-1 for flex office development allowing for light industrial development.

      4.      Affiant is familiar with and participated in the events and negotiations leading to, the filing of the District Creditor Plan, the attendant Disclosure Statement [ECF No. 309], and the documents and terms related thereto.

---

[1] Plan Proponents are: Landmark at Doral Community Development District, U.S. Bank National Association, and Florida Prime Holdings, LLC.

[2] All capitalized terms used herein are as defined in the District Creditor Plan. [ECF No. 333].

5. In summary, and subject to the specific provisions of the District Creditor Plan [ECF No. 333], the District Creditor Plan provides for: (i) a sale of substantially all of the Debtors' assets pursuant to 11 U.S.C. §§ 105, 363, and 1129 in partial satisfaction of the District's Claim (the "**Sale**"), and (ii) a transfer of the Excluded Assets and the portion of the Carveout not subject to the DIP Loan Claim to a Liquidating Trust which will administer the assets, prosecute claims, and make distributions to Creditors holding Allowed Claims pursuant to the priorities dictated by the Bankruptcy Code and consistent with the District Creditor Plan. Holders of Equity Interests will receive no Distribution under the District Creditor Plan. A Liquidating Trust will be formed after Confirmation and will receive the Excluded Assets remaining with the Debtors as of Confirmation and as more fully described in the Plan and Disclosure Statement.

6. The District through its Stalking Horse Bid, a credit bid of $67.5 million as defined in the District Creditor Plan is the Successful Bidder. The District's Claims will be reduced by the credit bid amount. With the exception of the $500,000 of the Carveout covering the DIP Loan Claim of Terra, which is to be paid directly to the Berger Singerman Trust Account on the Effective Date, all Excluded Assets and the balance of the Carveout (in the amount of $1,750,000) will be paid into a Liquidating Trust on the Effective Date allowing for a *pro rata* distribution to Unsecured Creditors. The Debtors and their respective Estates shall be deemed to be substantively consolidated for purposes of distribution, and implementation of the terms of the District Creditor Plan. As a result of the substantive consolidation effective upon the entry of the Confirmation Order, the assets and liabilities of the Debtors shall be pooled and all Claims shall be satisfied from the assets of a single consolidated estate. Pursuant to the District Creditor Plan and the Liquidating Trust Agreement, the Debtors will be dissolved by the Liquidating Trustee in the appropriate manner after any and all Claims of the Debtors have been prosecuted.

## Confirmation Requirements

**Liquidation Analysis**

7. As set forth in the analysis contained in the Disclosure Statement, in a hypothetical Chapter 7 liquidation there would be no proceeds available for distribution to Creditors other than the District. The District has filed Proofs of Claim asserting Secured Claims in a total amount of at least $111,814,679.70, and AMT, whose Claim is secured by a mortgage lien junior to the District, has filed a Proof of Claim in the amount of $132,105,836.93. Even assuming no liquidation costs, the District would receive only a partial recovery on its Secured Claim thereby rendering all junior Secured Claims unsecured. Moreover, there is no conceivable scenario in which the liquidation value of the Estates' assets exceeds the aggregate amount of the District's and AMT's Claims - $243,920,516.63. Thus, in a hypothetical Chapter 7 liquidation, no junior class, including general unsecured creditors, would receive any distribution.

8. By contrast, under the District Creditor Plan, Unsecured Creditors will share in the Liquidating Trust which will include, at a minimum, a distribution from the Carveout to general Unsecured Creditors. The Carveout amount to be paid by Florida Prime to the Liquidating Trust and to Terra in satisfaction of its DIP Loan Claim is $2,250,000 in the

aggregate, to be paid as set forth in paragraph 6 above.

**Feasibility**

9. In this case, the Debtors' Assets are being sold, and the Debtors will be dissolved by the Liquidating Trustee at the appropriate time, thus the "feasibility" test is not applicable.

**11 U.S.C § 1129 Requirements**

**11 U.S.C § 1129(a)**

10. The District Creditor Plan complies with the confirmation requirements prescribed by the applicable provisions of the Bankruptcy Code. Specifically:

    a. **District Creditor Plan's Compliance - 11 U.S.C. § 1129(a)(1)**

The District Creditor Plan complies with the applicable provisions of this title as it:

    (1) designates, subject to § 1122 of the Bankruptcy Code, classes of Claims;
    (2) specifies any class of Claims that are not impaired under the District Creditor Plan (Classes 1 and 2);
    (3) specifies any class of Claims that are impaired under the District Creditor Plan and defines the treatment of any Claims or Interest that are impaired;
    (4) provides the same treatment for each Claim of a particular class, unless the Holder of a particular Claim has agreed to a less favorable treatment of such particular Claim;
    (5) provides adequate means for execution of the District Creditor Plan;
    (6) and provides for the assumption and rejection of executory contracts.

    b. **Proponent's Compliance - 11 U.S.C. § 1129(a)(2)**

Plan Proponents have complied with the applicable provisions of this title by, *inter alia*:

    (1) soliciting acceptances of the District Creditor Plan in accordance with § 1125 of the Bankruptcy Code; and
    (2) obtaining court orders for the employment of professionals, and providing for treatment of their applications for compensation.

    c. **Good Faith - 11 U.S.C. § 1129(a)(3)**

The District Creditor Plan has been proposed in good faith and not by any means forbidden by law.

    d. **Payments to Professionals - 11 U.S.C. § 1129(a)(4)**

Any payment made or to be made by the Debtors or the Estates in or in connection with

this case or in connection with the District Creditor Plan either have been approved by or are subject to the approval of this Court. At the hearing on Confirmation, or as otherwise ordered or scheduled, the Court will consider and allow as reasonable, certain fees and costs of administration, including the fees of all professionals that have sought compensation through fee applications. Pursuant to the District Creditor Plan, the DIP Loan Claim of Terra will be Allowed and paid up to sixty-seven percent (67%) of their total Allowed Claim with such distribution not to exceed $500,000. This amount is to be funded from the Carveout provided by Florida Prime, and paid to Berger Singerman's Trust Account on the Effective Date. If the amount of the distribution approved by the Court to be paid to Terra is less than the $500,000 to be held in the Berger Singerman Trust Account, the balance will be paid to the Liquidating Trust as otherwise set forth herein.

e. **Officers / Directors - 11 U.S.C. § 1129(a)(5)**

As the Debtors will not operate subsequent to Confirmation except through the Liquidating Trust, no officer or director information is relevant. The Liquidating Trustee recommended by the Plan Proponents and the Creditor's Committee is Kenneth Welt, a current panel trustee.

f. **Governmental Approval - 11 U.S.C. § 1129(a)(6)**

No regulatory commission has jurisdiction after confirmation of the District Creditor Plan over rates of the Debtors.

g. **Best Interests of Creditors - 11 U.S.C. § 1129(a)(7)**

With respect to each Impaired Class of Claims or Interests, each Holder of a Claim or Interest of such Class has accepted the District Creditor Plan, or will receive or retain under the District Creditor Plan on account of such Claim or interest, property of a value, as of the Effective Date of the District Creditor Plan, that is not less than the amount that such holder would so receive or retain if the Debtors were liquidated under chapter 7 of this title on such date.

h. **Acceptance of the District Creditor Plan - 11 U.S.C. § 1129(a)(8)**

With respect to each Class of Claims or Interests, such Class has accepted the District Creditor Plan, or such class is not impaired under the District Creditor Plan.[3]

i. **Priority Claims - 11 U.S.C. § 1129(a)(9)**

---

[3] Pursuant to the District Creditor Plan, and given the absence of an Auction as there are no Qualified Bidders other than the Stalking Horse Bid of the District, the District is the Successful Bidder with a credit bid of $67.5 million. As such, the Class 5 Claim of AMT is rendered fully unsecured and becomes a Class 7 Claim. Accordingly, there is no Class 5 Claim and Class 5 does not need to consent. Class 6 consists of Other Secured Claims and is a catch-all class for Secured Claims not known to exist at the time the District Creditor Plan was proposed. No Other Secured Claims are currently known to exist. Furthermore, the District Creditor Plan provides that because the Property is being sold to the District or its designee, there will be no Allowed Other Secured Claims and any such Claims will be treated as a Class 7 -- Unsecured Claim. As such, Class 6 does not need to consent.

There are no Priority Claims to the best of the Plan Proponents' knowledge. The only Administrative Claims are professional Claims which the Plan Proponents have requested be deferred for consideration and payment from the Liquidating Trust, except as otherwise set forth herein and in the District Creditor Plan.

### j.  Acceptance by Impaired Class - 11 U.S.C. § 1129(a)(10)

As described in the Ballot Tabulation [ECF No. 337], at least one Class of Claims that is impaired under the District Creditor Plan has accepted the District Creditor Plan, determined without including any acceptance of the District Creditor Plan by any insider.

### k.  Feasibility - 11 U.S.C. § 1129(a)(11)

Given the liquidating nature of the District Creditor Plan, the Confirmation of the District Creditor Plan will not be followed by a need for further reorganization of the Debtors or any successor to the Debtors, and the Debtors will be dissolved by the Liquidating Trustee when appropriate.

### l.  Trustee's Fees - 11 U.S.C. § 1129(a)(12)

The District Creditor Plan provides for the payment from the Carveout of all fees payable under 28 U.S.C. § 1930, as determined by the Court at the hearing on the Confirmation of the District Creditor Plan.

### 11 U.S.C. 1129(b)

11. Notwithstanding paragraph "10.h" above, if the requirement of 11 U.S.C. § 1129(a)(8) is deemed not met, the District Creditor Plan should nevertheless be confirmed pursuant to 11 U.S.C. § 1129(b), as the District Creditor Plan does not discriminate unfairly, and is fair and equitable with respect to each Class of Claims or Interests that is impaired under, and has not accepted, the District Creditor Plan. Specifically:

### a.  Secured Claims – 11 U.S.C. § 1129(b)(2)(A)

Secured Classes that have accepted the District Creditor Plan:

(i) Class 2: Secured Claims of the Tax Collector – Class 2 is unimpaired under the District Creditor Plan and therefore is "conclusively presumed to have accepted" the District Creditor Plan pursuant to 11 U.S.C. § 1126(f).

(ii) Class 3: Secured Tax Certificate Claims.

(iii) Class 4: Secured Claims of Landmark at Doral Community Development District.

(iv) Class 6: Other Secured Claims – There are no Other Secured Claims to the best of the Plan Proponents' knowledge.

Secured Classes that have not accepted the District Creditor Plan:

> Class 5: Secured Claim of AMT - With respect to Class 5, the District Creditor Plan provides that AMT's Secured Claim is subordinate to the District's lien. Given the lack of competing bids and in the absence of an Auction, the Stalking Horse Bid (a credit bid of $67.5 million) submitted by the District is the Successful Bid. The Class 5 Claim of AMT is therefore rendered fully unsecured and becomes a Class 7 Claim. As such, there is no Class 5 Claim, nor need for Class 5 to consent. AMT's Class 5 Secured Claim is therefore by operation of law a general Unsecured Claim subject to treatment in Class 7 only, which has accepted the Plan. The treatment of AMT's Class 5 Claim is consistent with 11 U.S.C. § 1129(b)(2)(C), is fair and equitable, and does not violate the absolute priority rule.

**b.      Unsecured Claims – 11 U.S.C. § 1129(b)(2)(B)**

Class 1: Other Unsecured Priority Claims – There are no Other Unsecured Priority Claims to the best of the Plan Proponents' knowledge.

Class 7: Unsecured Claims – Class 7 has voted to accept the District Creditor Plan.

**c.      Interests – 11 U.S.C. § 1129(b)(2)(C)**

With respect to Class 8, Equity Interests, the District Creditor Plan provides that Holders of Interests in Class 8 shall receive no Distributions on account of their Equity and their interest shall be cancelled upon Confirmation. Pursuant to applicable provisions of the Bankruptcy Code and the District Creditor Plan, the treatment of Class 8 is fair and equitable, as paying any Distribution to Class 8 would violate the absolute priority rule. The value of Class 8 Interests is zero.

12.     Furthermore, to the extent necessary, the Plan Proponents request that they shall be allowed to modify the terms of the District Creditor Plan to effect a "cramdown" on such a dissenting Class by (a) restructuring the treatment of any Class on terms consistent with § 1129(b)(2)(B) of the Bankruptcy Code, or (b) deleting Distributions to all Classes at or below the level of the objecting Class, or reallocating such Distributions, until such impaired senior Classes are paid in accordance with the absolute priority rule of § 1129(b) of the Bankruptcy Code. Plan Proponents may make such modifications or amendments to the District Creditor Plan and such modifications or amendments shall be filed with the Bankruptcy Court and served on all parties in interest entitled to receive notice prior to or at the Confirmation Hearing. No such modifications shall require any resolicitation of acceptances as to the District Creditor Plan by any Class of Claims or Equity Interests unless the Bankruptcy Court shall require otherwise. Notwithstanding any provision of the District Creditor Plan to the contrary, the Plan Proponents reserve any and all rights they may have to challenge the validity, perfection, priority, scope and extent of any Liens in respect to any Secured Claims and the amount of any Secured Claims, the Holders of which have not accepted the District Creditor Plan.

FURTHER AFFIANT SAYETH NAUGHT

_____
PHILLIP M. HUDSON III

The foregoing instrument was sworn to and subscribed before me on this 13th day of June 2012 by Phillip M. Hudson III, on behalf of Florida Prime Holdings, LLC, who is personally known to me and who did take an oath.

NOTARY SEAL

Notary Public State of Florida
Blanca E Fernandez
My Commission [illegible]

_____
Name (Signature)

Blanca E Fernandez
Print Name