

**ORDERED in the Southern District of Florida on June 21, 2012.**

**Robert A. Mark, Judge**
**United States Bankruptcy Court**

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

TOWN CENTER AT DORAL, L.L.C.,                    Case No. 11-35884-RAM
et al.,

      Debtors.                                   Chapter 11

                                (Jointly Administered)

_____/

### FINAL ORDER APPROVING THE SALE OF THE DEBTORS'[1] ASSETS OUTSIDE THE ORDINARY COURSE OF BUSINESS FREE AND CLEAR OF ALL LIENS, CLAIMS, AND ENCUMBRANCES TO THE DISTRICT

This matter having come before the Court for hearing on June 18, 2012 at 2:00 p.m. upon

the Joint Motion For Authority to (I) Sell Assets Outside of Ordinary Course of Business, Free

and Clear of Liens, Claims and Encumbrances, (II) Establish Sale Procedures, (III) Set a Hearing

Date on Sale, and (IV) Approve Form of Notice and Shortened Notice All In Connection With

Joint Plan of Reorganization by Landmark at Doral Community Development District, U.S.

Bank National Association, as Indenture Trustee, and Florida Prime Holdings, LLC (the "**Sale**

---

[1] The Debtors are: Landmark at Doral East, LLC, a Florida limited liability company; Town Center at Doral, LLC, a Florida limited liability company; Landmark at Doral South, LLC, a Florida limited liability company; Landmark at Doral Developers, LLC, a Florida limited liability company; and Landmark Club at Doral LLC, a Florida limited liability company.

**Motion**")[2] [ECF No. 280] filed by Landmark at Doral Community Development District (the "**District**"), U.S. Bank National Association solely as indenture trustee with regard to the Bonds and under their Indenture, and Florida Prime Holdings, LLC (collectively the "**Plan Proponents**") and this Court's Order (I) Authorizing the Sale of the Debtors' Assets Outside of Ordinary Course of Business, Free and Clear of all Liens, Claims and Encumbrances, (II) Establishing Sale Procedures, (III) Scheduling Sale and Sale Hearing Date, (IV) Approving Sale and Bid Procedures and Certain Bid Protections, and (V) Approving Form of Notice and Shortened Notice (the "**Preliminary Sale Order**") [ECF No. 298].    The Court having considered the record, statements of counsel and being otherwise duly advised in the premises,

**ORDERS AND ADJUDGES AS FOLLOWS**:

1.      The findings and conclusions set forth in this order constitute the Court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052, made applicable to this proceeding pursuant to Federal Rule of Bankruptcy Procedure 9014.  To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

2.      Sufficient notice of the Sale Motion and the Sale Hearing was given in accordance with the Preliminary Sale Order, the Bankruptcy Rules, Local Rules of this Court and otherwise required by applicable law.  No other or additional notice was required.  Under the circumstances, a reasonable opportunity to object or be heard regarding the relief required in the Sale Motion and provided in the Preliminary Sale Order was afforded to all interested parties, including (a) entities who claim any interest in or lien upon the Property, (b) governmental taxing authorities who have, or as a  result of the sale of the Property may have claims, contingent or otherwise, against the Debtors, and (c) parties who filed requests for notice under Bankruptcy Rule 2002.

---

[2] Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to such terms in the Sale Motion.

3.      The Court has jurisdiction over this matter pursuant to 11 U.S.C. §§ 105, 1123, 1128, 1129, 28 U.S.C. §§ 157(a), (b)(1), (b)(2)(L), 1334(a), 1334(b), the United States District Court's general order of reference, and other various applicable provisions of the Bankruptcy Code and Bankruptcy Rules.

4.      The statutory predicates for the relief sought in the Sale Motion include Sections 105, 363, 1107, 1108 and 1123 of the Bankruptcy Code, as supplemented by the applicable Federal Rules of Bankruptcy Procedure including 2002, 4001, 6004 and 6006, and Local Bankruptcy Rules for the Southern District of Florida including 2002 and 6004-1.

5.      The fourteen (14) day stay provision of Federal Rule of Bankruptcy Procedure 6004(h) is hereby waived, and this Order shall be effective upon entry.

6.      The Plan Proponents have demonstrated that good and sufficient reasons exist for approval of the Sale and that the best interests of the Debtors' Estates will be served by this Court approving the Sale of the Property to the District pursuant to the Stalking Horse Bid.

7.      The sales procedures (collectively, the "**Sales Procedures"**) described in the Preliminary Sale Order (as defined in the Sale Motion), and the procedures for competitive bidding at the Auction as approved in the Preliminary Sale Order were executed and adhered to by the Plan Proponents in all respects, and were conducted in good-faith and at arms length.

8.      As set forth in the Preliminary Sale Order, the Auction of the Property in accordance with Section 363 of the Bankruptcy Code was set for June 15, 2012 at 10:00 a.m. at the offices of Arnstein & Lehr LLP located at 200 S. Biscayne Blvd., Suite 3600, Miami, Florida 33131.  Adequate and sufficient notice as approved by this Court was provided to (a) the Office of the United States Trustee; (b) the Committee; (c) relevant taxing authorities; (d) all known creditors and parties in interest: (e) any and all lienholders: (f) all parties that have expressed interest in the Property including: (i) any party that contacted the Debtors or Committee regarding a sale of the Property; (ii) any party whom the Debtors contacted regarding a sale of all or any portion of the Property; (iii) the Debtors; and (iv) any party identified by the

District or the Debtors as a party interested in purchasing the Property.

9.      The Court finds that the Plan Proponents completed their due diligence obligations and properly marketed and advertised the Property and otherwise conducted a good faith, arms length sale process.

10.     The Court finds that no other Qualified Bids were submitted other than the District's Stalking Horse Bid, and as such the Auction was not necessary and properly cancelled by the Plan Proponents.

11.     The Court approves the Sale of the Property to the District or its designee, and the transfer of the Property to the District or its designee free and clear of all interests, pledges, liens, claims and encumbrances except as stated in paragraph 12 herein.  The Court finds that the District's Stalking Horse Bid of $67.5 million, which is a credit bid, is the Successful Bid, and as the Successful Bidder the District or its designee shall take title to the Property at Closing. Furthermore, the District or its designee is (i) not a successor to the Debtors; and (ii) not a sponsor of any condo-conversion, and (iii) the District is a good-faith purchaser for value.

12.     The Court finds, and to the extent it may be applicable, orders, that the Special Assessments levied by the District against the Property (the "**Special Assessments**") are unaffected by this Sale of the Property to the District or its designee, and are confirmed to continue and remain in full force and effect, including as follows:

(a)     The Sale shall not cause a merger of title or any other type and shall not extinguish the lien of the Special Assessments;

(b)     The  Special Assessments shall survive the Sale;

(c)     The Special Assessments and the liens of the Special Assessments shall continue to be a lien or liens upon and run with the land, shall continue in full force and effect, and shall continue to constitute first priority governmental liens *pari passu* with *ad valorem* taxes and superior to any other lien; and

(d)     The Special Assessments are not affected by the Second Amended and Modified Joint Plan of Reorganization filed June 4, 2012 [ECF No. 333] (the

"**District Creditor Plan**") or by any order entered in these bankruptcy cases.

13.     The Agreement for Purchase and Sale of Real Property attached as Exhibit A to the Sale Motion (the "**Purchase Agreement**"), is approved, and the Debtors are authorized and directed to execute the Purchase Agreement and all other documents contemplated by the Purchase Agreement or reasonably necessary to consummate the Sale of the Property to the District or its designee.

14.     The Court finds that the Plan Proponents have satisfied the requirements of 11 U.S.C. § 363 in connection with the Sale of the Property, and as such the District, or its designee, as the Successful Bidder is entitled to the protections consistent with and found in 11 U.S.C. § 363(m). The Court further finds that the Sale of the Property is final and not subject to reversal or modification on appeal.

15.     The Property shall be transferred to the District or its designee free and clear of all interests, pledges, liens, claims, interests and encumbrances.  Further, the Property is conveyed without prejudice or waiver of any rights to enforce, or cause the enforcement of, the collection of any delinquent installments of the Special Assessments securing the Series 2006 Bonds against all third parties other than the Debtors and their affiliates, including but not limited to future accelerated principal amounts, interest, penalties, or other amounts arising from any future delinquent payments.

16.     The Debtors' Estates are authorized and directed to take any and all action necessary to effectuate the Sale of the Property.  Isaac Kodsi is an authorized signatory of the Debtors and is directed to execute all documents on behalf of the Debtors.  The Plan Proponents and the Debtors are further authorized and empowered to take such additional and other steps as may be necessary or appropriate to effectuate their obligations under the Purchase Agreement to conduct the Closing of the Sale of the Property and to implement the conveyance of the Property as soon as reasonably practicable by delivery of the documents to the offices of Arnstein & Lehr LLP during normal business hours.

17.     The District, as the Successful Bidder and Purchaser, shall comply with all

requirements of the Successful Bidder and Purchaser, not otherwise waived, pursuant to the Preliminary Sale Order and Plan, including but not limited to, payment of the Claims of the Miami-Dade Tax Collector, and the Secured Tax Certificate Claims at Closing.

18.    By operation of law, and as set forth in the District Creditor Plan, AMT's Secured Claim against the Property is deemed unsecured and shall be treated under Class 7 of the District Creditor Plan.  The Secured Claims of the Miami-Dade Tax Collector, and the Secured Tax Certificate Claims shall be paid by the Purchaser at Closing and satisfied in full as a consequence thereof.

19.    The Sale is to be consummated under the District Creditor Plan and is "under a plan".  Therefore, the Sale is exempt from documentary stamp taxes and from any transfer, sales, use or similar tax, to the fullest extent permitted by Section 1146(a) of the Bankruptcy Code.  All filing officers shall be, and they are, directed to accept for recording or filing and to record or file those documents by which the Property will be conveyed that are intended to be recorded or filed and that are presented to them for recording or filing, immediately upon presentation thereof, without payment of such taxes and all recording officers are directed to comply with the provisions of this Order.

20.    The Debtors shall assist, cooperate, and otherwise provide for the expeditious transfer and conveyance of the Property to the District or its designee and shall perform all acts necessary to do so within the timelines provided for in the Sale Motion and this Order.

21.    The Debtors have authority to and shall (a) execute all deeds, bills of sale, and assignments necessary to convey the Property in the forms attached as Exhibits 1 through 3 respectively, together with such additional documents and instruments that may be reasonably necessary or desirable to implement the Sale,  and (b) take such other and further actions as may reasonably necessary and requested by the District or its designee for the purpose of assigning, transferring, granting, conveying and conferring the Property to the District and to effectuate the terms and provisions of this Order.

22.    This Order is a final order and is effective immediately.

23.    This Order is conditioned upon, subject to, incorporates and preserves all the rights and protections resulting from the entry of an order confirming the District Creditor Plan, and the Sale shall be deemed a sale "under a plan confirmed under sections 1129 and 1146(a) of the Bankruptcy Code."

#      #      #

Submitted by:
Phillip M. Hudson III
Arnstein & Lehr LLP
200 S Biscayne Blvd.
Suite 3600
Miami, FL 33131

# Exhibit 1

# Quitclaim Deed

This instrument prepared by, record and return to:

Michael B. Denberg, Esq.
Arnstein & Lehr LLP
200 S. Biscayne Blvd.
Suite 3600
Miami, FL  33131

Property Tax ID #: _____

THIS INSTRUMENT IS GIVEN BY GRANTOR, A DEBTOR IN CASE NO. 11-35884-RAM (JOINTLY ADMINISTERED) PENDING BEFORE THE U.S. BANKRUPTCY COURT OF THE SOUTHERN DISTRICT OF FLORIDA, MIAMI DIVISION, TO IMPLEMENT THE SECOND AMENDED AND MODIFIED JOINT PLAN OF REORGANIZATION [DOC 333], CONFIRMED UNDER 11 U.S.C. § 1129, BY ORDER [DOC nnnn] ENTERED _____, 2012.  NO EXCISE TAX (OR MIAMI-DADE COUNTY SURTAX) ON DOCUMENTS IS DUE.  11 U.S.C. § 1146(a); F.A.C. RULE 12B-4.014(15).

## QUITCLAIM DEED

**THIS QUITCLAIM DEED** is made this ___ day of June, 2012 between _____, as Debtor-in-Possession under Case No. 11-35884-RAM, whose address is: _____ (the "**Grantor**"), and _____, a _____ (the "**Grantee**"), whose address is: _____.

(The designation "Grantor" and "Grantee" as used herein shall include all parties, their heirs, successors and assigns and shall include singular, plural, masculine, feminine, or neuter as required by context.)

**WITNESSETH**, that the Grantor, pursuant to the Final Order Approving Sale of the Debtors' Assets Outside the Ordinary Course of Business Free and Clear of All Liens, Claims, and Encumbrances to the District (a copy of which is attached hereto as Exhibit "A") (the "**Order**") for and in consideration of the sum of Ten ($10.00) Dollars and other valuable considerations, the receipt whereof is hereby acknowledged, hereby grants, bargains, sells, aliens, remises, releases, conveys, and confirms unto the Grantee, all of Grantor's right, title and interest in and to all that certain land situated in Miami-Dade County, Florida, to wit:

## SEE EXHIBIT "B" ATTACHED HERETO.

The said land is delivered free and clear of all liens as provided pursuant to the Order authorizing sale of the land free and clear of all liens, which Order was entered pursuant to 11 U.S.C. §363(f).

**TOGETHER** with all of Grantor's right, title and interest in and to all tenements,

hereditaments and appurtenances thereto belonging or in anywise appertaining.

**THE CONVEYANCE EFFECTUATED HEREBY IS BEING MADE BY GRANTOR WITHOUT ANY REPRESENTATION OR WARRANTY OF ANY KIND.**

**IN WITNESS WHEREOF**, the Grantor has hereunto set his hand and seal, this ___ day of June, 2012.

_____,                                    a

_____

Signed, Sealed and delivered
in the presence of:


_____                    By:_____
Witness Signature                                                Name:_____
_____                    Title:_____
Print Name of Witness


_____
Witness Signature
_____
Print Name of Witness




[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

STATE OF FLORIDA  )
          ) SS:
COUNTY OF    )

  The foregoing instrument was acknowledged before me this _____ day of June, 2012 by _____, as _____, who is [ ] personally known to me or [ ] produced _____ as identification.

        _____
        NOTARY PUBLIC, State of Florida

        Print Name:_____

        My Commission Expires:
        My Commission Number:

## **EXHIBIT A**

## **[COPY OF ORDER]**

# **EXHIBIT B**

## **[LEGAL DESCRIPTION]**

10198746.1

# Exhibit 2

# Bill of Sale

## BILL OF SALE

**KNOW ALL MEN BY THESE PRESENTS** that _____, a _____, as Debtor-in-Possession under Case No. 11-35884-RAM, whose address is: _____ ("**Seller**"), for and in consideration of the sum of Ten and No/100 Dollars ($10.00) lawful money of the United States, to Seller paid by _____, a _____ ("**Buyer**"), the receipt whereof is hereby acknowledged, and pursuant to the *Final Order Approving Sale of the Debtors' Assets Outside the Ordinary Course of Business Free and Clear of All Liens, Claims, and Encumbrances to the District* [ECF No. __ in *In re Landmark at Doral East, LLC*, Case No. 11-35885-BKC-RAM  (jointly administered with Case No. 11-35884-BKC-RAM) in the United States Bankruptcy Court for the Southern District of Florida], a copy of which is attached hereto as <u>Exhibit "A"</u>, has granted, bargained, sold, transferred and delivered, and by these presents does grant, bargain, sell, transfer and deliver unto the said Buyer, its Executors, Administrators and Assigns, all of Seller's right, title and interest in and to all fixtures, built-in appliances, ceiling fans, light fixtures, attached wall-to-wall carpeting, rods, draperies and other window coverings (the "**Personal Property**") located on the premises described on <u>Exhibit "B"</u> attached hereto and incorporated herein by reference.

To have and to hold the same unto the Buyer, its Executors, Administrators and Assigns forever.

**ALL WARRANTIES, WHATSOEVER, INCLUDING WARRANTIES OF QUALITY, FITNESS AND MERCHANTABILITY, ARE HEREBY SPECIFICALLY DISCLAIMED AND EXCLUDED AS SUCH PERSONAL PROPERTY CONVEYED HEREBY IS BEING SOLD IN ITS "AS-IS, WHERE-IS" CONDITION WITH ALL FAULTS.**

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

**IN WITNESS WHEREOF**, the Seller has hereunto set their hand and seal this ___ day of June, 2012.

_____,                a

_____

Signed, Sealed and delivered
in the presence of:


_____        By:_____
Witness Signature                                                Name:_____
                                                                              Title:_____
_____
Print Name of Witness


_____
Witness Signature

_____
Print Name of Witness


STATE OF FLORIDA                     )
                                                       )SS:
COUNTY OF_____        )

      The foregoing instrument was acknowledged before me, this ___ day of June, 2012 by _____, as _____, who [   ] is personally known to me or [   ] has produced as identification and who [x] did [ ] did not take an oath.


_____
Notary Public, State of Florida


_____
Print, Type or Stamp Name
Commission Number:_____
Commission Expires:_____

2

**<u>EXHIBIT A</u>**


**<u>[COPY OF ORDER]</u>**

## **EXHIBIT B**

## **[LEGAL DESCRIPTION]**

10198729.2

# Exhibit 3

# Assignment

## ASSIGNMENT

_____, a _____, Chapter 11 Debtor-In-Possession, under Case No. 11-35884-RAM ("**Assignor**"), in consideration of the sum of Ten and No/100 Dollars ($10.00) in hand paid and other good and valuable consideration, the receipt of which is hereby acknowledged, and pursuant to the *Final Order Approving Sale of the Debtors' Assets Outside the Ordinary Course of Business Free and Clear of All Liens, Claims, and Encumbrances to the District* (the "**Order**") [ECF No. __ in *In re Landmark at Doral East, LLC*, Case No. 11-35885-BKC-RAM  (jointly administered with Case No. 11-35884-BKC-RAM) in the United States Bankruptcy Court for the Southern District of Florida], a copy of which is attached hereto as Exhibit "A", hereby assigns, transfers, sets over and conveys to _____, a _____ ("**Assignee**"), all of Assignor's right, title and interest in and to (i) all licenses, permits, contract rights, development rights, and approvals pertaining to the ownership and/or operation of the real property described on Exhibit "B" (the "**Property**"), and (ii) all of Assignor's general intangible rights pertaining to ownership of the Real Property (all such rights, collectively, the "**Property Rights**").  Assignor accepts the assignment, transfer, set over and conveyance of the Property Rights.

**IN WITNESS WHEREOF**, Assignor has executed this Assignment this _____ day of June, 2012, which Assignment is effective this date.

ASSIGNOR:

_____,                    a
_____

By:_____
Name:
Title:

ASSIGNEE:

_____,                    a
_____

By:_____
Name:
Title:

## EXHIBIT A

## [COPY OF ORDER]

# **EXHIBIT B**

## **[LEGAL DESCRIPTION]**

10198707.1