UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                                              Chapter 11

TOWN CENTER AT DORAL, L.L.C., *et al.*,[1]         Case No. 11-35884-RAM
                                                                    (Jointly Administered)
    Debtors.
_____/

## NOTICE OF RULE 2004 EXAMINATION *DUCES TECUM* OF DEBTORS (DOCUMENT REQUEST ONLY)

Kenneth A. Welt, as Liquidating Trustee (the "Liquidating Trustee") for the Landmark/Doral Liquidating Trust, requests that the Debtors[2] produce the documents listed on the attached **Schedule A** on or before **Friday September 7, 2012** at the law offices of Genovese Joblove & Battista, P.A., 100 SE 2nd Street, Suite 4400, Miami, FL 33131.

The examination is pursuant to Bankruptcy Rule 2004 and Local Rule 2004-1. The scope of the examination shall be as described in Bankruptcy Rule 2004. Pursuant to Local Rule 2004-1 no order shall be necessary.

Respectfully submitted this 22nd day of August, 2012.

                                        **GENOVESE JOBLOVE & BATTISTA, P.A.**
                                        *Counsel for the Liquidating Trustee*
                                        Miami Tower
                                        100 Southeast 2nd Street, 44th Floor
                                        Miami, Florida 33131
                                        Telephone: (305) 349-2300
                                        Facsimile: (305) 349-2310

                                        By: */s/ Glenn D. Moses, Esq.*
                                             Glenn D. Moses
                                             Fla. Bar No.  174556
                                             gmoses@gjb-law.com

---

[1] The last four digits of each Debtor's tax identification number are: (i) Town Center at Doral, LLC [1866]; (ii) Landmark at Doral East, LLC [6616]; (iii) Landmark at Doral South, LLC [6676]; (iv) Landmark Club at Doral, LLC [6797]; and (v) Landmark at Doral Developers, LLC [6762].

[2] As used herein, the term Debtors refers to each of Town Center at Doral, LLC, Landmark at Doral East, LLC, Landmark at Doral South, LLC, Landmark Club at Doral, LLC and Landmark at Doral Developers, LLC.

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing and all attachments was served via Notice of Electronic Filing to all creditors and interest parties registered to receive such CM/ECF electronic notification from the Bankruptcy Court via electronic mail on August 22 2012. I further certify that a true and correct copy of the foregoing and all attachments was served on August 22, 2012 via U.S. Mail, postage pre-paid, upon Isaac Kodsi, Esq., Kodsi Law Firm, P.A., 701 Cypress Creek Rd, Suite 303, Fort Lauderdale, FL 33309, as registered agent of record for each of the Debtors, and upon Mindy Mora, Esq., Bilzin Sumberg Baena Price & Axelrod LLP, 1450 Brickell Avenue, 23rd Floor, Miami, Florida 33131.

/s/    *Glenn D. Moses, Esq.*
Glenn D. Moses
Fla. Bar No. 174556

## SCHEDULE "A"

I. **Instructions**

    A.    This document request is continuing in nature and when new knowledge or information comes to the attention of the deponent the information supplied in the answers to the document request shall be supplemented forthwith.

    B.    For each and every Request herein, you shall produce documents in your possession, custody, or control, which shall include but not be limited to, documents, objects or articles described that are in your possession or that you have the right to secure the original or a copy from another person or entity. The fact that your investigation is continuing or discovery is incomplete is not an excuse for your failure to respond to each request as fully and completely as possible. Your responses should consist of information known to you through yourself, your agents, your attorneys, your employees, or your representatives. All documents produced pursuant to this request are to be produced as they are kept in the usual course of business, and shall be organized and labeled (without permanently marking the item produced) so as to correspond with the categories of each numbered request hereof. If copies or drafts exist of a document, the production of which has been requested herein, produce and submit for inspection and copying each and every copy and draft which differs in any way from the original document or from any copy or draft.

    C.    If you at any time you had possession, custody, or control of any document requested herein, and such document has been lost, destroyed, discarded, or is not presently in your possession, these documents shall be identified as completely as possible, including:

        1.    The names of the authors of the document;
        2.    The names of the persons to whom the documents or copies were sent;
        3.    The date of the document;
        4.    The date on which the document was received by each addressee, copyee or its recipients;
        5.    A description of the nature and subject matter of the document that is as complete as possible;
        6.    The date on which the document was lost, discarded or destroyed; and
        7.    The manner in which the document was lost, discarded or destroyed.

    D.    With respect to any document that deponent withholds under claim of privilege, the deponent shall number such documents, hold them separately, and retain them intact pending a ruling by the Court on the claimed privilege. In addition, the deponent shall provide a statement, signed by an attorney representing the deponent, setting forth as to each such document:

        1.    The names of the senders or the document;
        2.    The names of the authors of the document;

    3.    The names of the persons to whom the document or copies were sent;
    4.    The job title of every person named in subparagraphs 1, 2 and 3 above;
    5.    The date of the document;
    6.    The date on which the document was received by each addressee, copyee or its recipient;
    7.    A brief description of the nature and subject matter of the document; and
    8.    The statute, rule or decision which is claimed to give rise to the privilege.

E.    If you cannot, after exercising due diligence to secure or produce the document(s) requested, you must identify which Request(s) that you do not have any responsive documents for, and answer the request for production to the fullest extent possible, specifying your inability to produce the document(s), providing the identity of the person who has possession, custody, or control of the requested document(s).

F.    All words in this request for production shall have their plain and ordinary meanings unless specifically defined herein below in Part II of this Request.

G.    Copies of documents which are identical duplicates of other documents which have already been produced for inspection and copying in this action need not be produced again, except that the duplicates must be produced if handwritten or any other type of notes or similar intelligence appear thereon or are attached thereto, including markings on slips indicating the routing of the document to individuals or organizations.

H.    The singular and plural forms shall be construed interchangeably so as to bring within the scope of this document request any information which might otherwise be construed as outside their scope.

I.    "And" and "or" shall be construed interchangeably so as to bring within the scope of this document request any information which might otherwise might be construed as outside their scope.

J.    "Any" and "all" shall be construed to bring within the scope of this request any information which might be construed to relate to the subject matter of the request.

K.    The use of the singular form of any word includes the plural and vice versa.

L.    All other names or terms herein not specifically defined or identified shall have the same meaning as is commonly understood and referred to by and among the parties.

M.    Unless otherwise stated herein, the time period encompassed by this notice shall be from **September 1, 2007** to the date of this Request.

## II. Definitions

For purposes of this Request, the following definitions shall apply:

A. "Documents" and/or "records" shall mean, without limiting the generality of this meaning, any writings, papers or tangible things in the possession, custody or control of the Deponent, including, letters, e-mails, computer files, handwritten notes, calendar pads, appointment books, note pads, notebooks, correspondence of any kind, postcards, memoranda, telegrams, telexes, annual or other reports, financial statements, books, records, ledgers, journals, minutes of all meetings, contracts, agreements, drafts of contracts or agreements, appraisals, analyses, charts, graphs, data sheets, data tapes, computer disks, computer hard drives or readable computer produced interpretations thereof, stenographic notes, tape and disk recordings, tapes, photostats, recordings, photographs, drawings, illustrations, plans and personal interviews, wherever located, whether located original or duplicate, and all compilations of the foregoing including binders, notebooks, folders and files.  All categories of documents described above shall include with respect thereto all communications, whether or not expressly stated.  If a document has been prepared in several copies, or additional copies have been made and the copies are not identical (or by reason of subsequent modifications of the copy by addition or notations, or other modifications, are no longer identical), each non-identical copy shall be deemed to be a separate document for purposes of these discovery request.

B. "Possession, custody, or control" as used herein shall have the same meaning as in Rule 34(a) of the Federal Rules of Civil Procedure.

C. "Communications" means any electronic, oral, magnetic, or written transmittal or transfer of data, facts, ideas, information, inquiries, or thought.

D. "Correspondence" means any letter, note, memorandum, report, notice, facsimile transmission, e-mail transmission, and any documents (as defined in paragraph 1 above) that were sent or received from one or more persons to one or more persons, regardless of authorship or origin, including that which was directed as a copy, blind copy, forwarded copy, or sent or received mistakenly.

E. The term "Debtors" shall mean, collectively:  (i) Town Center at Doral, LLC, (ii) Landmark at Doral East, LLC, (iii) Landmark at Doral South, LLC, (iv) Landmark Club at Doral, LLC and (v) Landmark at Doral Developers, LLC.

**III.     Documents Requested**

1. All bank statements, cancelled checks, deposit details, wire transfer details, account ledgers, and signature cards for any checking, savings, or other similar depository account of any nature, in which any of the Debtors had any interest, from September 1, 2007 to the present. Excluded from this request are the Debtor-in-Possession bank records relating to the Chapter 11 proceedings.

2. All documents, communications and correspondence which reference, mention, or pertain to any checking, savings, or other similar depository account of any nature, in which any of the Debtors had any interest from September 1, 2007 to the present, including (without limitation) any document, communication or correspondence which indicates the name and/or address of the financial institution where such account was maintained. Excluded from this request are the Debtor-in-Possession bank records relating to the Chapter 11 proceedings.

3. All documents, communications and correspondence which memorialize, reference, mention or pertain to any insurance policy in place providing directors and officers liability insurance coverage for any of the Debtors and/or the directors and officers of any of the Debtors.