UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                                    Chapter 11

TOWN CENTER AT DORAL, LLC, *et al.,*[1]          Case No. 11-35884-RAM
                                                          (Jointly Administered)
     Debtors.
_____/

**APPLICATION FOR APPROVAL OF EMPLOYMENT OF GLENN D. MOSES, ESQ.
AND THE LAW FIRM OF GENOVESE, JOBLOVE & BATTISTA, P.A., AS COUNSEL
FOR THE LIQUIDATING TRUSTEE *NUNC PRO TUNC* TO JUNE 22, 2012**

     Kenneth A. Welt, the Liquidating Trustee (the "Liquidating Trustee") for the Landmark/Doral Liquidating Trust (the "Liquidating Trust"), pursuant to 11 U.S.C § 327, Fed. R. Bankr. P. 2014 and Local Rule 2014-1, applies to this Court for approval of the employment of Glenn D. Moses, Esq. and the law firm of Genovese, Joblove & Battista, P.A. (collectively, the "Applicant") as counsel to the Liquidating Trustee, *nunc pro tunc* to June 22, 2012, the date services were first rendered, and respectfully states as follows:

     1.     On September 19, 2011 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

     2.     On June 4, 2012, (the "District Creditor Plan")[ECF No. 333] was filed with this Court.

     3.     On June 22, 2012, this Court confirmed the Second Amended and Modified Joint Plan of Reorganization by Landmark at Doral Community Development District, U.S. Bank National Association, as Indenture Trustee, and Florida Prime Holdings, LLC (the "Confirmation

---

[1] The last four digits of each Debtor's tax identification number are: (i) Town Center at Doral, LLC [1866]; (ii) Landmark at Doral East, LLC [6616]; (iii) Landmark at Doral South, LLC [6676]; (iv) Landmark Club at Doral, LLC [6797]; and (v) Landmark at Doral Developers, LLC [6762].

[10922-001/1962955/1]

Order") [ECF No. 344].

4. Pursuant to the Confirmation Order, the Liquidating Trust was created and Mr. Welt was appointed as Liquidating Trustee. By this Application, the Liquidating Trustee desires to retain the Applicant as its counsel to advise and represent the Liquidating Trustee in these bankruptcy cases, as more fully set forth herein.

5. In connection with the preparation of its final fee application, Applicant realized that, due to an oversight, its retention was not sought following the entry of the Confirmation Order. Applicant has already rendered substantial and valuable services to the Liquidating Trustee, who is prepared to close out the case and make distributions to unsecured creditors. Applicant has completed its services on behalf of the post-confirmation Liquidating Trust and is simultaneously filing its final fee application. Applicant would be severely prejudiced if this Applicant were not granted on a *nunc pro tunc* basis.

6. The Applicant has substantial experience and expertise in chapter 11 cases in Florida, and throughout the United States, and is qualified to act as counsel for the Liquidating Trustee in this case. Applicant previously represented the Official Committee of Unsecured Creditors in the chapter 11 proceedings. The Liquidating Trustee submits that Applicant is uniquely qualified to serve as counsel to the Liquidating Trustee, due to its experience and expertise in complex chapter 11 bankruptcy cases and its familiarity with the facts and circumstances of the Debtors' chapter 11 cases.

7. As set forth in the Affidavit of Glenn D. Moses, Esq. submitted herewith (the "Moses Affidavit"), Applicant does not hold or represent any interest adverse to the Debtors or their estates.

8. As further set forth in the Moses Affidavit, the Applicant is "disinterested" as such term is defined in 11 U.S.C. § 101(14) and has no connection with the Debtors, their creditors or any

other party in interest.

9. The services of Applicant are and were necessary to enable the Liquidating Trustee to execute faithfully its duties.

WHEREFORE, the Liquidating Trustee respectfully requests that the Court enter an Order in the formed attached hereto as Exhibit "B" (i) approving the employment of the Applicant as counsel for the Liquidating Trustee in this case *nunc pro tunc* to June 22, 2012, and (ii) granting such other and further relief as this Court deems just and proper.

Respectfully submitted this 5th day of June, 2013.


                    By:  /s/ Kenneth A. Welt
                          Liquidating Trustee
                          for the Landmark/Doral Liquidating Trust

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served to all parties on the attached Service List, via First-Class U.S. Mail, facsimile and/or CM./ECF, this 5th day June, 2013

                                                  /s/  Glenn D. Moses
                                                    Glenn D. Moses, Esq.

**TOWN CENTER AT DORAL, L.L.C., ET AL**
**CREDITOR MATRIX**

Michael Eckert
119 S. Monroe Street #300 (32301)
POB 6526
Tallahassee, FL 32314

Advance Insurance Underwriters
3250 North 29th Avenue
Hollywood, FL 33020

BTI Bluegate FTCF LLC
201 Alhambra Circle
Suite 601
Miami, FL 33134

**RETURNED MAIL**
Brett Amron, Esq.
Bast Amron LLP
One SE 1st Avenue
Suite 1440
Miami, FL 33131

Eric E. Pfeffer
Carla Pfeffer Revocable Trust
19333 Collins Avenue #2504
Sunny Isles Beach, FL 33160

Ring Electric
9330 NW 13th Street #16
Miami, FL 33173

**VIA ELECTRONIC MAIL**
David Martin
Terra World Investments, LLC
990 Biscayne Blvd., Ste 302
Miami, FL 33132

David Plummer & Associates
1750 Ponce De Leon Blvd.
Miami, FL 33134

U.S. Army, Corps of Engineers
Attn: Robert Kirby
Enforcement Section
9900 SW 107th Ave., #203
Miami, FL 33176

Sela & Be, LLC
1 Post Road
Apartment 304
Toronto, Ontario
Canada M3B3R4

Hilda Pico/Ocean Bank
780 NW LeJeune Rd
3rd Floor
Miami, FL 33126

Florida Dept. Of Revenue
Bankruptcy Division
Po Box 6668
Tallahassee Fl 32314-6668

Internal Revenue Service Centralized
Insolvency Operations
Po Box 7346
Philadelphia Pa 19101-7346

United States Attorney's Office
99 N.E. 4th Street
Miami, Fl 33132

Department Of Labor And Security
Hartman Building Suite 307
2012 Capital Circle Southeast
Tallahassee, Fl 32399 0648

Finance Southern Co.
8770 SW 72nd Street
#382
Miami, FL 33143

Rachel Bensimon
7913 Tennyson Court
Boca Raton, FL 33433

Betty M Shumener
550 South Hope St #2300
Los Angeles, CA 90071

Eric Valle
c/o Valle & Valle
194 Minorca Avenue
Miami, FL 33134

South Florida Water Mgmt District
Attn: John Meyer,
Supervisor, Enforcement
3301 Gun Club Road
West Palm Beach, FL 33406

Frank & Carolyn Friedman
c/o Harvey D. Friedman, Esq.
Friedman, Rodman & Frank, P.A.
3636 West Flagler St.
Miami, FL 33135

Sunshine State Cert III, LLLP and Bank United, Trustee
7900 Miami Lakes Dr. West
Hialeah, FL 33016

Office of the Attorney General
State of Florida
The Capitol, PL-01
Tallahassee, FL 32399-1050

Trans Florida Development Corp.
c/o Robert P. Frankel, Esq.
Robert P. Frankel & Assoc., PA
25 West Flagler St, Suite 900
Miami, FL 33130

HD Investments
c/o Harvey D. Friedman, Esq.
Friedman, Rodman & Frank, P.A.
3636 West Flagler Street
Miami, FL 33135

Hill York Service Corp.
c/o William C. Davell, Esq.
May, Meacham & Davell, P.A.
One Financial Plaza, Suite 2602
Fort Lauderdale, FL 33394

Joel A. Savitt, Esq.
Joel A. Savitt, P.A.
20801 Biscayne Blvd., Suite 506
Miami, FL 33180

Landmark at Doral Community
Development District
c/o David M. Freedman, Esq.
2699 S. Bayshore Dr., PH
Miami, FL 33133

Lisa Friedman-Fuller
c/o Harvey D. Friedman, Esq.
Friedman, Rodman & Frank, P.A.
3636 West Flagler Street
Miami, FL 33135

Lorne E. Berkeley, Esq.
Daniels, Kashtan, Downs, Robertson
3300 Ponce De Leon Blvd.
Miami, FL 33134

Mark Finkelshtein
16047 Colins Avenue
Apt # 602
North Miami Beach, FL 33160

MFEB I, LLC
16047 Collins Avenue
Apt. 602
North Miami Beach, FL 33160

Miami-Dade Dept of Environmental
Resources Mgmt, Regulation Division
Attn:  Ms. JoAnne Clingerman
701 NW 1st Ct, Suite 400
Miami, FL 33136

Elya Yagudaev
Alan R. Poppe, Esq.
Foley & Lardner, LLP
100 SE 2nd Street, Suite 1600
Miami, FL 33131
**Returned Mail**

Mod Space
Bank of America Lockbox Services
12603 Collection Center Dr.
Chicago, IL 60693

National Millwork
1177 West Blue Heron Blvd.
West Palm Beach, FL 33404

Dual Temp Mechanical
13741 SW 139th Cr - 102
Miami, FL 33186
**Returned Mail**

**Via CM/ECF**
Scott Alan Orth, Esq.
Law Offices of Scott Alan Orth
3880 Sheridan Street
Hollywood, FL 33021-3634
scott@orthlawoffice.com

**Via CM/ECF**
Jere L. Earlywine, Esq.
119 S. Monroe St. #300
Tallahassee, FL 32301
jearlywine@hgslaw.com

**Via Email to samster@kodsilawfirm.com**
Town Center at Doral, L.L.C., et al
Kodsi Law Firm, P.A.
701 W. Cypress Creek Road
Suite 303
Fort Lauderdale, FL 33309

Copper Group I LLC
752 Pacific Street
Suite 180
Brooklyn, NY 11238
**Returned Mail**

**Via Email to samster@kodsilawfirm.com**
Estate of Elie Berdugo
c/o Kodsi Law Firm, P.A.
701 W. Cypress Creek Road
Suite 303
Fort Lauderdale, FL 33309

**Via Email to samster@kodsilawfirm.com**
Guila Berdugo
c/o Kodsi Law Firm, P.A.
701 W. Cypress Creek Road
Suite 303
Fort Lauderdale, FL 33309

**Via Email to samster@kodsilawfirm.com**
Doral Building Group II, LLC
c/o Kodsi Law Firm P.A.
701 W. Cypress Creek Road
Suite 303
Fort Lauderdale, FL 33309

**Via Email to samster@kodsilawfirm.com**
Doral Building Group, LLC
c/o Kodsi Law Firm, P.A.
701 W. Cypress Creek Road
Suite 303
Fort Lauderdale, FL 33309

**Via CM/ECF**
AMT CADC Venture, LLC
c/o C. Craig Eller, Esq.
Broad and Cassel
One North Clematis St, #500
West Palm Beach, FL 33401

Garmon Construction Corp.
7315 NW 36th Street
Miami, FL 33166
**Returned Mail**

Y & T Plumbing Corp.
13985 SW 140th Street
Miami, FL 33186
**Returned Mail**

Frank Alter
3902 NE 207th Street
Suite 1401
Miami, FL 33180
**Returned Mail**

**Via CM/ECF**
Glenn D. Moses, Esq.
Genovese Joblove & Battista, P.A.
100 S.e. 2nd Street, 44th Floor
Miami, FL 33131
gmoses@gjb-law.com

**Via CM/ECF**
John B. Hutton III, Esq.
Greenberg Traurig
333 Ave. of the Americas #4400
Miami, FL 33131
jhutton@gtlaw.com

**Via CM/ECF**
Phillip M. Hudson III, Esq.
200 S. Bicayne Blvd., Suite 3600
Miami, Fl 33131
pmhudson@arnstein.com

**Via CM/ECF**
Jordi Guso, Esq.
Berger Singerman, P.A.
200 S. Biscayne Blvd., #1000
Miami, FL 33131
jguso@bergersingerman.com

**Via CM/ECF**
Patricia A. Redmond, Esq.
Stearns Weaver Miller Weissler
150 West Flagler St., Suite 2200
Miami, FL 33130
predmond@stearnsweaver.com

**Via CM/ECF**
Office Of The Us Trustee
51 SW 1st Ave Ste 1204
Miami Fl  33130-1614
USTPRegion21.MM.ECF@usdoj.gov

**Via CM/ECF**
Melinda S Thornton, Esq.
Miami Dade Tax Collector
P. O. Box 13701
Miami, FL 33101
cao.bkc@miamidade.gov

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| TOWN CENTER AT DORAL, L.L.C., *et al.*,[1] | Case No. 11-35884-RAM (Jointly Administered) |
| Debtors._____/ | |

### AFFIDAVIT OF GLENN D. MOSES, ESQ., ON BEHALF OF GENOVESE JOBLOVE & BATTISTA, P.A., AS PROPOSED COUNSEL FOR THE LIQUIDATING TRUSTEE

STATE OF FLORIDA            )
                            ) ss:
COUNTY OF MIAMI-DADE        )

GLENN D. MOSES, being duly sworn, deposes and say:

1. I am an attorney and shareholder in the law firm of Genovese Joblove & Battista, P.A. ("GJB"). GJB maintains offices for the practice of law at 100 Southeast Second Street, Suite 4400, Miami, Florida 33131 and at 200 East Broward Boulevard, Suite 1110, Fort Lauderdale, Florida 33301.

2. I am familiar with the matters set forth herein and submit this Affidavit in support of the Application of the Kenneth A. Welt, the Liquidating Trustee (the "Liquidating Trustee") for the Landmark/Doral Liquidating to employ GJB as counsel.

3. In support of the Application, I disclose the following:

   a. Unless otherwise stated, this Affidavit is based upon facts of which I have personal knowledge.

---

[1] The last four digits of each Debtor's tax identification number are: (i) Town Center at Doral, LLC [1866]; (ii) Landmark at Doral East, LLC [6616]; (iii) Landmark at Doral South, LLC [6676]; (iv) Landmark Club at Doral,

[10922-001/1962956/1]            1

b.      In preparing this Affidavit, I have reviewed the list of all creditors and equity security holders of the Debtors that have been made available to date.  GJB maintains a computerized conflicts check system.  GJB has compared the information obtained thereby with the information contained in its client and adverse party conflict check system.  The facts stated in this Affidavit as to the relationship between GJB and the Debtors, the Debtors' creditors, the United States Trustee, other persons employed by the Office of the United States Trustee, and those persons and entities who are defined as disinterested persons in Section 101(14) of the Bankruptcy Code, are based on the results of my review of GJB's conflict check system.  Based upon such search, GJB does not represent any entity in any matter involving or adverse to the Debtors or which would constitute a conflict of interest or impair the disinterestedness of GJB in respect of its representation of the Liquidating Trustee herein.

4.      GJB's client and adverse party conflicts check system is comprised of records regularly maintained in the course of business by GJB, and it is the regular practice of GJB to make and maintain these records.  The system reflects entries that are noted at the time the information becomes known by persons whose regular duties include recording and maintaining this information.  I am one of the persons responsible for the supervision of the department of GJB which keeps this system up to date, and I regularly use and rely upon the information contained in the system in the performance of my duties with GJB and in my practice of law.

5.      A search of GJB's conflicts check system and the responses from attorneys at GJB revealed that GJB neither holds nor represents any interest adverse to the Debtors and is a "disinterested person" within the scope and meaning of Section 101(14) of the Bankruptcy Code.

---

LLC [6797]; and (v) Landmark at Doral Developers, LLC [6762].

6.GJB represented the Official Committee of Unsecured Creditors during the Debtors' chapter 11 cases. Such representation concluded upon the confirmation of the District Creditor Plan, and such representation is not a conflict with representing the interests of the Liquidating Trustee and the Liquidating Trust.

7.Neither I nor GJB has or will represent any other entity in connection with these cases, and neither I nor GJB will accept any fee from any other party or parties in these cases, unless otherwise authorized by the Court.

8.Except for our previous representation of the Committee, which representation has concluded, neither I nor GJB has or will represent any other party or entity in connection with these cases, and neither I nor GJB will accept any fee from any other party or parties in these cases, unless otherwise authorized by the Court.

9.The professional fees and costs to be incurred by GJB in the course of its representation of the Liquidating Trustee in this case shall be subject in all respects to the application and notice requirement of 11 U.S.C. §§ 330 and 331 and Fed. R. Bank. P. 2014 and 2016.

10.The hourly rates for the attorneys at GJB range from $200 to $600 per hour. The hourly rates for the legal assistants at GJB range from $125 to $180. GJB reserves the right to increase its hourly rates in accordance with its normal and customary business practices.

11.There is no agreement of any nature as to the sharing of any compensation to be paid to GJB, except between the attorneys of GJB. No promises have been received by GJB, nor any member or associate thereof, as to compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code.

12. No attorney at GJB holds a direct or indirect equity interest in the Debtors, including stock or stock warrants, or has a right to acquire such an interest.

13. No attorney at GJB is or has served as an officer, director or employee of the Debtors within two years before the Petition Date.

14. No attorney at GJB is in control of the Debtors or is a relative of a director, officer or person in control of the Debtors.

15. No attorney at GJB is a general or limited partner of a partnership in which the Debtors is also a general or limited partner.

16. No attorney at GJB is or has served as an officer, director or employee of a financial advisor that has been engaged by the Debtors in connection with the offer, sale or issuance of a security of the Debtors, within two years before the Petition Date.

17. No attorney at GJB has represented a financial advisor of the Debtors in connection with the offer, sale or issuance of a security of the Debtors within three years before the Petition Date.

18. No attorney at GJB has any other interest, direct or indirect, that may be affected by the proposed representation.

19. Except as set forth herein, no attorney at GJB has had or presently has any connection with the above-captioned Debtors or the estates on any matters in which GJB is to be engaged, except that I, GJB and our attorneys: (i) may have appeared in the past and may appear in the future in other cases in which one or more of said parties may be involved; and (ii) may represent or may have represented certain of the Debtors' creditors in matters unrelated to these cases.

FURTHER, AFFIANT SAYETH NAUGHT.

_____
Glenn D. Moses, Esq.

SWORN TO AND SUBSCRIBED before me this 5 day of June, 2013.

_____
NOTARY PUBLIC,
STATE OF FLORIDA AT LARGE

Print Name:_____
Commission No._____
Commission Expires:_____

MARIA ELENA CASTELLANOS
Commission # EE 107739
Expires June 28, 2015
Bonded Thru Troy Fain Insurance 800-385-7019

[10922-001/1962956/1]    5

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                                                Chapter 11

TOWN CENTER AT DORAL, L.L.C., *et al.*,[1]          Case No. 11-35884-RAM
                                                                      (Jointly Administered)

    Debtors.
_____/

**ORDER GRANTING APPLICATION FOR APPROVAL OF EMPLOYMENT OF GLENN D. MOSES, ESQ. AND THE LAW FIRM OF GENOVESE, JOBLOVE & BATTISTA, P.A., AS COUNSEL FOR THE LIQUIDATING TRUSTEE N*UNC PRO TUNC* TO JUNE 22, 2012**

THIS CAUSE came before the Court on June ___, 2013 at __:___ p.m. upon the application (ECF No. ____)(the "Application") of Kenneth A. Welt, the Liquidating Trustee (the "Liquidating Trustee") for the Landmark/Doral Liquidating Trust, for the entry of an Order, pursuant to 11 U.S.C. § 327(a), authorizing the Liquidating Trustee to employ and retain Glenn D. Moses, Esq. and the law firm of Genovese Joblove & Battista, P.A. ("GJB") as its counsel,

---

[1] The last four digits of each Debtor's tax identification number are: (i) Town Center at Doral, LLC [1866]; (ii) Landmark at Doral East, LLC [6616]; (iii) Landmark at Doral South, LLC [6676]; (iv) Landmark Club at Doral, LLC [6797]; and (v) Landmark at Doral Developers, LLC [6762].

**EXHIBIT "B"**

and upon the Affidavit of Glenn D. Moses (the "Moses Affidavit"), a shareholder in GJB; and it appearing to the Court that the representations made in the Application and the Moses Affidavit that said attorneys represent no interest adverse to the Debtors' estates, that they are disinterested persons as that term is defined under Section 101(14) of the Bankruptcy Code, that GJB's employment is necessary and would be in the best interests of the Debtors' estates, that all connections to the Debtors' estates have been sufficiently disclosed, that proper and adequate notice has been given and that no other or further notice is necessary; and upon the record herein and after due deliberation thereon, the relief should be granted as set forth below. Accordingly, it is

ORDERED as follows:

1. The Application is GRANTED;

2. Pursuant to Section 327(a) of the Bankruptcy Code, the Liquidating Trustee is authorized to employ and retain Glenn D. Moses, Esq. and the law firm of Genovese Joblove & Battista, P.A. as its counsel *nunc pro tunc* to June 22, 2012, when services where first rendered, to perform the services set forth in the Application.

3. Genovese Joblove & Battista, P.A. shall be compensated in accordance with the procedures set forth in Sections 330 and 331 of the Bankruptcy Code and applicable Bankruptcy Rules and Local Rules, and such procedures as may be fixed by order of this Court.

###

**Submitted by:**
Glenn D. Moses, Esq.
Genovese Joblove & Battista, P.A.
Attorneys for Kenneth A. Welt, Liquidating Trustee
100 Southeast Second Street, 44th Floor
Miami, Florida 33131
Telephone: (305) 349-2300
Facsimile : (305) 349-2310
**Copy to**:
Glenn D. Moses, Esq.
[Attorney Moses shall forward a conformed copy of this Order to all interested parties.]

[10922-001/1962957/1]                 3