**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**
www.flsb.uscourts.gov

In re:                                                                    Chapter 11

TOWN CENTER AT DORAL, L.L.C., *et al.,*[1]        Case No. 11-35884-RAM
                                                                          (Jointly Administered)

       Debtors.
_____/

**SUMMARY OF FIRST AND FINAL POST CONFIRMATION FEE APPLICATION
FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT
OF EXPENSES FOR KENNETH A. WELT, LIQUIDATING TRUSTEE**

| | | |
|---|---|---|
| 1. | Name of Applicant: | *Kenneth A. Welt, Liquidating Trustee* |
| 2. | Role of Applicant: | *Liquidating Trustee for the Landmark/Doral Liquidating Trust* |
| 3. | Name of Certifying Professional: | *Kenneth A. Welt* |
| 4. | Date case filed: | *September 19, 2011* |
| 5. | Date of application for employment: | *N/A* |
| 6. | Date of order approving appointment: | *June 22, 2012*[2] |
| 7. | If debtor's counsel, date of Disclosure of Compensation form: | *N/A* |
| 8. | Date of this application: | *June 13, 2013* |
| 9. | Dates of services covered: | June 22, 2012 through June 10, 2013 |
| **Fees...** | | |
| 10. | Total fee requested for this period (from Exhibit 1): | $22,030.99 |
| 11. | Balance remaining in fee retainer account, not yet awarded: | $0.00 |
| 12. | Fees paid or advanced for this period, by other sources: | $0.00 |

---

[1] The last four digits of each Debtor's tax identification number are: (i) Town Center at Doral, LLC [1866]; (ii) Landmark at Doral East, LLC [6616]; (iii) Landmark at Doral South, LLC [6676]; (iv) Landmark Club at Doral, LLC [6797]; and (v) Landmark at Doral Developers, LLC [6762].

[2] On June 22, 2012, the Court entered its Order Confirming Second Amended and Modified Joint Plan of Reorganization [ECF No. 344] (the "Confirmation Order") and Kenneth A. Welt was appointed as the Liquidating Trustee (the "Liquidating Trustee") for the Landmark/Doral Liquidating Trust.

| 13. | **Net amount of fee requested for this period**: | **$22,030.99** |
|---|---|---|
| | **Expenses...** | |
| 14. | Total expense reimbursement requested for this period: | $118.42 |
| 15. | Balance remaining in expense retainer account, not yet received: | $0.00 |
| 16. | Expenses paid or advanced for this period, by other sources: | $0.00 |
| 17. | **Net amount of expense reimbursements requested for this period** | **$118.42** |
| 18. | Gross award requested for this period (#10 + #14) | $22,149.41 |
| 19. | **Net award requested for this period** (#13 + #17) | **$22,149.41**[1] |

---

[1] The Liquidating Trustee agreed to be compensated on an hourly basis. If his compensation where based on Section 326 of the Bankruptcy Code, the Liquidating Trustee could have sought up to $75,750.00 based on disbursements.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:                                                          Chapter 11

TOWN CENTER AT DORAL, L.L.C., *et al.*,[1]            Case No. 11-35884-RAM
                                                                          (Jointly Administered)

       Debtors.
_____/

## FIRST AND FINAL POST CONFIRMATION FEE APPLICATION FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR KENNETH A. WELT, LIQUIDATING TRUSTEE

      Kenneth A. Welt as the Liquidating Trustee (the "Liquidating Trustee" or "Applicant") for the Landmark/Doral Liquidating Trust of the jointly administered Debtors, Town Center at Doral, LLC, Landmark at Doral East, LLC, Landmark at Doral South, LLC, Landmark Club at Doral, LLC, and Landmark at Doral Developers, LLC (collectively, the "Debtors"), and pursuant to the Confirmation Order (ECF No. 344), hereby applies for his first and final post confirmation fee application for allowance and payment of compensation for professional services rendered and reimbursement of expenses pursuant to 11 U.S.C. § 330 and Rule 2016, Federal Rule of Bankruptcy Procedure, and the requirements set forth in the Guidelines incorporated in Local Rule 2016-1(B).  The exhibits attached to this Application, pursuant to the Guidelines, are:

      Exhibits "*1" The Applicant's complete time records, in chronological order, by activity code, category, for the time period covered by this Application.  The requested fees are itemized to the tenth of an hour.*

      Exhibit "2" - *Summary of Requested Reimbursements of Expenses.*

---

[1] The last four digits of each Debtor's tax identification number are: (i) Town Center at Doral, LLC [1866]; (ii) Landmark at Doral East, LLC [6616]; (iii) Landmark at Doral South, LLC [6676]; (iv) Landmark Club at Doral, LLC [6797]; and (v) Landmark at Doral Developers, LLC [6762].

The Applicant believes that the requested fees in the amount of $22,030.99 for 125.90 hours worked are reasonable considering the twelve factors enumerated in *Johnson v. Georgia Highway Express, Inc*., 488 F.2d 714 (5th Circuit 1974), made applicable to bankruptcy proceedings by *In re First Colonial Corp. of America*, 554 F.2d 1291 (5th Circuit 1977).

## I.    BACKGROUND, RETENTION OF APPLICANT, DISCLOSURE OF COMPENSATION AND REQUESTED AWARD

On September 19, 2011, the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.  On June 4, 2012, the Second Amended and Modified Joint Plan of Reorganization filed by Landmark at Doral Community Development District, U.S. Bank National Association, as Indenture Trustee, and Florida Prime Holdings, LLC (the "District Creditor Plan"). [ECF No. 333] was filed with this Court. The District Creditor Plan was confirmed on June 22, 2012, pursuant to this Court's Order Confirming Second Amended and Modified Joint Plan of Reorganization [ECF No. 344].

Pursuant to the District Creditor Plan and the Confirmation Order, the Liquidating Trust was formed, the selection and appointment of the Kenneth A. Welt as Liquidating Trustee was approved, and title to all Estate Property was vested in the Liquidating Trust as of the Effective Date.

The Liquidating Trustee submits this Application for a first and final post confirmation fee application for allowance and payment of compensation for professional services rendered and reimbursement of expenses from June 22, 2012 through June 10, 2013 (the "Application Period").  The Liquidating Trustee seeks a final award of $22,030.99 in fees, plus reimbursement of expenses in the amount of $118.42, for a total final award of $22,149.41.[1]

---

[1] The Liquidating Trustee agreed to be compensated on an hourly basis.  If his compensation where based on Section 326 of the Bankruptcy Code, the Liquidating Trustee could have sought up to $75,750.00 based on disbursements.

II.    **DESCRIPTION AND SUMMARY OF SERVICES PERFORMED**

During the Application Period, Liquidating Trustee performed a variety of legal services necessary to the administration of the Liquidating Trust.  The specific services are set forth in detail in the billing statements attached hereto as Exhibit 1.  In summary, the services performed by Liquidating Trustee during the Application Period included, but were not limited to: (i) meetings and communications with counsel concerning the case, claims and various causes of action; (ii) discussions concerning claims against third parties based upon actions that occurred during the chapter 11 proceedings, (iii) attend the post-confirmation status conference and report on case status, (iv) review pleadings and documents concerning the case and administration, (v) analysis, review and reconciliation of claims, including with respect to claim objections and communications regarding same, (vi) preparation of claims register for trust and distribution analysis, (vii) preparation of checks and final distribution, and (viii) attending to numerous other issues regarding the Liquidating Trust on various aspects of the post-confirmation estate.

There are various additional tasks performed by Liquidating Trustee that have not been set forth in detail in this narrative but that are set forth in the time entries attached hereto.

III.    **EVALUATION OF SERVICES RENDERED:**
        **FIRST COLONIAL CONSIDERATIONS**

This Application presents the nature and extent of the professional services rendered by the Applicant in connection with its representation of the Estate.  The recitals set forth in the daily diaries attached hereto constitute only a summary of the time spent.  A mere reading of the time summary annexed hereto cannot completely reflect the full range of services the Applicant

rendered and the complexity of the issues and the pressures of time and performance which have been placed on the Applicant in connection with these cases.

American Benefit Life Ins. Co. v. Baddock (In re First Colonial Corp.), 544 F.2d 1291 (5th Cir.), cert. denied, 431 U.S. 904 (1977), enumerates twelve factors a bankruptcy court should evaluate in awarding fees. First Colonial remains applicable in the Eleventh Circuit to the determination of reasonableness of fees to be awarded under the Bankruptcy Code. Grant v. George Schuman Tire & Battery Company, 908 F.2d 874 (11th Cir. 1990); 2 Collier on Bankruptcy ¶ 330.05[2][a] at 330-33 through 330-37 (L. King 15th ed. 1991); See also Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981). The twelve factors are:

1.  The time and labor required;
2.  The novelty and difficulty of the questions presented;
3.  The skill required to perform the legal services properly;
4.  The preclusion from other employment by the attorney due to acceptance of the case;
5.  The customary fee for similar work in the community;
6.  Whether the fee is fixed or contingent;
7.  The time limitations imposed by the client or circumstances;
8.  The amount involved and results obtained;
9.  The experience, reputation and ability of the attorneys;
10. The undesirability of the case;
11. The nature and length of the professional relationship with the client; and
12. Awards in similar cases.

First Colonial, 544 F.2d at 1298-99.

Based on the standards set forth in section 330 of the Bankruptcy Code and First Colonial, the Applicant believes that the fair and reasonable value of its services rendered during the period covered by this Application is in the total amount of $22,030.99.

A.  Time, Nature and Extent of Services Rendered, Results Obtained and Related First Colonial Factors.

The foregoing summary, together with the exhibits attached hereto, details the time, nature and extent of the professional services the Applicant rendered for the benefit of the

Liquidating Trustee during the period covered by this Application. The total number of hours expended (125.90) reveals the extensive time devoted to these matters by the Applicant. The average hourly rate for the Applicant during the period covered by this Application was $174.99.

Applicant has dealt with various issues which have arisen in these cases during the period covered by this Application. Consistently, Applicant obtained beneficial results which have preserved and obtained value for the estates.

B.    Novelty and Difficulty of Questions Presented.

These cases present certain novel and difficult issues that exceed a typical bankruptcy proceeding.

C.    Skill Requisite to Perform Services Properly.

In rendering services to the Liquidating Trust, Applicant demonstrated substantial skill and expertise in the areas of bankruptcy and administration of liquidating trust cases.

D.    Preclusion from Other Employment by Attorney Due to Acceptance of Case.

The Applicant's appointment as Liquidating Trustee in this case did not preclude it from accepting other employment or cases.

E.    Customary Fee.

The hourly rates of the Applicant set forth in the attached exhibits reflect the hourly rates the Applicant bills in other similar cases.

F.    Whether Fee is Fixed or Contingent.

The Applicant's compensation in this matter is subject to approval of the Court and therefore contingent. The Court should consider this factor, which militates in favor of a fee in the amount requested. The amount requested is consistent with the fee which the Applicant would charge its clients in other non-contingent, bankruptcy cases.

G.    Time Limitations Imposed by Client or Other Circumstances.

This case imposed time limitations upon the Liquidating Trustee as is typical of other cases of this type.

H.    Experience, Reputation and Ability of Attorneys.

The reputation of Kenneth A. Welt as a fiduciary and trustee, and experience of matters of this kind, are well known to this Court.

I.    "Undesirability" of Case.

This case was not undesirable.  The Applicant is privileged to have the opportunity to oversee the Liquidating Trust and appear before the Court in this proceeding.

J.    Awards in Similar Cases.

The amount requested by the Applicant is reasonable in terms of awards in cases of similar magnitude and complexity.  The compensation which the Applicant requests comports with the mandate of the Bankruptcy Code, which directs that services be evaluated in light of comparable services performed in non-bankruptcy cases in the community.  The fees requested by the Applicant reflect a joint average hourly rate of approximately $174.99. Considering the results obtained thus far, and the complexity of the issues addressed during the periods covered by this Application, this rate is entirely appropriate.

IV.    **CONCLUSION**

For the foregoing reasons, the Liquidating Trustee requests a final award equal to $22,030.99, in fees and $118.42 in expenses.

WHEREFORE, the Liquidating Trustee respectfully requests the Court to enter an Order (A) awarding the Applicant a final award equal to $22,149.41, representing $22,030.99 in fees and $118.42 in expenses during the Application Period and (B) granting such other and further relief as the Court deems appropriate.

Dated:  June 13, 2013

KENNETH A. WELT, LIQUIDATING TRUSTEE

By: /s/ Kenneth A. Welt
      Kenneth A. Welt, Liquidating Trustee


## CERTIFICATE OF SERVICE

I HEREBY certify that a true and correct copy of the foregoing was sent via electronic mail and/or first-class, U.S. Mail this 13th day of June, 2013 to all parties on the attached service list.

/s/    Glenn D. Moses
      Glenn D. Moses

## <u>CERTIFICATION</u>

1.      I have been designated as the professional with responsibility in this case for compliance with the current Mandatory Guidelines on Fees and Disbursements For Professionals In The Southern District of Florida Bankruptcy Cases (the "Guidelines").

2.      I have read the Applicant's application for compensation and reimbursement of costs (the "Application").

3.      To the best of my knowledge, information, and belief formed after reasonable inquiry, the Application complies with the Guidelines.

4.      To the best of my knowledge, information, and belief formed after reasonable inquiry, the fees and disbursements sought fall within the Guidelines, except as specifically noted in this Certificate and described in the Application.

5.      Except to the extent that fees or disbursements are prohibited or restricted by the Guidelines, the fees and disbursements sought are billed at rates and in accordance with practices customarily employed by the Applicant and generally accepted by the Applicant's clients.

6.      In providing a reimbursable service or disbursement (other than time charged for paraprofessionals and professionals), the Applicant does not make a profit on that service or disbursement (except to the extent that any such profit is included within the permitted allowable amounts set forth in the Guidelines for photocopies and facsimile transmission).

7.      In charging for a particular service or disbursement, the Applicant does not include in the amount for which reimbursement is sought the amortization of the cost of any investment, equipment or capital outlay (except to the extent that any such amortization is included within the permitted allowable amounts set forth herein for photocopies and facsimile transmission).

8.      In seeking reimbursement for a service which the Applicant justifiably purchased or contracted for from a third party, the Applicant is requesting reimbursement only for the amount billed to the Applicant by the third-party vendor and paid by the Applicant to such vendor.

9.      The debtor, the chairperson of each official committee (if any), the U.S. Trustee, the Appointed Examiner, and their respective counsels, will be mailed, simultaneously with the filing of the Application with the Court, a complete copy of the Application (including all relevant exhibits).

10.     The following are the variances with the provisions of the Guidelines, the date of the specific Court approval of such departure, and the justification for the departure:  None.

Dated: June 13, 2013

Kenneth A. Welt, Liquidating Trustee
for the Landmark/Doral Liquidating Trust

By:      /s/ Kenneth A. Welt, Liquidating Trustee
                Kenneth A. Welt, Liquidating Trustee

## Service List

***Debtors***
701 W. Cypress Creek Road, Suite 303
Fort Lauderdale, Florida, 33309
Attn: Isaac Kodsi

***Counsel for Debtors***
Bilzin Sumberg Baena Price & Axelrod LLP
1450 Brickell Avenue, Suite 2300
Miami, FL 33131
Attn: Mindy A. Mora

***U.S. Trustee***
Steven D. Schneiderman, Esq.
Office of the US Trustee
51 SW 1 Ave #1204
Miami, FL 33130

***Counsel to AmT CADC Venture, LLC***
Broad and Cassel
One North Clematis Street, Suite 500
West Palm Beach, FL
33401, Attn: C. Craig Eller

***Counsel to Landmark at Doral Community Development District***
Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A.
Museum Tower, Suite 2300
150 West Flagler Street
Miami, FL 33130
Attn: Patricia Redmond

***Counsel to Florida Prime Holdings, LLC***
Arnstein & Lehr LLP
200 South Biscayne Boulevard, Suite 3600
Miami, FL 33131
Attn: Phillip M. Hudson III

***Counsel to U.S. Bank, N.A. as Indenture Trustee***
Greenberg Traurig, P.A.
333 Avenue of the Americas
(S.E. 2d Avenue), Suite 4400
Miami, FL 33131
Attn: John B. Hutton

***Kenneth A. Welt, Liquidating Trustee***
Kenneth A. Welt, Trustee
1844 N Nob Hill Road - #615
Plantation, FL  33322

**<u>EXHIBIT "1" – The Applicants Complete time records</u>**



**Business Support Services**

1776 N Pine Island Road
Suite 102
Plantation, FL 33322

# Invoice

| Date | Invoice # |
|------|-----------|
| 6/12/2013 | 1753 |

| Terms |
|-------|
|  |

| Bill To |
|---------|
| Town Center at Doral |

| Quantity | Description | Rate | Amount |
|---------|-------------|------|--------|
| 24.6 | Kenneth A. Welt, Liquidating Trustee | 325.00 | 7,995.00 |
| 70.5 | Lillian Tarafa - Consultant | 174.99986 | 12,337.49 |
| 30.5 | Ana Valdes - Administrative | 55.00 | 1,677.50 |
| 0.3 | Marta Ortiz - Administrative | 70.00 | 21.00 |
|  | UPS Overnight Service | 118.42 | 118.42 |

| | |
|---|---|
| Subtotal | $22,149.41 |
| Sales Tax (6.0%) | $0.00 |
| Payments/Credits | $0.00 |
| **Total** | $22,149.41 |
| **Balance Due** | $22,149.41 |

# Trustee Services, Inc.
1776 N. Pine Island Road, Suite 102
Plantation, FL 33322
www.trusteeservices.biz

## Time Summaries for Period June 22, 2012 through June 10, 2013

Town Center/Landmark at Doral                                         June 12, 2013

**Fees:**                                                                    Hours

| Date | Init | Description | Hours | Amount |
|------|------|-------------|-------|--------|
| 06/12/2012 | KAW | Correspondence with Glenn Moses regarding confirmation | 0.2 | $65.00 |
| 06/25/2012 | LT | Review Order appointing Trustee(0.4) Fill out application for EIN with IRS(0.4) Various TC and emails with bank regarding new accounts and filled out applications(0.4) Sent email requesting bond(0.1) Telephone conference and various emails with M. Mark, G. Moses and K. Welt regarding tax and financial issues related to liquidating trust(1.0) | 2.3 | $402.49 |
| 06/25/2012 | KAW | Meet with Lilly to review Order of appointment and discuss how many accounts to open and bond to request (1.0) Telephone conference and various emails with M. Mark, G. Moses and Lilly regarding tax and financial issues related to liquidating trust(1.0) | 2.0 | $650.00 |
| 06/28/2012 | AV | File | 0.2 | $11.00 |
| 07/02/2012 | LT | Fill out and review bank account application for K. Welt to sign and return oriinal to the bank(0.5) | 0.5 | $87.50 |
| 07/02/2012 | KAW | Review and sign bank acocunt applications(0.5) Communication with G. Moses regarding carveout and other issues(0.1) | 0.6 | $195.00 |
| 07/05/2012 | KAW | Correspondence with G. Moses regarding carveout and liquidating trust. | 0.2 | $65.00 |
| 07/06/2012 | LT | TC with G. Moses and K. Welt regarding claims review (0.3)Set up case in Trust Works(0.5) Review invoice and issue check(0.2) | 1.0 | $175.00 |
| 07/06/2012 | KAW | | 1.0 | $325.00 |

|  |  | Conf call and emails with Glenn Moses and L. Tarafa regarding claims review and Kodsi Claims(0.7) Meet with Lilly to review invoice and sign check(0.3) |  |  |
|---|---|---|---|---|
| 07/16/2012 | KAW | Correspondence with attorney regarding trust agreement | 0.1 | $32.50 |
| 07/18/2012 | KAW | Communication with attorney | 0.1 | $32.50 |
| 07/19/2012 | LT | Review receipts and disbursements for second quarter and prepare Affidavit and check for UST Fee for second quarter | 1.0 | $175.00 |
| 07/19/2012 | KAW | Review receipts and disbursements for second quarter of 2012 and sign affidavit and check for UST Fees. | 1.0 | $325.00 |
| 08/08/2012 | KAW | Communication with Glenn Moses and Lilly(0.2) Review and sign various checks(0.3) | 0.5 | $162.50 |
| 08/08/2012 | LT | Various emails and TC with attorney G. Moses(0.2) Issue checks for UST fees due for liquidating trustee to sign(0.3) | 0.5 | $87.50 |
| 08/10/2012 | KAW | Communication with G. Moses regsrding claims and status conf | 0.2 | $65.00 |
| 08/15/2012 | KAW | Communication with attorney | 0.2 | $65.00 |
| 08/16/2012 | LT | Meet with Liquidating Trustee and A. Valdes to discuss claims importing(0.8) Various emails with G. Moses (0.2) | 1.0 | $175.00 |
| 08/16/2012 | AV | Meet with Ken and Lilly to discuss the requirements for the Claims Register Report Review Pacer for scheduled claims that need importing to our database t/c and email to BMS to request the scheduled claims be imported from PACER to our Database. | 0.8 | $44.00 |
| 08/16/2012 | KAW | Attend Hearing(1.5) Meet with G. Moses to discuss case issues, claims, objections and admin of liquidating trust(1.0) Meeting with Ana and Lilly to discuss case and claims(0.8) | 3.3 | $1,072.50 |
| 08/20/2012 | LT | Various emails with G. Moses regarding claims. | 0.2 | $35.00 |
| 08/22/2012 | KAW | Communication with attorney regarding discovery | 0.1 | $32.50 |
| 08/31/2012 | KAW | Communication with attorney regarding Kodsi | 0.3 | $97.50 |
| 09/10/2012 | KAW | Telephone call with G. Moses regarding discovery. | 0.2 | $65.00 |

| 09/11/2012 | LT | Review claims for the various related cases and enter in claim spreadsheet | 1.0 | $175.00 |
|---|---|---|---|---|
| 09/13/2012 | LT | Work on claim spreadsheet | 1.0 | $175.00 |
| 09/17/2012 | LT | Meet with K. Welt to discuss various claims and work on claims spreadsheet | 1.6 | $280.00 |
| 09/17/2012 | KAW | Meet with Lilly to discuss claims | 1.2 | $390.00 |
| 09/25/2012 | LT | Work on claims spreadsheet | 1.0 | $175.00 |
| 09/28/2012 | LT | Review claims and continue updating spreadsheet | 1.0 | $175.00 |
| 10/01/2012 | LT | Review claims and objections by attorney | 0.5 | $87.50 |
| 10/02/2012 | LT | Review claims and continue updating spreadsheet | 0.5 | $87.50 |
| 10/09/2012 | AV | Print out order and review Download the claims register for Towncenter debtor into Excel and begin to format. | 1.0 | $55.00 |
| 10/09/2012 | LT | TC and email with attorney G. Moses(0.2) Review documents(0.4) | 0.6 | $105.00 |
| 10/09/2012 | KAW | Communication with Glenn Moses regarding case | 0.2 | $65.00 |
| 10/11/2012 | AV | Work on Claims register. | 1.5 | $82.50 |
| 10/12/2012 | AV | Open four cases in our Database - Trust Works Call to BMS to request schedules import. Review schedules in PACER for the four additional cases Scan scedules and email to BMS for import. Meet with Lilly to discuss project details. Format excel spreadsheet for the main case | 3.5 | $192.50 |
| 10/12/2012 | KAW | Communication with G. Moses regarding motion to compel. | 0.2 | $65.00 |
| 10/12/2012 | LT | Review claims | 0.8 | $140.00 |
| 10/12/2012 | KAW | Communication with attorney | 0.1 | $32.50 |
| 10/15/2012 | LT | Review claim and objections | 0.8 | $140.00 |
| 10/15/2012 | AV | Emails and t/c to BMS regarding the claims import to database. | 0.4 | $22.00 |
| 10/16/2012 | LT | Reivew claims | 0.7 | $122.50 |
| 10/16/2012 | AV | Review imported claims for all debtors. Import claims register for all debtors into Excel. Consolidate all claims into one Excel worksheet and format. | 3.0 | $165.00 |

| Date | | Description | | |
|------|------|------|------|------|
| 10/17/2012 | AV | Review the claims register, format, edit and make notes | 2.0 | $110.00 |
| 10/18/2012 | LT | Meet with A. Valdes to discuss claims(0.5) | 0.5 | $87.50 |
| 10/18/2012 | AV | Analyze claims and schedules for duplicate claims and late filed claims. Update and make notes in Claims register regarding above analysis. | 3.6 | $198.00 |
| 10/19/2012 | AV | Finish Formatting and analyzing claims Email to Lilly Meet with Lilly to discuss the claims register | 2.2 | $121.00 |
| 10/19/2012 | LT | Prepare 3rd quarter Affidavit of disbursements and review with K. Welt(1.0) Prepare and overnight check for UST Fees to UST office(0.4) Claims review with A. Valdes and K. Welt(0.5) | 1.9 | $332.50 |
| 10/19/2012 | KAW | Review claims with Lilly and Ana(1.0) Review and sign 3rd quarter Disbursement Affidavit and sign check for UST Fees(1.0) | 2.0 | $650.00 |
| 10/22/2012 | AV | Open files and file Claims register and docket. | 0.3 | $16.50 |
| 10/31/2012 | KAW | Communication with attorney regarding claims objection | 0.2 | $65.00 |
| 11/06/2012 | LT | Review claims objections | 1.0 | $175.00 |
| 11/09/2012 | LT | Review claims | 1.0 | $175.00 |
| 11/14/2012 | LT | Review claim objections | 1.0 | $175.00 |
| 11/16/2012 | LT | Review claims | 0.8 | $140.00 |
| 11/20/2012 | MO | Prepared bank reconciliation for Oct 2012 | 0.3 | $21.00 |
| 11/27/2012 | KAW | Review claims and claim objections | 1.2 | $390.00 |
| 11/27/2012 | LT | Review claims(1.2) Discuss documents with K. Welt (0.4) | 1.6 | $280.00 |
| 11/29/2012 | LT | Review claim documents with K. Welt | 1.1 | $192.50 |
| 11/30/2012 | LT | Review and discuss documents with K. Welt(0.8) | 0.8 | $140.00 |
| 11/30/2012 | KAW | Review claims and claim objections(0.8) Communication with attorney regarding Kodsi (0.2) | 1.0 | $325.00 |
| 12/04/2012 | LT | Discuss claims with K. Welt | 0.7 | $122.50 |
| 12/21/2012 | KAW | Review claims and claim objections | 1.0 | $325.00 |
| 12/21/2012 | LT | Review claims with K. Welt | 1.2 | $210.00 |

| Date | | Description | | |
|------|------|-------------|------|------|
| 01/03/2013 | LT | Meet with Liquidating Trustee and Review claims | 1.2 | $210.00 |
| 01/07/2013 | LT | Review documents with Assignee(0.5) Review banking (0.3) | 0.8 | $140.00 |
| 01/07/2013 | KAW | Review banking and claims with Lilly(0.8) | 0.8 | $260.00 |
| 01/18/2013 | KAW | Review and sign affidavit of disbursements for 4th quarter and sign check for UST Fees. | 1.0 | $325.00 |
| 01/18/2013 | LT | Review claims | 0.8 | $140.00 |
| 01/18/2013 | LT | Prepare Affidavit of Disbursements and review with Liquidating Trustee, prepare check for UST Fees for Trustee to sign(1.0) Email affidavits to attorney for filing(0.2) | 1.2 | $210.00 |
| 02/06/2013 | LT | Review claims and objections by attorney | 1.1 | $192.50 |
| 02/07/2013 | LT | Review claims | 1.2 | $210.00 |
| 02/12/2013 | LT | Review claims | 1.2 | $210.00 |
| 02/21/2013 | LT | Review claims | 2.5 | $437.50 |
| 02/26/2013 | LT | Review and reconcile bank accounts with Trustee. | 1.0 | $175.00 |
| 02/27/2013 | LT | Review claims | 1.1 | $192.50 |
| 03/05/2013 | LT | Review claims | 1.0 | $175.00 |
| 03/08/2013 | LT | Review claims | 2.2 | $385.00 |
| 03/11/2013 | KAW | Review banking with Lilly | 0.8 | $260.00 |
| 03/11/2013 | LT | Review bank with Trustee and reconcile bank account (0.8) | 0.8 | $140.00 |
| 03/28/2013 | LT | Review claims | 1.2 | $210.00 |
| 04/04/2013 | LT | Review claims | 1.2 | $210.00 |
| 04/10/2013 | LT | Review claims | 1.3 | $227.50 |
| 04/11/2013 | LT | Reconcile all bank accounts for the month of March. | 1.0 | $175.00 |
| 04/15/2013 | KAW | Communication with Glenn Moses regarding claim objections. | 0.2 | $65.00 |
| 04/16/2013 | LT | Review claims | 2.8 | $490.00 |
| 04/18/2013 | LT | | 1.5 | $262.50 |

| | | Prepare affidavit of disbursements for 1st quarter and generate check for K. Welt to review and sign(1.5) | | |
|---|---|---|---|---|
| 04/18/2013 | KAW | Review and sign affidavit of disbursements for 1st quarter and sign check for UST Fees. | 1.0 | $325.00 |
| 04/22/2013 | LT | Review claims spreadsheet | 2.2 | $385.00 |
| 04/29/2013 | LT | Review claim spreadsheet and claim objections | 1.6 | $280.00 |
| 05/06/2013 | LT | Review claims | 1.0 | $175.00 |
| 05/10/2013 | LT | Review claims with Liquidating Trustee | 1.4 | $245.00 |
| 05/14/2013 | KAW | Communication with Glenn Moses to discuss distribution. | 0.3 | $97.50 |
| 05/15/2013 | AV | Review download of claims into database to prepare for distribution. | 0.5 | $27.50 |
| 05/17/2013 | LT | Review claims getting ready for distribution | 2.5 | $437.50 |
| 05/20/2013 | LT | Review claims spreadsheet for consolidation in Trustworks in preparation for distribution. | 1.5 | $262.50 |
| 05/21/2013 | LT | Review claims to prepare distribution | 2.0 | $350.00 |
| 05/21/2013 | AV | Meet with Lilly to review needed consolidation of claims in the case for the purpose of a distribution. Call BMS to request the consolidation of all claims into the main Debtor. | 1.0 | $55.00 |
| 05/21/2013 | KAW | Correspondence with Attorney regarding final claims register | 0.2 | $65.00 |
| 05/22/2013 | KAW | Call with Attorney regarding case closing | 0.2 | $65.00 |
| 05/22/2013 | AV | Review claims register tab 3 for allowed claims in future distribution. Go through claims in database and mark as DNP - Not allowed in preparation for distribution. Call to follow up on the claims consolidation process to BMS. | 2.0 | $110.00 |
| 05/23/2013 | AV | Review claims and make the necessary updates to the claims database for those not allowed or those allowed for distribution purposes. Meet with Lilly to discuss progress with BMS regarding the consolidation of the claims into the main Debtor. | 2.0 | $110.00 |
| 05/24/2013 | KAW | Review claims and objections register with Lilly in preparation for final claims register. | 1.5 | $487.50 |

| Date | | Description | Hours | Amount |
|------|------|-------------|-------|--------|
| 05/24/2013 | LT | Review additional claims and objections with K. Welt to prepare final claims register | 1.5 | $262.50 |
| 05/24/2013 | AV | Meet with Lilly to discuss process for claims identifying claims that will be paid in distribution in our database. Review claims and identify for payment. | 1.0 | $55.00 |
| 05/28/2013 | LT | Reconcile bank account and review with Liquidating Trustee. | 0.6 | $105.00 |
| 05/28/2013 | KAW | Review banking with Lilly | 0.5 | $162.50 |
| 05/28/2013 | AV | Call to BMS to follow-up on consolidation of claims in database. Review claims and remove from the database those claims not authorized for payment when making the distribution of funds while marking the authorized claims. | 2.0 | $110.00 |
| 05/29/2013 | LT | Various emails with G. Moses regarding final distribution, review final claim reconciliation(0.5) | 0.5 | $87.50 |
| 05/29/2013 | AV | Review claims and mark Do Not Pay per proposed distribution tab on spreadsheet from attorney. Make notes in database per claim memo Meet with Lilly to discuss results Format claims register spreadsheet and email to Lilly. | 3.5 | $192.50 |
| 06/10/2013 | LT | Prepare distribution checks(2.0) Reconcile bank accounts for May 2013(1.0) | 3.0 | $525.00 |
| 06/10/2013 | KAW | Review and sign distribution checks | 1.0 | $325.00 |

**Expenses:**

| Date | | Description | Amount |
|------|------|-------------|--------|
| 06/10/2013 | KAW | Postage for 22 letters plus 4 overnight envelopes to UST Office and Attorney's Office in the period from 6/22,2012 thru June 10, 2013. | $118.42 |

|  |  |
|--|--|
| Total Fees | 125.9 $22,030.99 |
| Total Expenses | $118.42 |
| Total | $22,149.41 |

**EXHIBIT "2"**
Summary of Requested Reimbursement Of Expenses
for this Time Period Only

| | | |
|---|---|---|
| 1. | Filing Fees | $0.00 |
| 2. | Process Service Fees | $0.00 |
| 3. | Witness Fees | $0.00 |
| 4. | Court Reporter & Transcripts | $0.00 |
| 5. | Lien and Title Searches | $0.00 |
| 6. | Photocopies (in-house copies) | $0.00 |
| 7. | Photocopies (outside copies and Certified Copies) | $0.00 |
| 8. | Postage | $0.00 |
| 9. | Overnight Delivery Charges | $118.42 |
| 10. | Outside Courier/Messenger Services | $0.00 |
| 11a. | Long Distance (a) Telephone Charges | $0.00 |
| 11b. | Long Distance (b) Conference Calls | $0.00 |
| 12. | Long Distance Fax Transmission @ $1.00/pg. | $0.00 |
| 13. | Computerized Research-Pacer | $0.00 |
| 14. | Out of Southern District of Florida Travel<br>A.    Transportation<br>B.    Lodging<br>C.    Meals | $0.00 |
| 15. | Other (Not specifically disallowed; must specify and justify)<br>• Document Production | $0.00 |
| **TOTAL "GROSS" AMOUNT OF REQUESTED DISBURSEMENTS** | | **$118.42** |